E-FILED
Wednesday, 01 December, 2004 04:19:03 PM
Clerk, U.S. District Court, ILCD

IN THE UNTIED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| CENTURY CONSULTANTS, LTD., | ) |
| Plaintiff, | ) |
| v. | ) No. 2003-CV-3105 |
| THE MILLER GROUP, INC., et al., | ) |
| Defendants. | ) |

## MOTION TO STAY

NOW COMES Defendant SPRINGFIELD PUBLIC SCHOOL DISTRICT #186 ("District 186"), by and through its attorneys, BROWN, HAY & STEPHENS, LLP, and for its Motion to Stay states as follows:

1. On November 18, 2004, Defendant John G. Miller ("Miller") filed a Notice of Bankruptcy in this matter, resulting in imposition of an automatic stay with respect to Plaintiff Century Consultants, Ltd.'s ("Century") claim against Miller.

2. The benefits provided by an automatic stay may be extended to protect a third party such as District 186 when the debtor is an indispensable party to the litigation between the creditor (Century) and the third party (District 186). In re Lennington, 286 B.R. 672, 674 (C.D. Ill., 2001).

> "[I]f debtor is an indispensable party, protected by the stay from involvement in the litigation, the litigation cannot proceed in his absence and therefore must be stayed against the third party. . .as well." Id. quoting Matter of James Wilson Associates, 965 F.2d 160, 170 (7th Cir., 1992).

3. The issue of whether a party is "indispensable" is governed by F.R.C.P. 19(b). In order to determine whether a party is indispensable, courts analyze the following factors:

> "1. The extent to which a judgment entered without the absent party might be prejudicial to him or those already parties;
>
> 2. The extent to which protective measures might be employed to lessen or avoid the prejudice;

3. Whether a judgment rendered in the absence of the party will be adequate; and

4. Whether the plaintiff will have an adequate remedy if the action is dismissed for non-joinder." Klopas v. Fieldsheer Team Sports, Inc., 1999 WL 519299 (N.D. Ill.)

Simply stated, a court is required to determine whether the parties are intertwined to the extent that they cannot be separated. Id. at *4; Hua v. United Airlines, Inc. 1999 WL 51791 (N.D. Ill.) at *3.

4. In this matter, the Defendants are intertwined such that Miller is an indispensable party. Century asserts claims of contributory and vicarious copyright infringement against District 186. Neither claim can be established until and unless Century first establishes a predicate act of direct copyright infringement by Miller. Seals v. Compendia Media Group, 2003 W.L. 731369 (N.D. Ill.); Eiben v. Epstein & Sons International, Inc., 57 F.Supp.2d 607, 614 (N.D. Ill., 1999).

5. The automatic stay prohibits Century from proceeding, and thus proving, the predicate act of infringement that must be established in order to recover against District 186.

6. Century's remaining claims against District 186 also depend upon Century establishing its underlying claim of infringement. Specifically, Century's allegations of copyright infringement against Miller form the basis of Century's claim that District 186 misappropriated Century's trade secrets. In addition, Century's claims of unfair competition and breach of license agreement against District 186 are premised on Century's allegation that Miller committed the underlying act of infringement.

7. Century's allegations clearly indicate that Miller and District 186 are intertwined to the extent that Miller is an indispensable party. As a result, Century's action against District 186 should be stayed to the extent Century's action against Miller is stayed as a result of the pending bankruptcy proceeding.

WHEREFORE, Defendant District 186 respectfully requests that this Honorable Court stay proceedings in this matter to the extent they are stayed against Defendant John G. Miller and grant District 186 such other and further relief as is just and equitable.

SPRINGFIELD PUBLIC SCHOOL DISTRICT NO. 186, Defendant

By: /s/ Almon A. Manson, Jr.
Registration No. 1756761
Attorney for Defendant
Brown, Hay & Stephens, LLP
205 S. Fifth Street, Suite 700
P.O. Box 2459
Springfield, IL 62705-2459
Telephone: (217) 544-8491
Facsimile: (217) 544-9609
amanson@bhslaw.com

## PROOF OF SERVICE

I hereby certify that on December 1, 2004, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

David A. Herman
Giffin, Winning, Cohen & Bodewes, P.C.
1 W. Old State Capitol Plaza, Suite 600
Springfield, IL 62701

Craig S. Hilliard
Stark & Stark, P.C.
P.O. Box 5315
Princeton, NJ 08543-5315

/s/ Almon A. Manson, Jr.
Registration No. 1756761
Attorney for Defendant
Brown, Hay & Stephens, LLP
205 S. Fifth Street, Suite 700
P.O. Box 2459
Springfield, IL 62705-2459
Telephone: (217) 544-8491
Facsimile: (217) 544-9609
amanson@bhslaw.com