E-FILED
Friday, 17 December, 2004 03:52:05 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| CENTURY CONSULTANTS, LTD., | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No. 03-CV-3105 |
| THE MILLER GROUP, INC., JOHN G. MILLER, and THE SPRINGFIELD PUBLIC SCHOOL DISTRICT 186, | ) ) ) ) ) |
| Defendants. | ) |

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO
SPRINGFIELD PUBLIC SCHOOL DISTRICT'S MOTION TO STAY**

Plaintiff, Century Consultants Ltd. ("Century") respectfully submits this Memorandum of Law in opposition to the motion of defendant, Springfield Public School District 186 (the "School District"), seeking to stay this lawsuit.

The School District contends that all claims against it should be stayed because of the filing of bankruptcy petitions under Chapter 7 of the Bankruptcy Code by its co-defendants, John G. Miller and The Miller Group, Inc. (collectively the "Miller Defendants"). The School District exaggerates the circumstances under which the protections of the automatic stay are appropriately extended to non-debtor parties. Citing *Matter of James Wilson Associates,* 965 F.2d 160 (7th Cir. 1992), the School District contends that the law in this Circuit supports its application. In fact, *Matter of James Wilson* did not hold, as the School District suggests, that non-debtor parties are entitled to the same protections given to debtors in circumstances where, as here, the claims against the debtor and non-debtor parties are merely "intertwined". In fact, the 7th Circuit in *Matter of James Wilson* never reached the issue. In *dicta*, however, the Court actually emphasized that the general rule is that non-

debtor parties are *not* entitled to a stay merely because a co-defendant has filed a bankruptcy petition. *See* 965 F.2d at 170. The Court expressly declined to address the issue of whether the circumstances warranted an extension of the stay. *Id*

The only other case cited by the School District, *In re Lennington,* 286 B.R. 672 (Bankr. C.D. Ill. 2001), also does not support its position. There, the bankruptcy court rejected the argument that a bank was precluded from pursuing non-debtor parties for collection on collateral pledged by the non-debtor parties as security for the debtor's obligations to the bank. The bankruptcy court concluded that the non-debtor parties had failed to meet their burden of demonstrating that the continuation of a proceeding against the non-debtor parties would adversely impact the debtor's property or the bankrupt estate.

The law is quite clear on the general rule that the automatic stay is available only to the debtor and does not bar suits against the debtor's insurers, guarantors, co-obligors, sureties, or even other parties who are in a close "legal or factual nexus" with the debtor. In *Seiko Epson Corporation v. Nu-Kote Int'l,* 190 F.3d 1360 (Fed. Cir. 1999), the Federal Circuit ably articulated the governing rules:

> As a general rule, '[t]he automatic stay of section 362(a) protects only the debtor, property of the debtor or property of the estate. It does not protect non-debtor parties or their property. Thus, section 362(a) does not stay actions against guarantors, sureties, corporate affiliates, or other non-debtor parties liable on the debts of the debtor'....It is clearly established that the automatic stay does not apply to non-bankrupt co-defendants of a debtor *'even if they are in a similar legal or factual nexus with the debtor'*....

190 F.3d at 1364 (emphasis added)(citations omitted). In *Seiko Epson*, the Federal Circuit held that despite the bankruptcy petition of the defendant in a patent infringement case, the appeal could be continued against the defendant's non-bankrupt corporate "affiliate". Although the same patent infringement claims were brought against the debtor and non-debtor, the Federal Circuit concluded

2

that this close "nexus" did not entitle the non-debtor to stay protection. *See also Maritime Electric Company, Inc. v. United Jersey Bank,* 959 F.2d 1194, 1205 (3d Cir. 1991) (automatic stay not available to non-bankrupt defendant even if it is in "similar legal or factual nexus" with debtor); *Ni Fuel Co., Inc. v. Jackson*, 257 B.R. 600 (N.D. Okla. 2000) (even a non-debtor defendant who holds a "legal or factual nexus" with debtor is not entitled to stay of claims against it because of debtor's bankruptcy filing).

Therefore, non-debtor parties are not entitled to an extension of the automatic stay except in very "unusual circumstances". *See, e.g., Fleet Business Credit, LLC v. Wings Restaurants, Inc.,* 291 B.R. 550 (N.D. Okla. 2003)(holding that bankruptcy of obligor on loan did not preclude continuance of lawsuit against non-debtor co-obligor); *Gray v. Hirsch,* 230 B.R. 239 (S.D.N.Y. 1999)(holding that bankruptcy of corporation did not preclude continuation of securities fraud lawsuit against corporate debtor's principal and sole shareholder). *See also Arnold v. Garlock, Inc.,* 278 F.3d 426 (5th Cir. 2001) (automatic stay provision of Bankruptcy Code is "rarely" basis on which to stay claims against non-debtor parties); *In re Mid-Atlantic Handling Systems, LLC*, 304 B.R. 111, 128-29 (Bankr. D.N.J. 2003) (declining to extend stay to non-debtor corporation despite the fact that the "combination of the alleged improper conduct" of the debtor and non-debtor entities gave rise to the plaintiff's claims).

Indeed, such unusual circumstances do not exist merely because the non-debtor co-defendant is liable on the same debt as the debtor, as where (for example) the non-debtor is a guarantor of the debts of the debtor. *See, e.g., Teachers Ins. and Annuity Ass'n v. Butler,* 803 F.2d 61, 65-66 (2d Cir. 1986). Even directors and officers of a corporate debtor, sued individually on the same claims brought against the corporate debtor, are not usually entitled to the protections of a stay. *In re First Century Financial Corp.,* 238 B.R. 9 (Bankr. E.D.N.Y. 1999). *See also Patton v. Bearden*, 8 F.3d

343 (6th Cir. 1993) (stay of claims against debtor-partnership does not extend to claims against non-debtor partners).

In *Variable-Parameter Fixture Development Corp. v. Morpheus Lights, Inc.,* 945 F. Supp. 603 (S.D.N.Y. 1996), the district court rejected a claim by a non-debtor principal of a debtor corporation that the bankruptcy stay should be extended to him because he was an "indispensable party" to the patent infringement lawsuit. The plaintiff claimed that the non-debtor principal was liable on the infringement as the "alter ego" of the bankrupt corporation, and that because the claim was "derivative" of the underlying infringement claim against the corporation, the claim could not proceed against him outside of the bankruptcy. The district court disagreed, noting that the law was clear that because the non-debtor principal was "independently liable" for the infringement, he could not demonstrate any unusual circumstances justifying the imposition of a stay.

Similarly, in *Conti v. Blau,* 234 B.R. 627 (S.D.N.Y. 1999), the district court refused to extend the stay to a law firm in a malpractice action despite the bankruptcy filing of the individual lawyer who was alleged to have committed the acts of malpractice. Recognizing that the law firm's "liability, if any, would presumably be based upon legal malpractice committed by [the debtor]", the district court nonetheless concluded that it could proceed to determine the law firm's liability. *Id.* at 628-29.

These cases all demonstrate that the School District's mere recitation that the claims against it and the bankrupt Miller Defendants are "intertwined" falls well short of establishing the "unusual circumstances" necessary to justify a stay. Other courts have articulated the following factors which should be weighed by the court in assessing whether the stay should be extended: 1) whether continuation of the litigation would so distract individuals important to the debtor's reorganization process as to impede the reorganization; 2) whether extension of the stay would work a hardship on

the plaintiff by giving "unwarranted immunity" to solvent defendants; 3) whether a recovery would so reduce the debtor's limited insurance fund as to affect the property of the estate; and 4) whether or not the non-bankrupt party seeking the stay is independently liable to the plaintiff. *Millard v. Developmental Disabilities Institute,* 266 B.R. 42, 44 (E.D.N.Y. 2001)(citing other cases).

Here, *all* of these factors militate against a stay. First, there is no evidence that continuation of the case here against the School District will impede the bankruptcies. Indeed, there is no reorganization. The bankruptcies are Chapter 7 liquidation proceedings. Second, extension of the stay would plainly work a hardship on Century where, as here, the debtors' bankruptcy schedules suggest that there will be little, if any, assets to satisfy Century's substantial claims. *See* Exhibit "A" hereto. Third, the School District has offered no proof at all that a recovery against the School District will have any impact on the debtor's bankrupt estate in any fashion. Indeed, neither the debtors nor their Trustees have sought, either from this Court or the Bankruptcy Court, an extension of the bankruptcy stay to encompass the School District, which speaks volumes on the absence of any impact the continuation of this litigation against the School District will have on the debtors' bankrupt estates.

Finally, the School District is independently liable to Century. Century's claims include counts for trade secret disclosure, unfair competition and breach of the license agreement. Despite the School District's misplaced arguments, the School District is independently liable for any breach of the license agreement caused by the District's own conduct in disclosing Century's software to a third party. The Miller Defendants are not parties to that license agreement - only the School District can be liable on that claim, and is not necessary for Century to prove anything against the Miller Defendants for the School District to be found liable. Moreover, the claim against the School District for misappropriating Century's trade secrets and engaging in unfair competition is based on

5

the District's own conduct, not that of Miller. The claim is completely independent of what Miller did with the protected information once it came into possession of it. Accordingly, this final factor does not help the School District. Because the School District has failed to sustain its burden of demonstrating that unusual circumstances warrant the drastic stay relief it seeks against the continued prosecution of Century's claims in this lawsuit, the motion should be denied.

## CONCLUSION

For all of the foregoing reasons, Century respectfully requests that the School District's motion to stay be denied in its entirety.

Respectfully submitted,

**CENTURY CONSULTANTS, LTD.**,
Plaintiff

By:   **s/ David A. Herman**
One of its Attorneys

Lead Counsel
Craig S. Hilliard
STARK & STARK
A Professional Corporation
P.O. Box 5315
Princeton, NJ  08543-5315
(603) 896-9060

Local Counsel
David A. Herman
GIFFIN, WINNING, COHEN & BODEWES, P.C.
One West Old State Capitol Plaza
Myers Building - Suite 600
P.O. Box 2117
Springfield, IL  62705
(217) 525-1571

**PROOF OF SERVICE**

Service of the foregoing document was made by providing a copy thereof, via electronic filing, to:

>Almon A. Manson, Jr.
>Brown, Hay & Stephens
>205 S. Fifth Street, Suite 700
>P.O. Box 2459
>Springfield, Illinois 62705
>
>Lance T. Jones
>Law Offices of Lance T. Jones
>1100 S. Fifth Street
>Springfield, IL  62703

this 17th day of December, 2004.

>                                        **s/ David A. Herman**