E-FILED
Wednesday, 29 December, 2004 04:53:43 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| CENTURY CONSULTANTS, LTD., | ) | |
| | ) | |
| Plaintiff, | ) | No. 2003-CV-3105 |
| | ) | |
| v. | ) | |
| | ) | |
| THE MILLER GROUP, INC., JOHN G. MILLER, | ) | |
| and the SPRINGFIELD PUBLIC SCHOOL | ) | |
| DISTRICT NO. 186, | ) | |
| | ) | |
| Defendants. | ) | |

### NOTICE OF DEPOSITION

**TO:** Corporate Representative for
Century Consultants, Ltd.
c/o Craig Hilliard
Stark & Stark
P.O. Box 5315
Princeton, NJ 08543-5315

Guy Renzi Court Reporting
824 West State Street
Trenton, NJ 08618

PLEASE TAKE NOTICE that the undersigned will take the deposition of Plaintiff Century Consultants, Ltd., on **Thursday, January 13, 2005 at 1:00 p.m.** at the offices of Stark & Stark, 993 Lenox Drive, Building Two, Lawrenceville, New Jersey, before a licensed court reporter, at which time testimony shall be recorded through stenographic means regarding the following topics listed in Exhibit A hereto, pursuant to Rule 30(b)(6) of the Code of Civil Procedure.

SPRINGFIELD PUBLIC SCHOOL
DISTRICT NO. 186, Defendant

By: s/ Almon A. Manson, Jr.

ALMON A. MANSON, JR.
Registration No. 1756761
**ROBERT M. SHUPENUS**
Registration No. 6238096
BROWN, HAY & STEPHENS, LLP
205 South Fifth Street, Suite 700
P.O. Box 2459
Springfield, IL 62705-2459
Telephone (217) 544-8491

## PROOF OF SERVICE

I, the undersigned, hereby certify that on December 29, 2004, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the attorney of record for Plaintiff:

David A. Herman (dherman1@gifwinlaw.com)
Giffin, Winning, Cohen & Bodewes, P.C.
P.O. Box 2117
Springfield, IL  62705

Craig S. Hilliard (chilliard@stark-stark.com)
Stark & Stark
P.O. Box 5315
Princeton, NJ  08543-5315

Lance T. Jones (ltj@warpnet.net)
Law Office of Lance T. Jones
100 South Fifth Street
Springfield, IL  62703

s/Almon A. Manson, Jr.

**EXHIBIT A**

A. All facts which support or relate in any manner to the allegations in the Amended Complaint, including the nature, extent, type and results of all investigations regarding or relating in any manner to the allegations contained therein;

B. Plaintiff's calculation and amount of damages regarding each Count of the Amended Complaint;

C. The development of the Star_Base software that is the subject of Plaintiff's Amended Complaint, including:

   (1) The identity of each person who took part in the development of each part of Star_Base that constitutes Plaintiff's original copyrighted work, together with the substance of their involvement;

   (2) The identity of each person or entity from whom non-original portions of Star_Base were obtained, together with identification and substance of each such portion;

   (3) The identity of each person who took part in obtaining copyright protection for any portion of Star_Base, together with all actions undertaken by each person;

   (4) The factual basis for the allegation in paragraph 13 of the Amended Complaint, which states: "Over the years, Century has invested hundreds of thousands of dollars in the development of its student administration software."

D. The identity of each person who acted on behalf of Plaintiff with respect to Defendant Springfield Public School District No. 186's procurement and/or use of Star_Base, together with the nature and extent of each person's involvement;

E. The identity of each person who communicated with District 186 on behalf of Plaintiff in any way that relates to the allegations in the Amended Complaint, together with the date and substance of each such communication;

F. The identity of each person who communicated with anyone other than District 186, including but not limited to The Miller Group, Inc., John G. Miller and/or The Miller Group, on behalf of Plaintiff in any way that relates to the allegations in the Amended Complaint, together with the date, substance and participants of each such communication;

G. All measures undertaken by Plaintiff to protect the secrecy or confidentiality of all trade secrets allegedly disclosed or used by any defendant.

H.  The location and substance of all written or computerized documents and other tangible evidence relating in any manner to Plaintiff's allegations and/or damages incurred resulting from any act or omission of any defendant herein.

I.  The location and substance of all written or computerized documents and other tangible evidence relating in any manner to any investigation conducted by or on behalf of Plaintiff regarding any of the allegations contained in the Amended Complaint.

J.  All facts supporting Plaintiff's allegation in paragraph 18 of the Amended Complaint, which states: "Century thereafter learned that the School District had contracted with another company, MGI, to assist in the design of a student software package," including but not limited to the date Plaintiff learned these facts, the person or entity who disclosed these facts to Plaintiff, the method of disclosure, and all actions taken by Plaintiff to discover these facts.

K.  All facts supporting Plaintiff's allegation in paragraph 19 of the Amended Complaint, which states: "Upon information and belief, this 'new' system became a product known as 'InfoSystems 3', and as alleged below, this product infringes Century's rights in and to the Star_Base programs."

L.  All facts supporting Plaintiff's allegation in paragraph 20 of the Amended Complaint that InfoSystems 3 "is precisely the type of system Century licenses to the School District."

M.  All facts supporting Plaintiff's allegation in paragraph 20 of the Amended Complaint that:

> "Upon information and belief, the 'demonstration program;' is also displayed at trade shows. This 'demonstration program' embodies and reflects elements of the Star_Base software which, as alleged throughout this Complaint, was and is an infringement of Century's copyrights. The mere display of this 'demonstration program' to the general public as a tool to advertise the availability of the InfoSystems 3 product is itself an infringing act under federal copyright laws."

N.  All facts supporting Plaintiff's allegation in paragraph 23 of the Amended Complaint that:

> "Mr. Williams mailed to Century a list of the table definitions from MGI's InfoSystems 3 product. Upon comparing these definitions with Star_Base, Century has discovered that virtually all of the definitions were identical."

O.  All facts supporting Plaintiff's allegation in paragraph 24 of the Amended Complaint that:

> "Mr Williams also mailed to Century the program listing from a portion of MGI's product – the 'student scheduler'. Once again, in comparing this to Star_Base, Century has discovered that the code used in InfoSystems 3 has verbatim references to Century's Star_Base tables."

P.   All facts supporting Plaintiff's allegation in paragraph 25 of the Amended Complaint that:

> "Upon information and belief, in the course of copying substantial portions of the copyrighted source code, MGI and Miller have not only gained access to the source code, they have physically removed copies of the programs from the licensee's premises for editing off-site."

Q.   All facts indicating the identity of any third party who learned any trade secret of Plaintiff as a result of any actions or omissions of any defendant, and/or any third party who received any competitive advantage by learning of each such trade secret, together with all damage incurred by Plaintiff as a result.

R.   All facts supporting Plaintiff's allegation in paragraph 43 of the Amended Complaint that: "Defendants' conduct was knowing and willful."