E-FILED
Wednesday, 02 February, 2005 09:35:42 AM
Clerk, U.S. District Court, ILCD

IN THE UNTIED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| CENTURY CONSULTANTS, LTD., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2003-CV-3105 |
| ) | |
| THE MILLER GROUP, INC., et al., ) | |
| ) | |
| Defendants. ) | |

**DEFENDANT SPRINGFIELD PUBLIC SCHOOL DISTRICT 186'S MEMORANDUM IN SUPPORT OF ITS MOTION FOR RELIEF PURSUANT TO RULE 37**

Defendant SPRINGFIELD PUBLIC SCHOOL DISTRICT 186 ("District 186"), through its counsel, Brown, Hay & Stephens, LLP, hereby moves this Court for an Order for relief in its favor and against plaintiff Century Consultants, Ltd. ("Century") and/or its attorneys pursuant to Fed.R.Civ.P. 37, and in for its memorandum in support thereof states:

### INTRODUCTION

Century comes before the Court alleging various copyright infringement counts and resulting damages, but is either unable or unwilling to support these claims. Contrary to its duties pursuant to Fed.R.Civ.P. 30(b)(6), Century designated an unknowledgeable witness to testify on its behalf pursuant to District 186's Notice of Deposition, which took place in Princeton, New Jersey on January 13, 2005. As a result, District 186 incurred significant and inordinate expense in a futile attempt to discover facts that should be readily apparent to any plaintiff bringing this type of action, such as:

   1)   what is allegedly copyrighted;

   2)   what allegedly copyrighted material was copied;

3)  the <u>identity</u> of the Century representative who marketed the allegedly copyrighted material to District 186 (much less the substance of Century's marketing efforts); or

4)  which version of the allegedly copyrighted product Century licensed to District 186.

Century seemed to have no shortage of first hand knowledge at the time it asked the Court to issue emergency injunctive relief, but its eagerness for full disclosure waned significantly when it was called upon to substantiate its allegations. The deposition excerpts set forth below indicate that Century's original apparent forthrightness has now been replaced with faded memory and disinterest. Century's change of course has resulted in a substantial and wasteful expenditure of resources on the part of District 186.

For example, Century claims to own a number of copyrights related to Star_Base, but has only provided a registration certificate for one of them.[1] This registration certificate appears to have been submitted on November 22, 1995, which is <u>after</u> District 186 and Century entered into their initial license agreement. Unable to locate any public record verifying Century's claim of copyright ownership with respect to the software provided to District 186, District 186 sought to obtain information regarding the existence of this alleged copyright, among other things, through deposing Century pursuant to Rule 30(b)(6).

Rule 30(b)(6) imposes a duty on a corporation to designate and prepare a knowledgeable witness to testify on its behalf. Century, however, designated a witness who could provide no substantive facts supporting Century's claims. Instead, as detailed below, Century's designee claimed lack of knowledge regarding a number of areas of inquiry specifically set forth in the deposition notice for which Century designated him to testify, as well as facts that Century, as plaintiff, should reasonably know. Century's designation of an unknowledgeable witness to

---

[1] Attached hereto as Exhibit A.

2

testify on its behalf frustrated District 186's fair examination of the corporation and constitutes a violation of the discovery rules.

As set forth below, when a corporation designates an unknowledgeable witness to testify on its behalf, courts regard this as a failure to appear altogether. The cited excerpts from the deposition of Century's designee indicate that it is both necessary and appropriate for the Court to grant relief to District 186 pursuant to Rule 37.

## BACKGROUND

Century seeks damages from District 186, as well as defendants The Miller Group and John G. Miller (collectively "Miller"), based on allegations that District 186 assisted Miller in obtaining Century's copyrighted Star_Base software source code for use in Miller's competing InfoSystems 3 ("IS 3") software. By agreement, counsel for District 186 traveled to Princeton, New Jersey to depose Century pursuant to Rule 30(b)(6). The Notice of Deposition included a detailed list of 21 topics about which Century would be deposed.[2]

Century designated employees Joseph E. LaMantia ("LaMantia") and Robert Magan ("Magan") to testify on its behalf.[3] Century designated LaMantia to testify on the majority of topics, with Magan designated for the remainder.[4] In addition, District 186 deposed Century's expert witness, Paul G. Lewis ("Lewis")(collectively "the New Jersey depositions").

Attorney Martin P. Schrama appeared for Century at all three New Jersey depositions, and also argued on Century's behalf in an unrelated telephone hearing before the Honorable Byron G. Cudmore which occurred during the Lewis deposition. Despite his representation of Century at the New Jersey depositions and before Magistrate Cudmore, Attorney Schrama has not entered his appearance in this matter. In fact, it appears that Attorney Schrama is not

---

[2] District 186's Notice of Deposition to Century is attached as Exhibit B.
[3] LaMantia and Magan were also disclosed by Century as fact witnesses.
[4] Century's Rule 30(b)(6) witness designations are attached as Exhibit C. For some topics, Century designated LaMantia and Magan collectively.

3

admitted to practice before the Court. District 186 was unaware of these facts until after the New Jersey depositions were completed.

## APPLICABLE LAW

Pursuant to Rule 30(b)(6), a party may name a corporation in its deposition notice. Jakob v. Champion Intern. Corp., 2001 WL 1442514, *1 (N.D.Ill). Following receipt of such a notice, the corporation "has an obligation to designate a knowledgeable employee and fully prepare him or her to testify completely on behalf of the corporation." Id.

When a corporation designates a person to testify on its behalf pursuant to Rule 30(b)(6), the corporation appears vicariously through that person. Buycks-Roberson v. Citibank Federal Sav. Bank, 162 F.R.D. 338, 343 (N.D.Ill. 1995), citing Resolution Trust Corp. v. Southern Union Co., 985 F.2d 196, 197 (5th Cir. 1993). If the person designated by the corporation is not knowledgeable about relevant facts, and the corporation thereafter fails to designate an available, knowledgeable and readily identifiable witness, the presence of the corporation's unknowledgeable designee is the same as a failure to appear altogether. Id.

Rule 30(b)(6) places the burden on the corporation to identify witnesses with knowledge responsive to the topics set forth in the deposition notice. Canal Barge Co. v. Commonwealth Edison Co., 2001 WL 817853, *1 (N.D. Ill.). The rule is designed to prevent corporations from "bandying," which is the practice of presenting witnesses who disclaim knowledge of facts that would be known by others within the corporation. Smithkline Beecham Corp. v. Apotex Corp., 2000 WL 116082, *8 (N.D. Ill.). In fact, Rule 30(b)(6) imposes a duty on the corporation not only to prepare its selected deponent to testify regarding the matters set forth in the notice, but to also prepare the deponent to testify regarding matters the corporation reasonably should know. Canal Barge at *1.

Rule 37 provides generally for relief against those who unjustifiably resist discovery. Since courts regard a corporation's failure to produce a knowledgeable deponent to be the same

4

as an outright failure to appear, the remedies set forth in Rule 37(d) are available. Rule 37(d) provides that when a corporation's designee fails to appear, courts may make such orders as are just, including, but not limited to:

- designating facts regarding which there was a failure to appear to be established;

- refusing to allow the disobedient party to support or oppose designated claims or defenses;

- dismissing the action; and/or

- assessing reasonable expenses and attorneys' fees against the party failing to act and/or the attorney advising that party.

District 186 incurred substantial attorneys' fees and travel expenses for the purpose of discovering facts supporting Century's claims through deposition testimony, and should be reimbursed for the same. In addition, since Century has no knowledge of facts that are central to its claims, its First Amended Complaint should be dismissed with prejudice pursuant to Rule 37.

## ANALYSIS

LaMantia appeared for deposition at the office of Century's counsel on January 13, 2005. Despite Century's duty to prepare LaMantia to testify on its behalf as its Rule 30(b)(6) designee, LaMantia consistently evaded meaningful, relevant inquiry regarding the topics about which Century designated him to testify, as well as matters that he should have reasonably known as Century's designee. The following deposition excerpts highlight Century's attempt of bandying as a tactic to avoid disclosure of essential facts.

5

I.  **COPYRIGHT INFRINGEMENT ALLEGATIONS**

   A.  **THE NECESSITY OF DISTRICT 186'S COPYRIGHT INQUIRY**

At the outset of its First Amended Complaint, Century alleges:

**NATURE OF ACTION**

> 1. This is an action for copyright infringement under the Copyright Act of 1976, 17 U.S.C. §101 et seq., and for related claims for misappropriation of trade secrets, unfair competition under state law, tortious interference with contractual relations, and breach of a software license agreement. The claims arise out of defendants' actions with respect to certain computer programs and associated educational software developed, owned and copyrighted by plaintiff and marketed and sold under the unregistered trademark "Star_Base." [5]

As set forth in District 186's pending Motion for Summary Judgment, it is not possible to ascertain what specific material Century claims to be copyrighted, much less what copyrighted material was allegedly copied. Century's First Amended Complaint alleges Century created Star_Base around 1990.[6] The copyright registration certificate attached to LaMantia's initial declaration indicates that it pertains to a work that was completed in 1991, but that Century did not secure copyright protection until 1996.[7] Significantly, Century claims that a second version of Star_Base was introduced in 1995.[8] Century has produced certificates of copyright neither for the second version nor subsequent versions of Star_Base that it claims to own.[9] Furthermore, although the copyright registration certificate attached to LaMantia's declaration indicates that Star_Base is not a derivative work, LaMantia testified that Star_Base is, in fact, a derivative of Century's prior S.T.A.R.S. software.[10]

---

[5] First Amended Complaint, para. 1.
[6] Id., para. 11.
[7] Exhibit A.
[8] LaMantia deposition, P.15, L.24. The full transcript of this deposition is submitted contemporaneously with this motion via hand delivery.
[9] Counsel for District 186 attempted to locate other Star_Base copyrights owned by Century, but has been unable to find any.
[10] LaMantia deposition, P.20, L.23.

6

Based on the date of completion set forth in the sole copyright registration certificate produced by Century, compared with the deposition testimony of LaMantia and Magan, it appears that this certificate pertains to the first version of Star_Base. On the other hand, Century's written discovery responses rely upon Lewis' comparison of a different version of Star_Base (version 6i, which is the web based version developed around 2001) to the allegedly competing products to show infringement. Century refuses to produce any evidence of its ownership of copyright protection for Star_Base version 6i.

Century's own expert could neither identify what portion of Star_Base is copyrighted, nor any element of any allegedly competing product that contains any copyrighted information from Star_Base.[11] In fact, Century's expert was unable to provide any copyright analysis whatsoever, either in his report or in his deposition testimony.[12] As a result, it was necessary for District 186 to learn details regarding the allegedly infringed copyright from Century itself.

B.  CENTURY'S COPYRIGHT TESTIMONY

Given the "Nature of the Case" as described by Century, followed by its conflicting allegations and its expert's inability to address the copyright infringement claims, Century should reasonably be able to testify regarding the existence and procurement of its alleged copyright protection without a specific request for a corporate designee on this topic. Nonetheless, District 186 requested Century designate a witness to testify regarding the following:

> C.  The development of the Star_Base software that is the subject of Plaintiff's Amended Complaint, including…
>
>> (3) The identity of each person who took part in obtaining copyright protection for any portion of Star_Base, together with all actions undertaken by each person.[13]

---

[11] Lewis deposition, PP. 48-51, attached hereto as Exhibit D.
[12] Id.
[13] Exhibit A.

7

Although Century designated LaMantia to testify on its behalf regarding this topic, LaMantia claims to have very limited knowledge regarding these copyright registrations.

LaMantia testified that there are three versions of Star_Base.[14] District 186 attempted to ascertain which versions and/or portions of Star_Base are copyrighted, but LaMantia could not provide this information. District 186 also inquired regarding what documents were submitted with Century's copyright applications. Again, LaMantia could not answer.

LaMantia's lack of knowledge is illustrated in the following exchange, which occurred after several prior instances wherein LaMantia claimed to have a lack of knowledge regarding the alleged copyright protection that forms the basis of Century's claims:

> Q. *Mr. LaMantia, are you the person from Century who is best equipped to respond to the matters contained in topic C3 of Exhibit A?*
>
> A. *Well, the question is the identity of each person who took part in obtaining copyright protection.*
>
> Q. *And?*
>
> A. *So I'm certainly aware of the copyrights being filed.*
>
> Q. *Sir, do you see where it says together with all actions undertaken by each person?*
>
> A. *Okay.*
>
> Q. *So what's your answer to my question?*
>
> A. *I don't know. I don't know—I don't understand it. I mean, certainly, I don't know that anybody knows all actions undertaken by each person and I think that's where we are at with this.*
>
> Q. *Who knows the identity of each person who took part in obtaining copyright protection for any portion of Star_Base?*
>
> A. *I know that.*

---

[14] LaMantia deposition, P.28, L.6.

*\*\*\**
*(regarding Century's copyright application)*

*Q.    Who would know at Century what documents were submitted by Century?*

*A.    Honestly, I'm not sure.*

*Q.    When you were noticed about the deposition, did you undertake any investigation to see who would know that information?*

*A.    No.*

*Q.    Did you hold yourself out to anybody to be the person who could best respond to topic C3?*

*A.    No.*

*\*\*\**

*Q.    Okay. District 186 is accused of vicarious and contributory copyright infringement. What copyright does Century allege we infringed?*

*MR. SCHRAMA:    Objection to form. Calls for a legal conclusion. You can answer it, if you understand the question.*

*A.    As we have developed our systems over the years, we have copyrighted our software a number of times and it has always remained protected under copyright. So I'm not sure your question is relevant at all.*

*Q.    Sir, it is not for you to determine relevance here and relevance isn't a proper objection in a discovery deposition anyway.*

*A.    All right.*

*Q.    What copyright does Century allege District 186 infringed?*

*A.    Our copyright.*

*Q.    Which one?*

*A.    I don't know.*

9

> *Q.   You don't know?*
>
> *A.   I don't know.*
>
> *Q.   Okay.*
>
> *A.   Our copyright.*

Clearly, Century did not prepare its witness to testify regarding the copyright protection that forms the basis of its claim. LaMantia's failure to conduct any investigation of this topic prior to his deposition is inconsistent with Century's duty to designate a knowledgeable deponent. Century's failure to take any action to prepare for inquiry on this topic should be weighed not only against the considerable resources expended by District 186 to ascertain the basis of Century's claims, but also the resources that must be expended by the Court to determine the source from which Century's claims arise. In short, it is incumbent upon Century to disclose exactly what it alleges is protected by copyright, together with identification of what was wrongfully copied.

If neither Century nor its expert can identify such information, there exists no basis for its claims. Dismissal with prejudice, together with assessment of attorneys' fees and expenses incurred by District 186 for the purpose of defending claims that Century failed to investigate prior to filing suit, is appropriate.

## II.   CENTURY'S ALLEGATIONS REGARDING DAMAGES

District 186 submitted the following topic in its Notice of Deposition to Century:

> B.   Plaintiff's calculation and amount of damages regarding each Count of the Amended Complaint

Century designated LaMantia as its witness to testify regarding the damages it allegedly suffered at the hands of defendants.

LaMantia had very limited knowledge of Century's alleged damages, and was unable to direct District 186 to any witness who could testify regarding the same. In Count VI of Century's

10

First Amended Complaint, Century seeks damages arising out of unfair competition. Despite Century's allegations in this regard, LaMantia was unable to name a single potential client Century lost to Miller, whether arising out of the alleged copyright infringement or otherwise:

> Q. Did Miller beat Century with respect to obtaining certain clients?
>
> A. I don't recall.
>
> Q. Is there a document or other information that would help you to recall whether Miller got any contracts that were sought after by Century?
>
> A. No, there isn't.
>
> Q. Are you aware of any districts to whom both The Miller Group and Century submitted responses to requests for proposals?
>
> A. I'm not aware of that.
>
> Q. Do you know anyone at Century who would know the answer to that question?
>
> A. I don't think anybody does at this point.
>
> Q. Are there any former employees of Century who would know the answer to that question?
>
> A. Possibly.
>
> Q. Who might possibly know this information?
>
> A. We did have a marketing rep who was stationed out in that area.
>
> Q. I'm not going to be able to figure out who this is based on that. I need more identifying information.
>
> A. I don't recall his name.
>
> Q. Do you know it is a male?
>
> A. Yes.
>
> Q. Where did the male marketing representative live?
>
> A. We had gone through several in a short period of time and I don't recall which one it was.

>    *Q.    I'm trying to ascertain who would be able to answer this question. Do you have any information to help me to determine who could answer this question?*
>
>    *A.    No, I don't. I can't help you. I'm sorry.*[15]

If Century cannot disclose a single client it lost due to unfair competition, it cannot prove damages in this regard. On the other hand, if Century can identify such clients, it refused to do so. Either way, Century's damage claims should be wholly barred as a result of Century's refusal to conduct even the most rudimentary investigation of these allegations. Century should also be required to reimburse District 186 for attorneys' fees and expenses incurred in having to perform the inquiry into Century's damages that Century failed to perform.

### III.    DISTRICT 186'S PROCUREMENT OF STAR_BASE FROM CENTURY

District 186 submitted the following topic in its Notice of Deposition to Century:

>    "D.    The identity of each person who acted on behalf of Plaintiff with respect to Defendant Springfield Public School District No. 186's procurement and/or use of Star_Base, together with the nature and extent of each person's involvement"

Century designated LaMantia to testify in this regard. LaMantia, however, was unprepared to answer questions regarding District 186's procurement of Star_Base from Century. LaMantia was also unable to provide any identifying information regarding the witness who would have knowledge of such facts.

>    "*Q.    Do you know anyone who communicated with District 186 or any representatives of District 186 prior to entering into a license agreement with District 186?*
>
>    *A.    No. I don't recall who our marketing person was at the time.*
>
>    *Q.    Did you participate in the marketing to District 186 of Star_Base?*
>
>    *A.    I don't believe so.*
>
>    *Q.    Did you have any contact with District 186 or anyone on behalf of District 186 prior to the execution of a license agreement?*

---

[15] LaMantia deposition, P.63-65.

> *A.    I don't believe so.*
>
> *Q.    Did you provide District 186 with any advertising of your product?*
>
> *A.    No.*
>
> *Q.    What was provided, if anything, by Century?*
>
> *A.    I really don't know.*
>
> *Q.    Do you know anyone who would know the answer?*
>
> *A.    I'm not sure."*[16]
>
> * * *
>
> *"Q.    Mr. LaMantia, we discussed the fact that you know of no one who participated in the discussions with District 186 regarding their procurement of Star_Base prior to the time the license agreement was signed, right?*
>
> *A.    Correct.*
>
> *Q.    Okay. And you testified, I believe, that you do not know of anyone who would have that knowledge, correct?*
>
> *A.    Correct."*[17]

LaMantia's inability to identify anyone who could testify regarding District 186's procurement of Star_Base is particularly disturbing in light of the fact that Century's response to District 186's Request For Proposal is approximately 300 pages. Century should be able to identify someone who took part in the creation of Century's proposal to District 186, at a minimum.

---

[16] LaMantia deposition, P.38-39.
[17] LaMantia deposition, P.40-41.

IV. **THE USE OF A DEMONSTRATION PROGRAM SIMILAR TO STAR_BASE**

District 186 included the following topic in its Notice of Deposition:

"M.   All facts supporting Plaintiff's allegation in paragraph 20 of the Amended Complaint that:

> 'Upon information and belief, the 'demonstration program' is also displayed at trade shows. This 'demonstration program' embodies and reflects elements of the Star_Base software which, as alleged throughout this Complaint, was and is an infringement of Century's copyrights. The mere display of this 'demonstration program' to the general public as a tool to advertise the availability of the InfoSystems 3 product is itself an infringing act under federal copyright laws.'"[18]

Century designated both LaMantia and Magan to testify on its behalf regarding this allegation.[19] LaMantia testified as follows:

[Referring to Paragraph 20 of the First Amended Complaint]

"Q.   *Okay. It says here that: This demonstration program used by Miller embodies and reflects elements of Star_Base software. What elements of Star_Base are embodied and reflected in the demonstration program?*

A.   *I don't recall.*

Q.   *Have you seen the demonstration program?*

A.   *I'm not sure that I have, no.*

Q.   *Do you know whether Miller or any of the defendants ever used a demonstration program to sell InfoSystem 3?*

A.   *I don't have any direct knowledge of that.*

Q.   *Do you have any knowledge at all?*

\* \* \*

A.   *No, I don't believe that I have any information or any knowledge of the demonstration program.*

---

[18] Exhibit B.
[19] Exhibit C.

> Q.  Who does?
>
> A.  *I don't recall who looked at it at the time Bob* [Robert Magan] *may have some more information about that.*
>
> Q.  Well, do you know whether Bob has more information about that?
>
> A.  *No, I'm not sure.*[20]
>
> \* \* \*
>
> Q.  What information do you have that the demonstration program was displayed at trade shows?
>
> A.  *I don't have that information.*
>
> Q.  Who does?
>
> A.  *Honestly, I don't know.*
>
> Q.  Who does know, if anyone?
>
> MR. SCHRAMA:  Objection. I think that was asked and answered but you can answer the question.
>
> Q.  Are you aware of anyone who knows or has information that the demonstration program was displayed at trade shows?
>
> A.  *I don't recall where we got the information from."* [21]

Following LaMantia's testimony, District 186 sought the same information from Magan:

> "Q.  Okay, Paragraph 20.  Do you have any knowledge that MGI and Miller used a demonstration program as a general advertising and marketing tool to sell Info System 3 [sic.]?
>
> A.  *I do not have any knowledge of that.*
>
> Q.  Okay.  Do you have any knowledge regarding whether MGI and Miller intend the widespread distribution of the demonstration program to the general public?
>
> A.  *No, I wouldn't have any knowledge of that."*[22]

---

[20] LaMantia deposition, P.92-93.
[21] LaMantia deposition, P.95.
[22] Magan deposition, P.151, L.10-21, attached hereto as Exhibit E.

Not only do District 186's questions in this regard refer directly to Century's own allegations, Century was also given notice that it would be questioned in this regard. Century not only has an affirmative duty to perform a reasonable investigation prior to making such allegations in its Complaint, but also to produce a knowledgeable deponent who can substantiate these allegations. Century wholly failed to comply with either duty.

## V. CENTURY'S LACK OF KNOWLEDGE REGARDING OTHER ALLEGATIONS

Despite Century's duty to prepare LaMantia to answer questions on its behalf, LaMantia displayed an unusual deficiency of knowledge regarding several key facts that a representative deponent reasonably should know, including:

a) whether he participated in the procurement of the first copyright for Star_Base;[23]

b) which documents produced by Century came from LaMantia's own files;[24]

c) an approximate date of when Century applied for copyright protection for the third version of Star_Base;[25]

d) any specific issues discussed with Henry Stuckey, who is the only employee of District 186 with whom LaMantia had any contact;[26]

e) whether District 186 submitted a Request For Proposal to Century;[27]

f) which version of Star_Base Century licensed to District 186;[28]

g) which versions of Star_Base were later provided to District 186;[29]

h) whether Century obtained legal counsel prior to secretly recording telephone conversations with a District 186 employee.[30]

Century's representative deponent made it clear that he lacks sufficient knowledge to serve in such a capacity, and that Century's claims against 186 are without basis. No person or

---

[23] Id., P.23, L.16,
[24] Id., P. 27, L.13.
[25] Id., P.33, L.12-21.
[26] Id., P.42, L.14.
[27] Id., P.45, L.18.
[28] Id., P.49, L.6.
[29] Id., P.72, L.20.
[30] Id., P.190, L.3.

16

entity, whether a public school district or otherwise, should be forced to incur attorneys' fees or other expenses based on such wholly unsupported allegations. Accordingly, the Court should grant relief.

### VI. DISTRICT 186'S EFFORTS TO GAIN CENTURY'S COMPLIANCE WITH RULE 30(b)(6)

During questioning regarding whether Century's witness designations were correct, LaMantia claimed that Century's president, Joe Shearn, may be able to testify regarding certain topics set forth in the deposition notice. Attorney Schrama, on the other hand, suggested that District 186 tender a second Notice of Deposition and depose one of Century's <u>attorneys</u> regarding the same matters. Specifically, following LaMantia's claim that Joe Shearn would be better able to answer questions regarding the alleged Star_Base copyrights upon which Century's claims are based, counsel for District 186 asked why Joe Shearn was not disclosed as Century's designee on that topic:

> "*Q.*  [COUNSEL FOR DISTRICT 186] *Why isn't, to your knowledge, why isn't Joe listed as the designee in topic C?*
>
> *A.*   [LAMANTIA] *Well, I certainly can't answer that.*
>
> *Q.*   *Who can answer that? [Attorney Schrama], you're raising your hand. Is 30B-6, are your designations in 30B-6 or in response to my 30B-6 request accurate or not?*
>
> *A.*   [MR. SCHRAMA] *I'm not here to answer your questions. You can ask the witness whatever you like.*
>
> *Q.*   *Okay. Mr. LaMantia, is the 30B-6 designation provided by your counsel correct or not?* [long pause][31] *I thought we had already been through this at the beginning of the deposition.* [long pause] *This is taking an awful long time and there aren't too many words here* [in Exhibits A and B, which were being examined by LaMantia].
>
> MR. SCHRAMA:   *It's an awful long time because it's an improper question. You're asking about copyright issues.*

---

[31] The indications in brackets are inserted for clarification, and are inserted by counsel rather than the court reporter.

17

> *He's not here as a copyright expert. He's here as a fact witness.*
>
> MR. SHUPENUS: *I don't think that any questions have been asked about copyright expertise. I'm asking questions regarding the identity of each person who took part in obtaining copyright protection for Star_Base. There are three copyright counts in the Amended Complaint and it is entirely proper to find out the substance of the copyright protection alleged.*
>
> MR. SCHRAMA: *He gave you the identity of his copyright attorney. Why don't you notice the dep?*
>
> \* \* \*
>
> *If you want to file a motion, file a motion.*"[32]

Following the New Jersey depositions, and after forming a belief that further consultation with Attorney Schrama would be inappropriate, District 186 attempted to obtain Century's compliance through its lead counsel, Attorney Craig Hilliard. These efforts, made both through written correspondence and personal consultation, failed.[33]

## CONCLUSION

Through its conduct, Century and its counsel continue to cause District 186 to thinly spread scarce resources for the purpose of defending claims that Century refuses support. In addition to dismissal of Century's claims and assessment of District 186's reasonable attorneys' fees against Century and/or its counsel, the Court should consider the benefits Century received arising out of the time, effort and fees that a litigant would naturally have expended in the course of substantiating its claims. Century should be stripped of the advantage it gained through preservation of its own resources, resulting in the needless expenditure of resources of District 186, not to mention the resources of the Court.

---

[32] LaMantia Deposition, P.107-109.
[33] Correspondence to Attorney Hilliard is attached hereto as Exhibit F. Counsel for District 186 attempted to follow up through personal consultation with Attorney Hilliard on January 26, 2005, but Attorney Hilliard declined to discuss the matter in any detail.

**WHEREFORE**, defendant SPRINGFIELD PUBLIC SCHOOL DISTRICT 186 respectfully requests the Court grant it relief pursuant to Fed.R.Civ.P. 37, and enter an Order:

- a) dismissing Century's cause of action against District 186 with prejudice; or in the alternative, barring Century from presenting any evidence regarding matters about which its designees were not prepared to testify, including damages;

- b) requiring Century and/or its counsel to pay attorneys' fees incurred by District 186 as a result of its investigating Century's claims, preparing for depositions, traveling to New Jersey and conducting depositions, and researching, drafting and submitting this motion; and

- c) awarding District 186 all other relief the Court deems proper.

SPRINGFIELD PUBLIC SCHOOL
DISTRICT 186, Defendant,


By:   s/ Robert M. Shupenus
One of Its Attorneys


## TYPE VOLUME LIMITATION CERTIFICATION

I, Robert M. Shupenus, counsel for Springfield Public School District 186, hereby certify that this motion complies with Type Volume Limitations set forth in Local Rule 7.1(b)(2), as it contains 4,761 words.


ALMON A. MANSON, JR.
Registration No. 1756761
ROBERT M. SHUPENUS
Registration No. 6238096
Brown, Hay & Stephens LLP
205 S. Fifth Street, Suite 700
P.O. Box 2459
Springfield, IL  62705-2459
Telephone (217) 544-8491

## PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing instrument was served upon:

Lance T. Jones
Law Offices of Lance T. Jones
1100 South Fifth Street
Springfield, IL 62703

Craig Hilliard
Stark & Stark, P.C.
993 Lenox Drive
Lawrenceville, NJ 08648

David A. Herman
Giffin, Winning, Cohen & Bodewes, P.C.
One West Old State Capitol Plaza
Myers Building – Suite 600
P.O. Box 2117
Springfield, IL 62705

via electronic mail on this 2nd day of February, 2005.

s/ Robert M. Shupenus