

# Brown, Hay & Stephens, LLP
LEGAL COUNSEL

205 S. Fifth Street
Suite 700
P O Box 2459
Springfield, Illinois 62705
TEL 217 544 8491
FAX 217 544 9609
www.bhslaw.com

Robert M. Shupenus, Attorney
rshupenus@bhslaw.com
Direct Ext. 282
Direct Fax: (217) 241-3111

January 24, 2005

*Via Facsimile: (609) 896-0629*

Craig Hilliard, Esq.
Stark & Stark
993 Lenox Drive
Lawrenceville, NJ  08648

    Re:    *Century Consultants Ltd. v. District 186, et al.*
           *Central District of Illinois Case No. 2003-CV-3105*

Dear Mr. Hillard:

    As you know, we traveled to New Jersey during the week of January 10, 2005, for the purpose of conducting depositions in this matter. Prior to that time, we submitted a Notice of Deposition therein, wherein we requested Century designate Rule 30(b)(6) witnesses to testify regarding 21 topics we set forth. We received your witness designations and proceeded with the depositions as planned.

    Despite Century's designation of Joseph E. LaMantia as its representative deponent for a majority of the topics, LaMantia arrived at the deposition wholly unprepared to speak on behalf of Century. Specifically, LaMantia either could not or refused to provide information regarding the steps undertaken by Century to obtain the copyright protection that forms the basis of its First Amended Complaint. He was also unable to provide any calculation of Century's alleged damages or testify regarding instances of unfair competition, District 186's procurement of Star_Base from Century, Miller's alleged use of a demonstration program similar to Star_Base, and a number of other matters. By now, you should have a copy of LaMantia's deposition transcript, which highlights the fact that LaMantia was unprepared to testify on behalf of Century, despite Century's designation of him as a representative deponent.

    We attempted to reach a resolution regarding this dispute when it arose during the actual deposition, but when we asked your associate whether your Rule 30(b)(6) designations were accurate or not, he responded: "I am not here to answer your questions. You can ask the witness whatever you like." Shortly thereafter, your associate informed us that if we wanted to obtain information about copyright issues regarding Star_Base, we would be required to notice Century's copyright attorney for deposition. Despite our continued efforts to obtain Century's compliance with Rule



DEFENDANT'S
EXHIBIT
F

## Brown, Hay & Stephens
LEGAL COUNSEL

30(b)(6), your associate dismissed our efforts entirely, stating: "If you want to file a motion, file a motion."

Your associate's response to our efforts to obtain Century's compliance with Rule 30(b)(6) indicates that further efforts to obtain such compliance will be fruitless. Nonetheless, prior to asking the Court for relief, we wish to make an effort to give Century the opportunity to produce a proper Rule 30(b)(6) deponent within the discovery timeframe set forth in the Court's most recent scheduling order. If Century wishes to produce such a deponent, please let us know by 12:00 p.m., EST, January 25, 2005. When you contact us, please be prepared to discuss reimbursement to District 186 for the time and expense incurred in deposing Mr. LaMantia as Century's representative. If we do not hear from you, we intend to seek appropriate relief from the Court.

We look forward to hearing from you.

Sincerely,

Robert M. Shupenus

RMS/crs

January 24, 2005\crs\I:\CRAPP\WORD\LTR\RMS\HILLARDLTR012405.DOC