# CERTIFICATE OF REGISTRATION



FORM TX E-FILED
Wednesday, 02 February, 2005 09:36:15 AM
Clerk, U.S. District Court, ILCD

TXu 760-019


This Certificate issued under the seal of the Copyright Office in accordance with title 17, United States Code, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

Marybeth Peters

REGISTER OF COPYRIGHTS
United States of America

OFFICIAL SEAL

EFFECTIVE DATE OF REGISTRATION
NOVEMBER   22   1995

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

**1** TITLE OF THIS WORK ▼
STAR BASE

PREVIOUS OR ALTERNATIVE TITLES ▼
NONE

PUBLICATION AS A CONTRIBUTION If this work was published as a contribution to a periodical, serial, or collection, give information about the collective work in which the contribution appeared. Title of Collective Work ▼

If published in a periodical or serial give: Volume ▼   Number ▼   Issue Date ▼   On Pages ▼

**2 a** NAME OF AUTHOR ▼
CENTURY CONSULTANTS LTD (a NJ Corporation)

DATES OF BIRTH AND DEATH
Year Born ▼   Year Died ▼

Was this contribution to the work a "work made for hire"?
☒ Yes
☐ No

AUTHOR'S NATIONALITY OR DOMICILE
Name of Country
OR { Citizen of ▶
     Domiciled in ▶ USA

WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK
Anonymous?   ☐ Yes ☐ No
Pseudonymous? ☐ Yes ☐ No

NATURE OF AUTHORSHIP Briefly describe nature of material created by this author in which copyright is claimed. ▼
Computer Program  *including screens

**NOTE**
Under the law, the "author" of a "work made for hire" is generally the employer, not the employee (see instructions). For any part of this work that was "made for hire" check "Yes" in the space provided, give the employer (or other person for whom the work was prepared) as "Author" of that part, and leave the space for dates of birth and death blank.

**b** NAME OF AUTHOR ▼

DATES OF BIRTH AND DEATH
Year Born ▼   Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

AUTHOR'S NATIONALITY OR DOMICILE
OR { Citizen of ▶
     Domiciled in ▶

WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK
Anonymous?   ☐ Yes ☐ No
Pseudonymous? ☐ Yes ☐ No

NATURE OF AUTHORSHIP Briefly describe nature of material created by this author in which copyright is claimed. ▼

**c** NAME OF AUTHOR ▼

DATES OF BIRTH AND DEATH
Year Born ▼   Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

AUTHOR'S NATIONALITY OR DOMICILE
OR { Citizen of ▶
     Domiciled in ▶

WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK
Anonymous?   ☐ Yes ☐ No
Pseudonymous? ☐ Yes ☐ No

NATURE OF AUTHORSHIP Briefly describe nature of material created by this author in which copyright is claimed. ▼

**3 a** YEAR IN WHICH CREATION OF THIS WORK WAS COMPLETED
1991 ◄ Year

**b** DATE AND NATION OF FIRST PUBLICATION OF THIS PARTICULAR WORK
Month ▶   Day ▶   Year ▶   ◄ Nation

**4** COPYRIGHT CLAIMANT(S) Name and address must be given even if the claimant is the same as the author given in space 2. ▼
Century Consultants Ltd.
300 Main Street
Lakewood, NJ  08701

APPLICATION RECEIVED
JUN 25 1995   11/22/95
ONE DEPOSIT RECEIVED
NOV 22 1995
TWO DEPOSITS RECEIVED
FUNDS RECEIVED

TRANSFER If the claimant(s) named here in space 4 is (are) different from the author(s) named in space 2, give a brief statement of how the claimant(s) obtained ownership of the copyright. ▼

**MORE ON BACK ▶** • Complete all applicable spaces (numbers 5-11) on the reverse side of this page.
• See detailed instructions. • Sign the form at line 10.

DO NOT WRITE HERE
Page 1 of 2 pages

DEFENDANT'S EXHIBIT A

/ded ly C.O. via authority of phone call with Kenneth Watov on 1/22/97.

| EXAMINED BY | VG | FORM TX |
|---|---|---|
| CHECKED BY | | |
| ☒ CORRESPONDENCE Yes | | FOR COPYRIGHT OFFICE USE ONLY |

DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.

**PREVIOUS REGISTRATION** Has registration for this work, or for an earlier version of this work, already been made in the Copyright Office?
☐ Yes  ☒ No   If your answer is "Yes," why is another registration being sought? (Check appropriate box) ▼
a. ☐ This is the first published edition of a work previously registered in unpublished form.
b. ☐ This is the first application submitted by this author as copyright claimant.
c. ☐ This is a changed version of the work, as shown by space 6 on this application.
If your answer is "Yes," give: Previous Registration Number ▼      Year of Registration ▼

**5**

**DERIVATIVE WORK OR COMPILATION** Complete both space 6a and 6b for a derivative work; complete only 6b for a compilation.
a. Preexisting Material Identify any preexisting work or works that this work is based on or incorporates. ▼

b. Material Added to This Work Give a brief, general statement of the material that has been added to this work and in which copyright is claimed. ▼

**6**

See instructions before completing this space.

—space deleted—

**7**

**REPRODUCTION FOR USE OF BLIND OR PHYSICALLY HANDICAPPED INDIVIDUALS** A signature on this form at space 10 and a check in one of the boxes here in space 8 constitutes a non-exclusive grant of permission to the Library of Congress to reproduce and distribute solely for the blind and physically handicapped and under the conditions and limitations prescribed by the regulations of the Copyright Office: (1) copies of the work identified in space 1 of this application in Braille (or similar tactile symbols); or (2) phonorecords embodying a fixation of a reading of that work; or (3) both.
a ☐ Copies and Phonorecords    b ☐ Copies Only    c ☐ Phonorecords Only

**8**

See instructions.

**DEPOSIT ACCOUNT** If the registration fee is to be charged to a Deposit Account established in the Copyright Office, give name and number of Account.
Name ▼                        Account Number ▼

**9**

**CORRESPONDENCE** Give name and address to which correspondence about this application should be sent.   Name/Address/Apt/City/State/ZIP ▼

Area Code and Telephone Number ▶

Be sure to give your daytime phone number

**CERTIFICATION** I, the undersigned, hereby certify that I am the
Check only one ▶
☐ author
☐ other copyright claimant
☐ owner of exclusive right(s)
☒ authorized agent of   Century Consultants Ltd.
Name of author or other copyright claimant, or owner of exclusive right(s) ▲

of the work identified in this application and that the statements made by me in this application are correct to the best of my knowledge.

Typed or printed name and date ▼ If this application gives a date of publication in space 3, do not sign and submit it before that date.
Kenneth Watov                                         date ▶ 6/20/96

Handwritten signature (X) ▼
Kenneth Watov

**10**

**MAIL CERTIFI- CATE TO**

Name ▼
Kenneth Watov, Esq.
Watov & Kipnes, P.C.
Number/Street/Apartment Number ▼
P. O. Box 247
City/State/ZIP ▼
          NJ 08550

Certificate will be mailed in window envelope

YOU MUST:
• Complete all necessary spaces
• Sign your application in space 10
SEND ALL 3 ELEMENTS IN THE SAME PACKAGE
1. Application form
2. Nonrefundable $20 filing fee in check or money order payable to Register of Copyrights
3. Deposit material
MAIL TO

**11**

**E-FILED**
Wednesday, 02 February, 2005 09:36:44 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| CENTURY CONSULTANTS, LTD., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> THE MILLER GROUP, INC., JOHN G. MILLER, ) <br> and the SPRINGFIELD PUBLIC SCHOOL ) <br> DISTRICT NO. 186, ) <br> ) <br> Defendants. ) | No. 2003-CV-3105 |

## NOTICE OF DEPOSITION

TO:  Corporate Representative for
     Century Consultants, Ltd.
     c/o Craig Hilliard
     Stark & Stark
     P.O. Box 5315
     Princeton, NJ 08543-5315

Guy Renzi Court Reporting
824 West State Street
Trenton, NJ 08618

PLEASE TAKE NOTICE that the undersigned will take the deposition of Plaintiff Century Consultants, Ltd., on **Thursday, January 13, 2005 at 1:00 p.m.** at the offices of Stark & Stark, 993 Lenox Drive, Building Two, Lawrenceville, New Jersey, before a licensed court reporter, at which time testimony shall be recorded through stenographic means regarding the following topics listed in Exhibit A hereto, pursuant to Rule 30(b)(6) of the Code of Civil Procedure.

SPRINGFIELD PUBLIC SCHOOL
DISTRICT NO. 186, Defendant

By:  s/ Almon A. Manson, Jr.

ALMON A. MANSON, JR.
Registration No. 1756761
**ROBERT M. SHUPENUS**
Registration No. 6238096
BROWN, HAY & STEPHENS, LLP
205 South Fifth Street, Suite 700
P.O. Box 2459
Springfield, IL 62705-2459
Telephone (217) 544-8491

DEFENDANT'S EXHIBIT B

## PROOF OF SERVICE

I, the undersigned, hereby certify that on December 29, 2004, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the attorney of record for Plaintiff:

David A. Herman (dherman1@gifwinlaw.com)
Giffin, Winning, Cohen & Bodewes, P.C.
P.O. Box 2117
Springfield, IL 62705

Craig S. Hilliard (chilliard@stark-stark.com)
Stark & Stark
P.O. Box 5315
Princeton, NJ 08543-5315

Lance T. Jones (ltj@warpnet.net)
Law Office of Lance T. Jones
100 South Fifth Street
Springfield, IL 62703

s/Almon A. Manson, Jr.

**EXHIBIT A**

A. All facts which support or relate in any manner to the allegations in the Amended Complaint, including the nature, extent, type and results of all investigations regarding or relating in any manner to the allegations contained therein;

B. Plaintiff's calculation and amount of damages regarding each Count of the Amended Complaint;

C. The development of the Star_Base software that is the subject of Plaintiff's Amended Complaint, including:

   (1) The identity of each person who took part in the development of each part of Star_Base that constitutes Plaintiff's original copyrighted work, together with the substance of their involvement;

   (2) The identity of each person or entity from whom non-original portions of Star_Base were obtained, together with identification and substance of each such portion;

   (3) The identity of each person who took part in obtaining copyright protection for any portion of Star_Base, together with all actions undertaken by each person;

   (4) The factual basis for the allegation in paragraph 13 of the Amended Complaint, which states: "Over the years, Century has invested hundreds of thousands of dollars in the development of its student administration software."

D. The identity of each person who acted on behalf of Plaintiff with respect to Defendant Springfield Public School District No. 186's procurement and/or use of Star_Base, together with the nature and extent of each person's involvement;

E. The identity of each person who communicated with District 186 on behalf of Plaintiff in any way that relates to the allegations in the Amended Complaint, together with the date and substance of each such communication;

F. The identity of each person who communicated with anyone other than District 186, including but not limited to The Miller Group, Inc., John G. Miller and/or The Miller Group, on behalf of Plaintiff in any way that relates to the allegations in the Amended Complaint, together with the date, substance and participants of each such communication;

G. All measures undertaken by Plaintiff to protect the secrecy or confidentiality of all trade secrets allegedly disclosed or used by any defendant.

H.  The location and substance of all written or computerized documents and other tangible evidence relating in any manner to Plaintiff's allegations and/or damages incurred resulting from any act or omission of any defendant herein.

I.  The location and substance of all written or computerized documents and other tangible evidence relating in any manner to any investigation conducted by or on behalf of Plaintiff regarding any of the allegations contained in the Amended Complaint.

J.  All facts supporting Plaintiff's allegation in paragraph 18 of the Amended Complaint, which states: "Century thereafter learned that the School District had contracted with another company, MGI, to assist in the design of a student software package," including but not limited to the date Plaintiff learned these facts, the person or entity who disclosed these facts to Plaintiff, the method of disclosure, and all actions taken by Plaintiff to discover these facts.

K.  All facts supporting Plaintiff's allegation in paragraph 19 of the Amended Complaint, which states: "Upon information and belief, this 'new' system became a product known as 'InfoSystems 3', and as alleged below, this product infringes Century's rights in and to the Star_Base programs."

L.  All facts supporting Plaintiff's allegation in paragraph 20 of the Amended Complaint that InfoSystems 3 "is precisely the type of system Century licenses to the School District."

M.  All facts supporting Plaintiff's allegation in paragraph 20 of the Amended Complaint that:

> "Upon information and belief, the 'demonstration program; is also displayed at trade shows. This 'demonstration program' embodies and reflects elements of the Star_Base software which, as alleged throughout this Complaint, was and is an infringement of Century's copyrights. The mere display of this 'demonstration program' to the general public as a tool to advertise the availability of the InfoSystems 3 product is itself an infringing act under federal copyright laws."

N.  All facts supporting Plaintiff's allegation in paragraph 23 of the Amended Complaint that:

> "Mr. Williams mailed to Century a list of the table definitions from MGI's InfoSystems 3 product. Upon comparing these definitions with Star_Base, Century has discovered that virtually all of the definitions were identical."

O.  All facts supporting Plaintiff's allegation in paragraph 24 of the Amended Complaint that:

> "Mr Williams also mailed to Century the program listing from a portion of MGI's product – the 'student scheduler'. Once again, in comparing this to Star_Base, Century has discovered that the code used in InfoSystems 3 has verbatim references to Century's Star_Base tables."

P.  All facts supporting Plaintiff's allegation in paragraph 25 of the Amended Complaint that:

> "Upon information and belief, in the course of copying substantial portions of the copyrighted source code, MGI and Miller have not only gained access to the source code, they have physically removed copies of the programs from the licensee's premises for editing off-site."

Q.  All facts indicating the identity of any third party who learned any trade secret of Plaintiff as a result of any actions or omissions of any defendant, and/or any third party who received any competitive advantage by learning of each such trade secret, together with all damage incurred by Plaintiff as a result.

R.  All facts supporting Plaintiff's allegation in paragraph 43 of the Amended Complaint that: "Defendants' conduct was knowing and willful."

E-FILED
Wednesday, 02 February, 2005 09:37:07 AM
Clerk, U.S. District Court, ILCD

# STARK & STARK
A PROFESSIONAL CORPORATION

CRAIG S. HILLIARD
DIRECT DIAL NUMBER
609-896-7346
DIRECT FAX NUMBER
609-895-7385
E-MAIL:
chilliard@stark-stark.com

ATTORNEYS AT LAW

OFFICE: 993 LENOX DRIVE LAWRENCEVILLE, NJ 08648-2389

MAILING: PO BOX 5315 PRINCETON, NJ 08543-5315

609-896-9060 (PHONE)   609-896-0629 (FAX)

WWW.STARK-STARK.COM

January 6, 2005

**VIA TELEFAX AND REGULAR MAIL**

Almon A. Manson, Jr., Esq.
Brown, Hay & Stephens
205 S. Fifth Street, Suite 700
P. O. Box 2459
Springfield, IL 62705-2459

Re:  **Century Consultants, Ltd. v. The Miller Group, et al**
     Civil Action No. 2003-CV-3105

Dear Mr. Manson:

Enclosed is a listing of Century's designations under Rule 30(b)(6) in response to your Rule 30(b) deposition notice. I would appreciate it if you would provide me, at your earliest convenience, with Springfield's designations in response to my Rule 30(b) notice.

Very truly yours,

STARK & STARK
A Professional Corporation

By: _____
    CRAIG S. HILLIARD

CSH/blj
enclosures
cc:  David A. Herman, Esq. (w/enc.)
     Joseph Shearn (w/enc.)

PRINCETON • PHILADELPHIA

DEFENDANT'S
EXHIBIT
C

Century - Rule 30(b)(6) designees:

A. Joseph LaMantia/Robert Magan
B. Joseph LaMantia
C. Joseph LaMantia
D. Joseph LaMantia
E. Joseph LaMantia/Robert Magan
F. Joseph LaMantia/Robert Magan
G. Joseph LaMantia
H. Joseph LaMantia
I. Joseph LaMantia
J. Robert Magan
K. Joseph LaMantia/Robert Magan
L. Joseph LaMantia/Robert Magan
M. Joseph LaMantia/Robert Magan
N. Robert Magan
O. Robert Magan
P. Robert Magan
Q. Joseph LaMantia/Robert Magan
R. Joseph LaMantia/Robert Magan

E-FILED
Wednesday, 02 February, 2005 09:37:35 AM
Clerk, U.S. District Court, ILCD

```
 1      Q      Is it your understanding that
 2  copyrighted material has a higher degree of protection
 3  than raw intellectual property, then?
 4      A      My personal opinion is the work product
 5  of an individual belongs to that individual
 6  regardless.
 7      Q      So you copyrighted your report.  Why?
 8      A      I just affixed a copyright symbol to the
 9  report, which is part of a standard form.
10      Q      What I am trying to get at is what you
11  believe is gained through copyright protection, if
12  anything?  Do you think that copyright protection
13  affords a higher degree of protection than simply the
14  fact that the material is work product?
15      A      That's not my area of expertise.
16      Q      Are you aware that the first three
17  counts of the Complaint Exhibit 8 are allegations of
18  copyright infringement?
19      A      I am.
20             MR. SCHRAMA:  I'm just going to place an
21  objection on the record insofar as these questions
22  call for a legal conclusion.  I will object to the
23  form of the question.  If you understand the question,
24  you can answer it.
25      A      I do not have an expertise in copyright
```

Guy J. Renzi & Associates   (609) 989-9199
www.renziassociates.com


DEFENDANT'S EXHIBIT

1  law.  I was hired in this matter to make a reasonable
2  intelligent conclusion between similarities of
3  software applications from a technical perspective.
4       Q       So just to clarify your expertise in
5  this matter is not for the purpose of determining
6  whether copyright infringement occurred, correct?
7       A       I wouldn't say that's correct.  I think
8  it's to provide information to assist in a decision
9  but from a technical perspective, not the subtleties
10 of copyright law.
11      Q       Well, would you agree that if an expert
12 is hired to analyze terms for the purpose of
13 determining whether copyright infringement occurred,
14 that the expert would first have to determine what is
15 copyrighted, correct?
16      A       In this matter, I was hired to compare
17 software, not to determine if there was copyright
18 infringement based on the copyright laws.
19      Q       Do you know what was copyrighted by
20 Century?
21      A       It's my understanding that their entire
22 application is copyrighted.
23      Q       Are any of your opinions or conclusions
24 based on your assumption that the entire application
25 Star_Base is copyrighted?

1  A   My conclusions are based on my perspective of copyright and intellectual property being the same thing.

4  Q   Do you believe that copyright and intellectual property are the same thing?

MR. SCHRAMA: Same objection to form. If you understand the question, you can answer it.

Q   I'm asking about your belief. I'm not asking for the law here.

A   Okay. I understand there is a difference between something that is formally copyrighted, something that has an implied copyright, and something that is the proprietary work product of an individual.

Q   And I'm not willing to hide anything here, Mr. Lewis. My concern is the first three counts of their Complaint, of Century's Complaint, are all allegations of copyright violations and the remainder of the counts in the Complaint incorporate the copyright infringement, which is why I'm trying to find out from you the extent to which your analysis seeks to discover what was copyrighted and then what is present in the competing product that is copyrighted. Do you understand my dilemma here?

A   I'm not so sure it's a dilemma. I was

1  hired to form an expert conclusion of similarities
2  between applications. I was not hired to make a legal
3  determination as to whether or not one or all of those
4  applications bear a copyright or are protected by a
5  copyright.
6      Q    And on a different level, is it fair to
7  say that you don't know what is copyrighted or is it
8  fair to say that you believe that the entire
9  application was copyrighted? I don't know which way
10 you are going, so if you could clarify that for me.
11     A    In order to conduct my analysis and
12 provide an expert report, it's not critical or even
13 necessary for me to know if anything is copyrighted.
14     Q    Do you believe that the entire Star_Base
15 application is Century's intellectual property?
16     A    I worked on the assumption that the
17 Star_Base application that was forwarded to me is
18 Century's intellectual property.
19     Q    Upon what do you base that assumption?
20     MR. SCHRAMA: I'll just interject the
21 same objection to form with regard to the term
22 intellectual property but as far as you understand the
23 question, you can answer it.
24     Q    What is your definition of intellectual
25 property? Let me back up. You believe that all of

E-FILED
Wednesday, 02 February, 2005 09:37:59 AM
Clerk, U.S. District Court, ILCD

```
 1   and belief.  Do you see that?
 2          A       Okay.
 3          Q       Upon information and belief, this "new"
 4   system became a product known as Info System 3 and
 5   that as alleged below, this product infringes on
 6   Century's rights in and to the Star_Base programs.
 7                  Do you have any knowledge to indicate
 8   that the system referred to in the December 21, 1998
 9   contract is Info System 3?
10          A       I do not have any knowledge of that.
11          Q       Okay.  Paragraph 20.  Do you have any
12   knowledge that MGI and Miller used a demonstration
13   program as a general advertising and marketing tool to
14   sell Info System 3?
15          A       I do not have any knowledge of that.
16          Q       Okay.  Do you have any knowledge
17   regarding whether MGI and Miller intend the widespread
18   distribution of the demonstration program to the
19   general public?
20          A       No, I wouldn't have any knowledge of
21   that.
22          Q       Then further, on the next page, second
23   line down, it states:  This "demonstration program"
24   embodies and reflects elements of the Star_Base
25   software which as alleged throughout this Complaint
```

DEFENDANT'S EXHIBIT

E-FILED
Wednesday, 02 February, 2005 09:38:18 AM
Clerk, U.S. District Court, ILCD



**BROWN, Hay & Stephens, LLP**
LEGAL COUNSEL

Robert M. Shupenus, Attorney
rshupenus@bhslaw.com
Direct Ext. 282
Direct Fax: (217) 241-3111

205 S. Fifth Street
Suite 700
P O Box 2459
Springfield, Illinois 62705
TEL 217 544 8491
FAX 217 544 9609
www.bhslaw.com

January 24, 2005

*Via Facsimile: (609) 896-0629*

Craig Hilliard, Esq.
Stark & Stark
993 Lenox Drive
Lawrenceville, NJ 08648

Re: *Century Consultants Ltd. v. District 186, et al.*
*Central District of Illinois Case No. 2003-CV-3105*

Dear Mr. Hillard:

As you know, we traveled to New Jersey during the week of January 10, 2005, for the purpose of conducting depositions in this matter. Prior to that time, we submitted a Notice of Deposition therein, wherein we requested Century designate Rule 30(b)(6) witnesses to testify regarding 21 topics we set forth. We received your witness designations and proceeded with the depositions as planned.

Despite Century's designation of Joseph E. LaMantia as its representative deponent for a majority of the topics, LaMantia arrived at the deposition wholly unprepared to speak on behalf of Century. Specifically, LaMantia either could not or refused to provide information regarding the steps undertaken by Century to obtain the copyright protection that forms the basis of its First Amended Complaint. He was also unable to provide any calculation of Century's alleged damages or testify regarding instances of unfair competition, District 186's procurement of Star_Base from Century, Miller's alleged use of a demonstration program similar to Star_Base, and a number of other matters. By now, you should have a copy of LaMantia's deposition transcript, which highlights the fact that LaMantia was unprepared to testify on behalf of Century, despite Century's designation of him as a representative deponent.

We attempted to reach a resolution regarding this dispute when it arose during the actual deposition, but when we asked your associate whether your Rule 30(b)(6) designations were accurate or not, he responded: "I am not here to answer your questions. You can ask the witness whatever you like." Shortly thereafter, your associate informed us that if we wanted to obtain information about copyright issues regarding Star_Base, we would be required to notice Century's copyright attorney for deposition. Despite our continued efforts to obtain Century's compliance with Rule



DEFENDANT'S EXHIBIT F

## Brown, Hay & Stephens
LEGAL COUNSEL

30(b)(6), your associate dismissed our efforts entirely, stating: "If you want to file a motion, file a motion."

Your associate's response to our efforts to obtain Century's compliance with Rule30(b)(6) indicates that further efforts to obtain such compliance will be fruitless. Nonetheless, prior to asking the Court for relief, we wish to make an effort to give Century the opportunity to produce a proper Rule 30(b)(6) deponent within the discovery timeframe set forth in the Court's most recent scheduling order. If Century wishes to produce such a deponent, please let us know by 12:00 p.m., EST, January 25, 2005. When you contact us, please be prepared to discuss reimbursement to District 186 for the time and expense incurred in deposing Mr. LaMantia as Century's representative. If we do not hear from you, we intend to seek appropriate relief from the Court.

We look forward to hearing from you.

Sincerely,

Robert M. Shupenus

RMS/crs

January 24, 2005\crs\I:\CRAPP\WORD\LTR\RMS\HILLARDLTR012405.DOC