STARK & STARK
A PROFESSIONAL CORPORATION
PO BOX 5315
PRINCETON, NJ 08543-5315
(609)896-9060
ATTORNEYS FOR PLAINTIFF

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| CENTURY CONSULTANTS LTD., <br><br> Plaintiff, <br><br> vs. <br><br> THE MILLER GROUP, INC., JOHN G. MILLER, and THE SPRINGFIELD PUBLIC SCHOOL DISTRICT 186, <br><br> Defendants. | Civil Action No. 2003-CV-3105 |

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO SPRINGFIELD SCHOOL DISTRICT'S MOTION TO SUPPRESS**

Plaintiff, Century Consultants, Ltd. ("Century") respectfully submits this Memorandum in opposition to the motion of defendant, Springfield Public School District 186 (the "School District") seeking to "suppress" evidence of a recorded conversation between a School District employee and a Century employee obtained in connection with Century's pre-suit investigation of claims against the co-defendants, John Miller and The Miller Group, Inc. (collectively "Miller") as well as the School District.

**PRELIMINARY STATEMENT**

The School District's motion is based on a series of flawed statements of law and misstatements of the record developed in discovery. First, the School District is wrong in

suggesting that the Illinois Eavesdropping Act has any application where, as here, the proceedings are pending in a federal court and the tape recording complies with federal law. The 7th Circuit (in a case the School District conveniently neglects to cite)[1] and a number of other federal courts have held otherwise. Because the issues surrounding the admissibility of a tape recording are evidentiary issues, a federal court applies federal law, not state law, as these courts have all held. Under federal law, a recorded conversation between two people, where one person consents to the recording, is perfectly proper and admissible, and the School District's intimation that the recording taints the underlying case is simply wrong. Moreover, the School District fails to demonstrate how Illinois law would even apply, because the recording occurred in New Jersey, not Illinois. Under New Jersey law (as under federal law), a party to a telephone conversation can lawfully tape his own conversation. There is nothing improper about such a taping. Indeed, the fact that the School District has *never* raised this issue with the Court, despite knowing of the tape recording for *two years* of litigation, speaks volumes about the strategic timing of this motion. It is nothing more than an effort by the School District to bolster its pending motion for summary judgment in this Court by attempting to sully Century and its legitimate efforts to investigate the basis of its claims before actually filing a lawsuit.

Not only has the School District misstated the applicable law, it has mischaracterized the record developed in these proceedings. First, the School District continues to make the same tired reference to the Declaration of Robert Magan as an "unsworn" statement used improperly to

---

[1] Indeed, this same motion was filed by the School District recently in the Bankruptcy Court before that court referred the adversary proceeding against Miller to this Court. In that motion, the School District ignored controlling 7th Circuit precedent, and Century pointed that out in its opposition papers. Now, in renewing the motion in this Court, the School District continues to ignore that precedent, despite the fact that Century expressly drew attention to it in its opposition to the motion in the Bankruptcy Court.

secure a temporary restraining order from this Court. If the Court found the statement to be improper, either because it was based on "hearsay" or its form was somehow deficient, no doubt it would not have entered the relief sought by Century. In fact, the form of Magan's statement complied to the letter with federal law, which permits the use of a declaration rather than an affidavit. *See* 28 U.S.C. §1746 ( permitting use of declarations in lieu of affidavits). And there is nothing in Magan's declaration that the School District can point to as untrue. He repeated the statements made to him at the time by a School District employee, all of which substantiated Century's claim that its software product had been accessed and copied by a competitor. That the employee – David Williams – has now signed an affidavit two years later retreating from some (but not all) of those statements does not undermine Century's initial application for an injunction. Indeed, as Century points out in detail in its papers filed in this Court in opposition to the School District's pending motion for summary judgment, the discovery which took place after the injunction was entered *supports* Century's claims.

The final significant misstatement made by the School District is the most surprising: the School District appears to contend that it is *Century* who will rely on the tape recording in this action (otherwise, there would be no need to seek to "suppress" it). Nothing could be further from the truth. Nowhere in Century's papers in this Court on any motion does it rely on the recorded conversation. The tape recording transcript is not attached to any of Century's papers, and to be sure, Century's opposition papers on the pending summary judgment motion recited all of the *other* evidence developed, both before and after the suit was filed, which supported its case. In fact, it is the *School District*, not Century, which is relying on the transcript of the recording to advance its position. It was the *School District*, not Century, which first raised the recording with Williams during his deposition, marking it as an exhibit and questioning him

extensively about it. For the School District to now suggest that Century is relying on the recording to support its case is just flat wrong. For all of these reasons, the School District's motion to suppress should be denied.

## ARGUMENT

A.  **THE TAPE RECORDING DOES NOT VIOLATE FEDERAL LAW AND IT IS THEREFORE NOT INADMISSIBLE**

The School District's motion initially proceeds from the mistaken premise that the Illinois Eavesdropping Act controls. It does not. In *United States v. Horton*, 601 F.2d 319 (7th Cir. 1979), a case not even mentioned by the School District, the Seventh Circuit rejected the suggestion that the Illinois statute applied in a proceeding in a federal district court:

> The defendant's equal protection theory is that Government agents could lawfully record his conversations under 18 U.S.C. §2511, but state law prohibited him from similarly recording conversations to support his case. The fatal flaw in this argument is that the defendant confuses his rights under state law and federal law. Under federal law, 18 U.S.C. §2511(2)(d), he could lawfully record conversations to which he was a party so long as the purpose of the recording was not to commit a crime. Therefore, if he desired to introduce such a recording during his trial, federal law would not have prohibited its admission. *A more restrictive state law would not affect the admissibility of such evidence in a federal court.*

*Id.* at 323 (citing cases). Other federal courts echo this same premise. *See, e.g., United States v. Adams,* 694 F.2d 200, 201 (9th Cir. 1982); *United States v. Green,* 842 F. Supp. 68 (W.D.N.Y. 1994), *aff'd,* 80 F.3d 688 (2d Cir. 1994); *United States v. DiFelice,* 837 F. Supp. 81 (S.D.N.Y. 1993). Under the federal wiretapping law, a party to a conversation is expressly permitted to tape his own conversation, so long as he is not doing so for the purpose of committing a crime or tortious act. *See* 18 U.S.C. §2511(2)(d). Here, the tape recording was clearly made for the purpose of investigating Century's claims. Try as it might, the School District's arguments that Magan made the recording for the purpose of committing a crime or tortious act find no support

in the record. All the School District can say on this point is that a very recent affidavit signed by Williams retreats from some of the statements attributed to him by Magan in his declaration. That is hardly evidence that Magan recorded a conversation for the purpose of committing a crime. There is nothing unlawful about the recording under federal law.

**B.    THE TAPE RECORDING DOES NOT VIOLATE NEW JERSEY LAW**

The fact that the tape recording does not violate federal law should end this Court's further inquiry into the basis of the School District's motion. Nevertheless, the School District's motion also assumes incorrectly that Illinois law would apply to a recording made, as here, in New Jersey. The School District cites no authority for the proposition that an allegedly illegal recording made in New Jersey would violate Illinois law. Under New Jersey law (where the taping occurred), it was perfectly lawful. In *D'Onofrio v. D'Onofrio,* 344 N.J. Super. 147 (App. Div. 2001), New Jersey's appellate court held that the tape recording of *one's own conversation* with another party is neither a violation of New Jersey's wiretap statutes nor a violation of the federal wiretap statutes:

> New Jersey's Wiretap Act, and its federal counterpart in Title III of the Federal Omnibus Crime Control and Safe Streets Act (Title III), 18 U.S.C.A. §§ 2510-2521, proscribe the taping of telephone conversations of others, including one's spouse, without consent, when the recording spouse or other interceptor is not a party to the conversation....*Explicitly excepted from these proscriptions are telephone conversations intercepted with the consent of either party to the conversation......Thus, the taping of one's own telephone conversations with another, while an 'intercept' within the meaning of both statutes*, N.J.S.A. 2A:156A-2(c); 18 U.S.C. §2510(4); *State v. Worthy,* 273 N.J. Super. 147, 150-51 (App. Div. 1994), *aff'd,* 141 N.J. 368 (1995); *United States v. Turk,* 526 F.2d 654 (5th Cir. 1976), *cert. denied,* 429 U.S. 823 (1976), *is a violation of neither.*

*Id.* at 147 (emphasis added).

C.   **THE SCHOOL DISTRICT'S MOTION SHOULD BE DENIED BECAUSE IT MISSTATES THE FACTS SURROUNDING CENTURY'S CLAIMS**

The School District also appears to contend that suppression of the tape recording evidence will doom Century's claims as a matter of law. In so contending, the School District mistakenly argues that it is Century which is relying on the tape recording to support its case. Not true. Century does not rely on the recorded conversation to bolster its case. Century advised the School District *two years ago* that it did not intend to rely on the recording to support its case. *See* Exhibit "A" hereto. The tape recording transcript is not attached to any of Century's papers filed in this Court. In fact, Century's opposition papers on the pending summary judgment motion recited all of the *other* evidence developed, both before and after the suit was filed, which supported its case. Rather, it is the *School District*, not Century, which is relying on the transcript of the recording to advance its position. It was the *School District*, not Century, which first raised the recording with Williams during his deposition, marking it as an exhibit and questioning him extensively about it. *See* Exhibit "B" hereto.

These are not the only misstatements made by the School District. Equally untrue is the School District's assertion that Century relied on the Magan Declaration to secure an "ex parte" temporary restraining order from this Court. The Complaint and application for injunctive relief were served on Miller and the School District when they were filed with the Court. The restraining order was entered after the defendants were served. This is plain from a review of the Court's own docket sheet. For the School District to make these inaccurate assertions to this Court is puzzling. More importantly, the School District utterly fails to explain why it did not make the same arguments it is making now, two years ago to this Court, before the temporary restraining order was entered, or in a motion to lift the restraints under Fed.R.Civ.P. 65. Indeed,

the parties all *consented* to the entry of a preliminary injunction in June 2003. Williams was the School District's employee then, and as the School District acknowledges, it knew about the recording in June 2003. Why these issues surrounding the recording, and Magan's failure to refer to it in his declaration, are raised now for the first time sparks questions about the *bona fides* of the School District's position now in this Court.

In all events, the School District utterly ignores the fact that Century's claims are simply not based solely on the statements made by Williams.[2] As Century pointed out in its papers in opposition to the School District's pending motion for summary judgment, Century's case is built on many facts, all of which demonstrate a compelling case of infringement. Those facts include: 1) the deposition testimony of the School District's own Information Systems Director and Williams' supervisor, Henry Stuckey, who testified that the School District gave Miller direct access to Star_Base at the time he was developing InfoSystems 3, and that he believed that Miller was using Star_Base to develop the competing product, *see* Hilliard Declaration, Exhibit "10";[3] 2) the deposition testimony of the School District's own Director of Business Services,

---

[2]   Even so, Williams' recently-minted "Affidavit" does nothing to change what he said in his deposition, or what he said to Mr. Magan during Century's pre-suit investigation. His deposition testimony, taken before this recent Affidavit was prepared for him by his former employer, the School District, confirmed that he told Mr. Magan before this lawsuit was filed that another vendor was developing a new system for the School District, that many of the database tables were simply being renamed with the same table and field structures as Star_Base, and that he believed it was "strange" that "two different products" could be so "similar". *See generally* Hilliard Decl. Ex. "12".

[3]   The Hilliard Declaration was originally filed with this Court in connection with Century's opposition to the School District's motion for summary judgment. An expanded version of this Declaration was also filed in response to the School District's motion to dismiss the adversary proceeding in the Bankruptcy Court. That expanded version is now included with Century's opposition to this motion to suppress.

Agnes Nunn, who testified that both Stuckey and Williams informed her that they believed that Miller was copying Star_Base in the development of InfoSystems3, *see* Hilliard Decl. Ex. "16"; 3) the School District's own contracts with Miller, which *required* the use of Star_Base data structures to develop the new system, *see* Hilliard Decl. Exs. "4", "5" and "6"; 4) other documents plainly indicating that it was the School District's deliberate plan to give Miller access to Star_Base to create a product which Miller could commercially exploit and share the profits from that exploitation with the School District, *see* Hilliard Decl. Exs. "9", "13" and "14";[4] and 5) an 80-page long exhaustive expert report from Century's expert, which compared Miller's InfoSystems 3 product and Star_Base (as well as the system in place at the School District), and concluded:

> [We are] of the opinion, to a reasonable degree of certainty, that substantial portions of the [InfoSystems 3] system are a copied and translated duplicate of the Century Consultants Star_Base system. In almost all areas explored, [we] found identical or substantially similar logic, table names, field names, definitions, and source code between the two applications.

*See* Hilliard Decl. Ex. "7", at 53. Moreover, Century's expert uncovered startling evidence of the destruction of key evidence by Miller in an apparent attempt to hide his copying, right after this Court entered the restraining order. *See* Hilliard Dec. Ex. "7", at 6-23, 51. *See also* Hilliard Decl. Ex. "15". As outlined in exhaustive detail in Century's expert report, during the brief two-week period *after* this Court entered the Temporary Restraining Order and Century requested the production of Miller's program files, and just *before* he turned them over in discovery, *hundreds*

---

[4] So intertwined were the fortunes of the School District and Miller in developing the new InfoSystems 3 product that when the primary supervisor of Miller's work for the School District, Mike Holinga, retired from the School District, he went to work for Miller as his Sales & Projects Manager, marketing the Star_Base "knockoff" product to other school districts. *See* Hilliard Decl. Ex. "8", at 12; Ex. "11", at 86, 98-99, 111-13, 181-83.

*of files were modified* at all hours of the night to "change" the programs to make them look different from Star_Base. *See id.* In many cases, "search and replace" functions were executed to simply change variable names in the programs, for no plausible reason other than to "cover up" the look of the preexisting programs. All of these compelling facts the School District ignores in contending that the recorded conversation was so critical to Century's case, that its suppression will doom the claims as a matter of law. Even if it were suppressed, Century's claims certainly withstand the test for dismissal.

## CONCLUSION

For all of the foregoing reasons, Century respectfully requests that the Court deny the School District's motion to suppress.

Respectfully submitted,

CENTURY CONSULTANTS, LTD.,
Plaintiff

By:_____
One of its Attorneys    7/15/05

Lead Counsel
Craig S. Hilliard
STARK & STARK
A Professional Corporation
P.O. Box 5315
Princeton, NJ 08543-5315
(609) 896-9060

Local Counsel
David A. Herman
GIFFIN, WINNING, COHEN & BODEWES, P.C.
One West Old State Capitol Plaza
Myers Building - Suite 600
P.O. Box 2117
Springfield, IL  62705
(217) 525-1571