STARK & STARK
A PROFESSIONAL CORPORATION
PO BOX 5315
PRINCETON, NJ  08543-5315
(609)896-9060
ATTORNEYS FOR PLAINTIFF

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| CENTURY CONSULTANTS LTD., <br><br> Plaintiff, <br><br> vs. <br><br> THE MILLER GROUP, INC., JOHN G. MILLER, and THE SPRINGFIELD PUBLIC SCHOOL DISTRICT 186, <br><br> Defendants. | Civil Action No. 2003-CV-3105 |

### PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO SPRINGFIELD SCHOOL DISTRICT'S MOTION FOR RULE 37 SANCTIONS

Plaintiff, Century Consultants, Ltd. ("Century") respectfully submits this Memorandum in opposition to the motion of defendant, Springfield Public School District 186 (the "School District") seeking to impose sanctions under Fed.R.Civ.P. 37(d).

### PRELIMINARY STATEMENT

The School District's motion seeks the extreme sanctions of dismissal of the Complaint and/or preclusion of all evidence (which is tantamount to a dismissal) based on the alleged failure of Century to produce a knowledgeable witness under Fed.R.Civ.P. 30(b)(6). The motion should be denied for several reasons. First, the School District made no good faith effort to resolve the discovery dispute, and therefore the motion should be denied on that ground alone.

The School District has failed to file the "good faith" certification required by Rule 37, nor could it, because (as detailed in the accompanying declaration of Century's counsel) the School District fired off this motion before Century even responded to its request that one of Century's Rule 30(b)(6) designees, Joseph LaMantia, be produced for further deposition testimony.

Second, the School District's arguments about the alleged lack of knowledge of Century's witness are flawed. They proceed from the flawed premise that Century's designees were inadequately prepared to testify about certain subjects. For example, with respect to the software owned by Century, the School District argues that Mr. LaMantia's inability to offer specific testimony concerning what source code was deposited in 1995 when the original registration on Star_Base was filed means that Century has no witness to support its infringement claims. This is s a misdirected argument, because it is based on the incorrect assumption that Century's rights under copyright law derive exclusively from a registration certificate. This is wrong as a statement of the law, and it also mischaracterizes the claims made by Century in this action. Registration is not a condition for copyright protection. Although a registration entitles the copyright owner to certain procedural advantages (such as the right to seek statutory damages), ownership – and hence the right to sue for infringement – cannot be determined solely from the registration itself. A copyright owner, for example, can sue for infringement of an unregistered derivative work. Accordingly, the School District's argument on the law is a makeweight. Moreover, from the beginning of the action, Century advised the parties exactly what it contended was infringed – it produced a cd-rom with all of the source code, database structures and schema from the current version of Star_Base, a derivative work based on earlier versions of the software application. For the School District to argue now that Century cannot demonstrate what it claims is protected by copyright because Mr. LaMantia could not precisely identify what

was deposited with the Copyright Office in 1995 ignores the entire history of this action. Mr. LaMantia was prepared to testify about the current version of Star_Base which is at issue in the lawsuit, and he did. He was not an inadequate witness.

Finally, even if the Court were to consider some relief appropriate, the extreme sanctions sought by the School District are wholly inappropriate. As case law in the 7th Circuit and in other circuits makes clear, those severe sanctions are reserved for cases of willful or contumacious conduct, or violations of Court Orders compelling discovery, and are usually applied only where other, less drastic remedies prove useless. Particularly where, as here, there is no history of "bad faith" conduct in the discovery taken in this action, Century's Rule 30(b)(6) designees offered substantive testimony for two days on a number of subjects (many of which raised no objection from the School District), and there has been no violation of any Court Order issued under Rule 37(a), the School District's motion seeks unwarranted relief. At most, Century should be required to produce a Rule 30(b)(6) designee for further testimony, and indeed, Century is willing to do so.

## ARGUMENT

A.   **THE SCHOOL DISTRICT'S MOTION SHOULD BE DENIED BECAUSE IT HAS NOT DEMONSTRATED ANY GOOD FAITH EFFORT TO RESOLVE THE DISCOVERY ISSUES POSED BY THE MOTION**

Fed.R.Civ.P. 37 requires that counsel certify that a good faith effort has been made to resolve the discovery dispute before filing a sanctions motion. Here, no certification was filed. This Court has already denied one earlier motion by the School District precisely because it failed to file such a certification. *See* Docket Sheet, Minute Entry dated 9/4/03. In all events,

even if the certification had been filed, it could not demonstrate that a good faith effort had been made.

One of Century's Rule 30(b)(6) designees, Joseph LaMantia, testified for an entire day on January 13, 2005.[1] Two weeks after Mr. LaMantia's deposition was taken, the School District's counsel sent Century a letter dated January 24, 2005, raising concerns about 2 specific areas of Mr. LaMantia's testimony. Mr. LaMantia had been designated by Century to testify on some 14 different broad subject areas. *See* Declaration of Craig S. Hilliard, ¶5.

The January 24th letter was the first indication Century received from the School District that it was challenging Mr. LaMantia's Rule 30(b)(6) testimony. Century's counsel did not even see the letter until the next day, because he was travelling to Springfield, Illinois for depositions in this case for the balance of that week. *Id.* ¶6.

In this motion seeking Rule 37 sanctions, the School District's counsel refers to the January 24th letter, and in a footnote in its Memorandum of Law, states that he "attempted to follow up through personal consultation with [Century's counsel] on January 26, 2005, but [Century's counsel] declined to discuss the matter in any detail." This is not accurate. On the morning of January 26th, just as Century's counsel was about to begin the first of several depositions, the School District raised the subject of the letter. Century's counsel advised him that because he had just received the letter, and he was in depositions the balance of the week with the School District in Springfield, he would need to have an opportunity to confer with Century the following week. Century's counsel indicated that he would get back to the School

---

[1] Century also designated Robert Magan under Rule 30(b)(6) on certain subjects. Mr. Magan's deposition was taken on January 14, 2005. The School District raised no objections or concerns about Mr. Magan's knowledge or ability to testify on the designated subject areas.

District the following week with Century's position on producing Mr. LaMantia (or some other corporate representative) for further testimony on the 2 specific subjects of the School District's Rule 30(b)(6) notice about which counsel complained in his January 24th letter. *Id.* ¶7.

The following week, without waiting to hear Century's response, the School District filed this motion for Rule 37 sanctions on February 2nd. Century's counsel did not have any further discussion with the School District's counsel after the brief conversation on January 26th before the start of the deposition taken that day in Springfield. Nor did Century's counsel ever communicate to the School District's counsel that Century would refuse to agree to the School District's request that they be permitted an opportunity to pursue further deposition testimony from Century. *Id.* ¶8. On the same day the School District filed this motion for sanctions, the Court entered an Order staying the entire action pending related bankruptcy proceedings involving the co-defendants, John Miller and The Miller Group, Inc. *Id.* ¶9.

For these reasons, the School District plainly did not pursue a good faith effort to resolve the discovery issues before filing this motion, and for this reason alone it should be denied. Even the cases relied on by the School District in its motion demonstrate that this motion must fail. *See Buycks-Roberson v. Citibank Federal Savings Bank,* 162 F.R.D. 338 (N.D. Ill. 1995)(denying Rule 37(d) motion for sanctions for failure to produce proper witness under Fed.R.Civ.P. 30(b)(6) because of failure to certify to "good faith" effort to resolve dispute).

B. **THE SCHOOL DISTRICT'S MOTION SHOULD BE DENIED BECAUSE CENTURY DID NOT FAIL TO PRODUCE A DESIGNEE WITH KNOWLEDGE UNDER FED.R.CIV.P. 30(b)(6)**

The School District's motion should also be denied because it has failed to demonstrate that Mr. LaMantia was not properly designated. Just because a Rule 30(b)(6) designee cannot answer every question put to him does not make him an "unprepared" witness under the rule, warranting sanctions. *See Crouse Cartage Company v. National Warehouse Investment Company,* 2003 WL 21254617, at *6 (S.D. Ind. 2003)("Though [Rule 30(b)(6) witnesses] could not answer all subjects identified in the Deposition Notice, there is evidence that their designation as witnesses who had knowledge of those subjects was made in good faith"). Here, a reading of the transcript of Mr. LaMantia's deposition should make clear that he was indeed knowledgeable about the many subject areas of the deposition notice.

For example, the School District's primary contention on this motion is that Mr. LaMantia failed to specifically identify the "copyright" on which Century's claims were based, and that this failure means that Century cannot prove any infringement. This contention is a makeweight. Indisputably, and as the School District itself points out, Century's claims are based on the version of Star_Base resident on the School District's server at the time Miller gained access to it through his relationship with the School District, including the code and database structures. That version was based on, and derived from, earlier versions of Star_Base, including the version which was registered in 1995 in the Copyright Office. *See* Hilliard Decl. Ex. "A". The School District has been provided in discovery with all of the code and other program elements of the current version of Star_Base which had been licensed to the School District when Miller gained access to it. *See* Hilliard Decl. paras. 2-3. Yet, the School District

appears to claim that unless *that particular derivative version* is actually *registered* with the Copyright Office, Century cannot sue for infringement. See School District's Memorandum of Law, at 6-7. In other words, the School District contends that inquiry into Century's original registration of Star_Base in 1995 is so critical to its defense of the infringement claims because Century has failed to produce "any evidence" of its ownership of the derivative version of Star_Base on which its claims in this lawsuit are based. *Id.*

Not surprisingly, the School District's motion fails to cite a single case or statutory provision to support this novel argument. And novel it is, because the law is clear that registration of a copyright is simply not a condition for copyright protection. *Dispatch Automation, Inc. v. Richards*, 280 F.3d 1116, 1120 (7th Cir. 2002). Rather, it merely confers certain advantages to the owner, such as the right to seek statutory damages. Because the exclusive rights of a copyright owner include the right to prepare derivative works based on preexisting works, *see* 17 U.S.C. §106, an author of a derivative work – such as a software program – can sue for infringement of the derivative work even when the registration on the underlying work has *expired. See, e.g., G. Ricordi & Co. v. Paramount Pictures, Inc.*, 189 F.2d 469 (2d Cir. 1951)(performance of play in which copyright registration had expired constituted infringement of the registered copyright in the underlying story from which play was derived). Moreover, the copying of an unregistered derivative work can infringe the underlying registered work. *See, e.g.,* 1 Nimmer on Copyright §3.05, at 3-31; *Grove Press, Inc. v. Greenleaf Publishing Co.*, 247 F. Supp. 518 (E.D.N.Y. 1965)(copying of unregistered English translation of French language novel infringed upon the registered copyright in the underlying French language story). *See also Montgomery v. Noga*, 168 F.3d 1282, 1292 (11th Cir. 1999); *Gamma Audio & Video, Inc. v. Ean-Chea*, 11 F.3d 1106 (1st Cir. 1993). Thus, the School District's argument that

Century cannot claim an infringement on anything other than the underlying registered work is simply wrong. As the undisputed owner of the later, derivative versions of Star_Base, Century has every right to pursue claims for infringement of the derivative works.

Here, despite having all of the source code, database schema and other elements of the current version of Star_Base in its possession, the School District made no effort to depose Mr. LaMantia on the details of the current version of Star_Base, preferring instead to focus on a version which is long outdated. That focus was puzzling to Century, and indeed Mr. LaMantia in some respects simply was not prepared to testify about the original version of Star_Base from 1995, when the lawsuit plainly was not, and is not, about that earlier version. The School District's motion should be denied.

### C. THE SCHOOL DISTRICT'S MOTION SHOULD BE DENIED BECAUSE THE EXTREME SANCTIONS SOUGHT BY THE SCHOOL DISTRICT ARE ENTIRELY UNWARRANTED

Even if the Court were to conclude that some relief under Rule 37 is appropriate, the drastic remedy sought by the School District – dismissal of the Complaint – plainly is not appropriate. Courts in the 7th Circuit have noted repeatedly that the drastic remedies of dismissal, default or the striking of pleadings are to be sparingly applied. *See, e.g., Webber v. Eye Corp.*, 721 F.2d 1067, 1069 (7th Cir. 1983)("A dismissal with prejudice is a harsh sanction which should usually be employed only in extreme situations, when there is a clear record of delay or contumacious conduct, or when other less drastic sanctions have proven unavailing"). Indeed, a "Rule 37 dismissal requires a showing of 'willfulness, bad faith or fault' by the dismissed party, under the standards of *Societe Internationale v. Rogers*, 357 U.S. 197....Without such a showing

there are constitutional obstacles to depriving a litigant of his day in court." *Charter House Insurance Brokers, Ltd. v. New Hampshire Insurance Company*, 667 F.2d 600, 605 (7th Cir. 1981).

Here, the School District deposed Mr. LaMantia on some 14 separate, broad subjects listed in its Rule 30(b)(6) notice. Mr. LaMantia answered questions for an entire day. A review of his deposition transcript, *see* Hilliard Decl. Ex. "A", makes it apparent that he was generally prepared to answer questions and attempted to respond fully to them. That the School District believes that his answers on 2 of those topics were inadequate certainly does not warrant the sanction of dismissal, where: a) the School District has not made any motion to compel; b) the School District did not even wait for Century's response to the January 24th letter before filing this motion; c) Century has not violated any Order of this Court concerning discovery; and d) Century has not been the subject of any dilatory or contumacious conduct during discovery in this action. Clearly, if the Court were to consider any relief at all, the drastic remedies sought by the School District should not be among them.

In none of the cases cited by the School District did the court award the type of drastic sanction sought here by the School District for a corporation's failure to designate a proper Rule 30(b)(6) witness. In *Buycks-Roberson v. Citibank Federal Savings Bank*, 162 F.R.D. 338 (N.D. Ill. 1995), the district court denied any sanctions because (as in this case) the party seeking the sanctions had failed to provide the appropriate Rule 37 "good faith" certification. In *Resolution Trust Corp. v. Southern Union Co.*, 985 F.2d 196 (5th Cir. 1993), despite the plaintiff's failure (unlike here) to produce a witness with *any* knowledge of *any* of the subjects of the Rule 30(b)(6) notice, the district court only awarded fees and costs under Rule 37(d). And in *Smithkline Beecham Corporation v. Apotex Corp.*, 2000 WL 116082 (N.D. Ill. 2000), the district court

compelled certain Rule 30(b)(6) testimony and denied the motion to compel on certain of the listed topics in the notice.

Instead, the usual remedy is an Order compelling further testimony and/or an award of monetary sanctions. *See, e.g., MCI Worldcom Network Services v. Atlas Excavating, Inc.*, 2004 WL 755786 (N.D. Ill. 2004)(ordering defendant to produce another Rule 30(b)(6) designee with knowledge and awarding fees and costs). *See also Crouse Cartage Co. v. National Warehouse Investment Company*, 2003 WL 21254617 (S.D. Ind. 2003); *Beloit Liquidating Trust v. Century Indemnity Company*, 2003 WL 355743 (N.D. Ill. 2003)(ordering defendant to produce alternative Rule 30(b)(6) designees when witnesses failed to have adequate knowledge on certain subjects).

Indeed, the School District's reliance on Rule 37(d) is really misplaced. In *Stevens v. Greyhound Lines, Inc.*, 710 F.2d 1224 (7th Cir. 1983), the 7th Circuit rejected the theory advanced here by the School District in imposing sanctions under Rule 37(d). The School District elected not to file a motion to compel discovery, instead relying on Rule 37(d) to seek immediate sanctions. Yet, as the 7th Circuit in *Stevens* noted:

> Under Rule 37(d), the court may impose sanctions directly, without first issuing an order to compel discovery where 'a party ... fails ... to appear before the officer who is to take his deposition after being served with a proper notice....' <u>Federal Rule of Civil Procedure 37(d)</u> .... Rule 37(d) has been construed as follows:
>
>> "We believe that the term 'appear' as used in Rule 37(d) must be strictly construed, limiting it to the case where a defendant literally fails to show up for a deposition session. Where a defendant does in fact appear physically for the taking of his deposition but refuses to cooperate by being sworn and by testifying, the proper procedure is first to obtain an order from the court, as authorized by Rule 37(a), directing him to be sworn and testify."
>
> *Securities & Exchange Comm'n v. Research Automation Corp.*, 521 F.2d 585, 588-89 (2d Cir. 1975)....Since the plaintiff in this case did *appear* for his deposition (though he then refused to answer any questions), we conclude that dismissal under Rule 37(d) would not have been appropriate.

*Stevens,* 710 F.2d at 1228.

For all of these reasons, the School District's motion should be denied because it seeks inappropriate relief under Rule 37(d). At most, Century should produce Mr. LaMantia or another designee for further testimony, and Century has no objection to doing so.

## CONCLUSION

For all of the foregoing reasons, Century respectfully requests that the Court deny the School District's motion for Rule 37(d) sanctions.

Respectfully submitted,

CENTURY CONSULTANTS, LTD.,
Plaintiff

By: _____
One of its Attorneys        7/15/05

Lead Counsel
Craig S. Hilliard
STARK & STARK
A Professional Corporation
P.O. Box 5315
Princeton, NJ 08543-5315
(609) 896-9060

Local Counsel
David A. Herman
GIFFIN, WINNING, COHEN & BODEWES, P.C.
One West Old State Capitol Plaza
Myers Building - Suite 600
P.O. Box 2117
Springfield, IL 62705
(217) 525-1571