E-FILED
Friday, 15 July, 2005  04:39:45 PM
Clerk, U.S. District Court, ILCD

STARK & STARK
A PROFESSIONAL CORPORATION
PO BOX 5315
PRINCETON, NJ  08543-5315
(609)896-9060
ATTORNEYS FOR PLAINTIFF

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| CENTURY CONSULTANTS LTD., <br><br> Plaintiff, <br><br> v. <br><br> THE MILLER GROUP, INC., JOHN G. MILLER, and THE SPRINGFIELD PUBLIC SCHOOL DISTRICT 186, <br><br> Defendants. | CIVIL ACTION NO. 03-CV-3105 <br><br> **DECLARATION OF CRAIG S. HILLIARD IN OPPOSITION TO MOTION FOR RULE 37 SANCTIONS** |

CRAIG S. HILLIARD, of full age, upon his oath, deposes and says:

1. I am an attorney at law admitted to practice in this Court and I am counsel to plaintiff, Century Consultants Ltd. ("Century"), in this action.  I make this declaration in opposition to the motion for Rule 37 sanctions of defendant, Springfield Public School District 186 (the "School District").

2. During discovery in this action, Century produced to the School District electronic files in cd-rom format containing all of the source code, database schema and database structures for the current version of Star_Base, known as Version 6i.

3. In May 2003, Miller's counsel produced to Century, in discovery in this action, a copy of the source code and database structures for Miller's "InfoSystems 3" product.  The documents were produced in electronic form and are identified in

STARK & STARK
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
MAILING ADDRESS
PO BOX 5315
PRINCETON, NJ  08543-5315

Century's expert report as "Data Set 2" and "Data Set 4" at p.3 of the report. *See* Declaration of Craig S. Hilliard, Exhibit "7", at p. 3.[1]

4. Attached hereto as Exhibit "A" is a copy of the complete transcript of the deposition of Century's Rule 30(b)(6) witness, Joseph LaMantia, taken on January 13, 2005.

5. Two weeks after Mr. LaMantia's deposition was taken, the School District's counsel sent me a letter dated January 24, 2005, raising concerns about 2 specific areas of Mr. LaMantia's testimony. Mr. LaMantia had been designated by Century to testify on some 14 different broad subject areas.

6. The January 24th letter was the first indication I received from the School District that it was challenging Mr. LaMantia's Rule 30(b)(6) testimony. I did not even see the letter until the next day, because I was travelling to Springfield, Illinois for depositions in this case for the balance of that week.

7. In this motion seeking Rule 37 sanctions, the School District's counsel refers to the January 24th letter, and in a footnote in its Memorandum of Law, states that he "attempted to follow up through personal consultation with [me] on January 26, 2005, but [I] declined to discuss the matter in any detail." This is not accurate. On the morning of January 26th, just as I was about to begin the first of several depositions, Mr. Shupenus raised the subject of the letter with me. I advised him that because I had just received the letter, and I was in depositions the balance of the week with him in Springfield, I would need to have an opportunity to confer

---

[1] This Declaration is also being filed today in connection with Century's opposition to the School District's motion to suppress evidence.

with my client the following week, and would get back to him with my position on producing Mr. LaMantia (or some other corporate representative) for further testimony on the 2 specific subjects of his notice about which he complained in his January 24th letter.

8. The following week, without waiting to hear my response, Mr. Shupenus filed this motion for Rule 37 sanctions on February 2nd. I did not have any further discussion with him after our brief conversation on January 26th before the start of the deposition I was taking that day in Springfield. Nor did I ever communicate to Mr. Shupenus that I would refuse to agree to his request that I allow him an opportunity to pursue further deposition testimony from my client.

9. On the same day the School District filed this motion for sanctions, the Court entered an Order staying the entire action pending related bankruptcy proceedings involving the co-defendants, John Miller and The Miller Group, Inc.

10. I declare under penalty of perjury that the foregoing is true and correct.

_____
CRAIG S. HILLIARD

Date: July 15, 2005

STARK & STARK
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
MAILING ADDRESS
PO BOX 5315
PRINCETON, NJ 08543-5315