E-FILED
Friday, 29 July, 2005 01:33:46 PM
Clerk, U.S. District Court, ILCD

IN THE UNTIED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| CENTURY CONSULTANTS, LTD., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2005-CV-3147 |
| | ) | Consolidated into |
| | ) | No. 2003-CV-3105 |
| THE MILLER GROUP, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT SPRINGFIELD PUBLIC SCHOOL DISTRICT 186'S MEMORANDUM IN REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO SUPPRESS**

Defendant SPRINGFIELD PUBLIC SCHOOL DISTRICT 186 ("District 186"), through its counsel, Brown, Hay & Stephens, LLP, hereby submits its Memorandum in Reply to the Memorandum in Opposition to District 186's Motion to Suppress filed by Plaintiff Century Consultants, Ltd. ("Century") as follows:

## INTRODUCTION

Century's response consists of baseless citation to inapplicable authority combined with unsupported factual claims. In fact, Century's response establishes that District 186 is entitled to the relief it seeks.

In its opposition memorandum, Century asks this Honorable Court to disregard reams of established precedent, abandon the Federal Rules of Evidence, apply New Jersey state law, and refuse to apply substantive Illinois law with respect to Century's claims over which the Court exercises pendant jurisdiction. Century's arguments are consistent with its refusal to acknowledge undisputed facts and are improper.

Equally improper is the method used by Century to discover "facts" supporting its claims. The analysis to be applied regarding the suppression of state and federal claims is difficult but the result in each instance is the same. All evidence obtained by Century through the secret recordings and information gleaned from them must be suppressed.

I. **ILLINOIS SUBSTANTIVE LAW RATHER THAN NEW JERSEY LAW APPLIES TO CENTURY'S STATE LAW CLAIMS**

Without citing any authority whatsoever, Century asserts that the Illinois Eavesdropping Act, 720 ILCS 5/14-1, *et seq.* has no application in this case because "a federal court applies federal law, not state law, as these courts have all held."[1] Not only does Century fail to identify "these courts," it also fails to address the contrary holding in Glinski v. City of Chicago, 2002 WL 113884 (N.D. Ill.), wherein the Court explained the manner in which the Illinois Eavesdropping Act is to be applied by federal courts in cases involving state substantive law. District 186 relies upon Glinski in its Memorandum in Support of its Motion to Suppress but Century simply ignores it.

In Glinski, the Court held that the exclusionary rule set forth in the Illinois Eavesdropping Act must be applied by federal courts exercising pendant jurisdiction over state law claims. Id. at *6. The Court relied on Barron v. Ford Motor Co., 965 F.2d 195, (7th Cir. 1992), wherein the Seventh Circuit recognized that when state law is "concerned with the channeling of behavior outside the courtroom," such law is substantive rather than procedural and should be applied by federal courts sitting in diversity. Id., quoting Barron at 199. The exclusionary rule in the Illinois Eavesdropping Act is intended to serve as a deterrent to eavesdroppers, and ensures "courts will not be asked to condone the illegal gathering of evidence." Therefore, it is a rule that is intended to channel

---

[1] Century's Response, p. 2

behavior outside the courtroom, and must therefore be considered substantive. Id., quoting People v. Rodriguez, 313 Ill.App.3d 877, 886 (2nd Dist. 2000).

Rather than address Glinski, Century instead argues that the Court should look to the holding in United States v. Horton, 601 F.2d 319 (7th Cir. 1979). Horton addresses the propriety of law enforcement personnel recording a conversation in the course of a criminal investigation without first securing a warrant, and whether such evidence is admissible in a federal criminal prosecution. Nothing in Horton addresses the use of secret recordings in a civil action.

Century's refusal to address applicable authority cited by District 186 should not be condoned. Indeed, courts routinely and consistently frown upon the "ostrich-like tactic of pretending that potentially dispositive authority against [its] contention does not exist." Borowski v. DePuy, Inc. 850 F.2d 297, 304-05 (7th Cir. 1988), quoting Szabo Food Service v. Canteen Corp., 823 F. 2d 1073, 1081 (7th Cir. 1987). *See also* Stansberry v. Uhlich Children's Home, 264 F. Supp.2d 681 (N.D. Ill. 2003). Century's failure to make any attempt to distinguish (or even acknowledge) Glinski is exactly the type of tactic referenced in Borowski.

Century's assertion that New Jersey law, rather than Illinois law, applies to Century's state law claims over which the Court is exercising pendant jurisdiction is not supported by any applicable authority. Century avails itself of the benefits and protections of Illinois law in one respect, but when Century's own violations of Illinois law are exposed, Century claims that Illinois law no longer applies. Century cannot, under any circumstances, expect this Honorable Court to give credence to its novel assertion without any supporting authority.

## II. THE FEDERAL WIRETAPPING STATUTE ALSO MANDATES SUPPRESSION OF EVIDENCE IN THIS CASE

Century's claim that it did not violate the Federal Wiretapping Statute is equally without merit. Century asserts that Magan's action of secretly recording his conversation with Williams was done solely for the purpose of supporting Century's claims, rather than for the purpose of committing a crime or tortious act. As a result, Century asserts that the Federal Wiretapping Statute permits use of evidence obtained in this manner. Thus, the question is whether the secret recording was used for a criminal or tortious purpose. The answer is simple.

The transcript of the conversations plainly indicates that Williams told Magan that his assertions were based on second hand information, and that Williams could not verify the accuracy of his assumptions.[2] Magan also admits that Williams was the sole source of Magan's knowledge regarding the operative facts set forth in the declaration Century submitted to the Court in order to obtain injunctive relief.[3] Therefore, it cannot be disputed that Century, through Magan, used the secret recording for the purpose of submitting hearsay assumptions to the Court disguised as first hand knowledge.

Century could not have obtained the injunctive relief it sought had it advised this Honorable Court that the information presented was actually obtained through a secret tape recording wherein the declarant indicated that he was unsure of the facts conveyed. As set forth in District 186's Memorandum in Support of its Motion to Suppress, assertions based on information and belief cannot be used to obtain injunctive relief. Bowles v. Montgomery Ward & Co., 143 F.2d 38 (7th Cir. 1944). Instead, affidavits submitted in support of a claim for injunctive relief must be based on the personal

---

[2] Magan Deposition, pp. 110.
[3] Id. at 148-49.

4

knowledge of the affiant. Kinney v. Federal Security, Inc., 2001 WL 219691, *1-2 (FN2) (N.D.Ill.). If, as Century claims, the secret recording was made for the purpose of investigating Century's claims, Century would have either tendered the recording to the Court in support of its claim for injunctive relief or disclosed its existence. Certainly, if Century had provided the Court with the option of listening to the secret recording of the conversation to determine whether relief should be granted, the Court would have elected to do so. Instead, Century submitted to the Court its own biased interpretation of selected excerpts of the secret recording rather than inform the Court of the existence of the recording.

If the recording was in fact made for the innocent purpose of obtaining evidence, Century would have had no qualms disclosing the existence of the recording to the Court, and would have freely presented this evidence in support of its claim for injunctive relief. Instead, Century chose not to use the tape as evidence.

Once again, Glinski is instructive. The Federal Wiretapping Statute includes an exception which allows one party to secretly record a conversation when the purpose is to gather evidence for use in a civil case. Glinski at * 2. Century, however, did not use the recording for this purpose. In fact, in its opposition memorandum, Century emphatically claims the opposite:

> The School District also appears to contend that suppression of the tape recording evidence will doom Century's claims as a matter of law. In so contending, the School District mistakenly argues that it is Century which is relying on the tape recording to support its case. Not true. Century does not rely on the recorded conversation to bolster its case. Century advised the School District *two years ago* that it did not intend to rely on the recording to support its case. See Exhibit "A" hereto. The tape recording transcript is not attached to any of Century's papers filed in this Court. In fact, Century's opposition papers on the pending summary judgment

5

> motion recited all of the *other* evidence developed, both before and after the suit was filed, which supported its case. Rather, it is the *School District*, not Century, which is relying on the transcript of the recording to advance its position. It was the *School District*, not Century, which first raised the recording with Williams during his deposition, marking it as an exhibit and extensively questioning him about it.[4]

(emphasis theirs)

Century cannot in good faith argue that the purpose of the secret recording was to gather evidence, thus invoking the exception to the Federal Wiretap Statute, and at the same time argue that the recording is not evidence. It is undisputed that Century used the recording to craft a declaration to submit to the Court for the purpose of obtaining injunctive relief. It is undisputed that the declaration was based upon second hand assumptions presented as sworn facts based upon first hand knowledge. This purpose is both criminal and tortious.

### C.    **DISTRICT 186'S MOTION IS TIMELY**

Century states that District 186 did not raise the issue of Century's secret recording for over *two years*, claiming that such action "speaks volumes about the strategic timing of this motion."[5] Century ignores the fact that the evidence presented by District 186 in support of its motion was not obtained until immediately prior to the Court's entry of the stay in this matter. District 186 was certainly aware that a recording existed, but the <u>secrecy</u> of the recording could not be conclusively established until District 186 obtained testimony from both participants to the conversation that was secretly recorded. Century's argument that the matter is untimely is without merit.

---

[4] Century's opposition memorandum, p.6.
[5] <u>Id.</u>

6

### D. MAGAN'S DECLARATION IS DEFICIENT

Century maintains that the Declaration of Robert Magan submitted to the Court by Century in support of its claim for injunctive relief is factually and legally sufficient. In support thereof, Century cites 28 U.S.C. §1746, which permits the use of declarations in lieu of affidavits. Century makes no attempt whatsoever to argue that Magan's declaration complies with §1746. Section 1746 requires that a declarant utilizing this section include the date on which the representation was made. Magan fails to do so. This omission is important because if it had been included, the parties would be able to extrapolate what information was available to Century at the time it reached its erroneous conclusions regarding the alleged copyright infringement. Instead, Magan now indicates that he does not know when he signed his declaration.[6] Similar to its treatment of the holding in Glinski, Century simply ignores the explicit requirement that such declarations be dated.

### E. CENTURY MISINTERPRETS THE "FRUIT OF THE POISONOUS TREE" DOCTRINE

Century also advances the fallacious argument that information gleaned as a result of the secret recording should not be suppressed because Century does not intend to rely upon the recording. Through this contention, Century apparently asks the Court to set aside the "fruit of the poisonous tree" doctrine and replace it with the "poisonous tree" doctrine. Century's suggestion that it be allowed to reply upon information obtained as a result of the secret recording, as long as it does not rely upon the secret recording itself, is absurd.

---

[6] Magan deposition at 117-18.

**WHEREFORE**, Defendant SPRINGFIELD PUBLIC SCHOOL DISTRICT 186 respectfully requests the Court enter an Order suppressing all evidence obtained by Century as a result of the secret recording, and award all other relief the Court deems proper.

          SPRINGFIELD PUBLIC SCHOOL
          DISTRICT 186, Defendant,

          By: s/Robert M. Shupenus
              One of Its Attorneys

**BROWN, HAY & STEPHENS, LLP**
Almon A. Manson, Jr. amanson@bhslaw.com
Registration No. 1756761
Robert M. Shupenus rshupenus@bhslaw.com
Registration No. 6238096
205 S. Fifth Street, Suite 700
P.O. Box 2459
Springfield, IL 62705-2459
(217) 544-8491

**PROOF OF SERVICE**

I, the undersigned, hereby certify that on July 29, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the attorney of record:

Lance T. Jones
Law Offices of Lance T. Jones
1100 South Fifth Street
Springfield, IL 62703
ltj@warpnet.net

Craig Hilliard
Stark & Stark, P.C.
993 Lenox Drive
Lawrenceville, NJ 08648
chilliard@stark-stark.com

David A. Herman
Giffin, Winning, Cohen & Bodewes, P.C.
One West Old State Capitol Plaza
Myers Building – Suite 600
P.O. Box 2117
Springfield, IL 62705
dherman1@gifwinlaw.com

s/ Robert M. Shupenus
Almon A. Manson, Jr. Reg No. 1756761
Robert M. Shupenus, Reg. No. 6238096
Brown, Hay & Stephens, LLP
205 South Fifth Street, Suite 700
P.O. Box 2459
Springfield, Illinois 62705-2459
(217) 544-8491
(217) 544-9609
amanson@bhslaw.com
rshupenus@bhslaw.com

July 29, 2005/ean/F:\wpwin60\RMS\Lit\CENTURY\Memo&Reply to Century Resp Mtn Supp.doc