# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
# SPRINGFIELD DIVISION

| | |
|---|---|
| CENTURY CONSULTANTS, LTD., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 03-3105 |
| | ) |
| THE MILLER GROUP, INC., JOHN G. MILLER, and THE SPRINGFIELD PUBLIC SCHOOL DISTRICT 186, | ) |
| | ) |
| Defendants. | ) |

## ORDER

RICHARD MILLS, U.S. District Judge:

The Court now considers Plaintiff Century Consultants, Ltd.'s Application for Order to Show Cause With Temporary Restraints and Expedited Discovery (d/e 4).

## FACTS

Plaintiff Century Consultants, Ltd., is a software business based in New Jersey. Century's flagship product is a record-keeping software package called Star_Base. Star_Base helps elementary and secondary

1



schools track and report student demographics, as well as attendance, class schedules, grades, discipline, and test scores. Century copyrighted Star_Base's source code and screen outputs on November 22, 1995. It licensed Star_Base to Springfield Public School District 186 on February 23, 2001. Among other things, the licensing agreement contained a confidentiality provision which prohibited District 186 from "sell[ing], rent[ing], loan[ing], disclos[ing], or otherwise communicat[ing] or mak[ing] available the package, or any part or modifications thereof to any person."

In the fall of 2002, the district contracted with The Miller Group to assist it in designing a student software package. In February 2003, a former District 186 information technology employee named Don Randle called Century and told it that: (1) District 186 retained the Miller Group to write programs to interface with the Star_Base database; (2) he "knew for sure" that The Miller Group was using Century's database structures and was fairly certain that The Miller Group was using the scheduler component of Star_Base component. Randle further

informed Century that a District 186 information technology employee named Brent Quarles had been "reassigned" to assist The Miller Group's software development.

After getting Mr. Randle's tips, Century learned that The Miller Group had posted information on the group's website regarding an "online student information system" called InfoSystems 3. Century asserts that InfoSystems 3 is "precisely" the type of product it licensed to District 186.

Following its discovery of InfoSystems 3, Century received a phone call from Dave Williams. Like Mr. Quarles, Mr. Williams is a current District 186 employee who works in the district's information technology department. Williams related how he told The Miller Group that Century's software was copyrighted and that they were acting improperly. According to Williams, The Miller Group responded by saying "we are here and [Century] is in New Jersey . . . they will never find out." Williams, however, mailed a Century a list of definitions from InfoSystems 3 and the "student scheduler" that, upon comparison,

proved to be virtually identical to the codes and tables used in Star-Base.

In light of these alleged actions, Century moves for an order that: (1) directs all of the Defendants to show cause why they should not be preliminary enjoined from infringing on the copyrighted information contained in Star_Base and disclosing trade secrets related to that program; (2) grants a temporary restraining order against District 186, The Miller Group, and John G. Miller; (3) permits Century to conduct expedited discovery pending a return date of the application for preliminary relief.

## JURISDICTION

District courts have original jurisdiction over any civil action arising from any Act of Congress relating to patent, plant variety protection, copyrights and trademarks. See 28 U.S.C. § 1338(a). This jurisdiction is exclusive of any state court action. Id.

## ANALYSIS

Temporary restraining orders ("TRO") are emergency remedies "issued to maintain the status quo until a hearing can be held on an

4

application for a preliminary injunction." See Crue v. Aiken, 137 F.Supp.2d 1076, 1082 to 137 F.Supp.2d 1076, 1083 (C.D.Ill. 2001), citing Coca-Cola Co. v. Alma-Leo U.S.A., Inc., 719 F.Supp. 725, 726 (N.D.Ill.1989). The standards for issuing a TRO and a preliminary injunction are functionally identical. See Long v. Board of Educ., Dist. 128, 167 F.Supp.2d 988, 990 (N.D.Ill. 2001)(citation omitted); Fed.R.Civ.Pro. 65 (a), (b) (listing requirements for preliminary injunctions and temporary restraining orders).

A party seeking a TRO or a preliminary injunction must show that its case has some likelihood of success on the merits, that no adequate remedy at law exists, and that it will suffer irreparable harm if the injunction is not granted. Ty, Inc. v. Jones Group, Inc., 237 F.3d 891, 895 (7th Cir.2001) (stating the standards for preliminary injunction). If a party establishes these elements, a court must then "consider the irreparable harm that the nonmoving party will suffer if preliminary relief is granted, balancing such harm against the irreparable harm the moving party will suffer if relief is denied." Id. Additionally, the court

must consider how the public interest will be affected by granting or denying preliminary relief. Id. The more likely it is that the plaintiff will succeed on the merits, the less the balance of irreparable harms need favor the plaintiff's position." Id.

*1.   Likelihood of Success on the Merits*

For purposes of a preliminary injunction, likelihood of success on the merits is established when a plaintiff demonstrates that it has a "better than negligible" chance of succeeding on its claim. See Brunswick Corp. v. Jones, 784 F.2d 271, 273-74 (7th Cir.1986). To succeed on the merits of its copyright claim, Century must show: (1) which specific original works are the subject of its claim; (2) that it owns the copyright at issue; (3) that the works in issue have been registered; and (4) by what acts and during what time frame defendants have infringed the copyright. See Gee v. CBS, Inc., 471 F.Supp. 600, 643 (E.D.Pa.1979), aff'd, 612 F.2d 572 (3rd Cir.1979); Franklin Electronic Publishers, Inc. v. Unisonic Products Corp., 763 F.Supp. 1 (S.D.N.Y.1991). Century's Complaint identifies Star_Base as the

subject of its claim, asserts that it owns the copyright to Star_Base and that Star_Base has been registered, and claims that the Defendants have infringed on the Star_Base copyright by duplicating the programs codes and tables. These facts are sufficient to establish Century's likelihood of succeeding on its copyright claim.

    2.    *Lack of Adequate Remedy at Law and Irreparable Injury*

Several courts have noted that "[t]he irreparable injury requisite . . . overlaps with the lack of adequate remedy at law necessary to establish the equitable rights." See, i.e., Northwestern Nat'l Ins. Co. v. Alberts, 937 F.2d 77, 80 (2d Cir.1991). Furthermore, in copyright cases, a showing of likely success on the merits raises a presumption of irreparable harm and a presumption that there is no adequate remedy at law. See Apple Computer, Inc. v. Franklin Computer Corp., 714F.2d 1240, 155 (3d Cir. 1983); see also, Art Line, Inc. v. Universal Design Collections, Inc., 966 F.Supp. 737, 745 (N.D.Ill. 1997)(stating that a presumption of irreparable harm may arise upon a showing of likelihood of success on the merits and a prima facie case). Since Century has

7

established a likelihood of success on the merits, irreparable harm and an inadequate remedy at law must be presumed.  Id.

3.  *Balancing of Hardships*

Balancing of hardships is not usually regarded as a significant factor in a copyright infringement action.  See E.F. Johnson Co. v. Uniden Corp. of America, 623 F. Supp. 1485, 1491 (D.Minn. 1985).  To the extent that this factor is at issue, it favors Century.  Century has expended thousands of man hours and hundreds of thousands of dollars developing and refining Star_Base.  Any hardships supposed by the Defendants—such as the efforts they have made to create a program to displace or compete with Star_Base—are entitled to little sympathy.  The Defendants knew that Star_Base was copyrighted long before they began their allegedly wrongful enterprise.

4.  *Public Interest*

Copyright laws are designed to serve the public interest by encouraging "individual effort and creativity by granting valuable enforceable rights."  See Atari, Inc. v. North American Philips Consumer

Electronics Corp., 672 F.2d 607, 620 (7th Cir.), cert. denied, 459 U.S. 880, 103 S.Ct. 176, 74 L.Ed.2d 145 (1982). Thus, "[i]t is virtually axiomatic that the public interest can only be served by upholding copyright protections and, correspondingly, preventing the misappropriation of the skills, creative energies, and resources which are invested in the protected work." See Apple Computer, 714 F.2d at 1255.

Awarding injunctive relief in this case would protect valuable rights, encourage individual effort, and promote fair competition. These ideals are all in the public interest. As such, the Court finds that the public interest would be served by issuing an injunction.

Ergo, Plaintiff Century Consultants, Ltd.'s Application for Order to Show Cause With Temporary Restraints and Expedited Discovery (d/e 4) is ALLOWED. Defendants The Miller Group, Inc., John G. Miller, and the Springfield Public School District 186 shall appear before this Court on Tuesday, May 20, 2003, at 1:30 p.m. to show cause why an Order should not be entered that:

1.  Preliminarily enjoins the Defendants, their officers, agents, servants and employees, and those persons in active concert or participation with them, from copying, duplicating, or otherwise reproducing any copyrighted Star_Base software or programs without express authorization from this Court;

2.  Preliminarily enjoins the Defendants, their officers, agents, servants and employees, and those persons in active concert or participation with them, from copying, selling, marketing, distributing or placing in interstate commerce any versions, revisions or modifications of the Star_Base software or programs or any derivative works based thereon, including but not limited to the product marketed by The Miller Group as "InfoSystems 3";

3.  Compels the Defendants, their officers, agents, servants and employees, and those persons in active concert or participation with them, to produce to the Clerk of the Court for impounding during the pendency of this action all copies of the "InfoSystems 3" program, including all versions or derivative works based thereon;

4.  Preliminarily enjoins the Defendants, their officers, agents, servants and employees, and those persons in active concert or participation with them, from using or disclosing any trade secret information of Century, including the Star_Base software or programs, in any manner; and

IT IS FURTHER ORDERED that pending the return date of this Order to Show Cause, Defendants The Miller Group, Inc. and John G. Miller, and those persons in active concert or participation with them, be and hereby are temporarily restrained and enjoined from: (a) infringing any and all copyrighted Star_Base software or programs in any manner; (b) copying, selling, marketing, distributing or placing in interstate commerce any versions, revisions or modifications of the Star_Base software or programs or any derivative works based thereon, including but not limited to the product marketed by The Miller Group as "InfoSystems 3"; and/or (c) using or disclosing any trade secret information of Century, including the Star_Base software or programs, in any manner; and

IT IS FURTHER ORDERED that service of this Order, the Summons and Complaint, Memorandum of Law and all supporting documents shall be made upon each of the named Defendants or their counsel, by either personal delivery or Federal Express delivery no later than May 12, 2003, and that such service shall be considered good and

11

sufficient service of the Summons and Complaint under Fed.R.Civ.P. 4; and

IT IS FURTHER ORDERED that the Defendants shall serve and file their Answer to the Complaint upon Plaintiff's counsel within three (3) days from the date of service of the Complaint; and

IT IS FURTHER ORDERED that Defendants upon receipt of this Order shall provide Plaintiff with expedited discovery upon the following terms:

   (1)   Responses to Requests for Admissions and Requests for Production of Documents within three (3) days of service thereof on Defendants;

   (2)   Depositions on three (3) days' written notice;

   (3)   Century will serve written discovery requests within three (3) days of service of the Complaint; and

IT IS FURTHER ORDERED that Defendants shall file and serve any responsive papers to this Order to Show Cause upon Plaintiff's attorneys, Stark & Stark, P.C. and Giffin, Winning, Cohen & Bodewes, P.C., by May 16, 2003; and

IT IS FURTHER ORDERED that Plaintiff shall file and serve any reply papers upon Defendants by May 19, 2003; and

IT IS FURTHER ORDERED that Plaintiff shall post one thousand dollars ($1000.00), deposited with the Clerk of the Court, as security for this injunction pursuant to Federal Rule of Civil Procedure 65(c).

IT IS SO ORDERED.

ENTER: ___8 May___, 2003

FOR THE COURT:

RICHARD MILLS
UNITED STATES DISTRICT JUDGE