IN THE UNTIED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| CENTURY CONSULTANTS, LTD., | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 2003-CV-3105 |
| THE MILLER GROUP, INC., et al., | ) ) ) |
| Defendants. | ) ) |

### MEMORANDUM OF LAW IN SUPPORT OF MOTION TO STRIKE DECLARATION OF PAUL G. LEWIS

NOW COMES Defendant SPRINGFIELD PUBLIC SCHOOL DISTRICT 186 ("District 186"), by and through its attorneys, Brown, Hay & Stephens, LLP, and for its Memorandum of law in Support of Motion to Strike Declaration of Paul G. Lewis states as follows:

On September 16, 2005, Plaintiff filed a Memorandum of Law in opposition to Defendants' Motion to Bar the testimony of Century's expert, Paul G. Lewis ("Lewis"), together with a Declaration of Lewis in support thereof. Lewis' declaration constitutes an improper attempt by Century to change Lewis' prior deposition testimony and should therefore be stricken.

As set forth in District 186's Memorandum of Law, Lewis made numerous assertions and statements in his deposition that reveal his lack of skill and qualifications to be classified as an expert. Regarding matters relevant to this Motion to Strike, Lewis admitted that he refused to consider or examine data that disproves his assumption that Miller altered evidence. Lewis also admitted that he could not opine with certainty whether evidence was altered without physically examining the computer allegedly used to accomplish the alteration. Lewis stated that Century refused to pay for an examination of the computer. Furthermore, Lewis admitted that his

marketing materials contained false statements regarding his firm's experience and abilities to perform the type of analysis required in this case. Through submission of Lewis' subsequent declaration, Century attempts to change Lewis' deposition testimony to a version consistent with its litigation strategy. In doing so, Century not only totally disregards established precedent, but also attempts to marginalize and disregard the oath taken by Lewis at his deposition. This conduct should not be tolerated.

A deponent is precluded from changing his deposition testimony through a subsequent affidavit unless it is demonstrated that there exists a plausible explanation for the discrepancy. Sullivan v. Conway, 157 F.3d 1092, 1097 (7th Cir. 1998); Russell v. Acme-Evans Co., 51 F.3d 64, 68 (7th Cir. 1995). In Sullivan, the Seventh Circuit articulated the importance of preventing deponents from trying to change their deposition testimony through submission of contradictory affidavits thereafter:

> Affidavits are normally as here written by lawyers, and if such documents were allowed to be used to "correct" unguarded statements that had been made in the more spontaneous setting or oral questioning, the value of pretrial discovery as a tool for eliciting truth and heading off trials based on fabrications would be seriously impaired.

As set forth in District 186's Memorandum in Support of its Motion to Bar Plaintiff's Expert Witness, Lewis initially opined:

> to a reasonable degree of certainty that The Miller Group modified substantial portions of the IS3 source codes between the dates of May 9, 2003 and May 14, 2003, modifying table names and variable names in their code because the 2003 IS3 system used most of the names defined and assigned by the Star_Base system.[1]

In his deposition, however, Lewis testified under oath that his opinion was based on the fact that certain so-called "file modification dates" contained in the data sets he reviewed were

---

[1] District 186's Memorandum at pp. 9-10.

2

dates subsequent to the Court's Order requiring the data sets to be produced.[2] Lewis admitted, however, that simply copying a file (as the Court directed) causes the file modification date to change.[3]

Lewis also testified in his deposition that he refused to analyze the Concurrent Versioning System ("CVS") information provided directly to him by Miller. CVS tracks actual changes made to software, rather than simply identifying the last date it was copied.[4] In his deposition, Lewis testified that he did not review the CVS information provided to him by Miller because Century did not direct him to review it.[5] In his latest declaration, however, Lewis now claims that Century did, in fact, give him "sufficient latitude to conduct a proper investigation."[6] Lewis now apparently blames his refusal to review the CVS information on Miller's failure to provide him with a cover letter.[7]

In his deposition, Lewis admitted that he could not determine whether modifications to Century's source code were made unless he had physical access to the computers allegedly used to accomplish the modifications.[8] Despite Lewis' sworn admission at his deposition that physical access to the computers is required, Lewis now contends in his declaration:

> I also believe that my reports establish the opinion that approximately three hundred and forty five (345) files were modified in violation of the Court's May 8, 2003 Temporary Restraining Order.[9]

---

[2] Id., p.10.
[3] Id.
[4] Id., pp.11-12.
[5] Id., p.11.
[6] Declaration of Paul G. Lewis in Opposition to Defendant's Motion to Strike His Testimony (sic.), p.2.
[7] Id., p.6.
[8] District 186's Memorandum at p.10.
[9] Declaration of Paul G. Lewis in Opposition to Defendant's Motion to Strike His Testimony (sic.), pp.3-4.

This time, however, Lewis changes his sworn testimony by cleverly leaving out the language from his original opinion, as set forth in paragraph 3 above, that his opinion is "to a reasonable degree of certainty."

Furthermore, in his latest declaration, Lewis claims that:

> PG Lewis & Associates' marketing materials are true, accurate and set a reasonable expectation for the prospective client.[10]

The marketing materials referenced by Lewis indicate:

> All case studies are summaries of cases managed by PG Lewis & Associates.
>
> (References to Personal Names and Client Firm Names are fictional)"[11]

In his deposition, however, Lewis testified that his firm managed no such cases. Specifically, with respect to the fact scenario referenced therein, Lewis testified:

> It was dreamed up in someone's mind to be placed on our Web site to attract business to the firm. This is not an actual matter, to the best of my knowledge, that the firm was involved with.[12]

Lewis provides no plausible explanation whatsoever for the inconsistencies between his sworn deposition testimony and his subsequent sworn declaration. As a result, his declaration constitutes an impermissible attempt to change his prior sworn testimony, and should therefore be stricken.

WHEREFORE, the Defendant, SPRINGFIELD PUBLIC SCHOOL DISTRICT #186, respectfully requests the Court strike the declaration of Paul G. Lewis, and award the Defendant all other relief the Court deems proper.

---

[10] Id., p.5.
[11] District 186's Memorandum at p.14.
[12] Id., p.15.

4

SPRINGFIELD PUBLIC SCHOOL
DISTRICT 186, Defendant,

By: s/ Robert M. Shupenus
One of Its Attorneys

**BROWN, HAY & STEPHENS, LLP**
Almon A. Manson, Jr.
Registration No. 1756761
Robert M. Shupenus
Registration No. 6238096
205 S. Fifth Street, Suite 700
P.O. Box 2459
Springfield, IL 62705-2459
(217) 544-8491

## PROOF OF SERVICE

I hereby certify that on October 28, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the attorneys of record:

Lance T. Jones
Law Offices of Lance T. Jones
1100 South Fifth Street
Springfield, IL 62703
ltj@warpnet.net

Craig Hilliard
Stark & Stark, P.C.
993 Lenox Drive
Lawrenceville, NJ 08648
chilliard@stark-stark.com

David A. Herman
Giffin, Winning, Cohen & Bodewes, P.C.
One West Old State Capitol Plaza
Myers Building – Suite 600
P.O. Box 2117
Springfield, IL 62705
dherman1@gifwinlaw.com

s/ Robert M. Shupenus

October 28, 2005/ean/F:\wpwin60\RMS\Lit\CENTURY\MISO Mtn Strike Lewis Dec (revised).doc