STARK & STARK
A PROFESSIONAL CORPORATION
PO BOX 5315
PRINCETON, NJ 08543-5315
(609)896-9060
ATTORNEYS FOR PLAINTIFF

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| CENTURY CONSULTANTS LTD., <br><br> Plaintiff, <br><br> v. <br><br> THE MILLER GROUP, INC., JOHN G. MILLER, and THE SPRINGFIELD PUBLIC SCHOOL DISTRICT 186, <br><br> Defendants. | CIVIL ACTION NO. 03-CV-3105 |

**PLAINTIFF'S MEMORANDUM OF LAW OPPOSITION TO DEFENDANTS'
MOTIONS TO STRIKE DECLARATION OF PAUL G. LEWIS**

Plaintiff, Century Consultants, Ltd. ("Century") respectfully submits this Memorandum in opposition to the motion of defendant, Springfield Public School District 186 (the "School District"), joined by defendants, John Miller, individually and The Miller Group, Inc. (collectively "Miller")(collectively "Defendants"), seeking to strike the Declaration of Century's expert witness, Paul G. Lewis ("Lewis") of PG. Lewis & Associates, in connection with the School District's previous motion to bar Lewis' expert testimony. By reference, Century incorporates its Memorandum of Law in opposition to that motion as well as the Lewis Declaration, the subject of this motion, filed contemporaneously with that Memorandum of Law.

## PRELIMINARY STATEMENT

The School District's and Miller's motions to strike the Declaration of Paul Lewis are without merit. Defendants' argument fails to demonstrate any relevant difference between the Lewis deposition testimony and the Lewis Declaration, and even less so an "improper attempt" to change his deposition testimony. In fact, Defendants' charges of improper conduct are themselves improper and should be rejected.

## ARGUMENT

Defendants move to strike based upon <u>Sullivan v. Conway</u>, 157 F.3d 1092 (7th Cir. 1998), in which the Court of Appeals noted that subsequent affidavits should not supplant prior deposition testimony. Nevertheless, here the Lewis Declaration does no such thing. Defendants first contend that Lewis "refused" to analyze the Concurrent Versioning System that they allegedly mailed to him. In reality, Miller mailed to Lewis a disk with the label "IS3 CVS Reporting" without explanation or cover letter. Lewis Declaration ¶ 6. This explanation set forth in Lewis' Declaration is both true and not inconsistent with his deposition testimony. <u>See</u> Defendant's Memorandum of Law in Support of their Motion to Bar Lewis' Testimony ("Defendant's Brief"), Exhibit C, Deposition of Paul Lewis, 197:8-198:23. In his deposition, Mr. Lewis states that he received the additional disks without explanation after his report was finished and was not directed by any party to analyze the information. <u>Ibid.</u> Additionally, Defendants state that this testimony conflicts with Lewis' statement that Century gave him "sufficient latitude to conduct a proper investigation." This assertion is incorrect. The fact that Miller sent this disk to Lewis in this fashion, identified well after the fact as possibly answers to interrogatories (if so, improperly sent directly to the expert)(<u>See Id.</u> at 198:2-6),

coupled with Defendants' current actions filing motions to bar Lewis' testimony and strike his Declaration as a result of the fact that he did not analyze the disk in depth, is at best a sharp practice. In all events, there is nothing in Lewis' Declaration, reciting these historical facts, which "conflicts" with his deposition testimony. Lewis' Declaration was not submitted in order to change or supersede his deposition testimony. How Lewis' deposition differs from his most recent Declaration is not only unclear, but it is obvious that Defendants' counsel is twisting words in an effort to make something out of nothing. In the end, whether Lewis did or did not examine a document or piece of evidence which Defendants contend should have been examined is an issue which goes to the weight, not the admissibility, of his opinion, as Century pointed out in its earlier-filed papers on the underlying motion.

Defendants also state that the following sentence in the Lewis Declaration attempts to "modify" previous deposition testimony: "I also believe that my reports establish that approximately three hundred and forty five (345) files were modified in violation of the Court's May 8, 2003 Temporary Restraining Order." Lewis Declaration, ¶ 5. Defendants support this assertion by citing various statements in Lewis' deposition. See Defendant's Brief, Exhibit C, Deposition of Paul Lewis, 80-82. In his deposition, Lewis did state that in order to be absolutely certain of whether Miller modified files in violation of the Temporary Restraining Order, a physical examination of the computers in question would be necessary. Ibid. The quoted statement from the Lewis Declaration is not inconsistent with these deposition statements. His Declaration does not allege absolute knowledge of modification. Instead, in ¶ 5 of the Declaration, for a page and a half preceding the above quote, Lewis explains why he reached the opinion that Miller modified the files despite not examining the physical computers. Lewis

Declaration, ¶ 5. Such a statement is not at all inconsistent with his deposition testimony, and certainly does not rise to the level of attempting to change his deposition testimony. The fact that Lewis does not use the exact term "reasonable degree of certainty" when addressing these issues is irrelevant. It is plain from reviewing his expert report that he initially expressed his opinion to a reasonable degree of certainty. Expert opinion is rarely expressed to a "100% certainty" and Lewis' deposition statements are entirely consistent with the opinion expressed in his report and the statements made in his Declaration.

Finally, with regard to marketing materials, Lewis' statement that P.G. Lewis & Associates' advertising material are "true, accurate and set a reasonable expectation for the prospective clients" (Lewis Declaration ¶ 7) is not misleading and should not serve as a basis to strike Lewis' Declaration. The School District's argument takes the statement out of context. It is the last sentence in a paragraph that generally describes the company's marketing materials, which Lewis states were "created" to illustrate the benefits of P.G. Lewis and Associates' services. Lewis Declaration, ¶ 7. Even if the Court views Lewis' statements in his Declaration as ambiguous, in the Memorandum of Law which accompanies this Declaration, Century plainly states that the marketing materials were fictional; there was no attempt to deceive or to state otherwise. See Plaintiff's Memorandum of Law In Opposition to Defendant's Motion To Bar Plaintiff's Expert Witness, pg. 7. Regardless of these arguments, the issue of marketing materials is a red herring. It is related to neither the quality of Lewis' work, to his expert report, his fitness as an expert, nor to any testimony that he may give in this case. At best, it provides the School District with fodder for cross-examination at trial. Therefore, the Court should not strike Lewis' Declaration.

4

The School District and Miller have not established any reason to strike Lewis' Declaration. Lewis' deposition testimony and his Declaration do not conflict. The School District's motion, which the Miller Group joins, is baseless, distorts the record, and casts groundless aspersions on Plaintiff's counsel, which Defendants accuse of impropriety and a willful plan to change Lewis' deposition testimony. To base such accusations on such flimsy factual grounds is inappropriate. Nothing in Lewis' Declaration can in any way be construed as a "repudiation" or an attempt to wipe out previous sworn testimony. See Sullivan, 157 F.3d at 1097. Due to the utter absence of any meritorious argument or shred of sound legal reasoning in the protestations contained in Defendants' submissions, Plaintiff respectfully requests that the Court deny Defendants' motion.

## CONCLUSION

For the foregoing reasons, Century respectfully requests that the Court deny the School District's and Miller's motions to strike the Declaration of Paul Lewis filed in opposition to the School District's and Miller's motions to bar plaintiff's expert witness.

Respectfully submitted,

CENTURY CONSULTANTS, LTD.,
Plaintiff

By:_____
One of its Attorneys

5

<u>Lead Counsel</u>
Craig S. Hilliard
STARK & STARK
A Professional Corporation
P.O. Box 5315
Princeton, NJ 08543-5315
(609) 896-9060

<u>Local Counsel</u>
David A. Herman
GIFFIN, WINNING, COHEN & BODEWES, P.C.
One West Old State Capitol Plaza
Myers Building - Suite 600
P.O. Box 2117
Springfield, IL  62705
(217) 525-1571

## PROOF OF SERVICE

I, the undersigned, hereby certify that on November 14, 2005, I filed this Memorandum of Law with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the attorney of record for Defendants:

Almon A. Manson, Jr., Esq.
Brown, Hay & Stephens
205 S. Fifth Street, Suite 700
P. O. Box 3459
Springfield, IL 62705-2459

Lance T. Jones, Esq.
Law Office of Lance T. Jones
1100 So. Fifth Street
Springfield, IL  62703

_____
CRAIG S. HILLIARD