UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| CENTURY CONSULTANTS, LTD., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 03-3105 |
| | ) | |
| THE MILLER GROUP, INC., JOHN G. MILLER, and the SPRINGFIELD PUBLIC SCHOOL DISTRICT NO. 186, | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

## OPINION

RICHARD MILLS, U.S. District Judge:

The Court now considers Defendants' motions to suppress.

## FACTS

David Williams was employed by Defendant Springfield Public School District 186 (the "District 186") when he discovered potential copyright violations. Mr. Williams thought that District 186 and Defendants John G. Miller and The Miller Group (Mr. Miller's computer consulting company) stole source codes from a program belonging to

1

Plaintiff Century Consultants, Ltd. (hereinafter "Century"). Mr. Williams spoke on the telephone with Century employee Robert Magan about the alleged violations. Magan recorded these conversations.

The Defendants move the Court to suppress the recordings Magan made. They ask the Court to bar Century from using Magan's recordings to advance the various federal and Illinois state law claims Century asserts in this case against them.

## ANALYSIS

The Defendants base their motions on state law (the Illinois Eavesdropping Act, 720 ILCS 5/14-1 *et seq.*) and federal law (18 U.S.C. § 2511, *et seq.* ). The Illinois eavesdropping statute provides:

A person commits eavesdropping when he:

> (a) Uses an eavesdropping device to hear or record all or any part of any conversation unless he does so (1) with the consent of all of the parties to such conversation or (2) with the consent of any one party to such conversation and in accordance with Article 108A of the 'Code of Criminal Procedure of 1963' * * *." (Ill.Rev.Stat.1987, ch. 38, par. 14-2(a).)
>
> (b) Uses or divulges, except as authorized by Article 108A of the 'Code of Criminal Procedure of 1963', approved August

> 14, 1963, as amended, any information which he knows or reasonably should know was obtained through the use of an eavesdropping device. (Ill.Rev.Stat.1983, ch. 38, par. 14-2.)

Id.[1]

Violation of Illinois' Eavesdropping Act precludes use of such evidence in support of Illinois state law claims. See Glinski v. City of Chicago, 2002 WL 113884 at *5-7 (N.D.Ill.). Thus, Century cannot use Magan's recording of his telephone conversation with Williams to advance any claims it brings under Illinois state law.

Century's use of Magan's recording to advance its federal law claims is another matter. Although 18 U.S.C. § 2511(1)(a) prohibits the interception of any oral communication where the parties have a

---

[1] Although irrelevant to the instant case, Article 108A provides:

"The State's Attorney may authorize an application to a circuit judge for, and such judge may grant in conformity with this Article, an order authorizing or approving the use of an eavesdropping device by a law enforcement officer or agency having the responsibility for the investigation of any felony under Illinois law where any one party to a conversation to be monitored has consented to such monitoring."

See Ill.Rev.Stat.1987, ch. 38, par. 108A-1.

reasonable expectation of privacy, § 2511(2)(d) specifically provides that a conversation may be recorded so long as one of the parties to the conversation consents and the purpose of recording the conversation is not to commit a "criminal or tortious act in violation of the Constitution or laws of the United States or of any State". <u>Id.</u>; <u>see also</u> <u>United States v. D'Antoni</u>, 874 F.2d 1214, 1218-19 (7th Cir.1989) ("recorded conversations that violate state law are admissible in federal proceedings, at least in regard to federal claims, if the recordings comport with the federal requirement that one party consent.").

Because Magan was a party to the conversation with Williams, Magan could record the conversation so long as he did not intend to use the recording as part of a criminal or tortious act. The Defendants have not identified any criminal or tortious use of Magan's recording. Thus, Century can use Magan's recording to advance its federal claims.

<u>Ergo</u>, the Defendants' Motion to Suppress (d/e 91 and 96) are ALLOWED IN PART and DENIED IN PART. Plaintiff is barred from using Magan's recordings to advance its Illinois state law claims, however,

it may use those recordings to advance its federal claims.

IT IS SO ORDERED.

ENTER: November 17, 2005

FOR THE COURT:

                                                s/Richard Mills
                                     United States District Judge