UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| CENTURY CONSULTANTS LTD., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 03-3105 |
| ) | |
| THE MILLER GROUP, INC., JOHN ) | |
| G. MILLER, and SPRINGFIELD ) | |
| PUBLIC SCHOOL DISTRICT NO. ) | |
| 186, ) | |
| ) | |
| Defendants. ) | |

## OPINION

RICHARD MILLS, U.S. District Judge:

The Court now considers Defendant The Miller Group Inc., Defendant John G. Miller, and Defendant Springfield Public School District No. 186's Motions to Bar Plaintiff's Expert Witness.

## FACTS

Plaintiff Century Consultants, Ltd. ("Century") holds a copyright to a student information software product called Star_Base. It licensed

1

Star_Base to Defendant Springfield Public School District No. 186 (the "District"). The District employed Defendants John G. Miller (Miller") and his company The Miller Group, Inc. ("Miller Group") to develop a web-based student information system that could use Star_Base and other data structures. This new product was called InfoSystems 3.

After InfoSystems3 was developed, District employees called Century and told it that the District, Miller, and the Miller Group copied Star_Base's source codes in order to create InfoSystems 3. Century sued the District, Miller, and the Miller Group for copyright infringement.

Century retained Paul G. Lewis, a computer data expert, to determine if the Defendants copied Star_Base's source codes. After analyzing source codes contained in three separate data sets that the Defendants provided (hereinafter referred to as "Data Set 2," "Data Set 3," and "Data Set 4"), Mr. Lewis concluded that the source codes were essentially identical.

The Defendants moved the Court to bar Lewis from testifying. The District filed the only substantive motion on the matter, contesting Mr.

Lewis' qualifications and methodology. Miller and the Miller Group merely adopted the District's arguments.

The parties argued their motions on January 13, 2006. At the conclusion of the hearing, the Court directed them to file written closing arguments. When the parties did so, the District was once again the only Defendant to file anything substantive. However, the District's written argument abandoned any assertions other than claims that Mr. Lewis' opinions were based on hearsay, resulted from comparing incorrect data sets, and generally did not satisfy Federal Rule of Evidence 702.

## ANALYSIS

Federal Rule of Evidence 702 provides:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education[ ] may testify thereto[,] in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Id.

The United States Supreme Court has construed Rule 702 to require district courts to perform a "gate-keeping function" before admitting expert scientific testimony. See Daubert v. Merrell Dow Pharmaceuticals, 509 U.S. 579, 589, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993). In particular, a district court must determine (1) whether the expert would testify to valid scientific knowledge, and (2) whether that testimony would assist the trier of fact with a fact at issue. Id. at 592-93; see also Walker v. Soo Line R. Co., 208 F.3d 581, 586 (7th Cir. 2000); Smith v. Ford Motor Co., 215 F.3d 713, 717 (7th Cir. 2000).

The party that proffers an expert's testimony must establish its admissibility by a preponderance of evidence. Dukes v. Illinois Cent. R. Co., 934 F.Supp. 939, 946 (N.D.Ill.1996). Thus, this Court must determine if Mr. Lewis' expert testimony is reliable and relevant.

An expert's reliability depends on his qualifications and the methodology he used to arrive at his opinion. See Smith, 215 F.3d at 718. During the Daubert hearing, Mr. Lewis testified about his college education, the degree he obtained, the extensive experience he has in

forensic data, and the fact that other courts have declared him an expert when he testified on computer science issues. Accordingly, this Court declared Mr. Lewis to be an expert.

What the Defendants contest here is Mr. Lewis' methodology. They contend that Mr. Lewis' opinion is unreliable because he does not know where Data Sets 2, 3, and 4 came from. He merely assumed that the data sets came from the Defendants because Century's attorneys told him that was so. Furthermore, the Defendants contend that Mr. Lewis wrongly assumed that the Miller Group authored all three data sets.

The Defendants' argument about the source of the data sets is a bit mystifying. The data sets at issue were provided by both Miller and the District during discovery. Among these data sets was the source code for the InfoSystems 3 software that the Miller Group developed and marketed. This data was copied to disks by the Defendants and given to Century's counsel. Century then gave the disks to Mr. Lewis for his analysis. Based on this, Mr. Lewis could reasonably assume that the data sets originally came from the Defendants.

The more serious issue is not from whom Mr. Lewis received the disks, but whether he compared the correct data. In this regard, the evidence at the hearing showed that Mr. Lewis looked at data sets that were independently provided by the District and the Miller Group. The data sets contained source codes for InfoSystems 3, the product that Miller allegedly created as a result of the District's decision to allow him access to Century's Star_Base source codes. Mr. Lewis compared the Defendants' data sets with Century's Star-Base source codes. After making this comparison, Mr. Lewis concluded that InfoSystems 3's source codes were substantially identical to Star-Base's source codes in terms of literal code, logic, structure, sequence, and organization.

Comparing data sets is a reliable means of reaching a conclusion as to their similarities. Thus, the Court finds no apparent flaw in Mr. Lewis' methodology. Mr. Lewis' conclusions seem to be valid and they will certainly assist the trier of fact to understand the evidence and determine facts. As such, Mr. Lewis' expert testimony is permissible under Fed.R.Evid. 702. To the extent the Defendants take issue with

6

Mr. Lewis' opinions, they can cross-examine him and present their own expert witness to discredit him.  See <u>Daubert</u>, 509 U.S. 579, 596, 113 S.Ct. 2786.

<u>     ERGO</u>, the Defendants' Motions to Bar Plaintiff's Expert Witness (d/e 105 and 109) are DENIED.

IT IS SO ORDERED.

ENTER:  March 20, 2006

FOR THE COURT:                    s/ Richard Mills
                                  United States District Court