IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| CENTURY CONSULTANTS, LTD., ) | |
| ) | |
| Plaintiff, ) | No. 2003-CV-3105 |
| ) | |
| v. ) | |
| ) | |
| THE MILLER GROUP, INC., et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM IN SUPPORT OF MOTION TO DISMISS AMENDED COMPLAINT PURSUANT TO RULE 12(b)(1)

**NOW COMES,** Defendant SPRINGFIELD PUBLIC SCHOOL DISTRICT 186 ("District 186") by its counsel, Brown, Hay & Stephens, LLP, and as and for its Memorandum in Support of the Motion for an Order dismissing the Amended Complaint of Plaintiff, CENTURY CONSULTANTS, LTD. ("Century",) pursuant to Fed.R.Civ.P. 12(b)(1), states as follows:

### INTRODUCTION

In its Amended Complaint, Century alleges that federal jurisdiction is proper pursuant to 28 U.S.C. 1331 (federal question) and 28 U.S.C. 1338(a) (copyright actions). Century alleges copyright infringement by defendants The Miller Group, Inc. and John G. Miller (collectively "Miller") of Century's registered work, together with claims of contributory and vicarious infringement on the part of District 186. Subject matter jurisdiction over such claims pursuant to the Copyright Act exists only when the allegedly infringed works are registered with the U.S. Copyright Office.

Until April 25, 2006, Century claimed that the allegedly infringed work was registered. On that date Century's representative deponent admitted that its allegations of infringement actually pertain to alleged copying of unregistered derivative versions of its registered work. As

a matter of law, derivative versions of registered works must be separately registered in order to give rise to subject matter jurisdiction in federal court over claims of infringement of the derivative versions.

Century's admissions indicate that this case was never properly before this Honorable Court. Not only does the Court lack subject matter jurisdiction over the infringement counts, but it also lacks pendant jurisdiction over the remaining counts. Furthermore, pursuant to the Copyright Act, District 186 it is entitled to recovery of the attorneys' fees and costs necessarily incurred as a result of Century's claims.

## FACTS

Century's representative deponent, Joseph E. LaMantia, initially appeared for deposition on January 13, 2005 in Princeton, New Jersey. At that time, LaMantia could not provide testimony regarding several topics for which Century designated him to testify pursuant to Rule 30(b)(6).[1] As a result, this Honorable Court directed Century to produce a knowledgeable deponent, and granted District 186 leave to conduct a second deposition of Century's corporate representative.

Century again designated LaMantia as its corporate representative, and his deposition took place via video conference on April 25, 2006.[2] At that time, LaMantia revealed facts establishing:

A. Century's claims of infringement pertain to allegations of copying of *unregistered derivative versions* of its registered software, rather than copying of the registered version; and

B. the underlying copyright registration for the original version of Star_Base is void in any event, as Century failed to deposit a complete copy of the Star_Base source code with the U.S. Copyright Office.

---

[1] See District 186's Motion for Sanctions Pursuant to Rule 37.
[2] A copy of LaMantia's deposition transcript is submitted herewith as Exhibit A.

2

Therefore, not only does this Honorable Court lack subject matter jurisdiction over Century's infringement claims because they do not pertain to infringement of materials deposited with the U.S. Copyright office, it would also lack subject matter jurisdiction over claims of infringement of the original version of Star_Base (had they been made) because the original version was not properly registered in the first place.

A. **CENTURY FAILED TO REGISTER THE DERIVATIVE VERSIONS OF STAR_BASE THAT IT CLAIMS WERE COPIED.**

LaMantia testified that various incarnations of the Star_Base software were created over a number of years. The first version of Star_Base is known as the "character-based" version.[3] The character-based version is the subject of Century's 1995 copyright registration application referenced in its Amended Complaint.[4] The same Certificate of Registration is also attached to the Declaration of Joseph E. LaMantia filed by Century at the outset of this case.

Century subsequently released a second version of Star_Base known as the "client server" version.[5] A third version, known as "version 6i," or the "web-based" version, was released around 1999.[6] Century did not submit new applications for copyright registration for the second and third versions of Star_Base.[7] Rather, Century now acknowledges that both versions are merely unregistered derivative works based on the original copyrighted version of Star_Base.[8]

In his second deposition, LaMantia finally revealed that Century's allegations of copying do not pertain to any materials registered with the U.S. Copyright Office, contrary to the allegations in its Complaint and Amended Complaint.

---

[3] Id. at P.7, L.10.
[4] Id. at P.11, L.1.
[5] Id. at P.7, L.16.
[6] Id. at P.13, L.14.
[7] Id. at P.14, L.13.
[8] Id.

3

LaMantia testified that the previously-produced Certificate of Registration pertains to the original (character-based) version of Star_Base.[9] He also testified that neither the second version (client-server) nor the third (web-based) version of Star_Base are registered with the U.S. Copyright office:

> Q. But the client server based version of Star_Base was never registered with the copyright office, correct?
>
> A. Correct.
>
> Q. Now, when did Century release Version 6(i) or the web-based version of Star_Base?
>
> A. Sometime around the late nineties, '99, somewhere in there.
>
> Q. Did Century file an application for a copyright registration for Version 6(i) or the web-based version of Star_Base?
>
> A. No. We did not.[10]

On March 7, 2006, Century provided District 186 with a copy of the Star_Base code deposited by Century in conjunction with its 1995 copyright application, which are Bates stamped 0873-1050. LaMantia admits that none of the deposited materials were copied:

> Q. With reference to Document Numbers 0873 through 1050, with respect to those documents, is there anything in there that Century alleges was copied by any of the Defendants in this case?
>
> MR. HILLIARD: Objection to the form of the question. You mean anything in terms of the printed words on the pages?
>
> MR. SHUPENUS: Yes.
>
> MR. HILLIARD: Okay, I wasn't sure by what you meant anything in there.

---

[9] Id., P.11, L.1.
[10] Id. at P.13, L.9-19.

4

> Q. (Mr. Shupenus): Well, if there is something other than printed words on the pages that exist in those documents, I want to know what it is that's allegedly copied.
>
> A. So, as far as these pieces of paper go in front of me and the contents of what is on these pieces of paper?
>
> Q. What was deposited with the copyright office?
>
> A. Right. I understand. Well, I really can't say for sure whether they had access to this particular set of code that I'm looking at in front of me.
>
> Q. Sir, I'm not asking whether they had access to that code. I'm asking what, if anything, from those documents does Century allege was copied?
>
> MR. HILLIARD: Just these pages.
>
> A. Uh-huh, yeah. I don't think they copied anything from these pages.[11]

LaMantia was then questioned about the source code identified in paragraph 25 of its Amended Complaint that it claims was copied:

> Q. * * * Sir, by your reference to substantial portions of copyrighted source code, what source code are you referring to?
>
> A. I believe at the time Springfield schools had our client server version. So that would be the source code I'm referring to.
>
> Q. Again, by copyrighted source code then, Century was not referring to source code that was deposited with the U.S. Copyright Office, correct?
>
> A. Our deposit was only the menu program, and that was to register our entire application. So, I'm not sure I understand your question.
>
> Q. Well, I'm trying to figure out what copyrighted source code was allegedly copied; and it appears, sir, that the source code that your—that Century referenced in Paragraph 25

---

[11] Id. at P.15, L.16 – P. 16, L.17.

was source code that was never deposited with the copyright office; is that correct?

A. That's correct.[12]

Instead, regarding Century's belief that all versions of Star_Base are copyrighted, LaMantia testified:

> A. Well, the subsequent versions of Star_Base are derivatives and based on the original or the client server version. So, it's my belief that they are still covered under that same copyright registration.
>
> Q. Your understanding is that both the client server version and the web-based version of Star_Base are derivative works of the character-based version of Star_Base?
>
> A. That's correct.
>
> Q. And it's your understanding that both the client-server version and the web-based version are unregistered derivative works, correct?
>
> A. We did not file separate registrations for them, that's correct.[13]

Century did not register with the U.S. Copyright Office the derivative versions of registered works. As a result, this Honorable Court lacks subject matter jurisdiction over the infringement counts and pendant jurisdiction over the remaining counts.

**B.    CENTURY FAILED TO PROPERLY REGISTER THE ORIGINAL VERSION OF STAR_BASE.**

LaMantia also admits that Century never deposited the entire source code of the original version of Star_Base with the U.S. Copyright office:

> Q. Did Century deposit the complete source code for the character-based version of Star_Base with the U.S. Copyright Office?

---

[12] Id. at P.17, L.11 – P.18, L.4.
[13] Id. at P.14, L.1 – P.15, L.14.

6

A.  No.[14]

As set forth below, Century's failure to deposit its complete source code with the U.S. Copyright Office voids the underlying copyright altogether.

Century's failure to register the allegedly infringed Star_Base code divests this Honorable Court of subject matter jurisdiction as a matter of law. Furthermore, District 186 is entitled to recover its costs and attorneys' fees pursuant to the Copyright Act as the prevailing party.

## APPLICABLE LAW

A motion to dismiss pursuant to Rule 12(b)(1) may be brought at any time, as "jurisdiction is the 'power to declare law' and without it the federal courts cannot proceed." Mannix v. Machnik, 2006 WL 794764, *2 (N.D.Ill.), quoting Wernsing v. Thompson, 423 F.3d 732, 743 (7th Cir. 2005), quoting Hay v. Ind. State Board of Tax Commissioners, 312 F.3d 876, 879 (7th Cir. 2002).

A. **ABSENT REGISTRATION OF DERIVATIVE WORKS, FEDERAL COURTS DO NOT HAVE SUBJECT MATTER JURISDICTION OVER CLAIMS OF INFRINGEMENT OF SUCH WORKS.**

Derivative works are copyrightable provided they contain some incremental originality. Saturday Evening Post Co. v. Rumbleseat Press, Inc., 816 F.2d 1191, 1193 (7th Cir. 1987). Century could have sought registration for its derivative works, but admits that it failed to do so.

Registration is a prerequisite to a suit to enforce a copyright. Gaiman v. McFarlane, 360 F.3d 644, 655 (7th Cir. 2004); 17 U.S.C. 411(a). Century's failure to register its derivative versions of Star_Base with the U.S. Copyright office divests the court of jurisdiction over the copyright claims. It is well-settled that a claim of infringement of an unregistered derivative version of a copyrighted work does not give rise to subject matter jurisdiction. Murray Hill

---

[14] Id. at P.11, L.19-22.

7

Publications, Inc. v. ABC Communications, Inc., 264 F.3d 622 (6th Cir. 2001). In Murray Hill, the Court addressed an infringement claim by the composer of a copyrighted song against a radio station that allegedly copied an unregistered derivative version of the copyrighted song. The Court held that separate registration of a derivative work is required before an infringement suit can be brought based on copying of the derivative work:

> We think Congress intended the jurisdictional requirements of section 411(a) to add clarity and certainty to the enforcement of copyrights; we therefore adopt the rule that *a copyright owner must register its derivative works with the United States Copyright Office as a jurisdictional prerequisite to bringing a copyright infringement suit.*
>
> Id. at 632. (emphasis added)

This rule is widely accepted by federal courts throughout the country, including Illinois. See, e.g. Leventhal v. Schenberg, 2004 WL 1718512 *2 (N.D.Ill.); Well-Made Toy Mfg. Corp. v. Goffa International Corp., 354 F.3d 112, 115 (2nd Cir. 2003); Video Pipeline, Inc. v. Buena Vista Home Entertainment, Inc., 275 F.Supp.2d 543, 556 (D.N.J. 2003); Ripple Junction Design Co. v. Olaes Enterprises Inc., 2005 WL 2206220 *3 (S.D.Ohio); I.M.S. Inquiry Management Systems, Ltd. v. Berkshire Information Systems, Inc., 307 F.Supp. 2d 521, 528 (S.D.N.Y. 2004).

It is undisputed that Century's claims of infringement pertain solely to alleged copying of portions of unregistered derivative works, and that no elements of the allegedly copyrighted version of Star_Base are alleged to have been copied. Therefore, as a matter of law, this Honorable Court lacks subject matter jurisdiction, and Century's copyright infringement counts must be dismissed, together with the remaining counts over which the Court would have otherwise had pendant jurisdiction.

B. **SINCE THE ORIGINAL VERSION OF STAR_BASE WAS NEVER PROPERLY REGISTERED; CENTURY'S INFRINGEMENT CLAIMS ARE VOID.**

In order to secure copyright protection for software in particular, the applicant must deposit a complete copy of the original source code of its software with the U.S. Copyright office. Failure to do so voids the owner's claim for infringement. Geoscan, Inc. of Texas v. Geotrace Technologies, Inc., 226 F.3d 387 (5th Cir. 2000). Century acknowledges that it failed to deposit its complete source code with the U.S. Copyright office.[15] Instead, Century simply deposited its menu program.[16]

C. **AS PREVAILING PARTY, DISTRICT 186 IS ENTITLED TO RECOVER ITS ATTORNEYS' FEES FROM CENTURY.**

In suits brought pursuant to the Copyright Act, the prevailing party is entitled to recover its attorneys' fees. Assessment Technologies, Inc. of WI, LLC v. Wiredata, Inc., 361 F.3d 434, 436 (7th Cir. 2004); 17 U.S.C. 505. In fact, in copyright actions, "prevailing plaintiffs and prevailing defendants are to be treated alike." Id., quoting Fogerty v. Fantasy, Inc., 510 U.S. 517, 534, 114 S.Ct. 1023, 127 L.Ed.2d 455 (1994). The award of attorneys' fees is left to the discretion of the Court. Id.

The two most important factors for courts to consider in determining whether to award attorneys' fees are the strength of the prevailing party's case and the amount of damages or relief obtained by the other party. When the defendant is the prevailing party in particular:

> [T]he presumption in favor of awarding fees is very strong. (cite.) For without the prospect of such an award, the party might be forced into a nuisance settlement or deterred altogether from exercising his rights.
>
> Id. at 437, citing Diamond Star Building Corp. v. Freed, 30 F.3d 503, 506 (4th Cir. 1994).

---

[15] Id. at P.11, L.19-22.
[16] Id. at P.17, L.11 – P.18, L.4.

In copyright actions, the award of attorneys' fees to the prevailing party is not based on a bad faith or frivolousness standard. McRoberts Software, Inc. v. Media 100, Inc., 329 F.3d 557, 571 (7th Cir. 2003). Still, Century's pleadings are riddled with falsities that meet such a standard. District 186 has incurred significant attorneys' fees and costs in defending itself in a matter that never should have been brought before the Court in the first place. Such expenses should be borne by Century.

**WHEREFORE**, Defendant SPRINGFIELD PUBLIC SCHOOL DISTRICT 186 respectfully requests this Honorable Court dismiss the Amended Complaint with prejudice, assess reasonable attorneys' fees against Plaintiff in an amount to be determined upon further hearing, and award all other relief this Honorable Court deems just and proper.

SPRINGFIELD PUBLIC SCHOOL
DISTRICT 186, Defendant,


By:     /s/ Almon A. Manson, Jr.
             One of Its Attorneys


**BROWN, HAY & STEPHENS, LLP**
Almon A. Manson, Jr.
Registration No. 1756761
Robert M. Shupenus
Registration No. 6238096
205 S. Fifth Street, Suite 700
P.O. Box 2459
Springfield, IL 62705-2459
(217) 544-8491

## PROOF OF SERVICE

I, the undersigned, hereby certify that on May 3, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the attorney of record:

Lance T. Jones
Law Offices of Lance T. Jones
1100 South Fifth Street
Springfield, IL  62703
ltj@warpnet.net

Craig Hilliard
Stark & Stark, P.C.
993 Lenox Drive
Lawrenceville, NJ  08648
chilliard@stark-stark.com

David A. Herman
Giffin, Winning, Cohen & Bodewes, P.C.
One West Old State Capitol Plaza
Myers Building – Suite 600
P.O. Box 2117
Springfield, IL  62705
dherman1@gifwinlaw.com

/s/Almon A. Manson, Jr.