**E-FILED**
Friday, 26 May, 2006   04:41:36 PM
Clerk, U.S. District Court, ILCD

STARK & STARK
A PROFESSIONAL CORPORATION
PO BOX 5315
PRINCETON, NJ  08543-5315
(609)896-9060
ATTORNEYS FOR PLAINTIFF

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| CENTURY CONSULTANTS LTD., <br><br> Plaintiff, <br><br> vs. <br><br> THE MILLER GROUP, INC., JOHN G. MILLER, and THE SPRINGFIELD PUBLIC SCHOOL DISTRICT 186, <br><br> Defendants. | Civil Action No. 2003-CV-3105 |

## DECLARATION OF KENNETH WATOV IN OPPOSITION
## TO DEFENDANTS' MOTIONS TO DISMISS

KENNETH WATOV, of full age, upon his oath, deposes and says:

1.    I am an attorney at law admitted to practice in the States of New Jersey and New York, and registered to practice as an attorney in the United States Patent and Trademark Office, and I am counsel to plaintiff, Century Consultants Ltd. ("Century"), on certain intellectual property matters.  I make this declaration in opposition to the motions filed by defendants seeking to dismiss the Amended Complaint under Fed.R.Civ.P. 12(b)(1).

2. I have been engaged in the practice of law for over 31 years, and the focus of my practice for that period of time has been patents, copyrights, trademarks and related intellectual property matters. A copy of my c.v. is attached hereto as Exhibit "A".

3. During the course of my years in practice, I have filed numerous applications for registration of various works with the U.S. Copyright Office, including the registration of computer programs. In the last 10 years, I have filed approximately 25 copyright registrations involving computer software, and have obtained approximately 30 patents on computer software applications.

4. In or around November 1995, I was retained by Century to assist the company in perfecting its application for registration of its student administration computer software programs, known as Star_Base, with the U.S. Copyright Office. The initial application for registration was filed by an officer of Century, but the Copyright Office raised questions concerning the claim for protection over the screen displays, and when those questions were raised I was retained by Century to complete the application process.

5. Century's deposit of computer program materials with the Copyright Office consisted of: 1) a complete set of the screen displays for the menu program of the Star_Base package; and 2) the entire source code of the menu program, which consisted of a total of 76 pages of source code. The first 10 pages of that part of the deposit are attached hereto as Exhibit "B".

6. After I was retained, I contacted the Copyright Office and wrote a letter to the Examiner assigned to the matter, in which I argued Century's position that the

screen displays were protectable under copyright law. The Examiner eventually agreed, and I submitted a revised Form Tx to the Copyright Office. A copy of the revised application is attached hereto as Exhibit "C".

7. At no time did the Examiner ever question the deposit of the Star_Base menu program, or indicate to me that the deposit was not sufficient to secure a registration. At no time did the Examiner indicate that the Copyright Office wanted additional portions of the source code deposited.

8. I followed the published procedures of the Copyright Office in completing Century's application for registration of its copyrights in the Star_Base software package. The Copyright Office publishes a circular, known as Circular 61, which outlines the Copyright Office's own procedures for making deposits of software in connection with the registration of computer programs. A copy of Circular 61 published in September 1995 (which is the time frame in which I handled the initial registration of Star_Base) is attached hereto as Exhibit "D".

9. I filed the registration application for Star_Base on "Form TX" as an "unpublished" work. The Copyright Office issued the registration as "Txu 760-019". The "u" in the registration number denotes an "unpublished" work, and the Century application was filed (and issued) in this fashion because Century considered the source code and related program elements for Star_Base to be a trade secret. In other words, because the source code and related program elements were not made known generally to the public, the work was "unpublished". In the Form TX I filed, I did not list any date and nation of "first publication" of the work precisely because it was an unpublished work.

10. Nevertheless, even the deposits made with the Copyright Office of unpublished works are accessible to the public who wish to view the deposits through the Library of Congress. This is one of the reasons Century did not wish to deposit its entire source code and related program elements with the Copyright Office.

11. Accordingly, we utilized the procedures established under Section II of Circular 61 to make the deposit of Star_Base. For computer programs containing trade secret information, the Copyright Office permits the deposit to contain only the "[f]irst 25 and last 25 pages of source code with portions containing trade secrets blocked out" or an equivalent amount of source code sufficient to identify that the work is protectable under copyright law.

12. Century actually deposited more than what was required by the Office. It deposited the entire 76-page menu program (with trade secret portions blocked out). Moreover, a CD-ROM of the entire program was not required to be deposited by the Copyright Office rules for an unpublished work containing trade secrets, so we did not deposit a copy of the programs in electronic form.

13. In my experience filing many applications with the Copyright Office, the manner in which we completed the application for Star_Base was consistent with the procedures established by the Office and with the published treatises and other materials on the subject.

14. For example, attached hereto as Exhibit "E" is a Thomson/West publication entitled "Computer Software - Protection/ Liability/ Law/ Forms", which at §2:77 describes the accepted methods of making deposits of software containing trade secrets with the Copyright Office, including the deposit of the "first and last

twenty-five pages or equivalent units of source code with portions of the source code containing trade secrets blocked-out...."

15. I filed an expedited registration application with the U.S. Copyright Office for Star_Base, Version 3, by overnight mail on May 17, 2006. A copy of the application is attached hereto as Exhibit "F". A copy of the deposit of materials made with the Copyright Office is attached hereto as Exhibit "G". The application was granted, and the Copyright Office issued the registration. A copy of the registration certificate, which was assigned Registration No. TXu 1-277-849, is attached hereto as Exhibit "H".

16. I declare under penalty of perjury that the foregoing is true and correct.

*[signature]*
KENNETH WATOV

Dated:   May 26, 2006