E-FILED
Friday, 26 May, 2006  04:42:37 PM
Clerk, U.S. District Court, ILCD



Circular

# 61



# Copyright Registration for Computer Programs



```
flen: Integer;
Begin
WithDatabase^.Tag_Ptr[Ptr]^,Database^do
  Begin
  Fillchar(Tag_Line[1],80,' ');
  Tag_Line[0] :=chr(80);
  If (length(group)>0)and(length(group)<5)then
    Move(Group[1],Tag_Line[2],length(Group));
  If (length(Tag_Id)>0)and(length(Tag_Id)<11)then
    Move(Tag_Id[1],Tag_Line[7],length(Tag_Id));
  If (length(tag_Description)>0)and
      (length(Tag_Description)<31)then
    Move(Tag_Description[1],Tag_Line[18],
      length(Tag_Description));
  If Cur_Statein[0..16]then
    Begin
    Textcolor(Colors[Cur_State]);
    Move(State[Cur_State], Tag_Line[49],6);
    End;
```

# Copyright Registration for Computer Programs

## DEFINITION

A 'computer program' is a set of statements or instructions to be used directly or indirectly in a computer in order to bring about a certain result.

## WHAT TO SEND

- A completed application form (typically Form TX);

- A $20.00 nonrefundable filing fee payable to the Register of Copyrights; and

- One copy of identifying material (See "Deposit Requirements" below).

  Mail all of the above material in the same envelope or package addressed to:

  **Register of Copyrights**
  **Library of Congress**
  **Washington, D.C. 20559-6000**

## EXTENT OF COPYRIGHT PROTECTION

Copyright protection extends to all of the copyrightable expression embodied in the computer program. Copyright protection is not available for ideas, program logic, algorithms, systems, methods, concepts, or layouts.

## COMPLETING FORM TX

> **NOTE: These points do not cover all of the required information on the application. Be sure to refer to the instructions on the Form TX before completing the application.**

- Space 2. In the "Nature of Authorship" space describe the copyrightable authorship in the computer program for which registration is sought. Acceptable statements include: "computer program," "entire text of computer program," "entire program code," "text of user's manual and computer program," etc. (Do **not** refer to design, physical form, hardware, algorithm; do **not** describe the program's features or functions.)

- Space 3. Give the year of creation and the exact date of first publication, if any, for the particular version of the computer program for which registration is sought.

- Space 6. Complete this space if the computer program contains a substantial amount of previously published, registered, or public domain material (such as, subroutines, modules, textual images) or if the work was developed using an underlying computer program or authoring tool. Space 6a may state "previous version." Typical examples of descriptions of new material for space 6b include "revised computer program," "editorial revisions," "revisions and additional text of computer program," "new programming text," etc. (Do not refer to debugging, error corrections, new functions of the revised program, or other unregistrable elements.)

## DEPOSIT REQUIREMENTS

### I. Computer Programs Without Trade Secrets

For published or unpublished computer programs, send one copy of identifying portions of the program (first 25 and last 25 pages of source code), reproduced in a form visually perceptible without the aid of a machine or device, either on paper or in microform, together with the page or equivalent unit containing the copyright notice, if any.

For a program less than 50 pages in length, send a visually perceptible copy of the entire source code. For a revised version of a program which has been previously published, previously registered, or which is in the public domain, if the revisions occur throughout the entire program, send the page containing the copyright notice, if any, and the first 25 and last 25 pages of source code. If the revisions are not contained in the first 25 and last 25 pages, send any 50 pages representative of the revised material in the new program, together with the page or equivalent unit containing the copyright notice, if any, for the revised version.

Where an applicant is unable or unwilling to deposit source code, he/she must state in writing that the work as deposited in object code contains copyrightable authorship. The Office will send a letter stating that registration has been made under its rule of doubt and warning that it has not determined the existence of copyrightable authorship.

If a published user's manual (or other printed documentation) accompanies the computer program, deposit one copy of the user's manual along with one copy of the identifying material for the program.

For HyperCard® computer programs created in scripted language, the script is considered the equivalent of source code. Thus the same number of pages of script would be required as is required for source code. Reproductions of on-screen text, buttons, and commands are not an appropriate substitute for this source code deposit. Where a HyperCard program contains trade secrets, the deposit of script pages must meet the requirements of part II below.

When a computer program is embodied in a CD-ROM, ordinarily the entire CD-ROM package must be deposited, including a complete copy of any accompanying operating software and instructional manual. If registration is sought for the computer program, the deposit should also include a printout of the first 25 and last 25 pages of source code for the program.

## II. Computer Programs Containing Trade Secrets

Where a computer program contains trade secret material, include a cover letter stating that the claim contains trade secrets, along with the page containing the copyright notice, if any, plus one of the following:

### A. Entirely new computer programs:

- first 25 and last 25 pages of source code with portions containing trade secrets blocked out; or
- first 10 and last 10 pages of source code alone, with no blocked out portions; or
- first 25 and last 25 pages of object code plus any 10 or more consecutive pages of source code, with no blocked-out portions; or
- for programs 50 pages or less in length, entire source code with trade secret portions blocked out.

### B. Revised computer programs:

- If the revisions are present in the first 25 and last 25 pages, any one of the 4 options above, as appropriate; or
- If the revisions are *not* present in the first 25 and the last 25 pages:
  - ✦ 20 pages of source code containing the revisions with no blocked out portions, or
  - ✦ any 50 pages of source code containing the revisions with some portions blocked out.

> NOTE: Whenever portions of code are blocked out, the following requirements must be met:
> (1) the blocked out portions must be proportionately less than the material remaining; and
> (2) the visible portion must represent an appreciable amount of original computer code.

### Points to Remember

- To obtain the full benefits of registration, each separately published version of a given computer program must be separately registered, provided each contains a sufficient amount of new or revised authorship to sustain a claim to copyright.

- If the deposit material for the computer program has a copyright notice containing multiple year dates, the Office will question whether the particular program is a revised or derivative version if space 6 of the application has not been completed. If the program is not a derivative work and if the multiple year dates in the notice refer to **internal** revisions or **the history of development** of the program, please put that information in a cover letter to help speed processing.

- If the deposit material for the computer program does not give a printed title and/or version indicator, please add the title and any indicia that can be used in identifying the particular program.

## SCREEN DISPLAYS

Copyright protection for computer screen displays has been an issue in the courts during the past few years, and questions were raised about separate registration for screen displays. Although some courts affirmed in several video-game cases that pictorial and graphic screen displays may be separately registered, other courts offered disparate opinions regarding screen displays.

After a public hearing on the subject and thorough review of public comments received about registration for screen displays, the Copyright Office announced its decision in June 1988 to require that all copyrightable expression embodied in a computer program owned by the same claimant, including computer screen displays, be registered on a single application form.

This decision also applies to videogame displays: these claims will be treated the same as other claims that include authorship in a computer program and screen displays. A single registration will be made for the computer program and any related audiovisual authorship owned by the same claimant. Separate registrations will not be made.

The Copyright Office has consistently believed that a single registration is sufficient to protect the copyright in a computer program, including related screen displays, without a separate registration for screen displays or reference to the displays in the application. An application may give a general description in the "nature of authorship" space, such as "entire work" or "computer program." This description will cover any copyrightable authorship contained in the computer program and screen displays, regardless of whether identifying material for the screens is deposited.

Applicants who previously made a single registration for a computer program should be assured that the registration covers all the copyrightable content of the computer program. The Office will not make a new basic registration or a supplementary registration to allow a separate claim in the screen displays. Neither will the Office accept identifying material for the screens contained in any previously registered computer programs.

## HOW TO REGISTER COMPUTER PROGRAMS CONTAINING COPYRIGHTABLE SCREEN DISPLAYS

A single registration should be made in the class appropriate to the predominant authorship. Because the computer program is a literary work, literary authorship will predominate in most works, including many in which there are screen graphics. Therefore, registration will usually be appropriate on Form TX. If pictorial or graphic authorship predominates, registration may be made on Form PA as an audiovisual work.

The registration will extend to any related copyrightable screens, regardless of whether identifying material for the screens is deposited. If identifying material for screen displays is deposited, and if there is a specific claim in screens, the identifying material will be examined for copyrightability. Where the application refers specifically to screen displays, identifying material for the screens *must* be deposited. Where the screens are essentially not copyrightable (e.g., *de minimis* menu screens, blank forms, or the like), the application should **not** refer to screens.

To register a computer program and its related screen displays:

- Select the application form appropriate for the predominant authorship;

- Refer to the chart below to complete space 2 of the application and to determine **whether to file identifying material for the screen displays.**

| HOW TO COMPLETE THE APPLICATION | | WHAT TO DEPOSIT |
|---|---|---|
| Space 2 | (Nature of Authorship) | ID Material (In addition to Required Source Code) |
| Option 1 | "Entire work" or "Entire computer program" | You may choose either to deposit ID material for screens or you may choose *not* to deposit ID material for screens |
| Option 2 | "Entire computer program including text of screen displays" or "Entire computer program including audiovisual material" or "Entire computer program including artwork on screen displays" | You *must* deposit ID material for screens. If there is a specific claim in the screens, the screen identifying material will be examined for copyrightability. |
| | Note: The description of authorship on the application should *not* refer to elements such as "menu screens," "structure, sequence and organization," "layout," "format" or the like. | Note: Identifying material for screen displays should consist of printouts, photographs, or drawings clearly revealing the screens. For works that are predominantly audiovisual, such as videogames, 1/2 inch VHS videotape is acceptable. *All* screen identifying material will be examined for copyrightability. If screens are reproduced in a manual, the manual will suffice as identifying material. |

## NOTICE OF COPYRIGHT

For works first published on and after March 1, 1989, use of the copyright notice is optional, though highly recommended. Before March 1, 1989, the use of the notice was mandatory on all published works, and any work first published before that date must bear a notice or risk loss of copyright protection.

Use of the notice is recommended because it informs the public that the work is protected by copyright, identifies the copyright owner, and shows the year of first publication. Furthermore, in the event that a work is infringed, if the work carries a proper notice, the court will not allow a defendant to claim "innocent infringement"—that is, that he or she did not

realize that the work is protected. (A successful innocent infringement claim may result in a reduction in damages that the copyright owner would otherwise receive.)

The use of the copyright notice is the responsibility of the copyright owner and does not require advance permission from, or registration with, the Copyright Office.

## FORM OF COPYRIGHT NOTICE
## FOR COPIES OTHER THAN PHONORECORDS

The notice for visually perceptible copies should contain all of the following three elements:

1. **The symbol** © (the letter C in a circle), or the word "Copyright," or the abbreviation "Copr."

2. **The year of first publication** of the work. In the case of compilations or derivative works incorporating previously published material, the year date of first publication of the compilation or derivative work is sufficient.

3. **The name of the owner of copyright** in the work, or an abbreviation by which the name can be recognized, or a generally known alternative designation of the owner.

Example: © 1995 John Doe

## LOCATION OF COPYRIGHT NOTICE FOR WORKS REPRODUCED IN MACHINE-READABLE COPIES
Section 201.20(g), 37 CFR

For works reproduced in machine-readable copies (such as magnetic tapes or disks, punched cards, or the like), from which the work cannot ordinarily be visually perceived except with the aid of a machine or device,[1] the following constitute examples of acceptable methods of affixation and position of notice:

(1) A notice embodied in the copies in machine-readable form in such a manner that on visually perceptible print-outs it appears either with or near the title, or at the end of the work;

(2) A notice that is displayed at the user's terminal at sign on;

(3) A notice that is continuously on terminal display; or

---

[1]Works published in a form requiring the use of a machine or device for purposes of optical enlargement (such as film, filmstrips, slide films, and works published in any variety of microform), and works published in visually perceptible form but used in connection with optical scanning devices are not within this category.

(4) A legible notice reproduced durably, so as to with-stand normal use, on a gummed or other label securely affixed to the copies or to a box, reel, cartridge, cassette, or other container used as a permanent receptacle for the copies.

## EFFECTIVE DATE OF REGISTRATION

*A copyright registration is effective on the date the Copyright Office receives all of the required elements in acceptable form,* regardless of how long it then takes to process the application and mail the certificate of registration. The time the Copyright Office requires to process an application varies, depending on the amount of material the Office is receiving and the personnel available. It must also be kept in mind that it may take several days for mailed material to reach the Copyright Office and for the certificate of registration to reach the recipient.

If you apply for copyright registration, you will not receive an acknowledgement that your application has been received (the Office receives more than 600,000 applications annually), but you can expect:

- A letter or telephone call from a copyright examiner if further information is needed;

- A certificate of registration to indicate the work has been registered, or if the application cannot be accepted, a letter explaining why it has been rejected.

You may not receive either of these until 120 days have passed.

If you want to know when the Copyright Office receives your material, send it by registered or certified mail and request a return receipt.

## FOR MORE INFORMATION

To request applications, circulars, and other publications, call the Forms and Publications Hotline 24 hours a day, (202) 707-9100, and leave a recorded message, or write:

Publications Section, LM-455
Copyright Office
Library of Congress
Washington, D.C. 20559-6000

To speak with an information specialist or to request further information, call (202) 707-3000 (TTY: (202) 707-6737) between 8:30 a.m. and 5:00 p.m., Eastern Time, Monday to Friday, except Federal holidays.

Frequently requested Copyright Office circulars, announcements, regulations, and other related materials are available over the Internet. These documents may be examined and downloaded through the Library of Congress campus-wide information system, LC MARVEL. To access, gopher to **marvel.loc.gov**, port 70. Then select the copyright menu. Copyright information also is available through the World Wide Web at **http://lcweb.loc.gov/copyright**. The World Wide Web address offers information created by the Copyright Office and links to other copyright resources created elsewhere.



**Copyright Office • Library of Congress • Washington, D.C. 20559-6000**

September 1995–30,000                                                                        ☆U.S. GOVERNMENT PRINTING OFFICE: 1995: 387-237/20,030