E-FILED
Friday, 26 May, 2006 04:42:48 PM
Clerk, U.S. District Court, ILCD

*Intellectual Property Library*

# Computer Software

## Protection/Liability/Law/Forms

by L.J. Kutten

Volume One



THOMSON

WEST

*For Customer Assistance Call 1-800-328-4880*

allows him or her to file less than the first and last twenty-five pages in source code.[1] This request must be in writing and addressed to the Chief of the Examining Division. It should state the specific reasons why the special relief should be granted[2] and request the form of the relief desired.[3] This allows a copyright to be issued in a computer program when the applicant is unable or unwilling to deposit the usual identifying material in source code format.

Under appropriate circumstances, an applicant can invoke the special relief (waiver) provisions of the deposit regulation or the trade secret filing. Both are covered in the following sections.

### § 2:76  — —Special relief normally granted

Special relief requests for the following three deposit options are currently being granted upon receipt of the applicant's request for special relief:

(1) First and last twenty-five pages of source code with some portions blocked out, provided that the blocked out portions are proportionally less than the material still remaining.

(2) At least the first and last ten pages of source code alone (with no blocked-out portions).

(3) First and last twenty-five pages of object code plus any ten or more consecutive pages of source code (with no blockedout portions).[1]

Registrations made under special relief are not considered "doubtful claims."[2]

### § 2:77  — —Trade secret filing

Because of the demand for protection of trade secrets in

---

**[Section 2:75]**

[1]*See* 37 C.F.R. §§ 202.19(e) and 202.20(d).

[2]For computer programs, the major reasons are confidentiality (trade secrets) or size (*e.g.*, a 10,000 page computer program).

[3]*See* Compendium ¶ 808.03(a).

**[Section 2:76]**

[1]Id. at ¶ 324.05(a).

[2]*See* §§ 2:80 to 2:81.

---

© West Group, 6/2003

computer software, the Copyright Office in 1989 issued a regulation setting forth the requirements to preserve trade secret status of copyrighted computer programs.[1] Under this regulation, if the author claims the program contains trade secret information, deposit may be made under any of the following options:

(1) The first and last twenty-five pages or equivalent units of source code with portions of the source code containing trade secrets blocked-out, provided that the blocked-out portions are proportionately less than the material remaining, and the deposit reveals an appreciable amount of original computer code;

(2) Or the first and last ten pages or equivalent units of source code alone with no blocked-out portions;

(3) The first and last twenty-five pages of object code, together with any ten or more consecutive pages of source code with no blocked-out portions; and

(4) For programs consisting of or less than twenty-five pages or equivalent units, source code with the trade secret portions blocked-out, provided that the blocked-out portions are proportionately less than the material remaining, and the remaining portion reveals an appreciable amount of original computer code.

Because some of the code can be blocked out, the Copyright Office also clarified the circumstances for blocking out program code:

First, in the case of computer programs, . . . blocking-out is permitted only with respect to trade secret material. This has been the general practice of the Office, and we see no justification for blocking-out the code unless trade secrecy concerns override the public interest in disclosure of the material in which copyright is claimed. This rule applies irrespective of the form of blocking-out, whether entire words and phrases are blocked or the stripping method is used. Second, a requirement is added that the unblocked portions contain "an ap-

---

**[Section 2:77]**

[1]*See* Registration of Claims to Copyright Deposit Requirements for Computer Programs Containing Trade Secrets and for Computer Screen Displays, 54 Fed. Reg. 13,173 (Mar. 31, 1989). These regulations took effect on May 1, 1989.

preciable amount of original computer code." This requirement is intended to ensure that the deposit discloses sufficient computer code to constitute recognizable copyright expression to justify registration under sections 102 and 410 of the Copyright Act.[2]

Do not attempt to file source code that has been stripped in a manner that virtually blocks out all copyrightable expression. It will be rejected. Enough copyrightable expression must remain visible to enable the Office to make a determination that the work is entitled to registration.

## § 2:78   Deposit requirements—Other exemptions and special relief—Registration of the revised computer program

**Research References**

West's Key Number Digest, Copyrights and Intellectual Property ☞50.10

If a computer program is revised and the revision occurs throughout the program, then the first and last twenty-five pages of source code will be sufficient. If the revisions do not occur in the first and last twenty-five pages, the deposit should consist of the page containing the copyright notice and any fifty pages of source code representative of the revised material.[1]

## § 2:79   Deposit requirements—Other exemptions and special relief—Registration of screen displays

**Research References**

West's Key Number Digest, Copyrights and Intellectual Property ☞50.10

Copyright claimants have the option to include or omit on the registration application any specific reference for computer screen displays.[1] If computer screen material is claimed, then the deposit must include an appropriate reproduction of the screen display.

---

[2]Id. at 13,174.

[Section 2:78]

[1]Id. at 13,175.

[Section 2:79]

[1]Id.

ⓒ 2005 Thomson/West, Rel. 5, 11/2005