E-FILED
Friday, 09 June, 2006 04:24:39 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| CENTURY CONSULTANTS, LTD., | ) |
| Plaintiff, | ) |
| v. | ) No. 2003-CV-3105 |
| THE MILLER GROUP, INC., JOHN G. MILLER, and SPRINGFIELD PUBLIC SCHOOL DISTRICT NO. 186, | ) |
| Defendants. | ) |

**DEFENDANT SPRINGFIELD PUBLIC SCHOOL DISTRICT 186'S MEMORANDUM OF LAW IN REPLY TO PLAINTIFF'S RESPONSE TO ITS MOTION TO DISMISS FIRST AMENDED COMPLAINT PURSUANT TO RULE 12(b)(1)**

**NOW COMES** Defendant, SPRINGFIELD PUBLIC SCHOOL DISTRICT 186 ("District 186"), by and through its attorneys, Brown, Hay & Stephens, LLP, and as and for its Memorandum of Law in Reply to Plaintiff CENTURY CONSULTANTS, LTD.'s ("Century") Response to its Motion to Dismiss the Plaintiff's First Amended Complaint pursuant to F.R.C.P. 12(b)(1) states as follows:

**PRELIMINARY STATEMENT**

Century's response to District 186's Motion to Dismiss consists of irrelevant arguments and authority for the apparent purpose of attempting to obfuscate undisputed facts obtained in discovery. Century originally asserted subject matter jurisdiction based on the claim that its allegedly infringed software was registered with the U.S. Copyright Office. Facts obtained during the second deposition of Century's corporate designee clearly indicate that the original assertions supporting its claim of subject matter jurisdiction were and are false.

In its Response, Century's attempts to mislead this Honorable Court by tendering a recently obtained copyright registration, ostensibly for "STAR BASE version 3." Although Century represents that its newly acquired registration relates to the allegedly infringed work, a cursory examination of Century's supporting materials clearly indicates that it does not. The testimony and documents instead establish that Century's allegations of infringement relate to copying of an unregistered derivative work. As a result, Century's Amended Complaint should be dismissed for lack of subject matter jurisdiction.

Throughout this litigation, District 186 made numerous requests through written discovery to ascertain the extent of Century's alleged copyright protection but did not receive the requested information. District 186 then attempted to obtain the information by deposing Century's designated corporate representative, Joseph LaMantia. During the deposition, the deponent claimed that he possessed no knowledge regarding the extent of Century's copyright protection, despite the fact that Century designated him to testify on its behalf regarding that topic. At that time, counsel for Century stated that District 186 should instead depose Century's purported copyright attorney, Kenneth Watov, in order to obtain the information sought.

District 186 sought relief from the Court for Century's failure to produce a knowledgeable deponent regarding details of Century's copyright. The Court entered an Order requiring Century to produce a knowledgeable deponent to testify regarding the Star_Base copyright, among other things. Once again, Century designated LaMantia to testify in this regard.

LaMantia's subsequent deposition testimony unequivocally establishes that Century's allegations of infringement of a registered work are false and that its allegations are instead

2

based on copying of an unregistered derivative work. As a result, this Honorable Court does not possess subject matter jurisdiction over Century's infringement claims.

Just as it did in the course of LaMantia's first deposition in January, 2005, Century now suggests that Watov, not LaMantia, is the witness whose testimony the Court should consider regarding Century's 1995 copyright application. Century now asks the Court to rely on the hearsay declaration of Watov rather than the sworn testimony of the witness twice-designated by Century to testify on its behalf regarding copyright matters.

Century also attempts to distance itself from LaMantia's testimony by arguing the merits of its claim irrespective of jurisdiction. Century has now twice designated LaMantia to testify on its behalf regarding facts relating to the Star_Base copyright and has now twice attempted to retreat from LaMantia's sworn testimony. Even though District 186's motion is based on the second deposition of LaMantia, Century makes absolutely no reference to such testimony in its Response to the Motion to Dismiss. Rather, Century relies solely on a witness never designated to testify on its behalf.

Watov directs the Court to Circular 61, a document published by the U.S. Copyright Office. Watov states that Circular 61 allows the source code deposit to be limited to the first 25 pages and last 25 pages of source code, but he neglects to point out that Century did not follow this procedure. Rather, Century sought copyright protection solely for the "menu program" of the original version of Star_Base.[1] Century fails to provide any authority for the novel and incorrect proposition that by depositing the entire source code for the Star_Base menu program, it actually obtained copyright protection for the whole Star_Base program, including derivative works. Century also fails to explain how such action can be viewed as the equivalent of

---

[1] LaMantia deposition, P. 17, L. 20-22.

depositing the first 25 pages and last 25 pages of the entire Star_Base source code, as authorized by Circular 61.

Century also contends that "Century's expert report and much of the evidence developed in discovery convincingly shows that the claims are based on the original registered work."[2] Century fails, however, to advise this Honorable Court that its expert witness, Paul G. Lewis, <u>never reviewed the original registered version of Star_Base</u>. As set forth in his report, Lewis only reviewed Star_Base version 3.[3] Lewis' report contains neither facts nor conclusions supporting the proposition that the Court has subject matter jurisdiction over this case.

Century fails to address the only substantive issue before the Court, to wit: whether this Honorable Court possesses subject matter jurisdiction over Century's claims. Resolution of the issue rests on whether Century registered the allegedly infringed work with the U.S. Copyright Office prior to the alleged acts of infringement. Despite the clarity of the issue presented, Century's Response consists of nothing more than a series of oblique contentions regarding unrelated matters. Century does not address this issue in its Response, and therefore it admits that this Honorable Court lacks subject matter jurisdiction over claims of infringement of an unregistered derivative work.

### A. CENTURY'S RECENT COPYRIGHT REGISTRATION DOES NOT CURE THE JURISDICTIONAL DEFECT OF ITS CLAIMS.

Section 411(a) of the Copyright Act, 17 U.S.C. 411(a), states: "[n]o action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made in accordance with this title." It is undisputed

---

[2] Century's response memorandum, P. 2.
[3] P. G. Lewis report, P. 3.

that Century's allegations of infringement are inconsistent with §411(a). Century now attempts to sidestep the requirements of §411(a) and create subject matter jurisdiction where none exists.

1. CENTURY'S RECENT COPYRIGHT REGISTRATION DOES NOT PERTAIN TO THE ALLEGEDLY COPIED WORK.

Century asserts that as a result of its May 23, 2006 copyright registration the jurisdictional defect is now remedied. A review of the supporting documents clearly establishes that Century submitted a registration certificate to this Honorable Court which relates to entirely separate and different software. As a result, the registration has no effect on the lack of subject matter jurisdiction over Century's claims.

Century's representative deponent testified that there are three versions of Star_Base. Version 1 is known as the "character based" version.[4] Century obtained a copyright registration for this version, which it filed with the Court at the outset of this action.[5] Century refers to Star_Base version 2 as the "client server" version.[6] Version 3 of Star_Base is also known as version 6i.[7]

When Century filed its Complaint, it submitted a Certificate of Registration for Star_Base as *prima facie* evidence of valid registration of the allegedly infringed work. The registration certificate indicates that it was initially received by the U.S. Copyright Office in 1995, and indicates that the work being registered was completed in 1991.

It is undisputed that prior to May 23, 2006, the only version of Star_Base registered with the U.S. Copyright Office was version 1. Century now claims that its recent copyright application, which purports to cover "STAR BASE Version 3," cures the jurisdictional defect and places its claim within the parameters of §411(a). Incredibly, even if after-the-fact

---

[4] LaMantia deposition, P.7, L.11-13.
[5] Id., PP. 9-11.
[6] Id., P.7, L.14-22.
[7] Id., P.7, L.23-24.

registration of an allegedly infringed work could retroactively vest federal courts with subject matter jurisdiction, Century has <u>still</u> failed to register the proper work.

Specifically, in the course of LaMantia's second deposition, he was asked to identify the origin of the allegedly copied source code referred to in paragraph 25 of Century's Amended Complaint, which reads in pertinent part:

> Upon information and belief, in the course of copying substantial portions of the copyrighted source code, MGI and Miller have not only gained access to the source code, they have physically removed copies of the programs from the licensee's premises for editing off-site.

LaMantia testified that the allegation regarding Century's "copyrighted source code" pertains to version 2, (the "client server" version).[8] Nonetheless, in its attempt to establish infringement of a registered work, Century submitted a copy of version 3 to its expert witness for analysis and comparison.[9] The result of Century's shell game is that the *prima facie* evidence of registration submitted in support of its claims pertains to version 1, but the allegations of copying in the Amended Complaint pertain to version 2. All the while, the expert analysis relied upon by Century throughout this litigation refers to version 3.

Century's factual misstatements continue. LaMantia testified that Century released Star_Base version 3 in the late 1990s.[10] Century's May 23, 2006 Certificate of Registration identifies the registered work as Star_Base version 3, but claims that version 3 was completed in 2003.[11] It is unclear whether LaMantia's "version 3" and "version 3" in the Certificate of Registration are the same, given the significant differences in the dates of completion. However,

---

[8] <u>Id.</u>, P.13, L.14.
[9] P.G. Lewis report, P. 3.
[10] LaMantia deposition P.17, L.14-16.
[11] May 23, 2006 Certificate of Registration, section 3.

since the allegations of copying actually pertain to version 2 according to Century's designated witness, the answer to this question is not dispositive.

The issue is nonetheless resolved by reviewing the material submitted by Century in support of its recent copyright application. The first page of the 52 page exhibit submitted to both the Court and the U.S. Copyright Office indicates that the newly-registered work is "Star Student" version 3, not Star_Base.[12] The first page of the exhibit also indicates that unlike Star_Base, Century copyrighted "Star Student" in 1994, 1997 and 2001. Century's latest submission to the Court not only once again pertains to source code masquerading as work registered with the U.S. Copyright Office, but it also pertains to a work masquerading as Star_Base. Century asks this Honorable Court to simply assume that version 3 is the same as version 2, both of which are the same as version 1. It also expects the Court to treat "Star Student" as if it is the same program as Star_Base. Significantly, Century requested that the U.S. Copyright office treat these various software products as separate creations, but now pretends they are the same.

    2.    THE PRECEDENT CITED BY CENTURY IS INAPPLICABLE TO THE CASE AT BAR.

Despite the plain language of §411(a), Century contends that its after-the-fact registration of the latest version of Star_Base cures the jurisdictional defect in this case. Century asserts that "[t]he law is clear that any defects in the Court's subject matter jurisdiction over the infringement claim can be cured by subsequent registration of the derivative work."[13] Century's statement is absolutely and categorically incorrect.

---

[12] This designation appears underneath the Court's file mark, but the same designation can be seen in the upper left corner of the screen depicted on page 2 of 52.
[13] Century's response memorandum, P.16.

7

Century relies on the holding in <u>Positive Black Talk, Inc. v. Cash Money Records, Inc.</u>, 394 F.3d 357 (5th Cir. 2004), wherein the U.S. Copyright Office received plaintiff's registration application four days after suit was filed. Although Century claims that the law is clear regarding the propriety of filing a copyright registration after filing suit, the Fifth Circuit's decision does not lend credence to Century's assertion. Instead, the Fifth Circuit noted:

> Although some circuits require that a plaintiff actually obtain a certificate from the Copyright Office before bringing suit, the Fifth Circuit requires only that the Copyright Office actually receive the application, deposit and fee before a plaintiff files an infringement action.

<u>Id.</u> at 365.

Although the Fifth Circuit did not address whether the Seventh Circuit follows the same rule, Century notes that the Fifth Circuit cites cases in the Seventh Circuit. Century ignores the fact that citations to "cases within the Seventh Circuit" are unrelated to the "clear" statement of law it claims is set forth in <u>Positive Black Talk</u>, *supra*. Rather, the Fifth Circuit cites the memorandum opinion in <u>ISC—Bunker Ramo Corp. v. Altech, Inc.</u>, 765 F.Supp. 1308 (N.D.Ill. 1990), wherein defendant alleged that plaintiff's copyright claims in its amended complaint were barred because it had not registered its copyright prior to filing its original complaint. The Court denied defendant's motion in part because <u>the original complaint did not include counts based on copyright infringement</u>. <u>Id.</u> at 1309.

Indeed, the Seventh Circuit follows the rule that an application for copyright registration must be filed before the copyright can be sued upon. 17 U.S.C. §411(a); <u>Chicago Board of Education v. Substance, Inc.</u>, 354 F.3d 624, 631 (7th Cir. 2003). However, even if the Seventh Circuit permitted the exercise of subject matter jurisdiction prior to registration for copyright infringement claims, Century is still precluded from recovering damages in the case at bar. Pursuant to 17 U.S.C. §412, recovery of statutory damages and attorneys' fees is only permitted

8

for infringement occurring after the date of copyright registration. <u>Budget Cinema, Incorporated v. Watertower Associates</u>, 81 F.3d 729, 733 (7th Cir. 1996). In the course of LaMantia's deposition, specifically in response to questions regarding damages sought by Century herein, Century indicated that it is no longer seeking actual damages based on lost revenues. Instead, Century stipulated that it is only seeking statutory damages afforded under the Copyright Act based on gross revenues.[14] Pursuant to <u>Budget Cinema</u>, Century's infringement allegations and resulting damage claims must pertain to copying that takes place after May 23, 2006. Plainly, no such allegations are set forth in Century's Amended Complaint; thus, Century cannot collect statutory damages in any event.

This rule is also articulated in <u>Fox Controls, Inc. v. Honeywell, Inc.</u>, 2005 WL 1705832 (N.D. Ill. 2005), wherein plaintiff attempted the same maneuver with respect to late registration. In fact, citing §412 of the Copyright Act, the Court in <u>Fox Controls</u> held that even if the alleged infringement continues after registration of the copyright, statutory damages are not available if the alleged infringement commenced prior to the date of registration:

> Honeywell first argues that plaintiff has no claim for statutory damages because there is no evidence that Honeywell used the Flowchart or the Summary after the effective date of the copyright registration – March 28, 2002. As a matter of law, statutory damages or attorneys fees are not available where the alleged infringement commenced before the effective date of the copyright registration. See <u>Budget Cinema, Inc. v. Watertower Assocs.</u>, 81 F.3d 729, 733 (7th Cir. 1996) (citing 17 U.S.C. §412). Plaintiff concedes that it is not entitled to statutory damages for infringement prior to March 28, 2002, but argues that it is "entitled to elect statutory damages for infringement prior to March 28, 2002, but argues that it is "entitled to elect statutory damages for Honeywell's use of the copyrighted works after that date." (Opposition at 7.)

---

[14] LaMantia Deposition, PP. 45-51

9

> Plaintiff is wrong. The Copyright Act specifically provides that "no award of statutory damages or of attorney's fees.... shall be made for any infringement or copyright in an unpublished work *commenced* before the effective date of its registration." 17 U.S.C. §412 (emphasis added in original); *see also* X'It Prods., L.L. v. Walter Kiddle Portable Equip., Inc., 227 F. Supp.2d 494, 527-28 (E. D. Va. 2002) ("[A] plaintiff is not entitled to recover statutory damages, which include costs and attorney's fees, for any infringement of plaintiff's copyright that commenced prior to the effective date of copyright registration, regardless of whether the infringement continues *after* the effective date of copyright registration."). There is no genuine issue that the alleged infringement here commenced prior to March 28, 2002; therefore, statutory damages and attorney's fees are not available as a matter of law.
>
> Id. at 7-8.

There is no dispute whatsoever that the alleged acts of infringement commenced prior to registration of version 3. It is also undisputed that the allegations of copying pertain to version 2. It is further undisputed that Century only seeks statutory damages pursuant to the Copyright Act. Century's alleged "cure" of the jurisdictional defect in its claim is of no consequence. As a matter of law, Century cannot pursue a claim of statutory damages under the Copyright Act for allegations of infringement it admits were commenced prior to the date of copyright registration. Through its pleading and the testimony of its designated witness, Century has admitted that this Honorable Court lacks subject matter jurisdiction.

**B.   CENTURY'S ALTERNATIVE CLAIM OF DIVERSITY JURISDICTION IS ALSO FATAL TO ITS INFRINGEMENT CLAIMS.**

Century argues that even if the Court lacks subject matter jurisdiction over Century's claims, the Court can exercise diversity jurisdiction rather than dismissing the case. Century contends that it was not required to originally allege diversity as a jurisdictional basis and can now do so.

It is a fundamental element of federal civil procedure that when courts exercise jurisdiction based on diversity, the substantive law of the forum state must be applied. <u>Native American Arts, Inc. v. Hartford Casualty Insurance Company</u>, 435 F.3d 729, 731 (7th Cir. 2006).

Century ignores the fact that this Honorable Court previously entered an Order suppressing all evidence obtained by Century as a result of its violation of the Illinois Eavesdropping Act, 720 ILCS 5/14-1 et seq. Unlike the Illinois Eavesdropping Act, which requires all parties to a telephone conversation to consent to recording, Title III of the Omnibus Crime Control and Safe Streets Act of 1968 allows just one party to secretly record a telephone conversation. As a result, the Court herein entered an Order suppressing "fruit of the poisonous tree" evidence with respect to Century's state law claims, but denied District 186's motion with respect to Century's federal claims. Thus, in the event this Honorable Court determines that jurisdiction is based upon diversity rather than subject matter jurisdiction, application of Illinois substantive law requires that Century be precluded from submitting any evidence obtained after the initial secretly-recorded telephone call through which Century obtained "facts" supporting its claims, including those referenced in its Response Memorandum.

C. **THE "VALIDITY" OF THE STAR_BASE COPYRIGHT REGISTRATION HAS NO BEARING ON WHETHER THIS HONORABLE COURT HAS JURISDICTION.**

Century contends that District 186 cannot contest the validity of the Star_Base copyright registration because District 186 waived its right to do so. Century fails, however, to state how this argument relates, in any manner, to District 186's Motion to Dismiss.

As set forth in District 186's memorandum, the Court does not have subject matter jurisdiction over this case because Century's claims pertain to alleged copying of an unregistered derivative work. Assuming *arguendo* that the registration of Star_Base version 1 is valid,

Century's infringement allegations still pertain to an unregistered derivative version of the original work.

Century does not contest the fact that it provided its expert with an unregistered derivative version of Star_Base for analysis and comparison, but it represented to the Court that its allegations of infringement pertain to the registered version of Star_Base. Therefore, contrary to Century's argument, whether District 186 pled affirmative defenses to the validity of the registration certificate, or whether the registration certificate is valid in the first place, is not relevant under any circumstances.

### D. THE 1995 STAR_BASE REGISTRATION IS NOT RELEVANT TO CENTURY'S CLAIMS.

Century misstates and mischaracterizes District 186's position regarding the necessity of copyright registration. Century infers that District 186 posits that a copyright owner has no cause of action for infringement of unregistered derivative versions of a copyrighted work. This is untrue. Rather, District 186's position, which is supported by voluminous precedent set forth in its memorandum, is that claims of infringement of an unregistered derivative work <u>do not give rise to subject matter jurisdiction in federal courts</u>. Century makes no argument whatsoever to the contrary.

Century addresses only one of the cases cited by District 186 in support of this contention. In <u>Video Pipeline, Inc. v. Buena Vista Home Entertainment, Inc.</u>, 275 F.Supp.2d 543 (D.N.J. 2003), the Court held that subject matter jurisdiction exists when the alleged copying is of an unregistered derivative work if the copied elements were also present in the registered version. Century then asserts that the allegedly copied elements of Star_Base exist in both the original registered version and the unregistered derivative version of Star_Base. In support thereof, however, Century relies on the report of its expert witness regarding version 3, which is

neither the registered version nor the allegedly copied version. Century cannot expect this Honorable Court to believe that all three versions of Star_Base contain the same allegedly copied elements based on the opinion of an expert who only examined one version.

E.  **CENTURY'S CLAIM OF INFRINGEMENT OF NON-LITERAL PORTIONS OF STAR_BASE IS NOT, IN ANY MANNER, RELEVANT TO THE ISSUE OF JURISDICTION.**

Century's argument regarding the alleged copying of non-literal elements of Star_Base is misplaced. While Century argues that non-literal elements of Star_Base are copyrightable, it fails to offer any support for the notion that subject matter jurisdiction exists with respect to such claims. The issue is not whether non-literal elements of software are copyrightable. Instead, the issue is whether the Court has subject matter jurisdiction over claims of infringement of the same. Century does not offer any authority or support of any kind for its conclusion that bare allegations of infringement of non-literal elements of copyrighted works, registered or otherwise, give rise to federal subject matter jurisdiction.

In fact, Century's attempt to shift attention to alleged copying of non-literal elements Star_ Base is remarkable when compared to its argument in support of its claim for injunctive relief. In "POINT ONE" of its argument in its Memorandum of Law in Support of Application For Order to Show Cause With Temporary Restraints and Expedited Discovery, Century represented to the Court:

> "Century has submitted competent proof on this application that Defendants have access to Century's computer programs, including the source code and that elements of The Miller Group's Infosystems number three product are substantially similar to Century's copyrighted works. Indeed, <u>this is the rare case where there is direct evidence of copying</u>."
> 
> Id. at PP. 8 - 9 (emphasis theirs).

13

The substance of this "direct evidence of copying" cannot be found in Century's Response.

## CONCLUSION

Over three years ago, Century misrepresented facts to the Court in order to obtain an injunction for the purpose of forcing a competitor out of business. In doing so, Century failed to disclose facts which establish that this Honorable Court lacks subject matter jurisdiction.

Throughout its memorandum, Century complains that District 186 waited nearly three years to bring this issue to this Honorable Court's attention. Century ignores the fact that it was Century's duty to allege a factual basis supporting subject matter jurisdiction. Century also fails to acknowledge that for a period of three years it refused to honestly reply to discovery requests regarding this issue. Century misrepresented the copyright status of the allegedly infringed material and refused to disclose facts concerning same. Century has not and cannot establish that any time prior to April 25, 2006 (the date of the second deposition of its corporate designee) it disclosed that the allegations of infringement actually relate to an unregistered derivative work.

Neither the facts nor the law support Century's position. As a result, the Amended Complaint should be dismissed.

**WHEREFORE,** Defendant, SPRINGFIELD PUBLIC SCHOOL DISTRICT 186, prays this Honorable Court enter an Order dismissing Plaintiff's Amended Complaint and awarding such other and further relief as the Court deems just and proper.

SPRINGFIELD PUBLIC SCHOOL
DISTRICT 186, Defendant,


By:____/s/Almon A. Manson, Jr._____
    One of Its Attorneys

**BROWN, HAY & STEPHENS, LLP**
Almon A. Manson, Jr.
Registration No. 1756761
Robert M. Shupenus
Registration No. 6238096
205 S. Fifth Street, Suite 700
P.O. Box 2459
Springfield, IL 62705-2459
(217) 544-8491

## PROOF OF SERVICE

I, the undersigned, hereby certify that on June 9, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the attorney of record:

Lance T. Jones
Law Offices of Lance T. Jones
1100 South Fifth Street
Springfield, IL 62703
ltj@warpnet.net

Craig Hilliard
Stark & Stark, P.C.
993 Lenox Drive
Lawrenceville, NJ 08648
chilliard@stark-stark.com

David A. Herman
Giffin, Winning, Cohen & Bodewes, P.C.
One West Old State Capitol Plaza
Myers Building – Suite 600
P.O. Box 2117
Springfield, IL 62705
dherman1@gifwinlaw.com

/s/ Almon A. Manson, Jr.