# STARK & STARK
A PROFESSIONAL CORPORATION

ATTORNEYS AT LAW

OFFICE: 993 LENOX DRIVE LAWRENCEVILLE, NJ 08648-2389

MAILING: PO BOX 5315 PRINCETON, NJ 08543-5315

609-896-9060 (PHONE)   609-896-0629 (FAX)

WWW.STARK-STARK.COM

CRAIG S. HILLIARD
DIRECT DIAL NUMBER
609-895-7346
DIRECT FAX NUMBER
609-895-7395
E-MAIL
chilliard@stark-stark.com

April 21, 2006

<u>via telecopier & regular mail</u>

Robert Shupenus, Esq.
Brown, Hay & Stephens
205 S. Fifth Street, Suite 700
P. O. Box 2459
Springfield, IL 62705-2459

Re:   <u>Century Consultants, Ltd. v. The Miller Group, et al</u>
      Civil Action No. 2003-CV-3105

Dear Mr. Shupenus:

In several of our recent conversations, you have suggested that Century has not produced any documents or other evidence supporting its claims for damages against the School District. In view of the fact that you are continuing the Rule 30(b)(6) deposition of Century next week on Century's damages claims, I am writing to clarify Century's position on its damages claims against the School District, at least with respect to Counts II and III of the Amended Complaint.

Counts II and III of the Amended Complaint, as you know, seek injunctive relief and damages against the School District for contributory and vicarious infringement. Those claims, of course, are based on the Miller Defendants' primary infringement alleged in Count I of the Amended Complaint. In Century's Rule 26 Disclosures and in its Amended Rule 26 Disclosures, we outlined the factual basis and calculation of damages, and made it clear that Century sought to recover in part:

> "[T]he profits of The Miller Group from the sale and/or license of the infringing software. Based on the information produced to date by The Miller Group concerning its gross revenues, including but not limited to the "Statement of Losses" and accompanying Affidavit of John G. Miller filed with the Court as well as all documents marked as exhibits during the deposition of John G. Miller, and in accordance with Century's responses to written discovery requests in this action, Century will seek damages of $1,313,000. Century reserves the right to elect, at any time before final judgment as

PRINCETON   •   PHILADELPHIA   •   CHERRY HILL   •   NEW YORK

**STARK&STARK**
A PROFESSIONAL CORPORATION

Robert Shupenus, Esq.
April 21, 2006
Page 2

permitted by statute, 17 U.S.C. §504(c), an award of statutory damages for infringement. Century would seek an amount not less than $150,000 as statutory damages based on the allegation of willful infringement."

A prevailing plaintiff in an infringement action is entitled to recover the infringer's profits attributable to the infringement. Under 17 U.S.C. §504(b), the copyright owner "is required to present proof only of the infringer's gross revenue, and the infringer is required to prove his or her deductible expenses and the elements of profit attributable to factors other than the copyrighted work". See also *Frank Music Corporation v. Metro-Goldwyn-Mayer Inc.*, 772 F.2d 505, 514 (9th Cir. 1985). Accordingly, Century has disclosed that it intends to seek the Miller Defendants' profits, and relies on the documents and testimony provided by the Miller Defendants to establish their gross revenues, including Mr. Miller's deposition transcript, and the documents marked Miller-2 and Miller-3 at that deposition. This is all Century is required to do under the statute.

Although our initial evaluation of those documents and testimony indicated that the gross revenues were $1,313,000, a further examination reveals that they are actually higher. In the document marked Miller-2 at the deposition of John Miller, the Miller Defendants summarized their gross revenues on the sale of IS3 to school clients through the end of May 2003. The total gross revenues (excluding the "non school related" clients) are $1,379,215. Mr. Miller testified in his deposition (see pp. 59-72) that in addition to these gross revenues, the Miller Defendants received: 1) the balance on their $120,000 contract with Oswego (an additional $46,676 above the number disclosed in Miller-2); 2) $55,000 from Kewanee School District; and 3) at least $25,000 from Marengo School District. Finally, as Mr. Miller testified, he received approximately $100,000 in 2004, virtually all of which came on the balance of the Adlai Stevenson School District contract. Accordingly, it appears that the Miller Defendants' gross revenues on IS3 totalled at least:

| | |
|---|---:|
| From Miller-2 and Miller-3 | $1,379,215 |
| Balance on Oswego contract | 46,676 |
| Kewanee | 55,000 |
| Marengo | 25,000 |
| Additional Revenues in 2004 | 100,000 |
| Total | $1,605,891 |

**STARK&STARK**
A PROFESSIONAL CORPORATION

Robert Shupenus, Esq.
April 21, 2006
Page 3

Century contends that the School District can be liable for this entire amount as a contributory and/or vicarious infringer. A co-infringer, as well as a contributory or vicarious infringer, can be held liable for all of the infringer's profits where the defendants were "engaged in a partnership, joint venture, or similar enterprise." 3 M. Nimmer, *Nimmer on Copyright* §12.04[C][3], at 12-50 to -51 (1984). *See also Belford, Clarke & Co. v. Scribner*, 144 U.S. 488, 507-08 (1892)(printer jointly liable for publisher's profits because they were "practically partners"); *Frank Music Corporation v. Metro-Goldwyn-Mayer Inc.*, 772 F.2d 505, 519 (9th Cir. 1985)(recognizing that co-infringers can be jointly and severally liable for all profits when they are "practically partners"). Here, of course, the School District held a direct, contractual financial stake in the success of IS3. Under its contract, it was entitled to receive 10% of the Miller Defendants' revenues from the sale of IS3. The more money the Miller Defendants made, the more money the School District made, and therefore the contract made them practically, if not for all purposes, partners in the development and sale of IS3 to other school districts.

This letter shall serve as a supplement to Century's Rule 26(a)(1) disclosures and its answers to interrogatories. Please call me if you wish to discuss these matters.

Very truly yours,

STARK & STARK
A Professional Corporation

By:_____
    CRAIG S. HILLIARD
CSH/blj
c.: Joseph E. LaMantia (via telecopier & regular mail)
    David Herman, Esq.
    Lance Jones, Esq. (via telecopier & regular mail)