STARK & STARK
A PROFESSIONAL CORPORATION
PO BOX 5315
PRINCETON, NJ  08543-5315
(609)896-9060
ATTORNEYS FOR PLAINTIFF

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**

| | |
|---|---|
| CENTURY CONSULTANTS LTD., <br><br>  Plaintiff, <br><br> vs. <br><br> THE MILLER GROUP, INC., JOHN G. MILLER, and THE SPRINGFIELD PUBLIC SCHOOL DISTRICT 186, <br><br>  Defendants. | Civil Action No. 2003-CV-3105 |

**PLAINTIFF'S SUR-REPLY MEMORANDUM OF LAW IN FURTHER OPPOSITION TO DEFENDANTS' MOTIONS TO DISMISS FIRST AMENDED COMPLAINT UNDER FED.R.CIV.P. 12(b)(1)**

Plaintiff, Century Consultants, Ltd. ("Century") respectfully submits this Sur-Reply Memorandum of Law in further opposition to the motions of defendants, Springfield Public School District 186 (the "School District") and The Miller Group, Inc. and John G. Miller (the "Miller Defendants") seeking to dismiss the First Amended Complaint in its entirety under Fed.R.Civ.P. 12(b)(1) for lack of subject matter jurisdiction. More specifically, this Memorandum is a sur-reply to the Reply Memorandum filed by the School District in further

support of its motion, and is directed to certain misstatements of the record and law contained in the School District's Reply Memorandum.[1]

## ARGUMENT

A. **THE SCHOOL DISTRICT MISREPRESENTS CENTURY'S CLAIMS FOR DAMAGES UNDER THE COPYRIGHT ACT**

In its Reply Memorandum, at Section A.2., the School District makes the wildly incorrect argument that Century has "admitted" that it cannot recover any damages for infringement because it has "stipulated that it is only seeking statutory damages" under the Copyright Act. Citing cases like *Fox Controls, Inc. v. Honeywell, Inc.*, 2005 WL 1705832 (N.D. Ill. 2005), the School District argues that 17 U.S.C. §412 prohibits Century from recovering "statutory damages" because the infringement commenced *before* the more recent registration of Version 3 of Star_Base. Putting aside the flaws in this argument as it relates to the original Star_Base registration,[2] the argument is fundamentally misleading because it equates "statutory damages" – a term with a defined meaning under the Copyright Act – with the damages available to a

---

[1] Not every misstatement is deserving of a response. For example, the School District suggests that the recent registration by Century of Star_Base Version 3 is in reality the registration of the "wrong" program merely because the first page of the deposit refers to "Star_Student" instead of "Star_Base". Star_Student is part of the Star_Base system, and this particular page of the deposit simply captured one aspect of the overall Star_Base package. The School District's arguments suggesting otherwise are just supposition and do not merit further attention.

[2] Certainly, Century contends that its infringement claims based on its original 1995 registration, issued by the Copyright Office long before this suit was filed and before the infringement "commenced", would entitle it to the full panoply of damages and attorneys' fees available to a copyright owner. Century's argument in this sur-reply is addressed more specifically to the contention by the School District that the recent registration of Star_Base Version 3 is superfluous because Century has conceded that it cannot recover anything on that derivative work.

copyright owner *under the statute*. The Copyright Act expressly permits a copyright owner to recover *either* actual damages *or* "statutory" damages, which are carefully defined by the statute. *See* 17 U.S.C. §504. The copyright owner can elect at any time before final judgment is entered to recover an award of "statutory" damages (in lieu of actual damages). *Id.* §504(c)(1). The Act defines "actual damages" as the actual damages suffered by the owner as a result of the infringement "and any profits of the infringer that are attributable to the infringement...." *Id.* §504(b). In establishing the infringer's profits, the owner's burden is to present proof only of the infringer's gross revenue, and the burden then shifts to the infringer to prove deductible expenses. *Id.* Nothing in 17 U.S.C. §412 restricts a copyright owner from recovering actual damages even when those damages accrue after a registration is filed and after the commencement of the infringement.

      The School District already knew all of this, because Century has pointed it out on countless occasions. In its original Rule 26 Disclosures, served in May 2003, Century made it clear that it was seeking actual damages (measured at least by the profits of the Miller Group on the sale of the IS3 software) and, alternatively, "statutory damages" under the Act. *See* Exhibit "A" hereto. In its Amended Rule 26 Disclosures, served in September 2005, Century reiterated these claims. *See* Exhibit "B" hereto. Finally, before the continued deposition of Century's Rule 30(b)(6) representative in late April, Century's counsel sent a detailed letter to the School District's counsel outlining the basis and further details of Century's claims for actual damages. *See* Exhibit "C" hereto. The School District's counsel referred to this letter during the deposition on April 25th and questioned Century's witness extensively about it – the very same deposition on which the School District now relies in arguing that Century has "stipulated" that it

3

is only seeking "statutory damages" under the Act. *See* Deposition Transcript of J. LaMantia, at pp. 37-40 (attached to the School District's motion to dismiss). Clearly, Century has made known to the School District all along that it is seeking not just statutory damages, but actual damages under the Act measured by the Miller Group's revenues and profits. Accordingly, either the School District's counsel has failed to read the statute, or it is simply being disingenuous in suggesting that Century has stipulated away its damages case. Either way, the argument should be disregarded.[3]

**B.    THE SCHOOL DISTRICT GREATLY EXAGGERATES THE COURT'S RULING ON ITS MOTION TO SUPPRESS CERTAIN EVIDENCE**

In a plain exaggeration of the record, the School District, at Section B of its Reply Memorandum, argues that the Court's Order entered November 18, 2005, which suppressed certain evidence under state law, necessarily means that Century is precluded from supporting any of its claims even if this Court were to recognize that it also has diversity jurisdiction over the First Amended Complaint. The School District states that the Court entered an Order "suppressing *all* evidence obtained by Century as a result of its violation of the Illinois

---

[3]    Also in Section A.2. of its Reply Memorandum, the School District's citation to *Chicago Board of Education v. Substance, Inc.,* 354 F.3d 624 (7th Cir. 2003) does not help its arguments, for that case simply cites the non-controversial point that the Copyright Act requires a registration for a district court to adjudicate an infringement claim. Nothing in that case holds that a jurisdictional defect – to the extent it exists – cannot be cured by a subsequent registration. Here, of course, there *was* a valid registration at the time the lawsuit was filed. Moreover, Century has now filed a subsequent registration of the derivative work (while still continuing to advance its infringement claims on the original registered work), and *Positive Black Talk* supports this Court's exercise of jurisdiction over the now-registered derivative work. The School District simply does not cite any 7th Circuit precedent undermining *Positive Black Talk*.

4

Eavesdropping Act...." *See* School District's Reply, at 11 (emphasis added). Later in the same paragraph, the School District again asserts that the Court's Order barred all evidence under the "fruit of the poisonous tree" doctrine. This is just not correct. The Court's Order merely barred Century from "using [Robert] Magan's [tape] recordings to advance its Illinois state law claims...." *See* Order of 11/18/05, at 4. The Court never even mentioned the "fruit of the poisonous tree" doctrine, as the School District asserts, nor did it rule (as the School District asserts it did) that Century was barred from presenting any evidence in support of its state law claims. The tape recording by Century's Robert Magan of a former School District employee, David Williams, was but one piece of evidence in a much larger body of evidence supporting Century's case. For the School District to contend that this Court's Order of November 18, 2005 effectively emasculates Century's entire set of claims under state law is a misstatement of the record.

C.  **THE SCHOOL DISTRICT IS WRONG IN CONTENDING THAT CENTURY'S CLAIMS OF NON-LITERAL INFRINGEMENT ARE IRRELEVANT TO THE ISSUE OF SUBJECT MATTER JURISDICTION**

In its final argument, at Section E of its Reply Memorandum, the School District contends that Century's claims of non-literal infringement are irrelevant to the issue of subject matter jurisdiction. The School District contends that Century "does not offer any authority" for the argument that allegations of infringement of non-literal elements of computer software are just as supportive of federal subject matter jurisdiction as allegations of infringement of the literal elements (i.e. the source code, object code or screen outputs) of the software.[4]

---

[4] In a final send-off, the School District repeats the same tired argument that Century cannot show any "direct evidence of copying" which, it claims, was a misrepresentation by Century at the outset of this lawsuit. Century respectfully

5

The School District could not be more incorrect. Tellingly, the School District does not itself cite any authority holding that non-literal elements of software – or what is commonly referred to as "structure, sequence and organization" claims by the courts – cannot be the subject of valid federal copyright claims. There is indeed ample authority, and Century cited to some of the case law in its opposition memorandum. The leading case is *Whelan Associates v. Jaslow Dental Laboratories,* 797 F.2d 1222 (3d Cir. 1986), in which the Third Circuit held that copyright protection of computer programs can extend beyond the programs' literal code to their overall structure, sequence and organization. In *Whelan*, the only infringement found by the district court (which was affirmed by the Third Circuit) was based on the overall structural similarity between the programs (and not on literal copying of code or other elements). Since *Whelan*, non-literal infringement claims have become so well-recognized in copyright law that they are now viewed as a "noncontroversial proposition". *See Kepner-Tregoe v. Leadership Software, Inc.,* 12 F.3d 527, 536 & n.19 and n.20 (5th Cir. 1994); *Computer Associates Int'l, Inc. v. Altai, Inc.,* 982 F.2d 693, 701-02 (2d Cir. 1992); *Computer Associates Int'l v. Quest Software, Inc.,* 333 F. Supp. 2d 688 (N.D. Ill. 2004)(applying *Altai* in entering a preliminary injunction on non-literal infringement claims). For the School District to suggest in its Reply Memorandum that there is no authority supporting subject matter jurisdiction over claims of non-literal

---

directs this Court to the voluminous evidence Century submitted in opposition to the School District's earlier filed (and now withdrawn) motion for summary judgment, which demonstrates the ample direct evidence Century gathered, both before and after the lawsuit was filed. As but one example, Century directs the Court to page 31 of the initial report of its expert, which places side by side the *identical* tables from the Star_Base and IS3 systems.

copyright infringement is simply misleading. The claims exist, they were pled in this case, and they form as much a part of the infringement case as the claims for literal infringement.

## CONCLUSION

For all of the foregoing reasons, Century respectfully requests that the Court deny the defendants' motions to dismiss under Fed.R.Civ.P. 12(b)(1).

                              Respectfully submitted,
                              CENTURY CONSULTANTS, LTD.,
                              Plaintiff


                              By:___s/Craig S. Hilliard____
                                    One of its Attorneys

<u>Lead Counsel</u>
Craig S. Hilliard
STARK & STARK
A Professional Corporation
P.O. Box 5315
Princeton, NJ 08543-5315
(609) 896-9060

<u>Local Counsel</u>
David A. Herman
GIFFIN, WINNING, COHEN & BODEWES, P.C.
One West Old State Capitol Plaza
Myers Building - Suite 600
P.O. Box 2117
Springfield, IL   62705
(217) 525-1571

**CERTIFICATE OF SERVICE**

      I, the undersigned, hereby certify that on June 26, 2006, I filed this Memorandum using the CM/ECF system, which will send notification of such filing to the attorney of record for Defendants:

Almon A. Manson, Jr., Esq.
Brown, Hay & Stephens
205 S. Fifth Street, Suite 700
P. O. Box 3459
Springfield, IL 62705-2459

Lance T. Jones, Esq.
Law Office of Lance T. Jones
1100 So. Fifth Street
Springfield, IL   62703

                                                    s/ Craig S. Hilliard
                                             CRAIG S. HILLIARD