E-FILED
Friday, 08 September, 2006  03:00:14 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| CENTURY CONSULTANTS, LTD., | ) | |
| | ) | |
| Plaintiff, | ) | No. 2003-CV-3105 |
| | ) | |
| v. | ) | |
| | ) | |
| THE MILLER GROUP, INC., JOHN G. MILLER, and SPRINGFIELD PUBLIC SCHOOL DISTRICT NO. 186, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

### DEFENDANT SPRINGFIELD PUBLIC SCHOOL DISTRICT 186'S MEMORANDUM IN SUPPORT OF MOTION FOR CLARIFICATION

**NOW COMES** Defendant SPRINGFIELD PUBLIC SCHOOL DISTRICT 186 ("District 186") by and through its attorneys, Brown, Hay & Stephens, LLP, and as and for its Memorandum in Support of its Motion for Clarification states as follows:

On July 12, 2006, the Court entered an Order denying District 186's Motion to Dismiss Century's Amended Complaint pursuant to Rule 12(b)(1). The Court held, *inter alia*, that Century's submission of certain source code to the United States Copyright Office complies with Circular 61, and subject matter jurisdiction therefore exists in respect to Century's claim.

The Court's Order does not indicate the specific material which became registered as a result of Century's source code deposit. Resolution of this issue is important at this juncture, as it remains unclear whether Century's infringement allegations pertain to copying of the registered portion of Star_Base or whether the Court intended to hold that allegations of copying of unregistered portions of Century's software are sufficient.

In pertinent part, the Court's July 12, 2006 Order states:

> Century submitted the original source codes for its Star_Base program when it registered the program with the U.S. Copyright Office in 1995. Although partially redacted, the 76 pages Century tendered were sufficient for the U.S. Copyright Office to issue a copyright. According to Century's highly experienced copyright attorney, these efforts satisfied the Copyright Office's Circular 61, a document that allows a party to deposit an amount source code sufficient to identify the work that is protectable under copyright law. The Defendants offer no law or opinion of comparable expertise to show that Circular 61 was not satisfied. Thus, the Court finds that Century has provided competent proof that it owns a copyright to the codes included in the original Star_Base program.[1]

However, in paragraph 5 of his Declaration, Century's copyright attorney, Ken Watov, states that Century deposited "the entire source code of the **menu program**." (emphasis added) In paragraph 11 of his Declaration, however, he states:

> Accordingly, we utilized the procedures established under Section II of Circular 61 to make the deposit of Star_Base. For computer programs containing trade secret information, the Copyright Office permits the deposit to contain only the "[f]irst 25 pages and last 25 pages of source code, with portions containing trade secrets blocked out" or an equivalent amount of source code sufficient to identify that the work is protectable under copyright law.

In its Reply Memorandum, District 186 argued that Century's source code submission did not comply with Circular 61. The Court held, however, that the requirements of Circular 61 were satisfied. District 186 understands that Century's source code deposit gives rise to some degree of copyright protection, but it is unclear whether the Court views Century's deposit as sufficient to protect the entire Star_Base program or whether protection is only afforded to the source code within the beginning and ending points designated by Century.

In pertinent part, Circular 61 provides:

> Where a computer program contains trade secret material, include a cover letter stating that the claim contains trade secrets, along with a page containing the copyright notice, if any, plus one of the following:

---

[1] July 12, 2006 Order, pages 6-7.

- first 25 and last 25 pages of source code with portions containing trade secrets blocked out; or

- first 10 and last 10 pages of source code alone, with no blocked out portions; or

- first 25 and last 25 pages of object code plus any 10 or more consecutive pages of source code, with no blocked out portions; or

- for programs 50 pages or less in length, entire source code with trade secret portions blocked out.

Despite the specific parameters set forth in Circular 61, Century's copyright attorney claims that one can deposit "an equivalent amount of source code sufficient to identify that the work is protectable under copyright law." This contention is accurate, however, only in cases where a program has no identifiable beginning or ending:

> In any case where the program is so structured that it has no identifiable beginning or end, the applicant should make a determination as to which pages may reasonably represent the first 25 and last 25 pages.[2]

Century chose to deposit the first 25 pages and the last 25 pages of the Star_Base menu program, in addition to the pages in between. Pursuant to Circular 61, the menu program is therefore registered. The Court's ruling with respect to Circular 61, however, implies that registration of the menu program effectively registers the entire Star_Base program, even though the first and last 25 pages of source code for Star_Base as a whole were never deposited. It is District 186's position that this result is inconsistent with the plain language of Circular 61. Therefore, it remains unclear whether the Court intended to determine that Century's source code deposit protects the entire contents of the original version of the Star_Base software or if the deposit results only in protection of source code found within the beginning and end points designated by Century. This issue is important because if the parties proceed through trial and it

---

[2] Circular 61, p. 2.

3

is revealed that Century's allegations of infringement pertain to material other than material found within the points designated by Century, jurisdictional concerns will arise once again. Clarification regarding the material copyrighted by virtue of Century's source code deposit will enable the parties to correctly and properly brief the issue of the extent of copyright coverage in their forthcoming dispositive motions.

**WHEREFORE,** Defendant SPRINGFIELD PUBLIC SCHOOL DISTRICT 186 respectfully requests the Court clarify its July 12, 2006 Order as set forth above, and award all other relief the Court deems proper.

                                    **SPRINGFIELD PUBLIC SCHOOL DISTRICT 186, Defendant**

                                    By:  /s/ Almon A. Manson, Jr.
                                             One of Its Attorneys

**BROWN, HAY & STEPHENS, LLP**
Almon A. Manson, Jr.
Registration No. 1756761
Robert M. Shupenus
Registration No. 6238096
205 S. Fifth Street, Suite 700
P.O. Box 2459
Springfield, IL 62705-2459
(217) 544-8491

## PROOF OF SERVICE

I, the undersigned, hereby certify that on September 8, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the attorney of record:

Lance T. Jones
Law Offices of Lance T. Jones
1100 South Fifth Street
Springfield, IL 62703
ltj@warpnet.net

Craig Hilliard
Stark & Stark, P.C.
993 Lenox Drive
Lawrenceville, NJ 08648
chilliard@stark-stark.com

David A. Herman
Giffin, Winning, Cohen & Bodewes, P.C.
One West Old State Capitol Plaza
Myers Building – Suite 600
P.O. Box 2117
Springfield, IL 62705
dherman1@gifwinlaw.com

/s/Almon A. Manson, Jr.