STARK & STARK
A PROFESSIONAL CORPORATION
PO BOX 5315
PRINCETON, NJ  08543-5315
(609)896-9060
ATTORNEYS FOR PLAINTIFF

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| CENTURY CONSULTANTS LTD., <br><br> Plaintiff, <br><br> vs. <br><br> THE MILLER GROUP, INC., JOHN G. MILLER, and THE SPRINGFIELD PUBLIC SCHOOL DISTRICT 186, <br><br> Defendants. | Civil Action No. 2003-CV-3105 |

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO SPRINGFIELD SCHOOL DISTRICT'S MOTION FOR "CLARIFICATION"**

Plaintiff, Century Consultants, Ltd. ("Century") respectfully submits this Memorandum in opposition to the motion of defendant, Springfield Public School District 186 (the "School District"), seeking to "clarify" the Court's July 13, 2006 Order denying the School District's motion to dismiss Century's Amended Complaint pursuant to Fed.R.Civ.P. 12(b)(1).

### ARGUMENT

It has taken two months from the issuance of this Court's July 13, 2006 Order for the School District to decide that it needs "clarification" of the Court's ruling.  Whether this application is more precisely couched as a motion for reconsideration, for relief from the Court's Order or the like, it is in all events the culmination of a string of cumulative and wasteful applications to this Court.  Yet,

even more puzzling are the School District's efforts, ostensibly in the interests of brevity, to dispense with reliance on evidence or binding legal precedent[1] in support of its latest application. Instead, the School District simply tries to reargue the same tired points it made on its original motion.

Because the School District does not purport to challenge the actual denial of its motion to dismiss, it is difficult to discern exactly what type of relief is being requested. The Court merely concluded that it had subject matter jurisdiction when it denied the School District's motion to dismiss. In so holding, the Court determined that Century had a valid copyright registration in the Star_Base package identified in the registration certificate. As best can be divined from the School District's enigmatic moving papers, the contention appears to be:

> [I]t remains unclear whether the Court intended to determine that Century's source code deposit protects the entire contents of the original version of the Star_Base software or if the deposit results only in protection of source code found within the beginning and end points designated by Century.

School District's Memorandum, at p. 3.

Yet, the Court's Order could not be more clear or explicit:

> Century submitted the original source codes for its Star_Base program when it registered the program with the U.S. Copyright Office in 1995. Although partially redacted, the 76 pages Century tendered were sufficient for the U.S. Copyright Office to issue a copyright. According to Century's highly experienced copyright attorney, these efforts satisfied the Copyright Office's Circular 61, a document that allows a party to deposit an amount of source code *sufficient to identify the work* that is protectable under copyright law. The Defendants offer no law or opinion of

---

[1] It is just as well that the School District has chosen not to cite any such precedent, as the very Order sought to be clarified crystallizes the School District's difficulties in this regard:

> The Defendants attempt to support this proposition – sparsely laid out in a four sentence paragraph of their motion – by citing Geoscan, Inc. of Texas v. Geotrace Technologies, Inc., 226 F.3d 387 (5th Cir. 2000). Had the Defendants done more than merely cite the Geoscan decision, they might have realized that it does not support their argument.

July 13, 2006 Order at p. 5.

> comparable expertise to show that Circular 61 was not satisfied. Thus, the Court finds that *Century has provided competent proof that it owns a copyright to the codes included in the original Star _Base program*.

July 13, 2006 Order at pp 5-6 (emphasis added).

Based upon the binding legal precedent and supporting Affidavits presented by Century in its opposition to the School District's original Motion to Dismiss, the Court found that "Century has provided competent proof that it owns a copyright to the codes included in the original Star_Base program." Id. In its latest application, the School District has, again, "offer[ed] no law or opinion of comparable expertise" sufficient to revisit this holding, or articulated exactly which portions of the plain language of the holding could possibly be deemed unclear. Id. Therefore, there is no tenable basis or reason proffered by the School District to clarify, reconsider or amend the straightforward and explicit provisions of the Court's Order.

## CONCLUSION

For all of the foregoing reasons, Century respectfully requests that the Court deny the School District's motion.

        Respectfully submitted,

        CENTURY CONSULTANTS, LTD.,
        Plaintiff

        By:   s/Craig S. Hilliard
              One of its Attorneys

Lead Counsel
Craig S. Hilliard
STARK & STARK
A Professional Corporation
P.O. Box 5315
Princeton, NJ 08543-5315
(609) 896-9060

<u>Local Counsel</u>
David A. Herman
GIFFIN, WINNING, COHEN & BODEWES, P.C.
One West Old State Capitol Plaza
Myers Building - Suite 600
P.O. Box 2117
Springfield, IL   62705
(217) 525-1571

**PROOF OF SERVICE**

     I, the undersigned, hereby certify that on September 22, 2006, I filed this Memorandum with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the attorney of record for Defendants:

Almon A. Manson, Jr., Esq.
Brown, Hay & Stephens
205 S. Fifth Street, Suite 700
P. O. Box 3459
Springfield, IL 62705-2459

Lance T. Jones, Esq.
Law Office of Lance T. Jones
1100 So. Fifth Street
Springfield, IL   62703

                                                                       s/Craig S. Hilliard
                                                                       CRAIG S. HILLIARD