UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| CENTURY CONSULTANTS, LTD | ) | |
|     Plaintiff, | ) | Nos. 05-CV-3147 |
| -v- | ) | & 03-CV-3105 |
| | ) | (Consolidated) |
| THE MILLER GROUP, INC.; JOHN G. MILLER | ) | |
| and SPRINGFIELD CONSOLIDATED SCHOOL | ) | Judge Richard Mills |
| DISTRICT 186, | ) | |
|     Defendants. | ) | |

**MEMORANDUM IN SUPPORT OF DEFENDANTS, THE MILLER GROUP, INC. AND JOHN G. MILLER, MOTION FOR LEAVE TO AMEND ANSWER TO FIRST AMENDED COMPLAINT PURSUANT TO RULE 15(a)**

Defendants, The Miller Group, Inc. and John G. Miller ("Miller Defendants"), by and through their attorney, Lance T. Jones, Law Office of Lance T. Jones, submit the following memorandum in support of their motion for leave to amend their answer to Plaintiff's First Amended Complaint pursuant to Rule 15(a) of the Federal Rules of Civil Procedure:

**INTRODUCTION**

The Miller Defendants' seek to amend paragraphs 2 and 11 of their Answer to First Amended Complaint to clarify the confusion raised by Plaintiff's response to the Miller Defendants' Rule 12(b)(1) motion to dismiss. See Miller Defendants' Motion for Leave to File Memorandum in Reply to Plaintiff's Response to Rule 12(b)(1) Motion to Dismiss. Further, Springfield Public School District 186 ("District 186") has not yet filed an answer to the amended complaint. The Miller Defendants have consistently adopted the defenses of District 186 in as much as the claims against District 186 are virtually identical to the claims against the Miller Defendants. Therefore, the Amended Answer also seeks to adopt all affirmative defenses raised by District 186.

The parties will not be prejudiced by allowing the Miller Defendants' leave to file their amended answer because:  1) the amendment merely seeks to clarify an issue raised by Plaintiff as to the Miller Defendants' Answer to First Amended Complaint;  2) District 186 has not filed an answer;  3) the Miller Defendants have consistently adopted the position and defenses raised by District 186; and 4) a trial date has not yet been scheduled.

## ARGUMENT

Attached to the motion for leave to file is the Miller Defendants' "First Amended Answer of The Miller Group, Inc. and John G. Miller to First Amended Complaint and Demand for Jury Trial."  Rule 15 of the Federal Rules of Civil Procedure allows a party to amend their pleading by leave of court, and leave shall be freely given.  Rule 15(a) F.R.C.P.  While permission to amend rests within the discretion of the court, Rule 15(a) directs the court to grant leave to amend freely "when justice so requires," and the burden is usually placed upon the party opposing the motion to demonstrate why the court should not permit the amendment.  *Foman v. Davis,* 371 U.S. 178, 83 S.Ct. 227 (1962); *Laurie v. Alabama Court of Criminal Appeals,* 256 F.3d 1266, 1274 (11th Cir. 2001). Leave to amend is usually allowed unless there is undue surprise or prejudice to a party. *Jackson v. Rockford Housing Authority,* 213 F.3d 389 (7th Cir. 2000).

Certainly, the Miller Defendants' amended answer raises no undue surprise or prejudice to Plaintiff.  An issue with respect to the Miller Defendants' answer was raised by Plaintiff in its response to the Miller Defendants' Rule 12(b)(1) motion to dismiss and addressed in the Miller Defendants' reply.  Amending the answer to clarify this issue in the pleadings comes as no surprise to Plaintiff and, therefore, Plaintiff will not be

prejudiced by allowing the mended answer to be filed.

Further, the Miller Defendants have continually adopted the position taken by District 186. The claims against District 186 are virtually identical to the Miller Defendants, and the meritorious defenses to be raised by District 186 will most likely serve the interests of the Miller Defendants. It should come as no surprise to anyone that the Miller Defendants will continue to adopt the position and defenses of District 186, when those defenses serve the interests of the Miller Defendants. District 186 has yet to file an answer to the amended complaint, so Plaintiff cannot claim any delay prejudice by allowing the Miller Defendants to adopt any defenses that have been or will be raised by District 186.

Accordingly, this court should grant the Miller Defendants leave to amend their answer to Plaintiff's First Amended Complaint.

## **CONCLUSION**

WHEREFORE, Defendants, The Miller Group and John G. Miller, respectfully requests the Court to grant them leave to file the attached First Amended Answer to Plaintiff's First Amended Complaint.

    Respectfully Submitted,
    S/LANCE T. JONES
    Attorney for The Miller Group, Inc. and
    John G. Miller, Defendants

Law Office of Lance T. Jones
356 N. Walnut St.
Rochester, IL 62563
(217) 725-5011
jones.lance@insightbb.com

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on November 20, 2006, I electronically filed the foregoing

**MEMORANDUM IN SUPPORT OF DEFENDANTS, THE MILLER GROUP, INC. AND JOHN G. MILLER, MOTION FOR LEAVE TO AMEND ANSWER TO FIRST AMENDED COMPLAINT PURSUANT TO RULE 15(a)**

with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the attorneys of record:

Robert M. Shupenus
Almon Manson
Brown, Hay & Stephens
205 S. Fifth Street
Springfield, IL  62701
rshupenus@bhslaw.com

Craig S. Hillard
Stark & Stark
A Professional Corporation
P.O. Box 5315
Princeton, NJ  08543-5315
chilliard@stark-stark.com

David A. Herman
Giffin, Winning, Cohen & Bodewes, P.C.
One West Old State Capitol Plaza
Myers Building, Suite 600
P.O. Box 2117
Springfield, IL  62705
dherman1@gifwinlaw.com

S/LANCE T. JONES
Attorney for The Miller Group, Inc. and
John G. Miller, Defendants
Law Office of Lance T. Jones
356 N. Walnut St.
Rochester, IL  62563
Ph. No.: (217) 725-5011
Email: jones.lance@insightbb.com