E-FILED
Friday, 01 December, 2006  03:41:25 PM
Clerk, U.S. District Court, ILCD

STARK & STARK
A PROFESSIONAL CORPORATION
PO BOX 5315
PRINCETON, NJ  08543-5315
(609)896-9060
ATTORNEYS FOR PLAINTIFF

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| CENTURY CONSULTANTS LTD.,<br><br>Plaintiff,<br><br>vs.<br><br>THE MILLER GROUP, INC., JOHN G. MILLER, and THE SPRINGFIELD PUBLIC SCHOOL DISTRICT 186,<br><br>Defendants. | Civil Action No. 2003-CV-3105 |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF CENTURY'S MOTION TO COMPEL PRODUCTION OF SETTLEMENT-RELATED DOCUMENTS**

Plaintiff, Century Consultants, Ltd. ("Century") respectfully submits this Memorandum in support of its motion to compel the production of the settlement agreement and related documents between defendant, Springfield Public School District 186 (the "School District") and Cincinnati Insurance Company ("Cincinnati") in the case *Cincinnati Insurance Company v. Springfield Public School District 186*, Civil Action No. 03-CV-3146, to which Century was a party.  Century respectfully seeks an Order compelling the School District to turn over settlement documents as described in Century's Third Request for Production of Documents.  Declaration of Craig S. Hilliard ("Hilliard Decl."), Exhibit "B".

Century propounded a Third Request for Production of Documents, dated October 4, 2005, seeking production of a settlement agreement and related documents entered into as described above. See Hilliard Decl., Exhibit "B". Century's first two requests read as follows:

> 1.  A copy of any agreement between the School District and Cincinnati Insurance Company resolving or settling any of the claims in the litigation captioned *Cincinnati Insurance Company v. Springfield Public School District 186,* Civil Action No. 03-3146 (or resolving or settling any appeal from that litigation to the U.S. Court of Appeals).
>
> 2.  Any and all documents constituting or reflecting any communications between Cincinnati Insurance Company and the School District relating in any way to the discussion, negotiation and/or execution of any agreement resolving or settling any of the claims in the litigation captioned *Cincinnati Insurance Company v. Springfield Public School District 186,* Civil Action No. 03-3146 (or resolving or settling any appeal from that litigation to the U.S. Court of Appeals).

The School District responded with the objection that these documents are confidential based on the settlement agreement and on F.R.A.P. 33.

Century's counsel sought to find a resolution to these objections in good faith, Hilliard Decl., ¶2, eventually sending a letter, dated February 14, 2006, to the School District's counsel, which stated that continued refusal to provide the requested documents would result in a Motion to Compel. Hilliard Decl., Exhibit "C". The School District responded by stating that it would not turn over the requested documents absent an Order from the Court. Hilliard Decl., Exhibit "D". Therefore, it was necessary for Century to file this motion in order to resolve the discovery dispute and obtain these documents.

The Federal Rules of Civil Procedure allow a party to seek the production of documents pursuant to F.R.Civ.P. 34 and to file a motion to compel production of documents pursuant to F.R.Civ.P. 37(a). The School District's objections are insufficient to prevent the Court from granting this motion. The School District has made no motion for a protective order, raised no

privilege, and relied on no other ground upon which this Court should deny this motion. The School District fails to make any sound argument that the mere designation of a settlement agreement as "confidential" is enough to resist its discovery where, as here, the settlement apparently involves some payment by the School District's insurer to the School District on account of Century's underlying claims in this lawsuit. Specifically, in response to Century's request for the settlement agreement itself, the School District argues that settlement communications are confidential. This argument is not applicable to the settlement agreement itself, which the School District should produce. The Court should further note that Century was a party to the lawsuit in question.

## **CONCLUSION**

For the foregoing reasons, Century respectfully requests that the Court grant Century's motion to compel production of documents.

Respectfully submitted,

CENTURY CONSULTANTS, LTD.,
Plaintiff


By:_____
      One of its Attorneys

Lead Counsel
Craig S. Hilliard
STARK & STARK
A Professional Corporation
P.O. Box 5315
Princeton, NJ 08543-5315
(609) 896-9060

<u>Local Counsel</u>
David A. Herman
GIFFIN, WINNING, COHEN & BODEWES, P.C.
One West Old State Capitol Plaza
Myers Building - Suite 600
P.O. Box 2117
Springfield, IL  62705
(217) 525-1571

**PROOF OF SERVICE**

     I, the undersigned, hereby certify that on December 1, 2006, I filed this Motion and Memorandum of Law with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the attorney of record for Defendants:

Almon A. Manson, Jr., Esq.
Brown, Hay & Stephens
205 S. Fifth Street, Suite 700
P. O. Box 3459
Springfield, IL 62705-2459

Lance T. Jones, Esq.
Law Office of Lance T. Jones
1100 So. Fifth Street
Springfield, IL  62703

                                                                           s/Craig S. Hilliard
                                                                           CRAIG S. HILLIARD