EXHIBIT C

# STARK & STARK
A PROFESSIONAL CORPORATION

ATTORNEYS AT LAW

OFFICE: 993 LENOX DRIVE  LAWRENCEVILLE, NJ  08648-2389

MAILING: PO BOX 5315  PRINCETON, NJ  08543-5315

609-896-9060 (PHONE)   609-896-0629 (FAX)

WWW.STARK-STARK.COM

CRAIG S. HILLIARD
DIRECT DIAL NUMBER
609-895-7346
DIRECT FAX NUMBER
609-895-7395
E-MAIL
chilliard@stark-stark.com

February 14, 2006

*via telecopier & regular mail*

Robert Shupenus, Esq.
Brown, Hay & Stephens
205 S. Fifth Street, Suite 700
P. O. Box 2459
Springfield, IL 62705-2459

Re:   **Century Consultants, Ltd. v. The Miller Group, et al**
      **Civil Action No. 2003-CV-3105**

Dear Mr. Shupenus:

We have been trading phone calls over the last week or so. Since we have had difficulty getting together on the phone to talk, I thought I would outline in writing my objections to the deposition notice you served under Fed.R.Civ.P. 30(b)(6), seeking to schedule the continuation of the deposition of Century Consultants, Ltd. on February 24, 2006 at your offices in Springfield, Illinois. I suggest we discuss these objections in an effort to resolve them, as we are required to do, without seeking the assistance of the Court. Please give me a call when you are available to talk.

My understanding, from a review of Judge Mills' Text Order denying your Rule 37 motion, is that Century is to produce a Rule 30(b)(6) designee to offer further testimony on the following topics contained in Exhibit "A" to your Rule 30(b)(6) notice dated February 2, 2005:

B.   Plaintiff's calculation and amount of damages regarding each Count of the Amended Complaint.

C.   (3)   The identity of each person who took part in obtaining copyright protection for any portion of Star_Base, together with all actions undertaken by each person.

In my letter to Mr. Manson of January 19, 2006, I offered to produce Mr. LaMantia (and/or an additional Rule 30(b)(6) designee) for further deposition testimony at my offices during the week of February 20th, or on February 27th or 28th. You thereafter served a new Rule 30(b)(6) notice on

**STARK&STARK**
A PROFESSIONAL CORPORATION

Robert Shupenus, Esq.
February 14, 2006
Page 2

January 30th, listing *thirteen* separate topics for the continued deposition, and seeking to continue this deposition at a different location – your offices – from where it began by agreement of the parties in January 2005. The following are my objections to this new Rule 30(b) notice:

1. *Location:* The parties agreed in January 2005 that the deposition of Century's Rule 30(b)(6) representatives would take place at my offices in New Jersey, and in fact that is where it was conducted. I see no reason why our agreement should change, simply because you filed an unsuccessful motion for Rule 37 sanctions. Judge Mills is permitting you to continue the same Rule 30(b)(6) deposition on certain topics, and my view is that it should continue on the same terms on which it was started. Nevertheless, because the topics (and, as I outline below, the time frame) are much more limited than the original deposition, I suggest we agree to either complete the deposition by telephone, or by videoconference link. I have the videoconference equipment in my office. Let me know if this is acceptable and I will reserve the equipment.

2. *Duration:* Fed.R.Civ.P. 30(d)(2) establishes a presumptive limit of 7 hours for a single deposition, and because the continuation of this same deposition is limited to only a fraction of the topics you originally listed, clearly the continued deposition should take far less than 7 hours. I recognize that you should have a fair opportunity to explore the topics, but my view is that we should agree on a presumptive time limit, subject of course to your right to ask the Court for additional time if you believe any of the conditions of Rule 30(d)(2) are met. My suggestion is that we agree on 2 hours as the presumptive limit.

3. *Topics:* As I advised you in my January 19th letter, my reading of Judge Mills' Text Order is that the continued deposition is limited to the topics listed above, specifically, B. and C.(3), because the Text Order permitted continued testimony on the issues of "damages" and "copyright", and these are the *only* topics relating to those issues you listed in your Rule 37 motion as topics on which Century's representative was allegedly unprepared. I understand you disagree, because you have now listed 13 topics in your latest notice. I reviewed your Rule 37 motion again, as well as your January 24, 2005 letter which preceded that motion, and the only arguments you made were that Mr. LaMantia was unprepared to testify on topics B., C.(3), D. and M. in your original notice. Although I believe Judge Mills' Text Order was limited to B. and C.(3), in the interest of reaching an accommodation without the need to disturb the Court, I am willing to produce a representative on all 4 of these topics you recited in your Rule 37 motion. However, I must object to your latest notice, which lists 9 additional topics which were never the subject of your Rule 37 motion (or of any complaint at all by you

**STARK&STARK**
A PROFESSIONAL CORPORATION

Robert Shupenus, Esq.
February 14, 2006
Page 3

    since the deposition was taken back in January 2005). Please let me know if this offer of accommodation is acceptable to you.

Notwithstanding these objections, Mr. LaMantia is available on the date you noticed – February 24th – and we are prepared to proceed on that date if we can resolve my objections. Accordingly, I will be prepared to make Mr. LaMantia (and any additional designees) available at my office on February 24th, provided that we can resolve my other objections before that date.

In addition, your recent e-mail indicates that you believe there are outstanding written discovery requests to which Century must still respond, but you did not elaborate further, and I am at a loss to understand what you are seeking. Please let me know so that I can address them before the close of discovery.

Finally, I wrote to you in November, asking you to withdraw certain objections you raised to Century's Third Request for Production of Documents, specifically, your refusal to produce documents relating to your client's settlement with its insurer in the related case *Cincinnati Insurance Company v. Springfield Public School District 186,* Civil Action No. 03-CV-3146, to which Century was a party. Please consider this letter our last good faith attempt to resolve those objections without seeking the intervention of the Court. Let me know by February 20th if you will withdraw your objections and produce responsive documents. Otherwise, we will proceed with a motion to compel.

I look forward to hearing from you.

Very truly yours,

STARK & STARK
A Professional Corporation

By:_____
    CRAIG S. HILLIARD
CSH/blj
c.:    Joseph E. LaMantia
    David Herman, Esq.
    Lance Jones, Esq.