EXHIBIT D



**Brown, Hay & Stephens, LLP**
LEGAL COUNSEL

FEB 2 2 2006

205 S. Fifth Street
Suite 700
P O Box 2459
Springfield, Illinois 62705
TEL 217 544 8491
FAX 217 544 9609
www.bhslaw.com

Robert M. Shupenus
rshupenus@bhslaw.com
Direct ext. 282

February 16, 2006

Craig A. Hilliard
Stark & Stark
P.O. Box 5315
Princeton, NJ 08543-5315

   **Re: Century Consultants, Ltd. V. The Miller Group, et al**
      **Civil Action No. 2003-CV-3105**

Dear Mr. Hilliard:

  Thank you for your February 14, 2006, letter. We would like to work out our discovery differences absent further court intervention. To that end, our responses to your objections are as follows:

  1. <u>Location</u>. We respectfully disagree with your position that we should have to travel to New Jersey a second time. Initially, since we were required to travel to New Jersey to take the deposition of Paul Lewis, we agreed to stay in New Jersey for the purpose of taking Century's Rule 30(b)(6) deposition. Keep in mind that Century implicitly agreed to produce witnesses to testify regarding the topics set forth in our Notice of Deposition but failed to do so. As a result, it was Century, not District 186, who failed to live up to the terms of our agreement. We did not agree to make two separate trips to New Jersey. We expect the corporate representative(s) to appear at our office pursuant to the latest Notice of Deposition.

  2. <u>Duration</u>. We expect the February 24, 2006 deposition to take less than seven hours, but the duration will hinge at least in some part on the corporate representative's forthrightness and knowledge. Assuming a reasonable level of cooperation, we doubt that the deposition will take more than four hours. However, Mr. LaMantia was quite evasive in the course of the first deposition, which caused it to last much longer than it should have.

  3. <u>Topics</u>. The topics set forth in our Amended Notice of Deposition all relate to issues of damages and copyright. If you believe that any of the topics set forth in Exhibit A of the notice do not relate to damages and/or copyright, please let us know which topics you find objectionable.



## Brown, Hay & Stephens, LLP
LEGAL COUNSEL

Craig A. Hilliard

                - 2                 February 16, 2006

4.     <u>Outstanding Written Discovery.</u>     In response to several of our discovery requests, you indicate the documents will be made available for inspection; however, we still have not received them.

5.     <u>Settlement Agreement with Cincinnati Insurance Company.</u>     District 186's settlement with Cincinnati Insurance Company is confidential. We cannot unilaterally waive confidentiality without violating the settlement agreement. If you believe that some basis exists for you to obtain the confidential settlement documents, you will need to proceed with obtaining an Order to that effect.

We look forward to proceedings with the deposition of Century's corporate representative on February 24, 2006. Please let us know if you have any questions.

                                                          Sincerely,

                                                          Robert M. Shupenus

RMS/ljs