## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| CENTURY CONSULTANTS LTD., <br><br> Plaintiff, <br><br> v. <br><br> THE MILLER GROUP, INC., JOHN G. MILLER, and THE SPRINGFIELD PUBLIC SCHOOL DISTRICT 186, <br><br> Defendants. | CIVIL ACTION NO. 03-CV-3105 |

### PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO THE MILLER DEFENDANTS' MOTION TO AMEND ITS ANSWER

Plaintiff, Century Consultants Ltd. ("Century"), respectfully submits this Memorandum of Law in opposition to the motion of defendants, The Miller Group, Inc. and John G. Miller (the "Miller Defendants") seeking leave to amend their Answer pursuant to Federal Rule of Civil Procedure 15(a). This Court should deny the Miller Defendants' motion on the basis of undue delay and prejudice to Century. The Miller Defendants have allowed 2 ½ years to pass without amending their Answer and offer nothing to explain that long delay, particularly where, as here, discovery has long since ended. Thus, their motion should be denied.

Century filed this action against the Springfield Public School District 16 and two other defendants, The Miller Group, Inc. and John G. Miller (the "Miller Defendants"). This lawsuit generally seeks damages and injunctive relief arising out of defendants' unlawful use of

Century's flagship student administration software product known as "Star_Base." Century filed this action in May 2003. Based on its claims, Century immediately secured a Temporary Restraining Order from this Court, enjoining defendants from the further sale of an infringing product known as "InfoSystems 3". That Temporary Restraining Order was turned into a preliminary injunction on consent, and the parties thereafter engaged in discovery concerning Century's myriad claims, which include direct copyright infringement, contributory and vicarious infringement, misappropriation of trade secrets, unfair competition and breach of contract.

Century filed an Amended Complaint on April 30, 2004 and the Miller Defendants filed their Answer (the "Answer") on May 17, 2004. The Miller Defendants now seek to amend paragraphs 2 and 11 of their Answer. In Paragraph 2, they seek to change their position on the propriety of this Court's jurisdiction from an admission to a denial. In Paragraph 11, they seek to change a portion of their previous admission to a denial.

Since the filing of the Answer 2 ½ years ago, the case has progressed significantly. Discovery has been conducted and completed and a Motion to Dismiss (filed by the School District but joined in by the Miller Defendants) has been denied. The paragraphs which the Miller Defendants seek to amend both relate to that motion, because the motion attacked jurisdiction on the basis of the allegation that Century's copyrights on which the lawsuit is based were not registered properly. In part, Century opposed the motion by pointing out that the Miller Defendants had waived any defenses to the validity or scope of the copyright registration, because they *admitted* that all of Century's Star_Base programs had been registered properly and that this Court had subject matter jurisdiction over the action. In fact, the Court's July 12, 2006 decision on the Motion to Dismiss suggests the validity of Century's position, but declined to

decide it because the Court ultimately rejected the defendants' jurisdictional arguments on the merits. (Decision, July 12, 2006 at 5, fn. 1).

However, the event most relevant to this motion is the passage of those 2 ½ years since the Miller Defendants admitted jurisdiction - an extraordinarily long time which has passed by during which the Miller Defendants could have amended their Answer (but inexplicably didn't). The parties have taken positions and briefed and argued motions based upon the admissions that the Miller Defendants have made. In its Motion for Leave to File a Memorandum of Law in reply to Century's opposition papers on the Miller Group's Motion to dismiss, the Miller Group once again states, ". . . Plaintiff copyrighted its Star_Base program and registered all of its source code of the menu program, which is an unpublished work." (Miller Defendants' Motion for Leave to File Reply Brief, June 12, 2006, at 2). The proposed Paragraph 11 now suddenly seeks to deny portions of the first part of that statement - that Century copyrighted its Star_Base program.

While the Miller Defendants are correct that leave to amend is normally freely given pursuant to Fed.R.Civ.P. 15(a), they neglect to mention the fact that such leave does not apply when there has been undue delay in seeking that amendment. See e.g. Foman v. Davis, 371 U.S. 178, 183 (1962). Century has expended resources and made arguments on the basis of the Miller Defendants' long-standing admissions. At this late date, it would constitute prejudice to allow the Miller Defendants to amend their Answer. Id. The Court should not allow the Miller Defendants to withdraw admissions that they made at the inception of the lawsuit when they have had the opportunity to withdraw them for 2 ½ years.

For the above stated reasons, the Miller Defendants' Motion to Amend should be denied.

        Respectfully submitted,

        CENTURY CONSULTANTS, LTD.,
        Plaintiff


        By:___s/Craig S. Hilliard_____
            One of its Attorneys

<u>Lead Counsel</u>
Craig S. Hilliard
STARK & STARK
A Professional Corporation
P.O. Box 5315
Princeton, NJ 08543-5315
(609) 896-9060

<u>Local Counsel</u>
David A. Herman
GIFFIN, WINNING, COHEN & BODEWES, P.C.
One West Old State Capitol Plaza
Myers Building - Suite 600
P.O. Box 2117
Springfield, IL   62705
(217) 525-1571