IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| CENTURY CONSULTANTS, LTD., | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 2003-CV-3105 |
| THE MILLER GROUP, INC., et al., | ) ) ) | |
| Defendants. | ) | |

**DEFENDANT SPRINGFIELD PUBLIC SCHOOL DISTRICT 186'S MEMORANDUM IN RESPONSE TO PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF SETTLEMENT AGREEMENT**

NOW COMES, Defendant, SPRINGFIELD PUBLIC SCHOOL DISTRICT 186 ("District 186"), through its counsel, Brown, Hay & Stephens, LLP, and hereby moves this Court for an Order denying the Motion to Compel of Plaintiff, CENTURY CONSULTANTS, LTD. ("Century"), and in support thereof states as follows:

### INTRODUCTION

Century moves to compel disclosure of a confidential settlement agreement between District 186 and Cincinnati Insurance Company ("Cincinnati") in respect to the case captioned *Cincinnati Insurance Company v. Springfield Public School District 186*, Civil Action No. 03-CV-3146. The settlement agreement, in pertinent part, provides as follows:

> This Agreement is and shall remain strictly confidential. Neither party shall make any disclosure of this Agreement or its terms to any person or entity, other than their lawyers, auditors, accountants and reinsurers, unless the parties otherwise agree in writing.

For the following reasons, Century's Motion to Compel Production of Settlement Agreement (the "Motion") should be denied.

# LAW AND ARGUMENT

**A.  Century failed to notify Cincinnati Insurance Company in advance of the Motion in violation of Federal Rule of Civil Procedure 37(a).**

FED. R. CIV. P. 37(a) provides as follows:

> **(a) Motion For Order Compelling Disclosure or Discovery.**
>
> A party, ***upon reasonable notice to other parties and all persons affected thereby***, may apply for an order compelling disclosure or discovery... .

FED. R. CIV. P. 37(a) (2006) (emphasis added).

Clearly, Cincinnati Insurance Company's interests in the preservation of confidentiality in respect to the settlement agreement with District 186 entitle it to "reasonable notice" in advance of Century's Motion under the plain language of Federal Rule 37(a). Century has offered no indication that it notified Cincinnati Insurance Company prior to filing its Motion and, therefore, the Court should deny the same.

**B.  Century's Motion is entirely devoid of any basis for a finding that the terms of the settlement agreement are relevant to the underlying litigation.**

Pursuant to FED. R. CIV. P. 26(b)(1), "[p]arties may obtain discovery regarding any matter, not privileged, *that is relevant* to the claim or defense of any party... ." FED. R. CIV. P. 26(b)(1) (2006) (emphasis added).

Century fails to set forth any basis that the confidential settlement agreement between District 186 and Cincinnati is relevant to the case at bar. Whether Cincinnati owed District 186 a duty to defend and/or indemnify it in this matter has no bearing on whether District 186 is liable to Century as set forth in the Amended Complaint. Indeed, Century does nothing but indicate that it desires a copy of the confidential settlement agreement.

In *AT & T Fiber Optic Cable Litigation*, the Court determined this very issue and refused to compel production of a confidential settlement agreement between a party and its insurers. *See* 2002 WL 1364157 (S.D. Ind.). In *AT & T*, the Plaintiff sought disclosure of a settlement

agreement reached between AT & T and several of its liability insurers. AT & T opposed production on the grounds that the terms of the agreement were confidential. *Id.* at *1. The terms of the settlement agreement provided that the insurance companies would not be subject to any potential liability contingent upon the outcome of the underlying case. *Id.* The Court found compulsory disclosure of a confidential settlement agreement inappropriate where "the settlement agreement itself does not impose on the insurance companies a contingent obligation to pay the costs of any judgment that might be entered." *Id.* at *2.

In the current matter, the settlement agreement between District 186 and Cincinnati provides as follows:

> District 186 agrees to drop any claim for insurance coverage from Cincinnati in connection with the Declaratory Judgment Action or the underlying dispute between Century and District 186, including but not limited to any cost of defense, judgment or settlement and any costs associated with the Declaratory Judgment Action or the appeal thereof.

Just as in *AT & T*, the Court should deny Century's Motion because the confidential settlement agreement between Cincinnati and District 186 "does not impose on the insurance compan[y] a contingent obligation to pay the costs of any judgment that might be entered." Moreover, "there is no apparent basis upon which the terms of the [settlement agreement] might arguably be admissible or lead to the discovery of admissible evidence." *AT & T*, WL 2002 1364157 at *2.

Century has effectively put District 186 in the position of choosing between satisfaction of Century's discovery request or compliance with the terms of the confidential settlement agreement with Cincinnati. Century offers no basis in either fact or law to circumvent the confidentiality provision of the settlement agreement and provides no argument or authority in support of its relevance to the underlying litigation. Century's Motion should, therefore, be denied.

**WHEREFORE**, Defendant SPRINGFIELD PUBLIC SCHOOL DISTRICT 186 respectfully requests the Court deny Plaintiff's Motion to Compel Production of Settlement Agreement, and award all other relief the Court deems proper.

**SPRINGFIELD PUBLIC SCHOOL DISTRICT 186, Defendant,**

By: ____/s/Almon A. Manson, Jr.____
One of Its Attorneys

**BROWN, HAY & STEPHENS, LLP**
ALMON A. MANSON, JR.
Registration No. 1756761
ROBERT M. SHUPENUS
Registration No. 6238096
205 S. Fifth Street, Suite 700
P.O. Box 2459
Springfield, IL  62705-2459
(217) 544-8491

**PROOF OF SERVICE**

I, the undersigned, hereby certify that on December 18, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the attorney of record:

Lance T. Jones
Law Offices of Lance T. Jones
1100 South Fifth Street
Springfield, IL 62703
ltj@warpnet.net

Craig Hilliard
Stark & Stark, P.C.
993 Lenox Drive
Lawrenceville, NJ 08648
chilliard@stark-stark.com

David A. Herman
Giffin, Winning, Cohen & Bodewes, P.C.
One West Old State Capitol Plaza
Myers Building – Suite 600
P.O. Box 2117
Springfield, IL 62705
dherman1@gifwinlaw.com

                                                              /s/Almon A. Manson, Jr.

**BROWN, HAY & STEPHENS, LLP**
ALMON A. MANSON, JR.
Registration No. 1756761
ROBERT M. SHUPENUS
Registration No. 6238096
205 S. Fifth Street, Suite 700
P.O. Box 2459
Springfield, IL 62705-2459
(217) 544-8491