IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| CENTURY CONSULTANTS LTD., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 03-3105 |
| | ) | |
| THE MILLER GROUP, INC., JOHN | ) | |
| G. MILLER, and SPRINGFIELD | ) | |
| PUBLIC SCHOOL DISTRICT 186, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

RICHARD MILLS, U.S. District Judge:

The Court now considers Plaintiff's Memorandum of Law in Opposition to The Miller Defendants' Motion to Amend its Answer.

**FACTS**

In May 2003, Century filed this action against the Springfield Public School District 16, The Miller Group, Inc. and John G. Miller (the "Miller Defendants") for the Defendants's unlawful use of Century's Star_Base" software program. Century filed an Amended Complaint on

1

April 30, 2004, and the Miller Defendants filed their Answer on May 17, 2004.  The Miller Defendants seek to amend ¶¶ 2 and 11 of their Answer.  In Paragraph 2, they seek to change their answer about the Court's jurisdiction from an admission to a denial.  In Paragraph 11, they seek to change a similar admission to a denial.

In the two and a half years since the Miller Defendants filed their Answer, Century has completed discovery.  It has also successfully opposed a Motion to Dismiss in which the Miller Defendants (via District 186's motion and memorandum) argued that the Court lacked subject matter jurisdiction ion because Century did not obtain a valid copyright for the software at issue.  Century opposed the motion, *inter alia*, by arguing that the Miller Defendants waived any defenses to the validity or scope of the copyright registration because they admitted that all of Century's Star_Base programs had been registered properly.  The Court's July 12, 2006, Order determined that subject matter existed, but—in deciding the issue on the merits—did not rule on Miller Defendants's alleged waiver.  See Order dated July 12, 2006, at p.5, fn.

1).

## ANALYSIS

Once a party files a responsive pleading, Federal Rule of Civil Procedure Rule 15(a) allows a party to amend its pleading only by leave of court. Id. The rule states that leave to amend shall be freely given "when justice so requires." Id. The burden is usually placed upon the party opposing the motion to demonstrate why the court should not permit the amendment. Foman v. Davis, 371 U.S. 178, 83 S.Ct. 227 (1962). Barring undue surprise or prejudice, leave to amend is usually allowed. Jackson v. Rockford Housing Authority, 213 F.3d 389 (7th Cir. 2000).

Century argues that it has expended resources and made arguments on the basis of the Miller Defendants's long-standing admissions. It contends that it would be prejudiced if the Miller Defendants were allowed to amend their Answer at this juncture—some two and a half years after admitting the relevant jurisdictional issues.

Leave to amend may be denied when a party has unduly delayed

seeking an amendment.  See Foman, 371 U.S. at 183.  However, despite the two and a half year lapse between the Amended Complaint and the Miller Defendants's Answer, the proposed amendments would not cause Century any real prejudice.  Century has already completed discovery as to subject matter jurisdiction and has repelled District 186's attempt to dismiss based on the copyright's alleged invalidity.  See Order dated July 12, 2006, at p.5, fn. 1.  Thus, Century would expend no additional resources if the proposed amendments were allowed.  Moreover, Century would not be surprised by the substance of the proposed amendments given District 186's denials and the fact that the Miller Defendants's defense strategy has been in lockstep with District 186 throughout the case.

Having said this, the Court cautions the Miller Defendants about future delays.  The Court will not tolerate future dilatoriness on this scale.  The proposed amendments should have been sought long before now.  Had Century suffered any genuine prejudice, the Court would have disallowed the proposed amendments.

**ERGO**, Defendants The Miller Group and John G. Miller's Motion for Leave to Amend Answer to First Amended Complaint Pursuant to Federal Rule of Civil Procedure 15(a) (d/e 157) is ALLOWED.

IT IS SO ORDERED.

ENTER: January 8, 2006

FOR THE COURT:

                                              s/ Richard Mills
                                              United States District Judge