**E-FILED**
Tuesday, 09 January, 2007  09:56:22 AM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## SPRINGFIELD DIVISION

| | | |
|---|---|---|
| CENTURY CONSULTANTS, LTD., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 03-CV-3105 |
| | ) | |
| THE MILLER GROUP, INC., JOHN G. | ) | |
| MILLER, and THE SPRINGFIELD PUBLIC | ) | |
| SCHOOL DISTRICT 186, | ) | |
| | ) | |
| Defendants. | ) | |

### **<u>FIRST AMENDED</u> ANSWER OF THE MILLER GROUP, INC. & JOHN G. MILLER TO FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**

Defendants, The Miller Group, Inc., ("MGI") and John  G. Miller ("Miller"), by their attorney, Lance T. Jones, Law Office of Lance T. Jones, amend their answer to Plaintiff's First Amended Complaint and Demand for Jury Trial as follows:

### NATURE OF ACTION

This is an action for copyright infringement under the Copyright Act of 1976, 17 U.S.C. §101 et seq., and for related claims for misappropriation of trade secrets, unfair competition under state law, tortious interference with contractual relations, and breach of a software license agreement.  The claims arise out of defendants' actions with respect to certain computer programs and associated educational software developed, owned and copyrighted by plaintiff and marketed and sold under the unregistered trademark "Star_Base."

**ANSWER:**    Defendants MGI and Miller admit that this is an action for purported copyright infringement under the Copyright Act of 1976, 17 U.S.C.

§101 *et seq.*, and for related claims for misappropriation of trade secrets, unfair competition under state law, tortious interference with contractual relations, and breach of a software license agreement. Defendants MGI and Miller deny the remaining allegations contained in Paragraph 1.

## JURISDICTION AND VENUE

2.     This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1331 and §1338(a) and (b), and exclusive jurisdiction pursuant to 28 U.S.C. §1338(a) with respect to the claims for copyright infringement. This Court has jurisdiction over all remaining state law claims pursuant to 28 U.S.C. §1367(a).

| **ANSWER:**     Defendants MGI and Miller deny the allegations contained in Paragraph 2.

3.     Venue is proper in this District pursuant to 28 U.S.C. §1391(b) and (c) and §1400(a).

**ANSWER:**     Defendants MGI and Miller admit the allegations contained in Paragraph 3.

## THE PARTIES

4.     Plaintiff, Century Consultants Ltd. ("Century"), is a corporation organized and existing under the laws of the State of New Jersey, and maintains a principal place of business at 150 Airport Road, Suite 1500, Lakewood, New Jersey 08701. Century is engaged in the business of developing and marketing computer programs and associated software under various trade names and/or trademarks, including but not limited to a set of educational software packages known as "Star_Base" and on which Century owns the copyrights.

**ANSWER:**    Defendants MGI and Miller are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 and deny those allegations on those grounds.

5.    Defendant, The Miller Group, Inc. ("MGI") is, upon information and belief, a corporation organized and existing under the laws of the State of Illinois, and which maintains a principal place of business at 1028 South 2nd Street, Springfield, Illinois.  Upon information and belief, MGI is engaged in the business of developing, marketing and servicing computer programs and software.

**ANSWER:**    Defendants MGI and Miller admit that MGI is a corporation organized and existing under the laws of the State of Illinois, and which maintains a principal place of business at 1028 South 2nd Street, Springfield, Illinois. Defendants MGI and Miller deny the remaining allegations contained in Paragraph 5.

6.    Defendant, John G. Miller ("Miller") is, upon information and belief, a citizen and resident of the State of Illinois, and the president of MGI.

**ANSWER:**    Defendants MGI and Miller admit the allegations contained in Paragraph 6.

7.    Defendant, The Springfield Public School District 186 (the "School District"), is the municipal school district serving the residents of Springfield, Illinois, with a business address of 530 West Reynolds Street, Springfield, Illinois.

**ANSWER:**    Defendants MGI and Miller admit the allegations contained in Paragraph 7.

## GENERAL ALLEGATIONS

8.      Century began as a sole proprietorship in 1976 and was incorporated in 1977.

> **ANSWER:**    Defendants MGI and Miller are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 and deny those allegations on those grounds.

9.      During the late 1970's and early 1980's, Century began the development of student administration computer software.  The goal was to license the developed software to schools for their use in coordinating different aspects of student administration.

> **ANSWER:**    Defendants MGI and Miller are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 and deny those allegations on those grounds.

10.     The development of this software led to the creation of an initial set of computer programs known as S.T.A.R.S., an acronym for "Student Academic Records System".  In 1983, the company applied for and received copyright registrations for the S.T.A.R.S. programs, including the source and object code of those programs.  The programs were registered as <u>unpublished</u> works because they were considered trade secrets of Century and were disclosed only to school district customers that executed license agreements.

> **ANSWER:**    Defendants MGI and Miller are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 and deny those allegations on those grounds.

11.　　In or around 1990, Century upgraded the S.T.A.R.S. student software platform, and renamed it "Star_Base." The Star_Base screens have been registered with the U.S. Copyright Office. The Star_Base source code has also been registered as an unpublished work. The effective date of the copyright registration is November 22, 1995.

> **ANSWER:**   Defendants MGI and Miller are without knowledge or information sufficient to form a belief as to the truth of the allegation that in or around 1990, Century upgraded the S.T.A.R.S. student software platform, and renamed it "Star_Base." Defendants MGI and Miller admit that Century registered or attempted to register a certain Star_Base menu program and certain source code of its menu program, which is an unpublished workthe remaining allegations contained in Paragraph 11, but deny that Century registered all of its source code, including derivative works..

12.　　Star_Base consists of a main menu program, which allows the licensed user to select from a variety of available sub-programs. The sub-programs are grouped and licensed to school districts as "modules". The modules which comprise Star_Base include among others grade reporting, academic history, student scheduling, and class attendance modules.

> **ANSWER:**   Defendants MGI and Miller are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 and deny those allegations on those grounds.

13.　　Over the years, Century has invested hundreds of thousands of dollars in the development of its student administration software.

**ANSWER:** Defendants MGI and Miller are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 and deny those allegations on those grounds.

14. Century licenses the Star_Base copyrighted software to school districts under a standard license agreement which contains strict confidentiality provisions. The license agreements prohibit the licensees from disclosing the source code of the Star_Base programs to any third party.

**ANSWER:** Defendants MGI and Miller are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 and deny those allegations on those grounds.

15. The School District in Springfield is one of many school systems to which Century licenses the use of the Star_Base programs. The School District has been a customer of Century's for several years under a written license agreement (the "License Agreement"). Among other provisions, the License Agreement recites in clear terms that the software package is the trade secret of Century, and prohibits the School District from disclosing the package to any third party.

**ANSWER:** Defendants MGI and Miller are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 and deny those allegations on those grounds.

16. Under the License Agreement, Century licensed Star_Base to the School District in exchange for an initial license fee and periodic maintenance fee payments.

**ANSWER:** Defendants MGI and Miller are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph

16 and deny those allegations on those grounds.

17.    In or around March 2002, Century was contacted by the School District, which advised Century that the School District wanted to cease its maintenance contract with Century for Star_Base.  Under the License Agreement, if the schools elect to go "off maintenance" (i.e. they elect to stop making periodic payments for support services), the district can still continue to use the software package, but it is no longer entitled to any updates nor is it entitled to receive any support.

> **ANSWER:**    Defendants MGI and Miller are without knowledge or information
>
> sufficient to form a belief as to the truth of the allegations contained in Paragraph
>
> 17 and deny those allegations on those grounds.

18.    Century thereafter learned that the School District had contracted with another company, MGI, to assist it in the design of a student software package.

> **ANSWER:**    Defendants MGI and Miller admit that Miller had a contract with
>
> the School District to assist with a design of a student software package, but are
>
> without knowledge or information sufficient to form a belief as to the truth of the
>
> remaining allegations contained in Paragraph 18 and deny those allegations on
>
> those grounds.

19.    In fact, MGI entered into at least two written agreements with the School District under which MGI contracted to provide certain software-related services and develop certain software products.  More specifically, on or about September 1, 1998, MGI (through Miller) and the School District entered into a contract under which MGI agreed to provide certain software development and/or web site development services to the School District.  On or about December 21, 1998, MGI (through Miller) and the

School District entered into a separate agreement under which MGI agreed to develop and implement a software system directly based upon, and using crucial components of, the Star_Base programs then in the School District's possession and use. Pursuant to that second agreement, the School District was to receive 10% of the revenues derived from the sale of the "new" software system, and related maintenance services, to any third parties. Upon information and belief, this "new" system became a product known as "InfoSystems 3", and as alleged below, this product infringes Century's rights in and to the Star_Base programs. Based on the agreement between MGI and the School District, the School District owns an interest in and to this product.

> **ANSWER:** Defendants MGI and Miller admit that The Miller Group entered into two written agreements with the School District, one on or about September 1, 1998 and the other on or about December 21, 1998, and admit that the terms of those agreements speak for themselves. Defendants MGI and Miller deny the remaining allegations contained in Paragraph 19 to the extent the characterizations of the agreements are inconsistent with their terms, and that the agreements infringe on Century's rights.

20.    MGI's website, www.miller-group.net, describes and advertises to the general public a product called InfoSystems 3. The InfoSystems 3 product is advertised on the website as an "online student information system", which is precisely the type of system Century licenses to the School District. MGI and Miller use a "demonstration program" as a general advertising and marketing tool to sell the infringing product, and they intend the widespread distribution of this "demonstration program" to the general public for the purpose of advertising the product's availability to potential customers.

Upon information and belief, the "demonstration program" is also displayed at trade shows. This "demonstration program" embodies and reflects elements of the Star_Base software which, as alleged throughout this Complaint, was and is an infringement of Century's copyrights. The mere display of this "demonstration program" to the general public as a tool to advertise the availability of the InfoSystems 3 product is itself an infringing act under federal copyright laws.

> **ANSWER:**    Defendants MGI and Miller admit that the website, www.miller-group.net, describes and advertises to the general public a product called InfoSystems 3. The InfoSystems 3 product is advertised on the website as an "online student information system."   MGI and Miller use a "demonstration program" as a general advertising and marketing tool to sell their product, and they intended the widespread distribution of this "demonstration program" to the general public for the purpose of advertising the product's availability to potential customers.   Defendants MGI and Miller deny the remaining allegations contained in Paragraph 20.

21.       In early February 2003, a Century employee received an unsolicited phone call from Don Randle, a former information technology employee of the School District. Randle informed Century that he was aware that the School District had retained MGI to write some front-end programs to interface with the Star_Base database, that he "knew for sure" that MGI was using Century's database structures, and that he was fairly certain that MGI was also using Century's scheduler program (a component of the Star_Base software).

> **ANSWER:**    Defendants MGI and Miller are without knowledge or information

sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 and deny those allegations on those grounds.

22.    Century also received an unsolicited phone call in February 2003 from Dave Williams, a current employee of the School District, who advised Century that MGI "stole" Century's software, and that MGI was well aware that Century's software was copyrighted.

**ANSWER:**    Defendants MGI and Miller are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 and deny those allegations on those grounds.

23.    Following these conversations, Mr. Williams mailed to Century a list of the table definitions from MGI's InfoSystems 3 product.  Upon comparing these definitions with Star_Base, Century has discovered that virtually all of the definitions were identical.

**ANSWER:**    Defendants MGI and Miller deny generally and specifically each allegation contained in Paragraph 23.

24.    Mr. Williams also mailed to Century the program listing from a portion of MGI's product – the "student scheduler".  Once again, in comparing this to Star_Base, Century has discovered that the code used in InfoSystems 3 has verbatim references to Century's Star_Base tables.

**ANSWER:**    Defendants MGI and Miller deny generally and specifically each allegation contained in Paragraph 24.

25.    Upon information and belief, in the course of copying substantial portions of the copyrighted source code, MGI and Miller have not only gained access to the

source code, they have physically removed copies of the programs from the licensee's premises for editing off-site. This is not only a violation of the License Agreement, it creates an imminent danger that the source code, which is a trade secret, will be disclosed to third parties who do not know the trade secret and who might be given a competitive advantage by learning it.

**ANSWER:**   Defendants MGI and Miller deny generally and specifically each allegation contained in Paragraph 25.

**COUNT I**
**(OPYRIGHT INFRINGEMENT)**

26.    Plaintiff repeats the allegations of the preceding paragraphs of the Verified Complaint as if set forth fully herein.

**ANSWER:**   In answering Paragraph 26, Defendants MGI and Miller restate and incorporate by reference their Answers to Paragraphs 1 – 25 as though fully set forth and make such answers a part hereof.

27.    As hereinabove alleged, Century is the owner of the copyrights to the Star_Base programs. The programs are covered by valid registrations, and the main menu screens for all of the modules bear a notice of copyright.

**ANSWER:**   Defendants MGI and Miller are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 and deny those allegations on those grounds.

28.    Defendants, MGI and Miller, had access to the Star_Base copyrighted programs, including the source code and object code of those programs.

**ANSWER:**   Defendants MGI and Miller are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph

28 and deny those allegations on those grounds.

29.     Defendants, MGI and Miller, have knowingly and willfully copied the copyrighted Star_Base programs, and have thereby created unauthorized derivative works.   Alternatively, MGI and Miller have unintentionally copied the copyrighted Star_Base programs, and have thereby created unauthorized derivative works.

**ANSWER:**    Defendants MGI and Miller deny generally and specifically each allegation contained in Paragraph 29.

30.     The derivative works, including MGI's "InfoSystems 3" product, are based on the copyrighted Star_Base programs, and are identical or substantially similar to the copyrighted programs in their literal code, in their structure, sequence and organization, and in various other respects.

**ANSWER:**    Defendants MGI and Miller deny generally and specifically each allegation contained in Paragraph 30.

31.     Century has lost and will lose license revenues for the Star_Base programs, and has sustained and will sustain damages as a result of defendants' aforesaid wrongful conduct and their marketing of any infringing products.  The defendants' aforesaid wrongful conduct has also deprived and will continue to deprive Century of opportunities for expanding its goodwill.

**ANSWER:**    Defendants MGI and Miller deny generally and specifically each allegation contained in Paragraph 31.

WHEREFORE,  Defendants MGI and Miller pray that this Court enter judgment in their favor and against Plaintiff Century, and award Defendants MGI and Miller costs of suit, and reasonable attorneys' fees as provided by 17 U.S.C. §505.

## COUNT II
## (CONTRIBUTORY INFRINGEMENT)

32.     Plaintiff realleges all of the foregoing allegations of the Complaint as if repeated herein verbatim.

   **ANSWER:**     In answering Paragraph 32, Defendants MGI and Miller restate and incorporate by reference their answers to Paragraphs 1 – 31 as though fully set forth and make such answers a part hereof.

33.     The School District knew, or should have known, of the continuing acts of infringement of MGI and Miller alleged above in the Complaint.

   **ANSWER:**     Defendants MGI and Miller deny generally and specifically each allegation contained in Paragraph 33.

34.     The School District has either intentionally or unintentionally induced, caused and/or materially contributed to the infringing conduct of MGI and Miller, and is therefore liable as a contributory infringer.

   **ANSWER:**     Defendants MGI and Miller deny generally and specifically each allegation contained in Paragraph 34.

   WHEREFORE, Defendants MGI and Miller pray that this Court enter judgment in their favor and against Plaintiff Century, and award Defendants MGI and Miller costs of suit, and reasonable attorneys' fees as provided by 17 U.S.C. §505.

## COUNT III
## (VICARIOUS INFRINGEMENT)

35.     Plaintiff realleges all of the foregoing allegations of the Complaint as if repeated herein verbatim.

   **ANSWER:**     In answering Paragraph 35, Defendants MGI and Miller restate

and incorporate by reference their answers to Paragraphs 1 – 34 as though fully set forth and make such answers a part hereof.

36.     The School District, at all relevant times herein, and under the aforementioned  agreements between MGI and School District, possessed the right, ability and authority to supervise MGI in MGI's performance under those agreements, including but not limited to the development, advertising and sale of the infringing product.

**ANSWER:**   The allegations contained in Paragraph 36 contain questions of law to which no answer is required.

37.     Under the aforementioned agreements, the School District held an obvious and direct financial interest in the exploitation of the infringing product, because the School District was entitled to 10% of the service revenues earned by MGI on the sale of the infringing product.  The School District is therefore liable as a vicarious infringer for the infringing conduct of MGI and Miller.

**ANSWER:**   Defendants MGI and Miller deny generally and specifically each allegation contained in Paragraph 37.

WHEREFORE,  Defendants MGI and Miller pray that this Court enter judgment in their favor and against Plaintiff Century, and award Defendants MGI and Miller costs of suit, and reasonable attorneys' fees.

### COUNT IV
### (MISAPPROPRIATION OF TRADE SECRETS)

38.     Plaintiff repeats the allegations of the preceding paragraphs of the Complaint as if set forth fully herein.

**ANSWER:**   In answering Paragraph 38, Defendants MGI and Miller restate

and incorporate by reference their answers to Paragraphs 1 – 37 as though fully set forth and make such answers a part hereof.

39.    The copyrighted Star_Base software is a trade secret of Century because it contains information, including source and object code, which is not generally known to the public or to other persons who can obtain economic value from its disclosure or use, is the subject of efforts by Century to maintain its secrecy, and derives independent economic value from not being generally known to the public or to the computer software industry.

**ANSWER:**    Defendants MGI and Miller are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 39 and deny those allegations on those grounds.

40.    Defendants knew or should have known that the information was a trade secret of Century, and that Century took steps to maintain that secrecy through its license agreements with customers.

**ANSWER:**    Defendants MGI and Miller are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 40 and deny those allegations on those grounds.

41.    Defendants, MGI and Miller, misappropriated Century's trade secrets in its copyrighted Star_Base software by acquiring those trade secrets when they knew or should have known that the trade secrets were being acquired from individuals or entities -- specifically, the School District -- who owed a contractual duty to Century to maintain the secrecy of its trade secrets or to limit their use, and by disclosing or using Century's trade secrets without its express or implied consent.

**ANSWER:**    Defendants MGI and Miller deny generally and specifically each allegation contained in Paragraph 41.

42.    The School District misappropriated Century's trade secrets by knowingly disclosing them to third parties - specifically, MGI and Miller – without the permission or authorization of Century.

**ANSWER:**    Defendants MGI and Miller deny generally and specifically each allegation contained in Paragraph 42.

43.    Defendants' conduct was knowing and willful and therefore justifies an award of punitive damages.

**ANSWER:**    Defendants MGI and Miller deny generally and specifically each allegation contained in Paragraph 43.

44.    By reason of the foregoing acts and conduct of defendants, Century will suffer irreparable harm and damage, which damage will be difficult or impossible to ascertain, and Century will be without an adequate remedy at law.

**ANSWER:**    Defendants MGI and Miller deny generally and specifically each allegation contained in Paragraph 44.

WHEREFORE,  Defendants MGI and Miller pray that this Court enter judgment in their favor and against Plaintiff Century, and award Defendants MGI and Miller costs of suit, and reasonable attorneys' fees.

## COUNT V
## (INTENTIONAL INTERFERENCE WITH CONTRACTUAL RELATIONS)

45.    Plaintiff repeats the allegations of the preceding paragraphs of the Complaint as if set forth fully herein.

**ANSWER:**    In answering Paragraph 45, Defendants MGI and Miller restate

and incorporate by reference their answers to Paragraphs 1 – 44 as though fully

set forth and make such answers a part hereof.

46.    The License Agreement between Century and the School District is a

valid and existing contract.

> **ANSWER:**    Defendants MGI and Miller are without knowledge or information
>
> sufficient to form a belief as to the truth of the allegations contained in Paragraph
>
> 46 and deny those allegations on those grounds.

47.    MGI and Miller knew of the existence of the License Agreement and the

confidentiality provisions thereof which prohibit the School District from disclosing the

copyrighted source code of the Star-Base programs to any third parties.

> **ANSWER:**    Defendants MGI and Miller deny generally and specifically each
>
> allegation contained in Paragraph 47.

48.    MGI and Miller wrongfully, intentionally and without justification caused

and induced the School District to breach the License Agreement by inducing the School

District to disclose or otherwise transfer to them the copyrighted source code of the

Star_Base software.

As a result of defendants' conduct, Century has been damaged.

> **ANSWER:**    Defendants MGI and Miller deny generally and specifically each
>
> allegation contained in Paragraph 48.

WHEREFORE,  Defendants MGI and Miller pray that this Court enter judgment

in their favor and against Plaintiff Century, and award Defendants MGI and Miller costs

of suit, and reasonable attorneys' fees.

**COUNT VI**

**(COMMON LAW UNFAIR COMPETITION)**

49.  Plaintiff repeats the allegations of the preceding paragraphs of the Complaint as if set forth fully herein.

**ANSWER:**    In answering Paragraph 49, Defendants MGI and Miller restate and incorporate by reference their answers to Paragraphs 1 – 48 as though fully set forth and make such answers a part hereof.

50.  The foregoing acts of defendants constitute unfair competition under the common law.

**ANSWER:**    Defendants MGI and Miller deny generally and specifically each allegation contained in Paragraph 50.

WHEREFORE,  Defendants MGI and Miller pray that this Court enter judgment in their favor and against Plaintiff Century, and award Defendants MGI and Miller costs of suit, and reasonable attorneys' fees.

**COUNT VII**
**(BREACH OF LICENSE AGREEMENT)**

51.     Plaintiff repeats the allegations of the preceding paragraphs of the Complaint as if set forth fully herein.

**ANSWER:**    Defendant MGI and Miller state that the allegations contained in Count VI are not directed at them, and, therefore, except as otherwise provided herein, Defendants MGI and Miller deny the allegations of Count VI and each of them.

52.     By  its actions and failures to act alleged above, the School District has breached the   License Agreement, and Century has been damaged.

**ANSWER:**    Defendant MGI and Miller state that the allegations contained in

Count VI are not directed at them, and, therefore, except as otherwise provided herein, Defendants MGI and Miller deny the allegations of Count VI and each of them.

WHEREFORE,  Defendants MGI and Miller pray that this Court enter judgment in their favor and against Plaintiff Century, and award Defendants MGI and Miller costs of suit, and reasonable attorneys' fees.

## FIRST AFFIRMATIVE DEFENSE
## TO ALL PURPORTED CLAIMS

Plaintiff Century's claims and each of them are barred by the doctrine of laches.

## SECOND AFFIRMATIVE DEFENSE
## TO ALL PURPORTED CLAIMS

The alleged acts complained of by Plaintiff in each claim were duly licensed by Plaintiff to the Springfield Public School District 186.  As an independent contractor of Springfield Public School District 186, Defendants MGI and Miller never deviated from the terms of such license.

## THIRD AFFIRMATIVE DEFENSE
## TO ALL PURPORTED CLAIMS

Defendants MGI  and Miller hereby adopt,  assert nd incorporate by reference any and all defenses that are or will be raised by Springfield Public School District 186 as if fully set forth herein.

|

|

|

## **DEMAND FOR JURY TRIAL**

Pursuant to Fed.R.Civ.P. 38(b), Defendants MGI and Miller hereby demand a

jury trial on all issues triable to a jury.

Respectfully submitted,
THE MILLER GROUP, INC. and
JOHN G. MILLER, Defendants

|                                    BY:_____
| S/LANCE T. JONES_____
|                                    LANCE T. JONES
                                        Attorney for Defendants, The Miller
                                        Group, Inc., and John G. Miller
                                       |
                                       |

Lance T. Jones
Law Office of Lance T. Jones
| 356 N. Walnut Street
| Rochester, IL  62563
| (217) 725-5011
| jones.lance@insightbb.com
| 1100 South Fifth St.
Springfield, IL  62703
(217) 523-2000
(217) 523-0132 (fax)

## **PROOF OF SERVICE**

Service of the foregoing document was made by mailing a copy thereof, in a sealed envelope, hand delivered, addressed to:

Almon A. Manson, Jr.
Brown, Hay & Stephens
205 S. Fifth Street, Suite 700
P.O. Box 2459
Springfield, Illinois 62705

David A. Herman
Giffin, Winning, Cohen & Bodewes, P.C.
1 W. Old State Capitol Plaza, Suite 600
P.O. Box 2117
Springfield, IL  62705-2117

and to the following by facsimile and by U.S. Mail addressed to:

FACSIMILE (609) 895-7395
Craig Hillard
Stark & Stark
I-295 @ Princeton Pike
993 Lenox Drive, Bldg. 2
Lawrenceville, NJ  08648

from the office of the undersigned this _____day of May, 2004.


_____                                    _____