E-FILED
Friday, 12 January, 2007 03:07:11 PM
Clerk, U.S. District Court, ILCD

STARK & STARK
A PROFESSIONAL CORPORATION
PO BOX 5315
PRINCETON, NJ 08543-5315
(609)896-9060
ATTORNEYS FOR PLAINTIFF

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**

CENTURY CONSULTANTS LTD.,

Plaintiff,

vs.

THE MILLER GROUP, INC., JOHN G. MILLER, and THE SPRINGFIELD PUBLIC SCHOOL DISTRICT 186,

Defendants.

Civil Action No. 2003-CV-3105

**PLAINTIFF'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION TO COMPEL PRODUCTION OF SETTLEMENT-RELATED DOCUMENTS**

Plaintiff, Century Consultants, Ltd. ("Century") respectfully submits this Reply Memorandum in further support of its motion to compel the production of the settlement agreement and related documents exchanged between defendant, Springfield Public School District 186 (the "School District") and its insurer, Cincinnati Insurance Company, resolving the action styled *Cincinnati Insurance Company v. Springfield Public School District 186*, Civil Action No. 03-CV-3146. The School District fails to provide a sufficient factual basis to support its arguments in opposition to this motion. Therefore, the Court should grant Century's motion and order production of the requested documents.

**A. Century Satisfied Rule 37(a) in Filing This Motion**

The School District first argues that Century failed to comply with Rule 37(a), which requires that reasonable notice be given to "other parties and all persons affected thereby" of the filing of a motion to compel discovery. The School District contends that this motion cannot be heard because Century did not give the other party to the settlement agreement – Cincinnati Insurance Company, a non-party in this lawsuit – notice of the filing of this motion. The meaning of the term "all persons affected thereby" in Rule 37(a) is, in the words of one of the leading commentators on federal practice, "obscure". *See* 4A Moore's Federal Practice (2d Ed.) ¶ 37.02(6) ("[N]ormally there is no one other than the deponent and the parties who would be affected"). Even so, the only apparent purpose of this requirement – to give those affected by the motion an opportunity to object to discovery – has been satisfied by the School District's opposition to disclosure of the settlement agreement. Because the School District and the insurer are the parties to the settlement agreement, the School District's objection to disclosure on the grounds of confidentiality achieves the purpose of the rule. Nothing would be gained from a denial of the motion on this ground, only to have it renewed after separate notice is given to the insurer. The School District's reliance on this hyper-technical argument should be rejected.

**B. Century's Motion Should Be Granted On the Merits**

The School District's substantive arguments rely exclusively on In re AT&T Fiber Optic Installation Litigation, 2002 WL 1364157 (S.D. Ind.). However, the School District's application of that case is not accurate. The district court in AT&T addressed a situation in which a party sought discovery of a confidential settlement agreement between an insurance company and the insured party regarding insurance coverage. Id. at *2. The court found that the agreement was

not discoverable in the underlying case if it was not relevant or if discoverability was not based on another specific rule. Id. The court stated that the application of Fed.R.Civ.P. 26(a) could make the agreement discoverable even if it was not relevant pursuant to the general discovery rules. Id. Rule 26(a) requires disclosure of the existence and contents of any insurance agreement that will hold liable an insurance company in the case of a judgment against the insured defendant. Id. In AT&T, therefore, discoverability turned on whether the insurance company agreed, as part of the settlement agreement, to be bound by a contingent obligation to pay a judgment. Id.

The School District's application of this finding here is flawed because it has not established that the settlement agreement at issue does not require Cincinnati to incur any obligation contingent on the outcome of the lawsuit. Such an obligation would establish Century's right to the settlement even pursuant to the School District's arguments. See Id. However, the School District never directly states that the settlement does not require a payment contingent on a judgment or settlement of the case currently before this Court. The settlement agreement could well provide for such contingency outside of the quoted portions. The School District selectively quotes a supposed "portion" of the agreement without disclosing the other terms. At the very least, the Court should require that the School District present the agreement for *in camera* review before ruling on the motion.

Even when the School District quotes the settlement agreement in its memorandum, it does not come close to establishing such a lack of a contingency, as the School District only quotes a small portion of the agreement. In fact, the only place that the opposition memorandum (submitted without supporting affidavits or citation to the record) contains such language is *within quotes of the AT&T case*. In short, the School District makes an argument that hinges on a

factual question but fails to assert any facts on the record or in its memorandum. The Court should therefore order the requested document production pursuant to Century's motion.

**CONCLUSION**

For the foregoing reasons, Century respectfully requests that the Court grant Century's motion to compel production of documents.

Respectfully submitted,

CENTURY CONSULTANTS, LTD.,
Plaintiff

By:__s/Craig S. Hilliard_____
One of its Attorneys

Lead Counsel
Craig S. Hilliard
STARK & STARK
A Professional Corporation
P.O. Box 5315
Princeton, NJ 08543-5315
(609) 896-9060

Local Counsel
David A. Herman
GIFFIN, WINNING, COHEN & BODEWES, P.C.
One West Old State Capitol Plaza
Myers Building - Suite 600
P.O. Box 2117
Springfield, IL 62705
(217) 525-1571

**PROOF OF SERVICE**

    I, the undersigned, hereby certify that on January 12, 2007, I filed this Motion and Memorandum of Law with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the attorney of record for Defendants:

Almon A. Manson, Jr., Esq.
Brown, Hay & Stephens
205 S. Fifth Street, Suite 700
P. O. Box 3459
Springfield, IL 62705-2459

Lance T. Jones, Esq.
Law Office of Lance T. Jones
1100 So. Fifth Street
Springfield, IL   62703

                                                    s/Craig S. Hilliard
                                                    CRAIG S. HILLIARD