**E-FILED**
Tuesday, 16 January, 2007  04:40:28 PM
Clerk, U.S. District Court, ILCD

**10**

E-FILED
Thursday, 13 July, 2006 08:47:21 AM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

CENTURY CONSULTANTS, LTD.,

    Plaintiff,

v.                                                      03-3105

THE MILLER GROUP, INC., JOHN
G. MILLER, and the SPRINGFIELD
PUBLIC SCHOOL DISTRICT NO.
186,

    Defendants.

## ORDER

RICHARD MILLS, U.S. District Judge:

    The Court now considers Defendant Springfield Public School District No. 186's, Defendant The Miller Group, Inc., and John G. Miller's Motion to Dismiss Amended Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(1).

## FACTS

    Plaintiff Century Consultants, Ltd. ("Century") developed Star_Base, a computer program that allowed schools to track various

aspects of students' education. In November 1995, Century submitted a 76-page menu program, redacted as to trade secrets, to the U.S. Copyright Office. After reviewing the materials and the accompanying application, the Copyright Office issued a copyright for the Star_Base program.

In March 2002, Century heard that the Defendants infringed or contributorily infringed on its Star_Base copyright. Protracted litigation ensued. In the latest stage of the litigation, the Defendants contend that Century's lawsuit should be dismissed under Federal Rule of Civil Procedure 12(b)(1) because Century did not hold a valid copyright. Alternatively, the Defendants contend that because Century's claims are based on infringement of unregistered derivative works of the Star_Base program, the Court lacks jurisdiction.

## STANDARD OF REVIEW

Where a defendant challenges the sufficiency of the allegations of subject matter jurisdiction in a Rule 12(b)(1) motion to dismiss, a district court must accept as true all well-pled allegations of a complaint, drawing

all reasonable inferences in the plaintiff's favor. See United Transp. Union v. Gateway Western Ry. Co., 78 F.3d 1208, 1210 (7th Cir. 1996). However, if the motion denies the truth of the jurisdictional allegations, a court may weigh the evidence in order to determine whether jurisdiction exists. See Bd. of Trs. of Pipe Fitters' Welfare Fund Local 597 v. Adams, 1998 WL 259543, No. 97 C 5592, at *2 (N.D.Ill. May 7, 1998). Thus, in the case of a factual attack, "the allegations in the complaint are not controlling and only uncontroverted factual allegations are accepted as true for purposes of the motion." Cedars-Sinai Med. Ctr. v. Watkins, 11 F.3d 1573, 1583 (Fed.Cir.1993) (internal citations omitted).

The plaintiff bears the burden of demonstrating subject matter jurisdiction. Sapperstein v. Hager, 188 F.3d 852, 855 (7th Cir. 1999). When a defendant moves for dismissal pursuant to Rule 12(b)(1), the plaintiff must support its allegations with competent proof of jurisdiction. See Thomson v. Gaskillwsa, 315 U.S. 442, 446 (1942). Competent proof is "proof to a reasonable probability that jurisdiction exists." See Target Market Publishing, Inc. v. ADVO, Inc., 136 F.3d 1139, 1142 (7th

Cir. 1998). A "district court may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." See Capitol Leasing Co. v. F.D.I.C., 999 F.2d 188, 191 (7th Cir.1993) (per curiam) (quoting Grafon Corp. v. Hausermann, 602 F.2d 781, 783 (7th Cir. 1979)).

## ANALYSIS

Ensuring the existence of subject-matter jurisdiction is a court's first duty in every lawsuit. See Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998). A federal district court has "original jurisdiction of any civil action arising under any Act of Congress relating to patents, plant variety protection, copyrights and trademarks . . . ." See 28 U.S.C. § 1338(a). In any action for copyright infringement under 17 U.S.C. 411(a), a plaintiff must show: "(1) ownership in the applicable copyright(s) and (2) unauthorized copying by the defendant of the constituent elements of the work that are original." See In re Aimster Copyright Litig., 252 F.Supp.2d 634, 648

(N.D.I11.2002) (citing <u>Feist Pub., Inc. v. Rural Tel. Serv. Co., Inc.,</u> 499 U.S. 340, 361, 111 S.Ct. 1282, 113 L.Ed.2d 358 (1991)).

Here, the Defendants make a two-pronged attack on the factual basis for jurisdiction'. <u>First,</u> they argue that Century did not properly register the Star_Base program with the U.S. Copyright Office in 1995. <u>Second,</u> the Defendants argue that this case should be dismissed because it pertains to derivative works that Century never registered (i.e. the client-server version and the web-based version of Star Base).

*A. Validity of Copyright*

As for the first argument, the Defendants contend that Century's failure to submit a complete copy of the original Star_Base source code with the U.S. Copyright Office voids Century's infringement claim. The Defendants attempt to support this proposition—sparsely laid out in a four sentence paragraph of their motion—by citing <u>Geoscan, Inc. of Texas v. Geotrace Technologies, Inc.,</u> 226 F.3d 387 (5th Cir. 2000). Had

---

Century asserts that Defendants The Miller Group, Inc. and John G. Miller are barred from arguing this point due to admissions they previously made. This assertion may hold weight, but the better course is to resolve the jurisdictional merits since those merits uniformly affect all three Defendants.

the Defendants done more than merely cite the Geoscan decision, they might have realized that it does not support their argument.

In Geoscan, the Fifth Circuit held that a registration of a copyright was incomplete because a party "had not submitted for deposit the *original* source codes for its software, instead [the party] had submitted later versions of source code." Id. at 393 (emphasis in original). Contrary to the Defendants' assertion, the case did not turn on the party's failure to submit a complete copy of the source codes. Rather, the submission of later versions of the codes instead of the original source codes was the claim's undoing.

Century submitted the original source codes for its Star_Base program when it registered the program with the U.S. Copyright Office in 1995. Although partially redacted, the 76 pages Century tendered were sufficient for the U.S. Copyright Office to issue a copyright. According to Century's highly experienced copyright attorney, these efforts satisfied the Copyright Office's Circular 61, a document that allows a party to deposit an amount of source code sufficient to identify the work that is

6

protectable under copyright law. The Defendants offer no law or opinion of comparable expertise to show that Circular 61 was not satisfied. Thus, the Court finds that Century has provided competent proof that it owns a copyright to the codes included in the original Star_Base program.

### B.    *Unregistered Derivative Works*

The Defendants' second argument contends that Century's suit should be dismissed because it pertains to unregistered derivative works. The Defendants are incorrect. "[W]here a preexisting work is registered, but the derivative work is not, a suit for infringement may be maintained as to any preexisting work, but not as to any element original to the unregistered derivative work." Video Pipeline, Inc. v. Buena Vista Home Entertainment, Inc., 275 F.Supp. 2d 543, 556 (D.N.J. 2003). Century's Star_Base program was a preexisting work that was properly registered in 1995. Any infringement of that program's original elements—i.e. its literal code, structure, sequence or organization—gives rise to a actionable claim. See Qad, Inc. v. ALN Associates, Inc., 770 F.Supp. 1262, 1265 (N.D.Il1. 1991). Because Century pled infringement in these

respects and its expert witness supported those allegations, the Court finds that Century has provided competent proof of this jurisdictional element.

## CONCLUSION

Based on the foregoing, the Court concludes that it has subject matter jurisdiction. Having made this finding, it is not necessary to consider any other issues raised by the parties.

Ergo, the Defendants' Motions to Dismiss Amended Complaint Pursuant to Rule 12(b)(1) (d/e 138 & 140) are DENIED.

IT IS SO ORDERED.

ENTER: July 12, 2006

FOR THE COURT:

                                          s/ Richard Mills
                                          United States District Judge