E-FILED
Tuesday, 06 March, 2007  04:32:36 PM
Clerk, U.S. District Court, ILCD

E

X

H

I

B

I

T

4



## AGREEMENT

Agreement entered into effective the 21st day of December, 1998, by and between **SPRINGFIELD SCHOOL DISTRICT NO. 186**, a body corporate and politic with principal offices at 1900 West Monroe, Springfield, Illinois ("District") and **THE MILLER GROUP**, with offices at 1028 S. Second St., Springfield, Illinois ("Miller"), WITNESSETH:

WHEREAS, District desires to develop a flexible and expandable internet-based information system that can be maintained on an economical basis; and

WHEREAS, Miller has the experience and expertise to design and guide the development of such system on a District-wide basis; and

WHEREAS, District desires to retain the consulting services of Miller to design and develop such system, and Miller is willing to perform such services in accordance with the terms and conditions hereinafter set forth.

NOW THEREFORE, in consideration of the mutual promises and covenants herein provided, the parties hereto agree as follows:

1. **Term of Agreement.**  This Agreement shall commence effective December 21, 1998, and shall remain in effect until such time as design, development and implementation of the aforesaid flexible and expandable internet-based information system (the "System") has been completed, unless this Agreement shall be earlier terminated pursuant to the provisions of Section 7 hereof.

2. **Scope of Services.**  Miller shall design and guide the development and implementation of the System to support District's faculty and staff for internal uses and to facilitate external access to specified data and information. Features of the System shall include: use of

existing data structures (Starbase); harvest of legacy data; use of existing computer equipment; ubiquitous access to information without regard to platform; low maintenance costs; flexible and expandable features; low cost development of new software for standards/benchmarks, instructional units, assessments, discipline and tracking of student files; availability of data and information for internal use of District and, in limited circumstances, for external access to specified data and information; District-wide access to software; lower District training costs. The system shall be Year 2000 compliant in all respects, and specifically shall function accurately and without interruption before, during and after January 1, 2000, without change in operation associated with the advent of the new century or other date-related events.

3.    **Independent Contractor.**    Such services hereunder shall be performed by Miller as an independent contractor, and nothing contained in this Agreement shall be construed or implied to create an employment, agency or partnership relationship. Neither party shall have the authority to agree or incur expenses on behalf of the other except as may be expressly authorized in writing. Miller shall not, nor shall any programmer, consultant or designer associated with Miller, be deemed to be an employee of District.

4.    **Compensation.**    On or about the effective date hereof, District shall pay Miller the sum of $10,000.00 to defray Miller's start-up costs for delivery of services hereunder. In addition, Miller shall bill District monthly for services rendered during the immediately prior month, and each bill shall:    identify by initials the person who is rendering services hereunder on behalf of Miller; summarize services rendered; identify the date and time increment for such services. All services shall be billed at a flat rate of $75.00 per hour, and District shall pay Miller for approved services within 30 days of receipt of each monthly statement.

5.    **District Provision of Hardware and Software.**    On or about the effective date hereof, District shall provide Miller with up to two Apple Macintosh G3 computers to act as servers

2

(one for data base application development and serving and the other for web connectivity serving), up to four Apple Macintosh G3 computers for desktop development and up to two Apple Macintosh G3 Power Computers. Upon issuance of a Certificate of Completion of the System by District, each such Apple Macintosh computer shall become the sole property of Miller. In the event this Agreement shall terminate prior to System completion, then Miller shall return each such Apple Macintosh computer to District.

District shall further acquire all necessary software to facilitate Miller's development of System applications hereunder, which software shall remain the sole property of District.

6.    **Termination of Consulting Services.**    District shall review development progress hereunder on a monthly basis, and shall have the right to terminate this Agreement at any time if it is not satisfied with development progress or the pace of System development. In the event District shall elect to terminate this Agreement, it shall give written notice to the Miller Group of its intention to do so at the address set forth above, and shall identify in such notice the reason or reasons for the proposed termination of services. Miller shall then have 30 days from the date of such notice to resolve to District's satisfaction any such identified reasons or problems with performance. If Miller is unable to resolve any such reasons or problems to District's satisfaction, then the Agreement shall terminate 30 days from the notice date and Miller shall be paid for all services rendered through the date of termination.

7.    **Non-Disclosure Agreement.**    Miller acknowledges that all personal information in respect to District students and their families and in respect to District employees and agents shall be considered confidential, and agrees that The Miller Group, its agents, employees and affiliates shall not disclose any such confidential, information to third parties without the prior written consent of District.

3

8.    **Ownership of Applications and Software Solutions.**    Any and all applications and software solutions developed hereunder shall be the property of Miller, provided, however, that Miller shall pay to District Ten Percent (10%) (or such other percentage fee as the parties shall negotiate to their mutual satisfaction on a case-by-case basis) of the service revenues generated by Miller for developing similar applications and software solutions and rendering the same or similar services to any third party.  For purposes of this section, "Miller" shall include any affiliated or successor enterprise or business.

9.    **Assignment.**    This Agreement shall not be assigned by either party without the prior written consent of the other party.

10.    **Governing Law.**    Any disputes or claims arising under this Agreement shall be governed by the laws of the State of Illinois.

11.    **Entire Agreement.**    This Agreement represents the entire agreement of the parties and it expressly supersedes all previous written and oral communications between the parties.  No amendment, alteration or modification of this Agreement shall be valid unless executed in writing by authorized signatories of both parties.

IN WITNESS WHEREOF, the parties hereto have caused this Agreement to be executed in duplicate counterpart original by their duly authorized representatives to be effective as of the date and year first above written.

THE MILLER GROUP,

By: _____

SPRINGFIELD SCHOOL DISTRICT
NO. 186,

By: _____

Attest:_____

December 16, 1998\mail\F:\WPWIN60\DIST186\GEN\MILLERGR.AGR

4