E-FILED
Tuesday, 06 March, 2007 04:54:52 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| CENTURY CONSULTANTS, LTD., | ) | |
| | ) | |
| Plaintiff, | ) | No. 2003-CV-3105 |
| | ) | |
| v. | ) | |
| | ) | |
| THE MILLER GROUP, INC., JOHN G. MILLER, and the SPRINGFIELD PUBLIC SCHOOL DISTRICT NO. 186, | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

### DEFENDANT SPRINGFIELD PUBLIC SCHOOL DISTRICT 186'S RESPONSE TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

**NOW COMES,** Defendant, SPRINGFIELD PUBLIC SCHOOL DISTRICT 186 ("District 186"), through its counsel, Brown, Hay & Stephens, LLP, and responds to the motion of Plaintiff, CENTURY CONSULTANTS, LTD. ("Century") for summary judgment pursuant to Fed.R.Civ.P. 56 and Local Rule 7.1(D)(2) as follows:

### INTRODUCTION

Century's motion relies upon material facts which were disproven in the course of discovery. Century ignores the testimony of its own witnesses which contradicts the factual basis for its motion. Just as it did when requesting emergency injunctive relief from the Court at the inception of this case, Century continues to advance arguments which have no basis in fact.

During nearly four years of litigation, District 186 has established that Century's cause of action is without merit. Century's claim is based on its allegation that District 186's Student Information System, which rightfully includes elements of Century's Star_Base product, is identical to the InfoSystems 3 software sold by Miller Group, Inc. ("MGI") to other school districts. Century continues to allege that elements of Star_Base exist within InfoSystems 3.

The evidence upon which it relies, however, is based on a comparison of Star_Base and District 186's Student Information System, rather than Star_Base and InfoSystems 3. Century's argument is incorrect because the parties agree that District 186 has never been precluded from use of Star_Base within District 186's Student Information System.

Nonetheless, Century continues to point to the existence of portions of Star_Base in District 186's Student Information System as evidence of wrongdoing on the part of District 186 and Miller. Neither the facts nor the law support Century's claim. Therefore, Century's Motion for Summary Judgment should be denied.

## RESPONSE TO CENTURY'S STATEMENT OF MATERIAL FACTS

A.   UNDISPUTED MATERIAL FACTS

District 186 concedes that the following paragraphs of Century's Statement of Material Facts are undisputed and material:

1. *Plaintiff, Century Consultants, Ltd. ("Century") developed a school administration software package named Star_Base. See Hilliard Dec. at Exhibit "1"; LaMantia Decl. ¶.*

3. *Century licensed Star Base to Defendant, Springfield Public School District 186 ("Springfield"). See Hilliard Decl. at Exhibit "2"; Magan Decl. at Exhibit "A".*

B.   DISPUTED MATERIAL FACTS

2. *Century holds a valid copyright for Star Base. See Hilliard Decl. at Exhibit 10.[1]*

District 186 disputes this fact to the extent it pertains to the version and elements of Star_Base to which Century's allegations of infringement pertain.

Century also admits that although its November 22, 1995 copyright certificate pertains to the "character-based" version of Star_Base, its infringement allegations pertain to the

---

[1] Although Century cites "Hilliard Decl. at Exhibit 10" in support of this contention, Exhibit 10 is the Court's July 13, 2006 Order.

subsequently created "client server" and "web-based" versions of Star_Base. (Second LaMantia deposition at pp. 9-10, 15.) Century also admits that the client server and web-based versions of Star_Base were unregistered derivative works of the copyrighted version of Star_Base. (Id., p. 14.)

4. *The terms of that licensing agreement included a strict confidentiality provision. See Hilliard Decl. at Exhibit "2"; Magan Decl. at Exhibit "A".*

The provisions referenced by Century pertain to agreements executed in February, 2001. Century claims, however, that the data structures allegedly copied existed within the original version of Star_Base acquired by District 186 in 1995. (Id. at pp. 9-14.) Those database structures are not referenced in the agreements cited by Century, but are the subject of a separate agreement between Century and District 186 dated January 25, 1995. ("Non-Disclosure of Business Information" agreement executed by LaMantia and Henry Stuckey dated January 25, 1995, attached hereto and incorporated herein as Exhibit A). District 186 was only obligated to maintain the confidentiality of Century's product for three years from the date of execution of the agreement. (Id.)

Century alleges that District 186 entered into contracts with Miller in September and December, 1998 which required Miller to use certain elements of Star_Base. (First Amended Complaint, paragraph 19.) Even if true, the January 25, 1995 agreement only prohibits District 186 from disclosing information about Star_Base until January 25, 1998. (Exhibit A.)

5. *Thereafter, Springfield resolved to engage another company, The Miller Group, Inc., to use elements of Star_Base and develop a new application based in part on Star_Base. See Hilliard Decl. at Exhibit "9".*

The agreement referenced by Century shows on its face that it was executed in 2001 (Declaration of Robert Magan, Exhibit A.) Century alleges, however, that District 186 engaged Miller in 1998. (First Amended Complaint, paragraph 19.) Therefore, the document cited

establishes that District 186 engaged Miller well before signing the license agreements referenced by Century, not afterwards.

> 6. *Springfield entered into a contract with the Miller Group whereby the Miller Group was required to use Star_Base to develop an application, and to share with Springfield any revenues from sales of that application to other school districts. See Hilliard Decl. at Exhibit 44711.*

Assuming Century intended to refer to the December 21, 1998 agreement between District 186 and Miller that is attached to the Hilliard declaration as Exhibit 7, that agreement does not state anything about Miller selling the same product installed at District 186 to other school districts. Rather, it appears that Century once again assumes that Miller sold a product to other school districts that is identical to District 186's Student Information System, but the contract referenced by Century does not support the erroneous assumption advanced by Century.

> 7. *Springfield personnel aided and supervised the Miller Group in the copying and repackaging of Star_Base. See Hilliard Decl. at Exhibit "3", Stuckey Dep. At T57-23 to T58-8; Hilliard Decl. at Exhibit "4"; Qualls dep. at T112-20 to T113-4;T114-4 to T115-20;T109-13 to T110-2; Hilliard Decl. at Exhibit "6", Choat Dep. at T59-14 to T61-4.*

Although Century claims District 186 personnel aided and supervised Miller in "repackaging" Star_Base, Century relies on deposition testimony that does not, in any manner, relate to the fact alleged. For example, the portion of the deposition transcript of Henry Stuckey cited by Century does not relate to District 186 employees aiding and supervising "in the copying and repackaging of Star_Base." Instead, it simply indicates that District 186 employee Mike Holinga was in charge of supervising Miller's work generally.

Similarly, Century relies on deposition transcript of District 186 employee Brent Qualls in support of the alleged fact, but the cited portion makes no support for a reference to Century's allegation. Instead, Century's first citation to Qualls' deposition pertains solely to the existence of a "T1" connection from Miller's offices to District 186's server. The second citation

references the extent of Miller employee William Choat's access to information on the server, and that Miller was developing a student administration software package to sell to other school districts. The third citation to Qualls' testimony indicates that Qualls physically worked in Miller's offices for approximately two years.

Century's citation to Choat's deposition is also unrelated to Century's factual claim. Instead, the portion of the transcript referenced by Century pertains to Choat's involvement in Miller's development of a "front end" application for District 186, and not InfoSystems 3. The citations offered by Century do not contain any evidence indirectly that District 186 employees "aided and supervised the Miller Group in the copying and repackaging of Star_Base." In fact, Choate testified he has never seen the code containing Star_Base. (Choate deposition at p. 49).

9. *Springfield stationed one of its employees at the Miller Group's offices to supervise and aid in the copying of Star Base. See Hilliard Decl. at Exhibit "4"; Qualls dep. at T109-13 to T110-2; Hilliard Decl. at Exhibit "3", Stuckey Dep. at T57-23 to T58-8.*

Again, Century's citations do not support its allegations. Century's citation to the Qualls' deposition transcript indicates only that Qualls worked at Miller's office for a period of time. The Stuckey deposition transcript citation merely indicates that District 186 employee Mike Holinga was responsible for supervising Miller's work. None of Century's citations provide any facts supporting Century's allegation of copying of Star_Base.

10. *Springfield set up a direct computer link between Springfield and the Miller Group over which the Miller Group, aided by Springfield employees, was able to access the entire Star Base program. See See Hilliard Decl. at Exhibit "4"; Qualls dep. at T112-20 to T113-4;T114-4 to T115-20; Hilliard Decl. at Exhibit "3"; Stuckey Dep. at T46-14 to T48-4.*

The evidentiary material cited by Century fails to support its purported statement of fact. The portion of the deposition transcript of District 186 employee Brent Qualls indicates that Choat possessed access to portions of Star_Base, but did not have the same level of access as

Qualls. (Qualls deposition, pp. 113-114). The Stuckey deposition transcript cited by Century reflects Stuckey's understanding that a connection existed between Miller's offices and District 186's server. Stuckey's cross examination, however, reveals that he is unaware of whether Miller or any of his employees ever viewed the Star_Base source code, and that he simply assumed that other elements of Star_Base were made available to Miller. (Stuckey deposition, pp. 119-20.) The facts cited by Century do not support its claim that Miller was able to access the entire Star_Base program.

> 11. *InfoSystems 3 contains verbatim copies of extensive portions of Star Base's literal code, database structures, and the overall structure, sequence and organization. See Hilliard Decl. at Exhibit "8".*

In support of this contention, Century cites the entire 75 page report of Paul G. Lewis. Lewis admits, however, that his report cannot be construed to indicate that substantial portions of source code from Star_Base were copied. (Lewis deposition, p. 177.) Furthermore, Lewis admits that the conclusions set forth in his report are based on his belief that certain source code he obtained from District 186 was actually Miller's InfoSystems 3 product. (Lewis deposition, pp. 31-33.) Lewis also admits that he is unsure of the basis for his understanding that the source code provided by District 186 was actually source code from InfoSystems 3 rather than the District's Student Information System. (*See* District 186's Statement of Undisputed Fact No. 81.)

### C. IMMATERIAL FACTS

> 8. *Numerous Springfield employees voiced continuing concerns over the legality of copying the copyrighted portions of Star_Base. See Hilliard Decl. at Exhibit "5"; Williams Dep. at T57-2 to T58-7; Hilliard Decl. at Exhibit "3"; Stuckey Dep. at T46-14 to T48-4.*

District 186 asserts that this alleged fact is immaterial for two reasons. First, the witnesses upon whom Century relies affirmatively state that they possess no knowledge

6

regarding the legality of District 186's actions. Stuckey testified that he did not know the terms of the agreement between Century and District 186 regarding confidentiality. (Stuckey deposition, pp. 143-44.) Williams also stated that his assumptions regarding his perception of impropriety concerning District 186's actions were unfounded. (Williams affidavit, paragraphs 24-29.)

Second, District 186 disputes Century's contention that any copyrighted portions of Star_Base were copied, as detailed in District 186's pending Motion for Summary Judgment and Memorandum in Support thereof.

> 12.  *Springfield and the Miller Group sold InfoSystems 3 to other school districts. See Hilliard Decl. at Exhibit "11".*

In support of this claim, Century cites a contract between Miller and Riverton Middle School. District 186 is not a party to the contract. Furthermore, there is no evidence whatsoever that any portion of Century's Star_Base software, protected or otherwise, exists within any software sold by Miller to Riverton Middle School.

D.  ADDITIONAL UNDISPUTED MATERIAL FACTS

District 186 adopts its Statement of Undisputed Facts set forth in its Memorandum in Support of its Motion for Summary Judgment as its Statement of Additional Material Facts herein. In addition:

105.  On or about January 25, 1995, Century and District 186 entered into a "Non-Disclosure of Business Information" agreement, wherein District 186 agreed not to disclose certain information about Century or its software for a period of three years. A true and correct copy of this agreement is attached hereto as Exhibit A. (Deposition of Henry Stuckey, p. 141.)

106.  Century admits that District 186 was entitled to continue to use Star_Base even after it ceased making maintenance payments to Century. (Deposition of Robert Magan, p. 111.)

107. Former District 186 employee Henry Stuckey testified that he was unaware whether the contract between District 186 and Century prohibited District 186 from having a business relationship with Miller as it relates to Star_Base. (Deposition of Henry Stuckey, p. 143.)

108. Stuckey testified that he has no knowledge whether InfoSystems 3 contains any source code from Star_Base. (Deposition of Henry Stuckey, p. 152.)

109. Stuckey testified that he is unaware of the portion of the Student Information System at District 186, if any, was developed by Miller. (Deposition of Henry Stuckey, pp. 158-59.)

110. Stuckey testified that he has no knowledge of whether any of Century's software is present in any of the software sold by Miller to other school districts. (Deposition of Henry Stuckey, p. 159.)

111. Century employee Robert Magan testified as follows in his discovery deposition:

> Q. *Okay. For instance, Williams indicates his interpretation of the license agreement, right?*
>
> A. *Yes.*
>
> Q. *Do you share Williams interpretation as he stated in this transcript?*
>
> A. *Well, the only thing that I would disagree with was I believe [Williams] was under the impression once you went off support, you were not allowed to use the product and that's not true. You're allowed to use the product if you're not on support. You just don't get support or upgrades of the product.*

(Magan deposition, p. 111.)

112. Magan also testified as follows in his discovery deposition:

> Q. Well, tell me this. Was it your understanding that District 186 could use Star_Base inasmuch as it would integrate with another non-Century system?
>
> A. Yes.
>
> Q. And so you didn't tell District 186 at that time that they couldn't follow through on that plan, right?
>
> A. What they were doing was perfectly acceptable under the license agreement.

(Magan deposition, p.70.)

113. Century's expert, Paul G. Lewis, reviewed the only "web-based" version (version 6i) of Star_Base and did not review the "character-based" version of Star_Base previously registered in 1995.

114. Lewis concedes that his report does not show copyright violations because he did not determine whether the allegedly copied portions of Star_Base were protected by copyright law. (Lewis deposition, p. 51.)

115. According to Century employee Robert Magan, District 186 did not obtain the "web based" version of Star_Base until late 2000 or early 2001. (Magan deposition, p. 58.)

## ARGUMENT

Century's allegations concerning a breach of the 2001 license agreement with District 186 do not support its motion for summary judgment. Specifically, the alleged conduct occurred in advance of the parties' execution of the 2001 license agreement and, therefore, provides no support for a claim of breach thereof. Additionally, Century is not entitled to summary judgment on its claims of copyright infringement. As set forth herein, discovery has established that the allegations presented by Century to the Court to obtain injunctive relief are untrue and are based

upon assumptions rather than facts. As a result, Century's Motion for Summary Judgment is without merit and should be denied.

I. SUMMARY JUDGMENT STANDARD

Summary judgment is improper unless the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law" See FED. R. CIV. P. 56(c); See also Ruiz-Rivera v. Moyer, 70 F.3d 498, 500-01 (7th Cir. 1995). The Court may only consider evidence that would be admissible at trial. See Stinnett v. Iron Works Gym/Executive Health Spa, Inc., 301 F.3d 610, 613 (7th Cir. 2002). The moving party bears the burden to offer sufficient documentary evidence to establish the absence of a material fact. See Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986). "Ultimately summary judgment is appropriate only if a reasonable jury could not return a verdict for the nonmovant." Narducci v. Village of Bellwood, 444 F.Supp.2d 924, 927 (N.D. Ill. 2006).

II. BREACH OF LICENSE AGREEMENT

As set forth in District 186's Memorandum in Support of its Motion for Summary Judgment, District 186 denies the allegations contained in Century's First Amended Complaint. Century is not, however, entitled to summary judgment regardless of the truth or falsity of the allegations contained in the First Amended Complaint.

Century bases its claim of breach on actions it alleges were undertaken by District 186 and Miller pursuant to two agreements executed on September 1, 1998 and December 21, 1998. (First Amended Complaint, paragraph 19.) he license agreement Century claims District 186 breached was, however, executed in February, 2001. (Declaration of Robert Magan, Exhibit A.) Therefore, even if Century could establish that District 186 took action inconsistent with the

terms of the 2001 license agreement, Century fails to allege in its Motion any facts indicating that such conduct took place after execution of the license agreement in 2001. To the contrary, Century concedes that the alleged contractual relationship between Miller and District 186 was initiated more than two years prior to execution of the 2001 license agreement. Century cannot under any circumstances maintain a claim for breach of an agreement based upon alleged conduct that occurred years before the agreement existed.

Century also fails to disclose that it entered into a separate contract with District 186 prior to the date the alleged breach of the 2001 license agreement occurred. On January 25, 1995, Century and District 186 executed an agreement entitled "Non-Disclosure of Business Information" that prohibited District 186 from disclosing, among other matters, Century's trade secrets for a period of three years. (Additional Undisputed Material Fact No. 105). Subsequent to January 25, 1998, District 186 did not have any obligation to protect any information obtained from Century. District 186 disputes Century's claims that District 186 disclosed any trade secrets, copyrighted material or other protected information belonging to Century. Even assuming, *arguendo*, that District 186 did make such disclosures, Century has failed to produce any evidence establishing that such conduct was prohibited by any agreement then in effect.

Century ignores the fact that the license agreement was executed over two years after District 186 and Miller began working together. Century also ignores the effect of the Court's November 18, 2005 Order granting District 186's Motion to Suppress. Each and every fact upon which Century relies in support of its claim of breach took place subsequent to secretly and illegally recording conversations with District 186 employee David Williams. Therefore, Century's reliance on facts constituting "fruit of the poisonous tree" is improper.

## III. COPYRIGHT INFRINGEMENT

District 186 denies that direct, contributory or vicarious copyright infringement alleged in Century's First Amended Complaint occurred and incorporates its Memorandum in Support if its Motion for Summary Judgment by reference herein. Despite the numerous undisputed facts submitted by District 186 demonstrating that an infringement did not occur, Century persists in its reliance on previously disproven assertions to support its claims.

Without citation to any specific finding by its expert witness, Paul G. Lewis, Century asserts that Lewis' report supports its assertion that Star_Base and InfoSystems 3 are substantially similar. Lewis, however, concedes that his report cannot be used as the basis for establishing copyright infringement. (Additional Undisputed Material Fact No. 119.) In fact, Lewis did not examine the copyrighted version of Star_Base. (Additional Undisputed Material Fact No. 118.)

Not only did Lewis limit his analysis to an uncopyrighted, non-registered version of Star_Base, he also incorrectly assumed that he was comparing this version of Star_Base with InfoSystems 3. Indeed, Lewis' analysis began with the assumption that InfoSystems 3 was installed and used by District 186 but possesses no basis for this conclusion. (District 186's Statement of Undisputed Material Facts, Fact No. 81.) Based on his incorrect belief that the data set produced by District 186 was a version of InfoSystems 3, Lewis utilized District 186's Student Information System and Miller's InfoSystems 3 software interchangeably when comparing them to Star_Base. (District 186's Statement of Undisputed Facts, Fact Nos. 80-84.)

Century's infringement claims cannot be maintained unless it can establish, *inter alia*, "substantial similarity" between Star_Base and InfoSystems 3. Century's expert does not know whether he was comparing Star_Base to InfoSystems 3 or District 186's Student Information

System. Therefore, his report cannot be used to substantiate Century's infringement claims. In fact, even though Century alleges in paragraph 25 of its First Amended Complaint that Miller copied "substantial portions" of the Star_Base source code, Lewis admits that his report cannot be construed to indicate that substantial portions of source code from Star_Base were copied. (District 186's Statement of Undisputed Facts, Fact No. 93; Lewis deposition, p. 177).

The error in Lewis' conclusion is best understood through examination and comparison of the facts set forth herein: Century admits that District 186 was entitled to use Star_Base in its Student Information System. (Additional Undisputed Material Fact No. 106.) Despite this admission, Lewis compared Star_Base to District 186's Student Information System to determine whether substantial similarities exist between the two systems. (District 186's Statement of Undisputed Facts, Fact No. 78.) If, as Century admits, it is acceptable for elements of Star_Base to exist within District 186's Student Information System, Lewis' discovery of elements of Star_Base in District 186's Student Information System is irrelevant to Century's copyright infringement claims. The only comparison that could support Century's claims would be between Star_Base and InfoSystems 3. It is undisputed, however, that Lewis compared Star_Base with District 186's Student Information System and InfoSystems 3 interchangeably. (District 186's Statement of Undisputed Facts, Fact Nos. 80-84.)

Assuming, *arguendo*, Lewis performed a proper comparison between Star_Base and InfoSystems 3, and found substantial similarities between the programs, such a conclusion would not be sufficient to support a finding of copyright infringement. As the Court stated in its July 12, 2006 Order denying District 186's Motion to Dismiss Pursuant to Rule 12(b)(1), Century's cause of action for copyright infringement of an unregistered derivative work must pertain to elements contained within the pre-existing version of Star_Base registered in 1995.

However, it is undisputed that Lewis did not review the registered "character-based" version of Star_Base. (Additional Undisputed Fact No. 13). Therefore it would be impossible for Lewis to determine that the allegedly copied elements of Star_Base exist within both the registered version and the previously unregistered derivative version.

### David Williams

Century's allegations of literal copying advanced at the inception of this case were entirely premised upon disproved and recounted assumptions of former District 186 employee David Williams. Despite this fact, Century continues to argue that it can prove literal copying of Star_Base source code. In stark contrast to the allegations of literal copying made by Century at the outset of this case, which were based solely on disproved and recanted assumptions of former District 186 employee David Williams, Century now makes the same claim without reference to any examples of literal copying. Instead, Century claims that employees of District 186 and Century admit that copying occurred, but ignores the unequivocal and sworn testimony of these employees indicating their lack of personal knowledge concerning the alleged conduct.

Century asserts that Williams provided Century with materials from InfoSystems 3, even though both the secret tape recording Century made of Williams' representations in this regard and his subsequent affidavit indicate that Williams did not know whether the materials were actually taken from InfoSystems 3. (District 186's Statement of Undisputed Facts, Fact Nos. 41, 42, 45, 47 and 56.) Under no circumstances can the facts upon which Century relies satisfy the requisite standard for summary judgment.

Century simply relies on testimony of District 186 employees who expressed "concern" that such copying might have taken place, but fails to point out that the same employees testified that their concerns were based on assumptions formed without any supporting factual basis. For

example, Williams testified that he believed InfoSystems 3 included portions of Star_Base, but that his assumption was incorrect. (District 186's Statement of Undisputed Facts, Fact Nos. 35-37, 47; Williams Affidavit paragraphs 24-29). Moreover, the secret recording indicates that Williams' concerns were based in part on his undisputedly erroneous belief that District 186 was prohibited from using Star_Base unless it continued making maintenance payments to Century. (District 186's Statement of Undisputed Facts, Fact No. 41.)

**Robert Magan**

Williams relayed his perception of District 186's contractual limitations to Century employee Robert Magan. Although Magan knew Williams' perception was incorrect, Magan simply allowed Williams to continue to believe that District 186 was engaged in wrongful conduct. (Additional Undisputed Material Fact No. 116.) Magan knew Williams did not have a correct understanding of the facts surrounding District 186's obligations to Century, yet relied on Williams as the only source for his belief that District 186 wrongfully disclosed Star_Base source code to MGI for use in InfoSystems 3. (District 186's Statement of Undisputed Facts, Fact No. 57.)

Century also relies on assertions contained in Magan's initial declaration that Magan subsequently testified are untrue. Specifically, in his declaration Magan asserts that former District 186 employee Don Randle told Magan he was "fairly certain" that Miller was "using" certain Star_Base components. (District 186's Statement of Undisputed Facts, Fact No. 59; Magan declaration, paragraph 7.) Magan subsequently testified that he merely "got the impression" from Randle that Miller was using Star_Base in its InfoSystems 3 product. (District 186's Statement of Undisputed Facts, Fact No. 60; Magan deposition, p.129.) In fact, Magan admits that Randle never told Magan that MGI was using Star_Base in the software Miller was

selling to other school districts. (District 186's Statement of Undisputed Facts, Fact. No. 61; Magan deposition, p. 130.)

### Henry Stuckey

Century also relies on certain "concerns" of former District 186 employee Henry Stuckey regarding the propriety of the relationship between District 186 and Miller, but ignores the fact that Stuckey admitted he did not know whether District 186's contract with Century prohibited such a relationship. (Additional Undisputed Material Fact No. 107.) Stuckey testified that he has no idea whether InfoSystems 3 contains any source code from Star_Base. (Additional Undisputed Material Fact No. 108.) Stuckey also testified that he believed InfoSystems 3 was installed at District 186, but he does not have any knowledge regarding what portion of District 186's computer system, if any, was developed by MGI or District 186. (Additional Undisputed Material Fact No. 109.) Stuckey is also unaware of whether any of Century's software is present in any of the software sold by MGI to other school districts. (Additional Undisputed Material Fact No. 110.)

### William Choat

Century's characterization of the deposition testimony of MGI employee William Choat is equally misleading and Century fails to indicate that it deleted significant text from purported quotes. Specifically, Century asserts that Choat "clearly states that he copied the Star Base data structures to develop InfoSystems 3." (Century's Memorandum in Support of its Motion for Summary Judgment, p. 11.) Century's assertion is patently false.

Choat did not testify that he copied Star_Base data structures to develop InfoSystems 3. Rather, Choat's testimony regarding his use of certain documents containing information about Star_Base pertains to MGI's development of a front-end application for District 186, not the

16

development of InfoSystems 3. Magan acknowledged that during the time District 186 was making maintenance payments to Century, District 186 informed Century that it was working with a consultant to integrate Star_Base with another system, and that Magan relayed this information to Century's marketing representative. (District 186's Statement of Undisputed Material Facts, Fact No. 67.) In fact, Magan testified that it was perfectly acceptable for District 186 to do so. (Additional Undisputed Material Fact No. 117.) Despite Magan's testimony, Century now claims that MGI's creation of the front-end program is the same as "[copying] Star Base data structures to develop InfoSystems 3." None of the evidence supports Century's novel claim in this regard.

## CONCLUSION

Century cannot establish a breach of the 2001 licensing agreement based upon actions which allegedly occurred before the agreement existed. Additionally, Century is not entitled to summary judgment on its copyright infringement claims. Century's reliance upon unsupported assumptions as evidence of direct copying of Star_Base is without merit. Moreover, Century's expert, Paul G. Lewis, rendered conclusions based upon incorrect assumptions concerning identification of the date submitted for analysis. *See* District 186's Memorandum in Support of its Motion for Summary Judgment, p. 30 (Document No. 172). Lewis further assumed that MGI's IS3 product was installed at District 186 and Century failed to inform him that District 186 was not prohibited from use of Star_Base in its own Student Information System. As a consequence, Lewis' conclusions are not an appropriate basis for Century's Motion for Summary Judgment.

Significantly, Century's Motion is entirely devoid of any evidence that the allegedly infringed elements of previously unregistered versions of Star_Base were contained within the

character-based version of Star_Base registered in 1995. Therefore, Century cannot establish the requisite copyright protection of the allegedly infringed material. As a consequence of the foregoing, Century's claims fail as a matter of law and its Motion must, therefore, be denied.

**WHEREFORE**, District 186 respectfully requests that the Court deny Century's Motion for Summary Judgment as to Liability and grant District 186's Motion for Summary Judgment against Century.

**SPRINGFIELD PUBLIC SCHOOL DISTRICT 186, Defendant**

By: /s/Almon A. Manson, Jr.
One of Its Attorneys

**BROWN, HAY & STEPHENS, LLP**
Almon A. Manson, Jr.
Registration No. 1756761
Daniel K. Wright
Registration No. 6284291
205 S. Fifth Street, Suite 700
P.O. Box 2459
Springfield, IL  62705-2459
(217) 544-8491

## PROOF OF SERVICE

I, the undersigned, hereby certify that on March 6, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the attorney of record:

Lance T. Jones
Law Offices of Lance T. Jones
1100 South Fifth Street
Springfield, IL 62703
ltj@warpnet.net

Craig Hilliard
Stark & Stark, P.C.
993 Lenox Drive
Lawrenceville, NJ 08648
chilliard@stark-stark.com

David A. Herman
Giffin, Winning, Cohen & Bodewes, P.C.
One West Old State Capitol Plaza
Myers Building – Suite 600
P.O. Box 2117
Springfield, IL 62705
dherman1@gifwinlaw.com



/s/Almon A. Manson, Jr.

3/6/2007 4:47 PM\MDB\F:\WORD\District 186\Century\3-6-07\Response to Pl's Motion 4 Summary Judgment.doc