STARK & STARK
A PROFESSIONAL CORPORATION
PO BOX 5315
PRINCETON, NJ  08543-5315
(609)896-9060
ATTORNEYS FOR PLAINTIFF

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**

| | |
|---|---|
| CENTURY CONSULTANTS LTD., <br><br> Plaintiff, <br><br> v. <br><br> THE MILLER GROUP, INC., JOHN G. MILLER, and THE SPRINGFIELD PUBLIC SCHOOL DISTRICT 186, <br><br> Defendants. | CIVIL ACTION NO. 03-CV-3105 |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AS TO LIABILITY**

NOW COMES the defendant, CENTURY CONSULTANTS LTD. ("Century"), by and through its attorneys and for its Reply Memorandum of Law in further support of Century's Motion for Summary Judgment, states as follows:

**PRELIMINARY STATEMENT**

Century seeks summary judgment as to liability on its claims for copyright infringement against defendants The Miller Group, Inc. and John G. Miller (the "Miller Defendants"), and on its claims for contributory infringement, vicarious infringement and breach of contract against defendant, Springfield Public School District 186 (the "School District").  In its opposition to the

motion, the School District fails to demonstrate the existence of any material issues of fact which warrant the denial of the motion.[1] Instead, the School District relies on the same tortured contention that Century "has it all wrong" because it is comparing the wrong software applications. As Century has pointed out in detail in its opposition to the School District's motion for summary judgment, it is the School District which "has it all wrong". The evidence[2] conclusively demonstrates: 1) that Century owns a valid copyright in the Star_Base software application, including the source code, database structures and the structure, sequence and organization of the application; 2) that in violation of the express terms of its license agreement with Century, the School District entered into a contract with one of Century's competitors which required that competitor to use Star_Base to develop a new application; 3) that the School District gave the competitor unfettered access to Star_Base including all of its source code; 4) that the School District intended and expected that this competitor would then take the new application and market it to other schools, all for the financial benefit of the School District; and 5) that the competitor successfully developed the new application, sold it to other schools, and this new application was substantially similar to Star_Base. These facts have not been refuted, and they show that the School District breached its contract, and that both the School District and the Miller Defendants violated Century's copyrights. Accordingly, Century is entitled to summary judgment as to liability for the School District's breach of its licensing

---

[1] Notably, the Miller Defendants failed completely to offer any substantive arguments or facts in opposition to that aspect of the motion addressed solely to them (the application for judgment on Count I of the Amended Complaint), choosing instead to rely solely on the School District's papers (even though the School District is not even named as a defendant on Count I).

[2] In this Reply, Century incorporates the facts contained in the documents submitted in opposition to defendants' motions for summary judgment.

agreement with Century, and the School District's and the Miller Defendants' infringement of Century's copyrights in the Star_Base software.

### RESPONSE TO THE SCHOOL DISTRICT'S "ADDITIONAL UNDISPUTED" MATERIAL FACTS[3]

105. Undisputed that Century and the School District executed a "Non-Disclosure of Business Information" Agreement, and that a copy of that agreement is attached to the School District's Memorandum of Law. Century disputes the characterization of that agreement and asserts that the document speaks for itself.

106. Undisputed that the School District was entitled to continue to use Star_Base (consistent with the terms of the existing license agreement) after it ceased making maintenance payments to Century. Century disputes, however, the statement to the extent it suggests that the School District could use Star_Base in any manner it saw fit. The School District was constrained by the express terms of its license agreements, which prohibited it from disclosing the software to a third party – The Miller Group – which copied and created an infringing work. *See* Declaration of Robert Magan (filed in connection with Century's opposition to defendants' motions for summary judgment).

107. Undisputed.

108. Undisputed.

109. Undisputed.

110. Undisputed.

---

[3] To the extent the School District relies on its Statement of Disputed Facts contained in its own motion for summary judgment, Century relies on and incorporates herein its response contained in its opposition papers on that separate motion. *See* Docket Entry #179, 180 and 181.

111. Undisputed.

112. Undisputed that the testimony is quoted accurately. Century disputes, however, the statement to the extent it suggests that the School District could use Star_Base in any manner it saw fit. The School District was constrained by the express terms of its license agreements, which prohibited it from disclosing the software to a third party – The Miller Group – which copied and created an infringing work. *See* Declaration of Robert Magan (filed in connection with Century's opposition to defendants' motions for summary judgment).

113. Undisputed.

114. Century submits that this statement is immaterial because Mr. Lewis is not proffered as an expert on what constitutes a violation of copyright law.

115. Undisputed.

## ARGUMENT

### I. THE UNDISPUTED FACTS DEMONSTRATE THAT THE SCHOOL DISTRICT BREACHED THE LICENSE AGREEMENT

The School District does not dispute Century's recitation of the basic elements of a breach of contract claim under Illinois law: (1) an offer and acceptance, (2) consideration, (3) definite and certain contractual terms, (4) the plaintiff's performance of his contractual obligations, (5) the defendant's breach of the contract, and (6) damages resulting from the breach. *See Green v. Trinity Intern. University*, 801 *N.E.2d* 1208, 1214 (Ill.App.2d 2003) (citing *Barille v. Sears Roebuck & Co.*, 682 N.E.2d 118 (Ill.App.3d 1997)). Nor does the School District dispute that a written license agreement existed, that Century performed under it, and that the confidentiality provisions in that

agreement were crystal clear in prohibiting the School District from turning over Century's software to unauthorized third parties without Century's permission:

> Licensee shall not use the package for the benefit of any other party, whether or not for a consideration; shall not sell, rent, loan, disclose, or otherwise communicate or make available the package, or any part or modification thereof to any person, and shall maintain the confidentiality of the package, unless otherwise agreed to by **CENTURY** in writing.

*See* Hilliard Decl. at Exhibit "2"; Magan Decl. at Exhibit "A".

Undisputed as well are the following facts: 1) numerous Springfield employees admit that Springfield gave the Miller Group direct access to Star_Base with the intention that Star_Base would be used to build a competing software package; 2) Springfield and the Miller Group entered into a contract that explicitly stated that Star_Base would be used to build a competing software package and that Springfield and the Miller Group would split the profits from the sale of that new software package (*See* Hilliard Decl. at Exhibit "2"; Magan Decl. at Exhibit "A"); and 3) the Miller Group did create and sell a competing software package (*See* Hilliard Decl. at Exhibit "11"). Again, none of these facts are seriously disputed.[4]

Instead of demonstrating the existence of disputed facts, the School District instead musters up only two desperate and disingenuous arguments. First, the School District contends that Century

---

[4] In fact, the School District's entire argument on the claim of unauthorized disclosure in breach of the license agreement consists of the following sentence: "District 186 disputes Century's claims that District 186 disclosed any trade secrets, copyrighted material or other protected information belonging to Century". *See* School District's Memorandum, at 11. Not surprisingly, the School District offers no factual support for this bald statement, nor can it, for the record is clear that it gave the Miller Defendants direct (and unauthorized) access to Star_Base. The Court need look no further than the detailed Star_Base data dictionary documents indisputably delivered by the School District to the Miller Defendants (and on which the Miller Defendants relied in creating the new software) to reach this inescapable conclusion. *See* Hilliard Decl., Exhibit "16", at 59-61, Exhibit "17" and Exhibit "18"; LaMantia Decl. ¶ 11.

5

is relying solely on a February 2001 license agreement, and that because this agreement post-dates the alleged infringement, the license agreement does not even govern. Indeed, the School District goes on to argue that a "Non-Disclosure of Business Information Agreement" dated January 25, 1995, actually controls, and that this agreement only prevented the School District from disclosing Century's Star_Base software to a third party for three years, or until January 25, 1998. *See* School District's Memorandum, at 3-4, 10-11. Therefore (according to the School District), because the Miller Defendants did not gain access to Star_Base until *after* the December 1998 agreement was signed, there can be no breach. The School District's argument is patently disingenuous. The School District well knows that the original license agreement between the School District and Century was entered into *in September 1995*. This original license agreement for the Star_Base software contained the *same* confidentiality provisions quoted above, and this license agreement was renewed at least twice by the School District as subsequent versions of Star_Base were released and licensed to the School District. That the School District is well aware of these facts can hardly be contradicted, because it has filed papers with this Court attaching all of the license agreements in connection with past motions. *See* Reply Declaration of Craig S. Hilliard, Exhibit "1" (Affidavit of Agnes Nunn). For the School District to now contend, in opposition to this motion, that no license agreement was in place before February 2001 is quite misleading.

The School District's only other argument is equally specious. It advances the same misguided contention made in support of its motion for summary judgment, that Century's breach claim fails because all of the evidence supporting it is "derived from" a tainted tape recording. Century has demonstrated, in its opposition to defendants' motions for summary judgment, the fatal flaws in the School District's "fruit of the poisonous tree" argument. *See* Century's Memorandum

of Law (Docket Entry #179). Because the School District has failed to demonstrate any genuine issue of fact for trial, Century is entitled to summary judgment on its breach of contract claim.

**II.     THE UNDISPUTED FACTS DEMONSTRATE THAT DEFENDANTS ARE LIABLE ON CENTURY'S INFRINGEMENT CLAIMS**

In its motion, Century demonstrated that it was entitled to summary judgment against the Miller Defendants on its direct copyright infringement claims. It demonstrated ownership of a valid copyright in Star_Base. Defendants' response fails to rebut the presumption of ownership which attaches to Century's registration certificate, and indeed this Court has already held that "Century has provided competent proof that it owns a copyright to the codes included in the original Star_Base program." Hilliard Decl. at Exhibit "10." Century further showed that the Miller Defendants had access to the copyrighted work, and that there are substantial similarities between Century's Star_Base and the Miller Defendants' InfoSystems3 in source code, in database structures and in the structure, sequence and organization of the programs. Once again, defendants' response fails to meet this evidence with any facts warranting a trial.

Similarly, Century's motion demonstrated that the undisputed facts proved that the School District had knowledge of the Miller Defendants' actions and indeed materially contributed to the infringing conduct, which establishes liability as a matter of law for contributory infringement. Moreover, Century has shown that the School District possessed the right and ability to supervise the infringing activity, and had a direct financial interest in the Miller Defendants' work, which establishes liability as a matter of law for vicarious infringement.

In the face of this overwhelming evidence on each of the elements of Century's infringement claims, the School District turns again to the same old worn out attack on Century's expert. The

School District argues that Century's expert compared the wrong data sources, and reached insupportable conclusions. *See* School District's Memorandum, at 12-14. As this Court has already concluded, Century's expert, Paul Lewis, justifiably relied on the representations of the School District and The Miller Group as to the data sets delivered in discovery to Century. The Miller Group provided Data Set 3 directly to Century in discovery in response to a request for a copy of the InfoSystems 3 application installed at the School District. *See* Hilliard Decl., Exhibit "23", at 137-139. To the extent, therefore, that the School District states or implies that Mr. Lewis' opinions and conclusions are flawed because he relied on the wrong data and/or made incorrect assumptions about the sources of the data, the statement is immaterial because the School District's arguments were already made and rejected by the Court following the *Daubert* hearing. *See* Order of March 21, 2006, at 5-6. The School District's remaining contentions in opposition to Century's motion are a resurrection of the same tired arguments which Century has already addressed in its opposition to the School District's motion. Defendants have failed to show that they are entitled to a trial on the infringement claims. Summary judgment in Century's favor is appropriate and warranted.

## CONCLUSION

For all of the foregoing reasons, Century respectfully requests that the Court grant Century's motion for summary judgment.

          Respectfully submitted,

          CENTURY CONSULTANTS, LTD.,
          Plaintiff


          By:___s/Craig S. Hilliard____
                One of its Attorneys

Lead Counsel
Craig S. Hilliard
STARK & STARK
A Professional Corporation
P.O. Box 5315
Princeton, NJ 08543-5315
(609) 896-9060

Local Counsel
David A. Herman
GIFFIN, WINNING, COHEN & BODEWES, P.C.
One West Old State Capitol Plaza
Myers Building - Suite 600
P.O. Box 2117
Springfield, IL   62705
(217) 525-1571

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on April 18, 2007, I filed this Memorandum and the accompanying Declaration with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the attorney of record for Defendants:

Almon A. Manson, Jr. Esq.
Brown, Hay Stephens
205 S. Fifth Street, Suite 700
P. O. Box 3459
Springfield, IL 62705-2459

Lance T. Jones, Esq.
Law Office of Lance T. Jones
356 N. Walnut Street
Rochester, IL   62563

          s/ Craig S. Hilliard
          CRAIG S. HILLIARD