UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| CENTURY CONSULTANTS, LTD., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| ) | No. 2003-CV-3105 |
| v. ) | |
| ) | |
| THE MILLER GROUP, INC., JOHN G. ) | |
| MILLER, and the SPRINGFIELD PUBLIC ) | |
| SCHOOL DISTRICT NO. 186, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANT SPRINGFIELD PUBLIC SCHOOL DISTRICT 186'S
REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT**

NOW COMES, Defendant, SPRINGFIELD PUBLIC SCHOOL DISTRICT 186

("District 186"), through its counsel, Brown, Hay & Stephens, LLP, and replies to the response

of Plaintiff, CENTURY CONSULTANTS, LTD. ("Century") to District 186's Motion for

summary judgment pursuant to Fed.R.Civ.P. 56 and Local Rule 7.1(D)(2) as follows:

REPLY TO ADDITIONAL MATERIAL FACTS ASSERTED BY CENTURY

1.    Undisputed.

2.    Undisputed.

3.    Undisputed.

4.    Undisputed.

5.    Disputed.  Century asserts that certain Star_Base "sub-programs" are "embodied

in the copyright registration below," but fails to identify which of the two separate

copyright registrations it claims encompasses these unnamed sub-programs.

Therefore, it is impossible for District 186 to distinguish between the elements of

Star_Base that may be subject to a copyright registration and those that are not. Hilliard Declaration Ex. 1 at paragraph 6.

6. Undisputed.

7. Disputed and immaterial. Century admits that it is not seeking damages based on revenues from customers allegedly lost due to the alleged infringement. District 186's Statement of Undisputed Facts, Fact No. 140.

8. Disputed and immaterial. Century's allegations of infringement do not pertain to the main menu program. Instead, Century alleges Defendants copied the Star_Base source code. First Amended Complaint, paragraph 25.

9. Disputed and immaterial. Century's agreements with other school districts are not at issue, and Century is not claiming to have incurred damages in that regard. District 186's Statement of Undisputed Facts, Fact No. 104.

10. Paragraph 10 does not contain an allegation as Century's Additional Material Facts are misnumbered.

11. The language cited is undisputed. The characterizations and interpretation are disputed as the document speaks for itself.

12. Disputed and immaterial. Whether Century was "careful" with respect to its licensing procedures is not a factual issue nor is it material. Rather, it is merely an opinion. Moreover, the only agreement disclosed by Century in effect at the time of the alleged infringement clearly provides that District 186 was bound to confidentiality for a period of three years only, which three years had expired by the time the infringement alleged by Century had occurred. District 186's Statement of Undisputed Material Facts, Fact No. 105.

2

13.   Disputed. District 186's Statement of Undisputed Material Facts, Fact No. 107.

14.   Disputed and immaterial. Century's claims do not relate or have any relevance to other school districts. Furthermore, the only agreement disclosed by Century in effect at the time of the alleged infringement clearly provides that District 186 was bound to confidentiality for a period of three years only, which period had expired by the time the alleged infringement occurred. District 186's Statement of Undisputed Material Facts, Fact No. 105.

15.   Undisputed.

16.   Undisputed.

17.   Undisputed that Miller agreed to pay 10% of service revenue to District 186. The remaining statements are disputed as the Agreement referenced speaks for itself. The characterization and interpretation of Hilliard Declaration Ex. 11 are disputed as the Exhibit speaks for itself.

18.   Disputed. Paragraph 3 of the agreement dated December 21, 1998, between Miller and District 186 clearly and plainly states that Miller is an independent contractor. December 21, 1998 Contract attached hereto as Exhibit "A."

19.   The content of the documents referenced are undisputed. The characterization and interpretation of the documents are disputed as the "outset" of District 186's relationship with Miller is reflected in the August 17, 1998 contract between them, which provides that District 186 engaged Miller for the purpose of "web site development and web server software implementation." District 186/Miller Contract dated August 17, 1998. District 186's Statement of Undisputed Material Facts No. 25.

20. Disputed. The contract states that the system developed for use by District 186 was to be used with existing Star_Base data structures, but does not state that Star_Base data structures were to be used for systems sold to other school districts. The content of the December 21, 1998 Contract is not disputed but the characterization and interpretation of the Contract is disputed. Exhibit "A."

21. Disputed. The contract does not state (or even "suggest" as Century attempts to assert) that Miller worked under District 186's supervision and/or control. Id.

22. Undisputed, but only to the extent Qualls worked with Miller to develop the new system for District 186, and not others.

23. Undisputed.

24. Undisputed, but only to the extent Qualls worked with Miller to develop the new system for District 186, and not others.

25. Disputed and immaterial. Whether the timeframe referenced by Century is "critical" is a matter of opinion, not fact. Furthermore, Century's statement of fact presupposes that Miller had equivalent access to that of District 186, which is in fact, not true. Qualls deposition, pp. 113-14, attached hereto as Exhibit "B."

26. Undisputed but immaterial. Both District 186 employees testified that although they were concerned about potentially running afoul of the license agreement, they were unaware of any violations. Specifically, Stuckey testified that he was and is unaware of whether Miller or any of his employees ever viewed the Star_Base source code, but rather simply assumed the same to be true. Stuckey deposition, pp. 119-20, attached hereto as Exhibit "C." Williams testified that he assumed Miller intended to market the same student information system it

4

developed for District 186 to other school districts, but that his assumption was and is incorrect.  Williams affidavit, paragraph 18.  Statement of Undisputed Facts Nos. 29-39.

27.   Undisputed but immaterial.  Whether Qualls was ever offered employment by Miller, or other employees subsequently worked for him is not, in any manner, relevant to this litigation.

28.   Disputed.  Magan testified that Randle never told Magan that Miller was using components of Star_Base in software Miller marketed to other school districts.  Magan conceded that the statement to the contrary in his declaration is untrue.  District 186's Statement of Undisputed Facts, Fact Nos. 61, 62.

29.   Disputed, but only to the extent Century's reference to "this new software" pertains to anything other than District 186's Student Information System.  Magan states that Randle never told Magan that Miller was using components of Star_Base in software Miller marketed to other school districts.  Id.

30.   Undisputed, but only to the extent that "precisely the type of system Century licensed to the School District" can be read in broad terms.  Magan testified that his use of this statement refers to online student information systems in general rather than exactly like Star_Base.  Magan deposition, pp. 131-32, attached hereto as Exhibit "D."

31.   Undisputed but immaterial.  The statements referenced by Century are not only unsworn, they were later recanted under oath.  Williams affidavit.  Statement of Undisputed Facts Nos. 29-39.

32.  Disputed.  Williams testified under oath that the materials he submitted to Century did not come from InfoSystems 3: "I sent Magan table definitions attached to his Declaration.  I obtained these definitions from District 186's student information system.  I did not obtain these table definitions from InfoSystems 3."  Williams affidavit, paragraph 27.  Statement of Undisputed Facts Nos. 29-39.

33.  Disputed.  Williams testified under oath that the materials he submitted to Century did not come from InfoSystems 3: "I sent Magan the program listing referenced in Magan's Declaration and attached thereto as Exhibit D.  I obtained the program listing from District 186's student information system.  I did not obtain these table definitions from InfoSystems 3."  Williams affidavit, paragraph 28.  Id. at 29-39.

34.  Undisputed.

35.  Undisputed.

36.  Disputed.  Hilliard Declaration Ex. 13 at 8, Ex. 14 at page M-4.  Additionally, disputed as to legal relationship.  See Item 18 above.

37.  Disputed.  Magan testified that the first version of Star_Base was created around 1990, and the second version was created around 1998.  Magan deposition, p.10.  The copyright registration certificate indicates that the copyrighted version was created in 1991.  Magan testified that only approximately five percent of the source code in the second version of Star_Base was contained in the first version.  Magan deposition, p. 63, attached hereto as Exhibit "E."

6

38.    Disputed. Lewis' findings were based on his assumption that District 186' Student Information System was InfoSystems 3. InfoSystems 3, however, was never installed at District 186. Qualls affidavit. Statement of Undisputed Facts Nos. 18-23.

39.    Disputed. Williams testified that he did not obtain the materials he sent to Century from InfoSystems 3. Williams affidavit. Statement of Undisputed Facts Nos. 29-39.

40.    Disputed. Lewis erroneously assumed that the tables he reviewed were from InfoSystems 3, but he was comparing Star_Base to District 186's Student Information System and InfoSystems 3 interchangeably. District 186's Statement of Undisputed Facts, Fact No. 87.

41.    Disputed. Century's statement regarding changes to the schema and logic flow is unaccompanied by any support or citation. With respect to Lewis' analysis, he is unable to verify that the comparison he performed was between Star_Base and InfoSystems 3 or, if instead, he compared Star_Base to District 186's Student Information System. Id., Fact Nos. 80-84.

42.    Undisputed.

43.    Disputed, but only to the extent Century's statement infers that the "new system" is InfoSystems 3 rather than District 186's Student Information System. The excerpt cited by Century specifically states that Choat used the referenced documents to develop a "front end" system. Choat did not testify that he used these materials to develop InfoSystems 3. Hilliard Declaration Ex. 16, at 59-61.

## ARGUMENT

Century's Response is replete with rule violations, inaccuracies, and misstatements. A substantial number of Century's responses contain argument rather than citations to facts of record. In the few instances where Century attempts to provide citations to facts, Century does so either through a broad and general reference to documents rather than specific facts therein, or by citation to facts which are not relevant to the facts identified by District 186. As a consequence, Century's Additional Material "Facts" do not, in any manner, establish any dispute of fact.

For example, District 186's Statement of Undisputed Facts includes the following:

> 21.    In November, 2000, District 186 notified Century that it was working with an outside consultant to write a "front-end" program to make District 186's system web-based. (Qualls affidavit, Paragraph 7).

> 22.    District 186 actually demonstrated the web-based version of its system to Century in November, 2000.    (Qualls affidavit, Paragraph 7).

In response to both facts, Century states:

> Disputed. *See* Declaration of Robert Magan.

Century's characterization of these facts as disputed is false. Not only does Century improperly reference the Magan declaration as a whole, rather than identify any fact therein with particularity, there is absolutely nothing contained in the declaration that can reasonably be read to call either fact into dispute.

Similarly, District 186's Statement of Undisputed Facts includes the following:

> 35.    At that time, Williams assumed that Miller intended to market the same student information system to other school districts that was being developed for District 186, but he had no first hand knowledge to support this assumption. (Williams affidavit, Paragraph 17).

8

Although this statement clearly relates to Williams' knowledge of Miller's intentions with respect to marketing to other school districts, Century disputes this fact by referencing 25 pages of Williams' deposition transcript. Nothing contained in the 25 pages is relevant to Williams' knowledge of Miller's intention to market anything to anyone. Century's citation to documents that fail to establish any basis upon which District 186's facts could be disputed is improper and misleading.

Century's unsupported statements regarding facts it claims are not in dispute are not only false, but indicate Century's disregard for the requirements of Local Rule 7.1, which requires litigants to provide factual support for statements made. Rather than respond to the substantial number of facts set forth in District 186's Statement of Undisputed Facts, Century presents legal arguments and fails to comply with Local Rule 7.1.

For example, Century claims that the affidavit of David Williams cannot be relied upon because statements therein conflict with Williams' prior deposition testimony.[1] In support thereof, Century relies on the holding in <u>Amadio v. Ford Motor Company</u>, 238 F.3d 919, 926 (7th Cir. 2001), wherein the Court addressed the propriety of a party's submission of a subsequent affidavit that conflicts with the party's prior deposition testimony.

Century's reliance on <u>Amadio</u> is misplaced. In <u>Amadio</u>, the Court held:

> It is by now well-settled that a party may not attempt to survive a motion for summary judgment by manufacturing a factual dispute through the submission of an affidavit that contradicts prior deposition testimony. Consequently, "[w]here a deposition and affidavit are in conflict, the affidavit is to be disregarded unless it is demonstrable that the statement in the deposition was mistaken, perhaps because the question was phrased in a confusing manner

---

[1] Century's response to District 186's Statement of Undisputed Facts, Fact Nos. 35-37, 41, 42, 44, 47 and 54.

or because a lapse of memory is in the circumstances a plausible explanation for the discrepancy."

Id., quoting Russell v. Acme-Evans Co., 51 F.3d 64, 67-68 (7th Cir.1995) (citing Slowiak v. Land O'Lakes, Inc., 987 F.2d 1293, 1297 (7th Cir.1993)).

Despite the clear holding in Amadio, Century fails to identify a single conflict between Williams' deposition testimony and his affidavit. Instead, Century repeatedly states: "that because the Williams affidavit on which the School District relies was prepared and executed after Williams gave deposition testimony on the same subject areas, the Affidavit is immaterial and inadmissible."

Century's erroneous interpretation and application of Amadio presupposes not only that Williams is a party to this case, but also that conflicts exist between his deposition testimony and his affidavit. If such conflicts existed, Century would certainly have identified them, but they do not. Indeed, while Century now claims that the Court should view Williams' affidavit "with great suspicion," it continues to ignore the fact that Century secretly tape recorded second-hand assertions made by Williams and converted them into a sworn statement it submitted to the Court for the purpose of obtaining injunctive relief. Century's argument in this regard is legally and factually flawed.

Century also fails to properly respond to District 186's Statement of Undisputed Facts as they pertain to the report of its expert witness, Paul G. Lewis. For example, District 186's undisputed fact numbers 80 and 81 are direct quotes from Lewis' deposition testimony, wherein he states that his analysis was premised on the mere assumption that InfoSystems 3 was installed at District 186. Century responds by stating that it is immaterial whether Lewis' opinions are based on flawed assumptions because the Court denied District 186's motion to exclude Lewis' testimony following the Daubert hearing.

10

Century's argument in this regard is clearly incorrect, as Lewis is not a fact witness. The Court's function at a <u>Daubert</u> hearing is to analyze whether the scientific methods used by a purported expert given a certain set of facts are valid. Century confuses the clear purpose of the Daubert hearing as it incorrectly assumes that the Court's acceptance of an expert's methodology is tantamount to acceptance of the underlying factual assumptions upon which the expert relies. Century fails to recognize the distinction between fact and opinion testimony and the purpose of <u>Daubert</u> hearings.

Unlike the admissibility standard governing fact witnesses, F.R.E. 702 and 703 do not require an expert witness to possess firsthand knowledge or observation. Instead, an expert witness is given wide latitude to offer opinions, even without the underlying firsthand knowledge required of fact witnesses. Such latitude results from the "assumption that the expert's opinion will have a reliable basis in the knowledge and expertise of his discipline. <u>Daubert v. Merrell Dow Pharmaceuticals, Inc.</u>, 509 U.S. 579, 592 (1993). To the extent Century relies on Lewis' opinion testimony to establish facts, it cannot do so, as F.R.E. 701 requires opinion testimony to only pertain to opinions or inferences which are based on the clear perception of the witness. <u>Anglin v. Sears, Roebuck and Co.</u>, 139 F.Supp.2d 914, 922 (N.D.Ill. 2001).

Century's expert's discipline is not related to assessing the credibility of secondhand assumptions relayed to him by Century. Rather, his discipline is the analysis of date presented to him. It is undisputed that an individual advised Lewis he was analyzing a version of InfoSystems 3 which was installed at District 186. He, therefore, incorrectly assumed InfoSystems 3 was installed at District 186. District 186's Statement of Undisputed Facts, Fact Nos. 80, 81. It is also undisputed that InfoSystems 3 was never installed at District 186. <u>Id.</u>, Fact No. 23. The fact that the Court concluded Lewis was justified in relying on the assumptions

11

he made in conducting his analysis certainly does not equate to a ruling that the assumptions are true as a matter of law. Rather, it simply means the Court believes it was reasonable for Lewis to rely upon the accuracy of the information provided for his analysis. Century's attempt to extinguish the underlying factual deficiencies in its case by utilizing the outcome of a Daubert hearing is incorrect and misleading.

## I. CENTURY'S UNDERLYING CLAIM OF INFRINGEMENT FAILS AS A MATTER OF LAW.

### A. THERE IS NO VALID EVIDENCE OF SUBSTANTIAL SIMILARITY BETWEEN STAR_BASE AND INFOSYSTEMS 3.

Century alleges that it "has submitted undisputed proofs that the Miller Defendants had full access to Star_Base, including the source code, and that elements of the Miller Group's InfoSystems 3 product are substantially similar to Century's copyrighted works." Century response, p. 39. Without any citation or support whatsoever, Century alleges no dispute exists regarding its contention that an employee of District 186 "worked directly with the Miller Defendants in using Star_Base to develop the software package that would become InfoSystems 3." Id. at 39-40. Century claims "that direct evidence of copying indeed exists on these facts, for the reasons outlined in its own moving papers for summary judgment." Id. at 39, footnote 2. Century further contends that there exists "verbatim identity" between at least portions of Star_Base and InfoSystems 3. Id. at 39, footnote 3.

Century, however, fails to identify any of the "undisputed proofs" to which it refers. Century cannot and does not identify a single element of Star_Base used to develop InfoSystems 3. Although Century once again claims to be able to show "direct evidence of copying," it still fails to provide any uncontested factual support for the proposition. Century is also unable and

does not present any facts establishing the existence of the "verbatim identity" it claims between Star_Base and InfoSystems 3.

As set forth in District 186's Memorandum in Support of its Motion for Summary Judgment, the dispute between the parties arose after former District 186 employee Dave Williams conveyed his belief to Century that he had obtained source code from InfoSystems 3 that was identical to Star_Base. Century's claim is based on documents it received from Williams which he obtained from District 186's computer system. Unless InfoSystems 3 was, in fact, installed at District 186, which it was not, the documents Century obtained from Williams cannot be used to demonstrate any similarity between Star_Base and InfoSystems 3. Similarly, if Lewis received data from District 186's computer system, such data could be used to establish similarities between Star_Base and InfoSystems 3 only if InfoSystems 3 was installed at District 186. InfoSystems 3 was not installed at District 186.

Both Williams and Lewis testified that they believed InfoSystems 3 was installed at District 186. Williams testified that he simply assumed that InfoSystems 3 was installed at District 186, but could not provide a basis for his assumption. Williams affidavit, paragraph 19. District 186's Statement of Undisputed Facts Nos. 29-30. Similarly, Lewis simply testified that someone told him InfoSystems 3 was installed at District 186. Deposition of Paul G. Lewis, p. 33, lines 13-18. District 186's Statement of Undisputed Facts No. 80. Despite the requirement of F.R.E. 701 that fact witnesses' testimony must be based on firsthand knowledge, Century offers nothing but assumptions regarding its contention that InfoSystems 3 was installed at District 186. Therefore, to the extent Lewis' analysis and comparison rests on the assumption that the data set provided by District 186 was actually a version of InfoSystems 3, Century's failure to present the Court with facts supporting this assumption is fatal to its claims.

In an effort to avoid the requirements of F.R.E. 701, Century contends that this Honorable Court's March 21, 2006 Order requires that Lewis' assumption must be accepted as true. The excerpt of the Order cited by Century is, however, inconsistent with Century's interpretation. The Court stated: "Lewis could reasonably assume that the data sets came from the Defendants." The issue of whether the data sets came from the defendants is not material to District 186's Motion for Summary Judgment. Although the Court ruled that Century could submit Lewis as an expert witness, the Order does not change the fact that Lewis admitted under oath that the basis for his belief that InfoSystems 3 was installed at District 186 was that he simply heard it from someone, and it was possibly Century's attorney. Undisputed Fact Nos. 80, 81. Consistent with the holding in Daubert, the Court's Order centers on whether Lewis was entitled to believe what he was told regarding the data he examined and compared, not whether the Court must ultimately accept the same information to be true. Indeed, this Honorable Court ruled: "Among the data sets [delivered by Miller and District 186] was the source code for the InfoSystems 3 software that The Miller Group developed and marketed." Inherent in the Court's Order is the fact that not all of the data sets tendered by the defendants to Lewis contained InfoSystems 3. Century, however, seems to assert the clearly incorrect position that the Order extinguishes the issue of whether Lewis compared Star_Base to InfoSystems 3, or if he instead compared Star_Base to Star_Base contained in District 186's Student Information System. In this regard, Century mischaracterizes the Court's Order.

Clearly, InfoSystems 3 was never installed at District 186. It is uncontested that the documents submitted by Williams to Century came from District 186's computer system. Clearly, Century's many representations to the Court that documents obtained from District

186's computer system establish that elements of Star_Base existed within InfoSystems 3 are not only unfounded, but false.

### B.    CENTURY HAS NO VALID CLAIM FOR CONTRIBUTORY INFRINGEMENT

Miller and District 186 entered into a contract wherein Miller agreed to develop a system for District 186 that would allow District 186 to continue to utilize the Star_Base software it had already purchased and was entitled to use. District 186's Statement of Undisputed Facts No. 26. The contract also provided that Miller would develop a new product for sale to third parties, and that District 186 would share in the profits. Id.

Based on that contract, Century concludes that District 186:

> knowingly and intentionally entered into a contract with the Miller Defendants under which the School District *required* the Miller Defendants to develop a student administration product which *used* Century's Star_Base source code. In fact, that requirement was *written into the contract itself.*

Century response, p. 43 (emphasis theirs).

Century's use of emphasis in the foregoing appears to be for the purpose of establishing the erroneous proposition that the Defendant's conduct was wrongful. Clearly, however, the contract does not, under any circumstances, contain any terms requiring Star_Base to be used in InfoSystems 3. Instead, the contract provides that District 186's new system (not InfoSystems 3) will continue to incorporate the existing Star_Base data structures which, of course, District 186 was entitled to use.

Contrary to Century's argument the contract does not contain the terms Century suggests. In order for Century's argument to be correct, one must first assume that District 186's new system is the same as InfoSystems 3. It is undisputed, however, that this is not the case. Indeed,

15

the Court recognized this in its March 21, 2006 Order, wherein it distinguished between data sets containing InfoSystems 3 and the other data sets.

Century's position is clearly erroneous given that Century admits District 186 informed Century that District 186 had hired a consultant to make modifications to Star_Base. Undisputed Fact Nos. 66, 67. Century never objected to District 186's continued use of Star_Base. In fact, Century admits that District 186 was <u>entitled</u> to continue to use Star_Base even after it ceased making maintenance payments to Century. Declaration of Robert Magan, paragraph 5.

Now, however, Century erroneously attempts to characterize the agreement between District 186 and Miller as an agreement that provides for Star_Base to be used in InfoSystems 3 rather than in District 186's new system. There is absolutely nothing in the contract which supports this contention. The contract mentions Star_Base only in respect to the system Miller agreed to develop for District 186, but does not state in any manner that Star_Base would be used in Miller's separate InfoSystems 3 product. As a consequence, Century's claim of contributory infringement fails as a matter of law.

C.     CENTURY HAS NO VALID CLAIM FOR VICARIOUS INFRINGEMENT

Century pled that defendants copies "substantial portions" of the Star_Base source code. First Amended Complaint, paragraph 25. In fact, Century continues to claim that it has direct evidence of such copying. Century's Memorandum of Law in Support of Application for Order to Show Cause with Temporary Restraints and Expedited Discover, p. 9. Century's argument regarding its ability to show vicarious infringement is flawed. Century claims that the December 21, 1998 contract between Miller and District 186 "demonstrates that the School District had the 'right and ability' to supervise the development of the infringing software." Century response, p. 45. There is absolutely no language in the contract that can reasonably be interpreted to grant

16

District 186 such control. Instead, the contract upon which Century relies states unequivocally that Miller is an independent contractor of District 186. District 186's Response to Century's Statement of Additional Undisputed Material Facts, Fact No. 18.

## II. CENTURY CANNOT DEMONSTRATE THE EXISTENCE OF ANY GENUINE ISSUE OF MATERIAL FACT INDICATING THAT A SUBSTANTIAL PORTION OF STAR_BASE WAS COPIED.

Century maintains that literal copying occurred, but to date has failed to identify the literal copying of Star_Base it alleged in its First Amended Complaint. Century admits that it "clearly pled infringement claims" based on literal copying, but that "defendants are just plain wrong in contending that Century must prove literal copying of program code to prove a case of infringement." Century response, p. 47. Century also advised the Court that it possessed direct evidence of copying, but its expert witness could not identify it. District 186's Statement of Undisputed Facts, Fact Nos. 68, 93; See also Century's responses to same.

Century states in its Response that: "because the IS3 software application was written in a different programming language from Star_Base, literal identity was difficult to determine (much like comparing English text against its French translation)...." On page 39 of its response, however, Century argues: "Here, the striking similarities—indeed, verbatim identity—between at least portions of the InfoSystems 3 program and Century's copyrighted programs obviates the need to show access." Century neither identifies the manner in which literal copying occurred and furthermore fails to provide any evidence supporting the claim. Century relies on its expert witness to support its claim that Miller copied substantial portions of Star_Base in the development of IS3. The expert admits, however, that his report cannot be construed in such a manner. District 186's Statement of Undisputed Facts, Fact No. 93. Instead, the only evidence

17

of any kind presented by Century to show copying of substantial portions of Star_Base is the unsworn assumption of David Williams that he subsequently recanted under oath.

## III.    CENTURY CANNOT DEMONSTRATE DAMAGES.

Pursuant to the Copyright Act, 17 U.S.C. 504(a), damages for infringement are recoverable as follows:

Except as otherwise provided by this title, an infringer of copyright is liable for either --

> (1)    the copyright owner's actual damages and any additional profits of the infringer, as provided by subsection (b); or
>
> (2)    statutory damages, as provided by subsection (c).

As set forth in District 186's Memorandum in Support of its Motion for Summary Judgment, Century's response to District 186's argument regarding damages is virtually identical to those advanced by unsuccessful litigants in the authority previously cited by District 186 in support of its argument. For example, Century makes no response whatsoever to District 186's reliance on Fox Controls, Inc. v. Honeywell, Inc., 2005 WL 1705832 (N.D.Ill.), wherein the Court addressed the propriety of the precise method upon which Century relies to demonstrate damages. Indeed, Fox Controls is applicable to the facts presented here. Apparently, Century elects to ignore the rule of law set forth therein, to wit: a plaintiff claiming damages for copyright infringement bears the burden of establishing a nexus between profits and the purported infringement. Id. at *8.

Century claims that the required nexus between the alleged infringement and its damages is demonstrated through Miller's gross revenue figures. Also, for the first time in any pleading, Century alleges that damages can be demonstrated by the amount paid by District 186 to Miller for development of the software. Century asserts that District 186 "utterly fails to explain why this is not a sufficient 'nexus' between the damages and the infringement…" when, in fact, it is

18

Century's burden to establish the nexus, which it has failed to do. Century response brief at p. 50. Not only does Century blatantly ignore the rule of law that it is Century's burden to demonstrate the required nexus, but it also ignores well established law that merely setting forth an alleged infringer's gross revenue is simply not sufficient. Century makes no attempt to distinguish Fox Controls from this matter. Century does, however, attempt to distinguish the facts presented here from Andreas v. Volkswagen of America, Inc., 336 F.3d 789 (8th Cir. 2003) and Polar Bear Productions v. Timex Corporation, 384 F.3d 700 (9th Cir. 2004). Century contends that Andreas and Timex involve claims of indirect profits, while this matter involves direct profits. Therefore, Century claims Andreas and Timex are "inapplicable." Century response brief at p. 51. Century is incorrect in numerous respects. The Court in Andreas cited the Seventh Circuit's holding in Taylor v. Meirick, 712 F.2d 1112, 1122 (7th Cir. 1983) for the rule that "[t]he nexus requirement exists in both direct and indirect profits cases." Andreas at 796. The Court in Timex also held that a plaintiff's evidentiary burden is the same whether it seeks damages based on direct or indirect profits, and in both cases the nexus must be established. Timex at 710. Century ignores the well established rules of law with respect to damages, and, as a result, its argument regarding damages is legally and factually incorrect.

## IV.    CENTURY'S STATE LAW CLAIMS FAIL AS A MATTER OF LAW.

Century attempts to support its claim with information it obtained as a result of telephone conversations with a former District 186 employee. Century secretly recorded these telephone conversations. District 186's Statement of Undisputed Facts Nos. 40-44. Magan Deposition, pp. 113-115. The Court has previously held that Century's action in this regard constitutes a violation of the Illinois Eavesdropping Act, 720 ILCS 5/14-1 *et seq.*, and granted District 186's

Motion to Suppress with respect to Century's state law claims.[2] Century, however, continues to disregard the consequences of its illegal secret tape recording of conversations between Century employee Robert Magan and former District 186 employee David Williams. Century asserts that it is only precluded from relying on the recording in support of its claims and, without any supporting authority whatsoever, asserts that the "fruit of the poisonous tree" doctrine should be interpreted contrary to well established authority.

Century fails to recognize that the recording does not, in any manner, support its claim. This is, of course, the reason why Century failed to disclose the existence of the recording to the Court when it sought injunctive relief. In the recording, Williams clearly and unequivocally states that his belief that elements of Star_Base are present within InfoSystems 3 is merely an assumption based on secondhand information. Because disclosure of the recording to the Court would have been fatal to Century's claim for injunctive relief, Century instead presented Williams' assumptions to the Court through Magan's declaration. In this manner, Century avoided the requirement that facts presented in support of a claim for injunctive relief must be both sworn and based on firsthand knowledge. Therefore, Century's argument that it "did not, and does not, rely on the recorded conversation to bolster its case" is without merit.

Century ignores the fact that the Court granted District 186's Motion to Suppress with respect to Century's state law claims, and argues that the "fruit of the poisonous tree" doctrine does not apply. Century bases this argument on the holding in In re Marriage of Almquist, 299 Ill.App.3d 732 (3rd Dist. 1998), wherein the Court rejected the appellant's "fruit of the poisonous tree" argument. Century's argument is without merit and inapplicable as this Honorable Court has previously entered an Order granting District 186's Motion to Suppress.

---

[2] The Court denied District 186's motion with respect to Century's federal claims because federal law allows such recordings as long as they are not part of a criminal or tortious act.

Century also apparently argues that the "fruit of the poisonous tree" doctrine applies solely to wrongfully obtained evidence (the "poisonous tree") and not to derivative evidence (the "fruit"). Century's argument lacks legal and factual support.

Century also attempts to raise the issue of spoliation of evidence, which argument has never been raised or pled by Century. Although Lewis concluded in his report that spoliation occurred, he ultimately admitted in his discovery deposition that the evidence upon which he relied did not indicate that spoliation did, in fact, occur. Indeed, Lewis admits that the file modification date is reset merely by copying a program, which is exactly what the defendants were ordered to do. District 186's Memorandum in Support of its Motion to Bar, p. 10. Lewis admitted, however, that simply copy a file (as the Court directed) causes the file modification date to change. Id. Lewis also testified in his deposition that he refused to analyze the Concurrent Versioning System ("CVS") information provided directly to him by Miller. CVS tracks actual changes made to software, rather than simply identifying the last date it was copied. Id., p. 11-12. In his deposition, Lewis testified that he did not review the CVS information provided to him by Miller because Century did not direct him to review it. Id., p. 11. Century's claim of spoliation is without merit.

## CONCLUSION

Century's refusal to address important, critical legal and factual issues in this case clearly indicates that its claims lack merit. Century has never produced facts in any pleading supporting its original claim in respect to InfoSystems 3 and Star_Base that "virtually all of the definitions were identical." (First Amended Complaint, Paragraph 23.) Century advised this Honorable Court at the commencement of this case that it would present direct evidence of copying that would render it "unnecessary for the Court to engage in any detailed examination of the 'access'

and 'substantial similarity' tests of copying, because of the existence of this direct evidence." District 186's Statement of Undisputed Facts, Fact No. 68. Century has, however, presented no such evidence.

Century advised this Honorable Court in 2003 that District 186 employees would offer testimony which would substantiate their case, but such testimony has never been presented. Rather than address the substance of the affidavit of Dave Williams, Century presents an unsupported claim that the affidavit contradicts Williams' deposition testimony. Century fails, however, to set forth a single inconsistency. Similarly, Century refuses to address the substance of District 186's undisputed claim that the "direct evidence" to which Century originally referred was actually nothing more than an ill-conceived comparison it performed between Star_Base and Star_Base. If District 186's statement in this regard was untrue, Century certainly would have provided evidence in that regard. It has not.

Century does, however, admit that the only basis for its contention that portions of its Star_Base software were used in InfoSystems 3 was based upon information from Dave Williams. Id., Fact No. 57. Century admits that Williams informed Century that Williams had no knowledge in respect to whether InfoSystems 3 incorporated Century's student scheduler software. Id., Fact No. 56. Century now admits that Magan's sworn statement that former District 186 employee Don Randle told Magan that Randle was "fairly certain" that Miller was "using" certain Star_Base components did not apply to products being marketed to other school districts. Id., Fact Nos. 60, 61.

Century previously submitted purportedly sworn testimony from Magan indicating that he compared InfoSystems 3 to Star_Base and discovered verbatim references to Star_Base tables, but Magan subsequently testified that he has never seen InfoSystems 3. Id., Fact No. 62.

22

Indeed, Magan testified that he is unaware of anyone at Century who has ever seen InfoSystems 3. Id., Fact No. 63.

Century originally presented itself before this Honorable Court with the false belief that Miller's InfoSystems 3 product contained elements of Star_Base. This belief was rooted in false assumptions conveyed to it by Dave Williams. The comparison performed by Century initially revealed "direct evidence" of copying because Century was comparing its software to software it sold to District 186 that, to some extent, District 186 continued to use. Williams, however, advised Century that he had actually obtained the code from InfoSystems 3, even though InfoSystems 3 was never installed at District 186. Century's "direct evidence" of copying is wholly without merit.

Century's "direct evidence" theory was established as incorrect when it received a copy of InfoSystems 3 and discovered that it was written in an entirely different programming language. Century's expert believed that District 186's Student Information System was InfoSystems 3 and therefore incorrectly concluded that any similarities between SIS and Star_Base were indicative of copying. The facts upon which District 186 relies are not in dispute, and, as a result, District 186's Motion for Summary Judgment should be granted.

**WHEREFORE,** Defendant SPRINGFIELD PUBLIC SCHOOL DISTRICT 186 respectfully requests the Court enter judgment in its favor, together with all other relief the Court deems proper.

23

**SPRINGFIELD PUBLIC SCHOOL
DISTRICT 186, Defendant**


By:___/s/Almon A. Manson, Jr._____
       Registration No. 1756761
       Attorney for Defendant
       Brown, Hay & Stephens, LLP
       205 S. Fifth Street, Suite 700
       P.O. Box 2459
       Springfield, IL  62705-2459
       Telephone: (217) 544-8491
       Facsimile: (217) 544-9609
       amanson@bhslaw.com

## PROOF OF SERVICE

I, the undersigned, hereby certify that on April 18, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the attorney of record for Plaintiff:

David A. Herman
Giffin, Winning, Cohen & Bodewes, P.C.
1 W. Old State Capitol Plaza, Suite 600
Springfield, IL  62701
dherman@gifwinlaw.com

Craig S. Hilliard
Stark & Stark, P.C.
P.O. Box 5315
Princeton, NJ  08543-5315
chilliard@stark-stark.com

Lance T. Jones
Law Offices of Lance T. Jones
1100 S. Fifth Street
Springfield, IL  62703
ltj@warpnet.net

/s/ Almon A. Manson, Jr.
Registration No. 1756761
Attorney for Defendant
Brown, Hay & Stephens, LLP
205 S. Fifth Street, Suite 700
P.O. Box 2459
Springfield, IL  62705-2459
Telephone: (217) 544-8491
Facsimile: (217) 544-9609
amanson@bhslaw.com