E-FILED
Monday, 03 March, 2008   03:39:19 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| CENTURY CONSULTANTS, LTD., | ) | |
| | ) | |
| Plaintiff, | ) | No. 2003-CV-3105 |
| | ) | |
| v. | ) | |
| | ) | |
| THE MILLER GROUP, INC., JOHN G. MILLER, | ) | |
| and the SPRINGFIELD PUBLIC SCHOOL | ) | |
| DISTRICT NO. 186, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT, SPRINGFIELD PUBLIC SCHOOL DISTRICT NO. 186'S
MEMORANDUM IN SUPPORT OF ITS MOTION TO RE-OPEN DISCOVERY**

NOW COMES Defendant, SPRINGFIELD PUBLIC SCHOOL DISTRICT NO. 186 ("District 186"), by and through its attorneys, Brown, Hay & Stephens, LLP, and as and for its Memorandum In Support of its Motion to Re-Open Discovery, states as follows:

I.   **Procedural Background**

The deadline for completion of fact discovery herein was November 21, 2005.  See November 1, 2005 text Order.  The Court subsequently extended the deadline to February 28, 2006 for further discovery within the limited scope of Plaintiff's claimed "damages and copyright."  See January 13, 2006 text Order; see also January 26, 2005 Minute Entry.  No Final Pre-Trial Conference or Trial dates have been set following the Court's July 13, 2006 Order which cancelled the previously scheduled July 17, 2006 Final Pre-Trial Conference and August 1, 2006 Trial dates.

On February 7, 2008, the Honorable Judge Richard Mills granted Century Consultants, Ltd.'s ("Century") Motion for Summary Judgment as to Liability against John G. Miller and the Miller Group, Inc. (the "Miller Defendants") as to Count I of the First Amended Complaint

1


EXHIBIT B

(Copyright Infringement) and against District 186 as to Counts II (Vicarious Copyright Infringement), III (Contributory Copyright Infringement) and VII (Breach of License Agreement). (Doc. No. 191). The Court's February 7, 2008 Order did not address the claims set forth in Count IV (Misappropriation of Trade Secrets), Count V (Intentional Interference with Contractual Relations) and Count VI (Common Law Unfair Competition) of the First Amended Complaint as Century did not include such claims in its Motion for Summary Judgment as to Liability. (Doc. No. 195).

II. **Standard of Review**

The determination of a motion to re-open discovery is reviewed for an abuse of discretion. Raymond v. Ameritech Corp., 442 F.3d 600, 603 n.2 (7th Cir. 2006) (citing Kalis v. Colgate-Palmolive, Co., 231 F.3d 1049, 1056 (7th Cir. 2000)).

III. **Law and Argument**

 A. **The Miller Defendants' untimely disclosure of documents essential to proper determination of Century's damages under the Copyright Act warrants additional discovery as to the Miller Defendants' business income and expenses.**

Century's damages under the Copyright Act will be determined in accordance with the following standard:

> § 504. Remedies for infringement: Damages and profits
>
> (a) **In General.** Except as otherwise provided by this title, an infringer of copyright is liable for either:
>
> > (1) the copyright owner's actual damages and any additional profits of the infringer, as provided by subsection (b); or
> >
> > (2) statutory damages, as provided by subsection (c).
>
> (b) **Actual Damages and Profits.** The copyright owner is entitled to recover the actual damages suffered by him or her as a result of the infringement, and any profits of the infringer that are attributable to the

> infringement and are not taken into account in computing the actual damages. **In establishing the infringer's profits, the copyright owner is required to present proof only of the infringer's gross revenue, and the infringer is required to prove his or her deductible expenses and the elements of profit attributable to factors other than the copyrighted work.**
>
> (c) ...

17 U.S.C. § 504. (emphasis added).

Pursuant to Section 504(b) of the Copyright Act, Century may recover an amount which includes the Miller Defendants' profits attributable to the alleged infringement. Id. Alternatively, Century may elect, at any time before final judgment, to recover statutory damages under Section 504(c) in lieu of the above. Id. District 186 and Century should be allowed an opportunity to thoroughly evaluate the Miller Defendants' financial records and obtain other related information through additional discovery in order to conclusively determine the Miller Defendants' net "profits" associated with the allegedly infringing IS3 program. Such discovery is essential to the appropriate calculation of the Miller Defendants' "deductible expenses and elements of profit attributable to factors other than the copyrighted work" which amounts require a corresponding reduction in the measure of damages Century may recover as "profits" obtained from the alleged infringement. 17 U.S.C. § 504(b).

On June 9, 2003, Century propounded its Second Request for Production of Documents to the Miller Defendants which included, *inter alia*, requests for documents concerning their business income and expenses. See Miller Defendants' Response to Century's Second Request for Production of Documents, Nos. 5 & 9, attached as Exhibit "1" hereto. The Miller Defendants' June 16, 2003 Response to Century's Second Request for Production of Documents stated, in relevant part, as follows:

3

5. Any and all documents which you reviewed or relied upon in preparing the "Statement of Losses" and accompanying Affidavit of John G. Miller dated May 17, 2003.

RESPONSE: Information used in preparing the Miller Affidavit of May 17, 2003, was provided by Thomas D. Tolsdorf, CPA, and any documents reviewed or relied upon in the preparation thereof are in the possession of Mr. Tolsdorf. We have been advised that Mr. Tolsdorf has been on vacation and will not return until the end of June 2003, and is unavailable to produce those records to Miller. Upon his return, Miller will produce for inspection and copying any non-privileged responsive documents.

***

9. Any and all documents which you reviewed or on which you relied in preparing the following three documents sent by your counsel on May 30, 2003 to Stark & Stark: (a) The "Personal Balance Sheet" of Jack and Barb Miller as of April 30, 2003; (b) the "Year to Date Income Statement" of the Miller Group; and (c) the "Income by Customer Summary."

RESPONSE: The three documents referred to were prepared by Thomas D. Tolsdorf, CPA, and any documents reviewed or relied upon in the preparation thereof are in the possession of Mr. Tolsdorf. We have been advised that Mr. Tolsdorf has been on vacation and will not return until the end of June, 2003, and is unavailable to produce those records to Miller. Upon his return, Miller will produce for inspection and copying any non-privileged, responsive documents.

The Miller Defendants failed to supplement their responses prior to expiration of the discovery deadline and District 186 did not possess knowledge or obtain possession of the documents before such time. After expiration of the discovery deadline and the filing of the parties' Motions for Summary Judgment, District 186 received additional documents from the Miller Defendants which contain detailed information in respect to their business income and expenses. On June 25, 2007, immediately following disclosure and receipt of such documents from the Miller Defendants, District 186 forwarded a Joint Supplemental Response to Plaintiff's Request to Produce Documents pursuant to the continuing obligation to seasonably supplement

prior production under Federal Rule of Civil Procedure 26(e)(2). The Joint Supplemental Response is attached hereto as Exhibit "2".

District 186 did not move to re-open discovery during the Court's consideration of its Motion for Summary Judgment to avoid potentially unnecessary expenditure of attorneys' fees and judicial resources. The need for further discovery would not exist if such Motion had been granted and Century's claims dismissed. However, the Court's entry of summary judgment as to liability in favor of Century necessitates further discovery as a result of the Miller Defendants' untimely disclosure of documents critical to the evaluation of "deductible expenses and elements of profit attributable to factors other than the copyrighted work." 17 U.S.C. § 504(b). This information is essential to appropriately determine the amount by which Century's recovery of the Miller Defendants' "profits" must be reduced in accordance with Section 504(b) of the Copyright Act. Id. Therefore, District 186 respectfully requests that the Court re-open discovery to allow the parties to obtain information critical to proper calculation of Plaintiff's damages under the Copyright Act.

> B. **Century's use of the Illinois Freedom of Information Act to conduct additional discovery weighs heavily in favor of granting District 186's Motion to Re-Open Discovery.**

On February 22, 2008, District 186 received correspondence from the law firm of Giffin, Winning, Cohen & Bodewes, P.C., local counsel for Century, which contained a request pursuant to the Illinois Freedom of Information Act ("FOIA"). 5 ILCS 140/1 *et seq.* Century's request demands production of all records relating to or containing information about the amount of attorney fees charged to or paid by District 186 or its insurer in relation to the following legal matters:

5

    1.    The Cincinnati Insurance Company, an Ohio corporation, v. The Miller Group, Inc., John G. Miller, and Century Consultants, Ltd., US District Court, Central District Case No. 03-CV-3147

    2.    The Cincinnati Insurance Company, an Ohio corporation, v. Springfield Public School District, and Century Consultants, Ltd., US District Court, Central District Case No. 03-CV-3146

    3.    Century Consultants, Ltd., v. The Miler Group, Inc., John G. Miller, and The Springfield Public School District 186, US District Court, Central District Case No. 03-CV-3105

    4.    In Re: John G. Miller, III, U.S. Bankruptcy Court Central District of Illinois (Springfield) Bankruptcy Petition No. 04-74985, Chapter 7

    5.    Century Consultants v. John G. Miller, III and Springfield Public School District 186, U.S. Bankruptcy Court Central District of Illinois (Springfield) Adversary Proceeding No. 05-07042, Related Bankruptcy Case No.: 04-74985, John G. Miller

    6.    In Re: The Miller Group, Inc., U.S. Bankruptcy Court Central District of Illinois (Springfield) Bankruptcy Petition No. 04-74986, Chapter 7

See Exhibit "3" hereto.

Century's use of FOIA to obtain records concerning District 186's attorney fees weighs heavily in favor of re-opening discovery to allow District 186 to obtain the same information as to fees incurred by Century. This consideration is particularly compelling in light of the Court's February 7, 2008 order granting summary judgment as to liability against District 186 and Century's claim that it is entitled to recover attorney fees. See February 7, 2008 Order (Doc. No. 191) and Century's First Amended Complaint, Cts. II-V (Doc. No. 48). Therefore, District 186 respectfully requests that the Court enter an Order which re-opens discovery in accordance with the schedule proposed below.

**IV.     Proposed Discovery Schedule**

District 186 proposes the following schedule for completion of any remaining discovery

6

as to damages:

    1. Sixty days from entry of an order granting District 186's Motion to Re-Open Discovery for identification of any additional expert witnesses;

    2. Sixty days from expiration of the period set forth in paragraph 1 for completion of any additional written discovery and service of reports of any additional testifying expert witnesses;

    3. Thirty days from expiration of the period set forth in paragraph 2 for service of reports of any rebuttal witnesses; and

    4. Sixty days from expiration of the period set forth in paragraph 3 for completion of any additional depositions.

### V.   Conclusion

As a result of the Miller Defendants' untimely disclosure of documents relevant to their business income and expenses and essential to proper calculation of Century's damages under Section 504 of the Copyright Act, District 186 and Century should be allowed to conduct additional discovery. Moreover, Century's use of FOIA to obtain records concerning District 186's attorney fees weighs heavily in favor of allowing District 186 an equal opportunity to conduct additional discovery in respect to fees incurred by Century.

WHEREFORE, Defendant, Springfield Public School District 186 respectfully requests that this Honorable Court grant its Motion to Re-Open Discovery together with any further relief the Court deems appropriate.

        Respectfully submitted,

        SPRINGFIELD PUBLIC SCHOOL
        DISTRICT NO. 186, Defendant
        By:   /s/Almon A. Manson, Jr.
            One of Its Attorneys

**BROWN, HAY & STEPHENS, LLP**
Almon A. Manson, Jr.
Registration No. 1756761
Daniel K. Wright
Registration No. 6284291
205 S. Fifth Street, Suite 700
P.O. Box 2459
Springfield, IL 62705-2459
(217) 544-8491

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| CENTURY CONSULTANTS, LTD. ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | Case No. 03-CV-3105 |
| THE MILLER GROUP, INC., JOHN G. ) | |
| MILLER, AND THE SPRINGFIELD PUBLIC ) | |
| SCHOOL DISTRICT 186 ) | |
| ) | |
| Defendant. ) | |

### DEFENDANTS THE MILLER GROUP, INC., AND JOHN G. MILLER'S RESPONSES TO PLAINTIFF'S SECOND REQUEST FOR PRODUCTION

Defendants, The Miller Group, Inc. and John G. Miller, (collectively "Miller") respond as follows to Plaintiff's Second Request for Production of Documents:

1. Any and all documents which you reviewed or relied upon in responding to Century's First set of Interrogatories.

RESPONSE: Miller is providing a disk addressing changes to IS3 made since June 18, 2002. The Concurrent Versing System (CVS), which may be acquired from www.cvshome.org, permits tracking every change to the IS3 software since that time.

2. Any and all documents relating to the formation of The Miller Group, including articles of incorporation, by-laws, incorporated resolutions, and any documents sufficient to identify all past and current officers, directors and shareholders of The Miller Group.

RESPONSE: Responsive documents are provided herewith.



EXHIBIT 1

1

00104680v1 829035

3.  Any and all documents reflecting, relating to or referring to any communications between you and any of the school districts listed in paragraph 6 of the Affidavit of John G. Miller dated May 17, 2003.

RESPONSE: Responsive Documents are provided herewith.

4.  Any and all documents reflecting, relating to or referring to any communications between you and any of the school districts listed in paragraph 7 of the Affidavit of John G. Miller dated May 17, 2003.

RESPONSE: Responsive Documents are provided herewith.

5.  Any and all documents which you reviewed or relied upon in preparing the "Statement of Losses" and accompanying Affidavit of John G. Miller dated May 17, 2003.

RESPONSE: Information used in preparing the Miller Affidavit of May 17, 2003, was provided by Thomas D. Tolsdorf, CPA, and any documents reviewed or relied upon in the preparation thereof are in the possession of Mr. Tolsdorf. We have been advised that Mr. Tolsdorf has been on vacation and will not return until the end of June 2003, and is unavailable to produce those records to Miller. Upon his return, Miller will produce for inspection and copying any non-privileged responsive documents.

6.  Any and all documents, including but not limited to contracts, leases, invoices, bills, credit agreements and W-2 statements, supporting the list of business expenses contained in paragraph 8 of the Affidavit of John G. Miller dated May 17, 2003.

RESPONSE: Responsive documents for years 2002 and 2003 are provided herewith. Miller will produce for inspection and copying other non-privileged responsive documents for prior years.

7. Any and all documents reflecting, relating to or referring to any communications between you and Adam Claypool, the "venture capital broker" listed in paragraph 10 of the Affidavit of John G. Miller dated May 17, 2003.

RESPONSE: Responsive documents are provided herewith.

8. Your federal and state tax returns filed between 1998-2003.

RESPONSE: Responsive documents are provided herewith.

9. Any and all documents which you reviewed or on which you relied in preparing the following three documents sent by your counsel on May 30, 2003 to Stark & Stark: a) The "Personal Balance Sheet" of Jack and Barb Miller as of April 30, 2003; (b) the "Year to Date Income Statement" of the Miller Group and C) the "Income by Customer Summary".

RESPONSE: The three documents referred to were prepared by Thomas D. Tolsdorf, CPA, and any documents reviewed or relied upon in the preparation thereof are in the possession of Mr. Tolsdorf. We have been advised that Mr. Tolsdorf has been on vacation and will not return until the end of June, 2003, and is unavailable to produce those records to Miller. Upon his return, Miller will produce for inspection and copying any non-privileged, responsive documents.

10. Any and all documents reflecting, relating to or referring to any communications between you and any other school district not listed in the "Statement of Losses" and accompanying Affidavit of John G. Miller dated May 17, 2003, relating in any way to the marketing, sale or licensing of IS3.

RESPONSE: None.

3

11. Any and all documents evidencing or reflecting any payment made by you to the School District or anyone employed by or associated in any way with the School District, relating in any way to IS3.

RESPONSE: None.

                                    The Miller Group, Inc. and John G. Miller, Defendants

                                    BY: _____
                                            One of Their Attorneys

J. WILLIAM ROBERTS, Lead Counsel
CHARLES R. SCHMADEKE
HINSHAW AND CULBERTSON
400 South Ninth Street
Suite 200
Springfield, IL 62701-1908
217-528-7375

4

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that he/she caused a copy of the foregoing DEFENDANTS THE MILLER GROUP, INC., AND JOHN G. MILLER'S RESPONSES TO PLAINTIFF'S SECOND REQUEST FOR PRODUCTION OF DOCUMENTS to be served on the following parties of record on June 16, 2003, via Facsimile Transmission and UPS overnight Delivery:

*Charles R. Schmadeke*
CHARLES R. SCHMADEKE

Craig Hilliard
Stark & Stark
PO Box 5315
Princeton, NJ 08543-35315

David A. Herman (Pleadings Only)
Giffin, Winning, et al.
One West Old State Capitol Plaza
Myers Bldg., Suite 600
PO Box 617
Springfield, IL 62705

William F. Trapp
Brown, Hay & Stephens
205 S. 5th Street
PO Box 2459
Springfield, IL 62705

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| CENTURY CONSULTANTS, LTD., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2003-CV-3105 |
| | ) | |
| THE MILLER GROUP, INC., | ) | |
| JOHN G. MILLER, and the | ) | |
| SPRINGFIELD PUBLIC SCHOOL | ) | |
| DISTRICT NO. 186, | ) | |
| | ) | |
| Defendants. | ) | |

**JOINT SUPPLEMENTAL RESPONSE TO
PLAINTIFF'S REQUEST TO PRODUCE DOCUMENTS**

**NOW COME** Defendants, THE MILLER GROUP, INC. and JOHN G. MILLER, by their attorney, Lance Jones, and SPRINGFIELD PUBLIC SCHOOL DISTRICT NO. 186 by its attorneys, Brown, Hay & Stephens, LLP, and as and for their Supplemental Response to Plaintiff's Request to Produce Documents attach hereto the following:

1. Profit and loss and general ledger statements of The Miller Group and John G. Miller; and

2. Auditors' working papers and supporting documentation in respect to The Miller Group and John G. Miller received from McGladrey and Pullen, LLP.

SPRINGFIELD PUBLIC SCHOOL DISTRICT
NO. 186, Defendant

By: _____
One of Its Attorneys

EXHIBIT
2

**THE MILLER GROUP, INC., Defendant**

By: ___*Lance T. Jones By [signature]*___
      One of Its Attorneys

**JOHN G. MILLER, Defendant**

By: ___*Lance T. Jones By [signature]*___
      One of Its Attorneys

**ALMON A. MANSON, JR.**
Registration No. 1756761
**DANIEL K. WRIGHT**
Registration No. 6284291
BROWN, HAY & STEPHENS, LLP
205 S. Fifth Street, Suite 700
P.O. Box 2459
Springfield, IL  62705-2459
Telephone (217) 544-8491
Facsimile (217) 544-9609

**LANCE T. JONES**
1100 S. Fifth Street
Springfield, IL  62703
Telephone (217) 523-2000
Facsimile (217) 523-0132

**PROOF OF SERVICE**

The undersigned certifies that a copy of the Joint Supplemental Response to Plaintiff's Request to Produce Documents was served upon:

Craig S. Hilliard
Stark & Stark, P.C.
P.O. Box 5315
Princeton, NJ 08543-5315

David A. Herman
Giffin, Winning, Cohen & Bodewes, P.C.
1 W. Old State Capitol Plaza, Suite 600
Springfield, IL 62701

by enclosing the same in envelopes addressed to such persons at their addresses as disclosed by the pleadings of record herein, and by depositing said envelopes in a U.S. Post Office mailbox in Springfield, Illinois, at 5:00 p.m. on this 25th day of July, 2007.

02/26/2008  15:49  217-525-3029           SPS 186                    PAGE 03/04
FEB-22-2008  17:01                                                   P.02/03

# GIFFIN, WINNING, COHEN & BODEWES, P.C.

### ATTORNEYS AT LAW

Suite 600 - Myers Building
One West Old State Capitol Plaza
P.O. Box 2117, Springfield, Illinois 62705

HERMAN G. BODEWES
JOHN L. SWARTZ
R. MARK MIFFLIN
DAVID A. HERMAN
MICHAEL J. MANNION
DAVID O. EDWARDS
CREIGHTON R. CASTLE
CAROLYN T. GROSBOLL
PAULETTE P. DOVE

CHRISTOPHER E. SHERER
AMANDA M. LUNDEEN
MELISSA STEWARD

TELEPHONE (217) 525-1571
FACSIMILE (217) 525-1710
WWW.GIFFINWINNING.COM

JAMES M. WINNING
ROBERT C. COHEN
RONALD W. PISIARO
ELIZABETH R. CALLERY
KRISTINA H. MONY
OF COUNSEL

February 22, 2008

*VIA FACSIMILE & US MAIL*
*217-525-3005*

Springfield School District 186
1900 W Monroe St
Springfield, IL 62704

RE:   Freedom of Information Act Request

I hereby request pursuant to the Freedom of Information Act (5 ILCS 140/1 *et seq.*), copies of all records relating to or containing information about the amount of attorney fees charged to or paid by Springfield School District 186 or its insurer in relation to the following legal matters:

1. The Cincinnati Insurance Company, an Ohio corporation, v. The Miller Group, Inc., John G. Miller, and Century Consultants, Ltd., US District Court, Central District Case No. 03-CV-3147

2. The Cincinnati Insurance Company, an Ohio corporation, v. Springfield Public School District, and Century Consultants, Ltd., US District Court, Central District Case No. 03-CV-3146

3. Century Consultants, Ltd., v. The Miller Group, Inc., John G. Miller, and The Springfield Public School District 186, US District Court, Central District Case No. 03-CV-3105

4. In Re: John G. Miller, III, U.S. Bankruptcy Court Central District of Illinois (Springfield) Bankruptcy Petition No. 04-74985, Chapter 7

5. Century Consultants v. John G. Miller, III and Springfield Public School District 186, U.S. Bankruptcy Court Central District of Illinois (Springfield) Adversary Proceeding No. 05-07042, Related Bankruptcy Case No.: 04-74985, John G. Miller

6. In Re: The Miller Group, Inc., U.S. Bankruptcy Court Central District of Illinois (Springfield) Bankruptcy Petition No. 04-74986, Chapter 7

EXHIBIT
3

02/26/2008   15:49   217-525-3029   SPS 186   PAGE 04/04
P.03/03

February 22, 2008
Page 2

I further request that District 186 certify the above-described records in accordance with Section 3(b) of the Freedom of Information Act.

Sincerely,

GIFFIN, WINNING, COHEN
& BODEWES, P.C.

*Amanda M. Lundeen*

Amanda M. Lundeen

Cc: Craig Hilliard

TOTAL P.03