STARK & STARK
A PROFESSIONAL CORPORATION
PO BOX 5315
PRINCETON, NJ  08543-5315
(609)896-9060
ATTORNEYS FOR PLAINTIFF

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| CENTURY CONSULTANTS LTD., <br><br> Plaintiff, <br><br> v. <br><br> THE MILLER GROUP, INC., JOHN G. MILLER, and THE SPRINGFIELD PUBLIC SCHOOL DISTRICT 186, <br><br> Defendants. | CIVIL ACTION NO. 03-CV-3105 |

### PLAINTIFF'S STATUS REPORT

Plaintiff, Century Consultants, Ltd. ("Century") respectfully submits this Status Report as directed by the Court in the Text Order of February 12, 2008.

### BACKGROUND/PROCEDURAL STATUS OF LITIGATION

Century filed this action against the Springfield Public School District 186 (the "School District") and two other defendants, The Miller Group, Inc. and John G. Miller (the "Miller Defendants"), seeking damages and injunctive relief arising out of defendants' unlawful use of Century's flagship student administration software product known as "Star_Base".  Century

filed this action in May 2003, and immediately secured a Temporary Restraining Order from this Court, enjoining defendants from the further sale of an infringing product known as "InfoSystems 3". That Temporary Restraining Order was turned into a preliminary injunction on consent, and the parties thereafter engaged in discovery for several years concerning Century's claims in its First Amended Complaint, which include:

1) direct copyright infringement against the Miller Defendants (Count I);

2) contributory infringement against the School District (Count II);

3) vicarious infringement against the School District (Count III);

4) misappropriation of trade secrets against the Miller Defendants and the School District (Count IV);

5) intentional interference with contractual relations against the Miller Defendants (Count V);

6) common law unfair competition against the Miller Defendants and the School District (Count VI); and

7) breach of contract against the School District (Count VII).

Fact discovery was originally scheduled to close on December 1, 2004 (Docket Entry #55), but was extended several times, and the last extension granted set the deadline at November 21, 2005 (Text Order 11/01/05). All fact discovery has been completed. Expert disclosures were scheduled to be completed by November 2004 (Text Order 9/21/04). Expert reports were served and expert depositions were completed. All expert discovery has now been completed.

The Miller Defendants filed for bankruptcy protection in the Bankruptcy Court in November 2004. Century timely filed a Complaint in the Bankruptcy Court seeking to declare any judgment in this action against John Miller not dischargeable pursuant to 11 U.S.C. § 523(a)(6). On June 29, 2005, the reference of this nondischargeability action was withdrawn and the case was transferred to this Court, where it was consolidated with this case by an Order of this Court entered July 1, 2005.

In January 2007, the parties filed cross-motions for summary judgment. Century sought summary judgment on Counts I, II, III and VII of the First Amended Complaint. Defendants sought summary judgment on all counts of the First Amended Complaint. On February 7, 2008, this Court granted Century's motion, and denied defendants' motions.

**FURTHER PROCEEDINGS**

1.   *The Remaining Claims in the First Amended Complaint*

Though Century did not seek summary judgment on Counts IV, V and VI of the First Amended Complaint, those counts are still viable claims and could be scheduled for trial. Century is prepared to dismiss those claims, but *without* prejudice to Century's right to renew them in the event any of the defendants file a successful appeal from the Court's Order of February 7, 2008, or the judgment entered after trial, and the matter is remanded for further proceedings. Century has discussed this proposed dismissal without prejudice with the School District's counsel, but the parties have yet to reach any agreement.

### 2. *Remaining Proceedings on Counts I, II, III and VII*

Now that the Court has entered summary judgment on liability against the defendants on Counts I, II, III and VII, Century seeks a trial date to offer its proofs on damages. Count I seeks injunctive relief, damages and related relief against the Miller Defendants for direct infringement. Counts II and III seek injunctive relief, damages and related relief against the School District for contributory and vicarious infringement. Those latter claims are based on the Miller Defendants' primary infringement under Count I of the First Amended Complaint. In its Rule 26 Disclosures and in its Amended Rule 26 Disclosures, and in discovery, Century outlined the factual basis and calculation of its damages against all parties, and made it clear that Century sought to recover: 1) the profits of The Miller Group from the sale and/or license of the infringing software or, in the alternative (and at Century's election), an award of statutory damages under 17 U.S.C. §504; and 2) attorneys' fees and costs. Century seeks to prove that the infringements were willful and support an enhanced statutory award.

A prevailing plaintiff in an infringement action is entitled to recover the infringer's profits attributable to the infringement. Under 17 U.S.C. §504(b), the copyright owner "is required to present proof only of the infringer's gross revenue, and the infringer is required to prove his or her deductible expenses and the elements of profit attributable to factors other than the copyrighted work". *See also Frank Music Corporation v. Metro-Goldwyn-Mayer Inc.,* 772 F.2d 505, 514 (9th Cir. 1985). Accordingly, Century has disclosed that it intends to seek the Miller Defendants' profits, and relies on the documents and testimony provided by the Miller Defendants to establish the gross revenues. Century has already detailed for defendants in

discovery that it seeks to prove at least $1,605,891 in gross revenues derived by the Miller Defendants. Century contends that the School District can be liable for this entire amount as a contributory and/or vicarious infringer. A co-infringer, as well as a contributory or vicarious infringer, can be held liable for all of the infringer's profits where the defendants were "engaged in a partnership, joint venture, or similar enterprise." 3 M. Nimmer, *Nimmer on Copyright* §12.04[C][3], at 12-50 to -51 (1984). *See also Belford, Clarke & Co. v. Scribner,* 144 U.S. 488, 507-08 (1892)(printer jointly liable for publisher's profits because they were "practically partners"); *Frank Music Corporation v. Metro-Goldwyn-Mayer Inc.,* 772 F.2d 505, 519 (9th Cir. 1985)(recognizing that co-infringers can be jointly and severally liable for all profits when they are "practically partners"). Here, of course, the School District held a direct, contractual financial stake in the success of IS3. Under its contract, it was entitled to receive 10% of the Miller Defendants' revenues from the sale of IS3. The more money the Miller Defendants made, the more money the School District made, and therefore the contract made them practically, if not for all purposes, partners in the development and sale of IS3 to other school districts. Moreover, the case law in the 7th Circuit and elsewhere is clear that as a general rule, contributory and/or vicarious infringers are jointly and severally liable for all damages against the primary infringer. *Salton Inc. v. Philips Domestic Appliances and Personal Care B.V.*, 391 F.3d 871, 877 (7th Cir. 2004); *Irwin v. ZDF Enterprises GMBH,* 2006 WL 374960, at *4 (S.D.N.Y. 2006). Therefore, Century seeks to hold all of the defendants jointly and severally liable on all damages claims.

The Complaint against Miller for nondischargeability under 11 U.S.C. § 523(a)(6) must also be tried. Century believes that it can present those proofs at the damages trial on the remaining claims.

Century requests that the Court schedule a final pretrial conference and a trial on damages at the earliest convenience of the Court.

### 3.     *Additional Pretrial Motions*

In July 2007, some *twenty months* after fact discovery closed and a full three months after all of the briefing had been completed on the cross-motions for summary judgment, the School District served a "supplemental" document production on Century, consisting of tax returns, financial statements and related documents relevant to Century's claims for damages. Century seeks to bar the use or introduction into evidence of any of these documents on the ground that it is an impermissibly late disclosure under Rule 26(e). Century will demonstrate that these documents had been requested years earlier in discovery yet never provided, and Century is now prejudiced if it must defend against these disclosures, particularly where, as here, expert disclosures ended in November 2004, and Century elected not to engage a damages expert based on the discovery which had been disclosed. Accordingly, Century will move *in limine* to bar these late-served documents. Century may also seek to bar certain witnesses at the damages trial under Rule 26(a).

                        STARK & STARK
                        A Professional Corporation

                    BY:   s/Craig S. Hilliard
                           CRAIG S. HILLIARD
                           Attorneys for Plaintiff Century Consultants Ltd.

<u>Lead Counsel</u>
Craig S. Hilliard
STARK & STARK
A Professional Corporation
P.O. Box 5315
Princeton, NJ 08543-5315
(609) 896-9060

<u>Local Counsel</u>
David A. Herman
GIFFIN, WINNING, COHEN & BODEWES, P.C.
One West Old State Capitol Plaza
Myers Building - Suite 600
P.O. Box 2117
Springfield, IL   62705
(217) 525-1571

**CERTIFICATE OF SERVICE**

      I, the undersigned, hereby certify that on March 3, 2008, I filed this Status Reports with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the attorney of record for Defendants:

Almon A. Manson, Jr., Esq.
Brown, Hay & Stephens
205 S. Fifth Street, Suite 700
P. O. Box 3459
Springfield, IL 62705-2459

Lance T. Jones, Esq.
Law Office of Lance T. Jones
1100 So. Fifth Street
Springfield, IL   62703

                                          s/ Craig S. Hilliard
                                          CRAIG S. HILLIARD