**E-FILED**
Thursday, 20 March, 2008  05:12:13 PM
Clerk, U.S. District Court, ILCD

STARK & STARK
A PROFESSIONAL CORPORATION
PO BOX 5315
PRINCETON, NJ  08543-5315
(609)896-9060
ATTORNEYS FOR PLAINTIFF

<u>**UNITED STATES DISTRICT COURT**</u>
<u>**CENTRAL DISTRICT OF ILLINOIS**</u>

| | |
|---|---|
| CENTURY CONSULTANTS LTD., <br><br> Plaintiff, <br><br> vs. <br><br> THE MILLER GROUP, INC., JOHN G. MILLER, and THE SPRINGFIELD PUBLIC SCHOOL DISTRICT 186, <br><br> Defendants. | Civil Action No. 2003-CV-3105 |

**PLAINTIFF, CENTURY CONSULTANTS LTD.'S RESPONSE TO DEFENDANT, SPRINGFIELD PUBLIC SCHOOL DISTRICT 186'S MOTION FOR LEAVE TO FILE A MOTION TO RE-OPEN DISCOVERY**

## STATEMENT OF PERTINENT FACTS

This lawsuit is nearly 5 years old. This Memorandum of Law will be the 195th entry on the Court's electronic docket for this case. *See* copy of ILCD ECF History attached hereto as Exhibit "A." Yet, after 5 years, countless motions and an extended period of fact and expert discovery, defendant Springfield Public School District 186 ("Springfield") is now seeking to reopen discovery which closed *over two years ago*. Only now, after it lost on summary judgment, does Springfield seek to take discovery and designate new experts on issues which had been the subject of over two years of intensive discovery.

Fact and expert discovery lasted for more than 2 years. Fact discovery was originally scheduled to close on December 1, 2004. On November 1, 2005, the Court extended the fact discovery deadline to November 21, 2005. *See* Text Order attached hereto as Exhibit "B." The Court then extended discovery on the discrete issues of damages and copyright to February 28, 2006 – the undisputed date of the final deadline for fact discovery. *See* Text Order attached hereto as Exhibit "C." Expert disclosures were scheduled to be completed by November 2004. Expert reports were served and expert depositions completed. On November 27, 2006, counsel submitted confirmation of the parties' agreement that all nondispositive motions would be filed by December 1, 2006, and all dispositive motions by December 28, 2006. *See* Status Memo attached hereto as Exhibit "D." That mutually agreed upon schedule was then implemented through the Court's December 5, 2006, Order. *See* Text Order attached hereto as Exhibit "E."

On June 25, 2007, Springfield's counsel sent to Century's counsel documents it

had apparently received from its own contractors, business partners and co-defendants,

The Miller Group, Inc., and John G. Miller (collectively, "Miller"). Upon receipt of these

documents, counsel for Century wrote to Springfield's counsel objecting to the untimely

disclosure of these new documents:

> On June 25, 2007, you sent me a set of new documents, which you
> indicated were a "supplemental" production. They consisted of a large
> volume of accounting records of The Miller Group and Mr. Miller,
> including Quickbooks accounting records for the period 1998-2004.
> These records were never produced during fact discovery – despite our
> written requests for them – and discovery closed long before these
> documents were produced. Moreover, motions for summary judgment
> were fully briefed and submitted to the Court a number of months ago, and
> again long before these documents were produced. Accordingly, I reserve
> the right to object to any attempt by defendants to introduce these
> documents into evidence or otherwise use them in connection with the
> pending proceedings.

*See* October 24, 2007, correspondence attached to Hilliard Declaration at Exhibit "A."

Dispositive motions were filed by the parties and decided, against Springfield and

Miller, on February 7, 2008. On March 3, 2008, Springfield filed this motion seeking

leave to file a motion to re-open discovery for a period of 210 days, in order to continue

written discovery, depositions, identification of further experts and the service of new

expert reports. *See, generally,* Springfield's moving papers.

## ARGUMENT

## I.    SPRINGFIELD HAS FAILED TO SHOW GOOD CAUSE
## UNDER *FRCP* 16(b)

*Fed.R.Civ.P.* 16(b) authorizes district judges to set a schedule that limits the time

to file motions and to complete discovery. These deadlines "shall not be modified except

upon a showing of good cause." *Wollenburg v. Comtech Mfg. Co.*, 201 *F.3d* 973, 978 (7th

2

Cir. 2000); *see, also, In re Sulfuric Acid Antitrust Litigation*, 230 *F.R.D.* 527, 533 (N.D.
Ill. 2005) (*citing Campania Management Co., Inc. v. Rooks, Pitts & Poust*, 290 *F.3d* 843,
851 (7th Cir.2002); *United States v. 1948 S. MLK Dr.*, 270 *F.3d* 1102, 1110 (7th
Cir.2001)) ("Courts have a legitimate interest in ensuring that parties abide by scheduling
orders to ensure prompt and orderly litigation").

"Good cause" under *Rule* 16(b) focuses on the diligence of the party seeking the
modification of the scheduling order. *Inge v. Rock Fin. Corp.*, 281 *F.3d* 613, 625 (6th
Cir. 2002); 6A Charles A. Wright, Arthur R. Wright & Mary Kay Kane, *Federal Practice
& Procedure* § 1522.1, at 231 (2d ed.1990). Thus, a court should not permit motions
outside of that court's scheduling order, or further discovery past that order's discovery
deadline, in the face of a lack of diligence on the part of the movant. *See Jagla v. LaSalle
Bank*, 2006 *WL* 2796481 at \*13 (N.D. Ill. 2006)(attached) (Movant "spent an inordinate
amount of time filing duplicative motions," resulting in a failure to show good cause for
additional discovery).

Moreover, a party is not permitted to abandon the court's schedule in order to
establish a new or previously neglected legal theory or defense, based merely, as here,
upon a party's failure to prevail on a summary judgment motion. This point is most
lucidly set forth in *Winters v. Fru-Con Inc.*, 498 *F.3d* 734, 743 (7th Cir. 2007):

> Finally, Winters argues that the district court erred in failing to reopen
> discovery to allow his proposed experts to conduct testing of their
> alternative designs. Winters sought to reopen discovery after the district
> court decision barring his proposed experts. 'We review the district court's
> decision not to reopen discovery for abuse of discretion.' *Raymond v.
> Ameritech Corp.*, 442 *F.3d* 600, 603 n. 2 (7th Cir.2006) (*citing Kalis v.
> Colgate-Palmolive Co.*, 231 *F.3d* 1049, 1056 (7th Cir.2000)). The
> litigation process does not include 'a dress rehearsal or practice run' for
> the parties. *Steen v. Myers*, 486 *F.3d* 1017, 1022 (7th Cir.2007) (*quoting
> Hammel v. Eau Galle Cheese Factory*, 407 *F.3d* 852, 859 (7th Cir.2005)).

3

> Winters had ample time to develop his case and conduct his testing of his alternative design during the discovery period. His inability to produce admissible expert testimony is due to his own actions, namely the failure of his proposed experts to test their alternatives. The district court was not required to give Winters a 'do over' and therefore we find that the district court did not abuse its discretion.

Here, indisputably, Springfield knew that the Miller financial records would be necessary for Springfield to mount its proposed defenses to Century's damages claims. However, Springfield took no action to obtain this discovery before the fact discovery deadline of February 28, 2006. Springfield cannot point to a single effort to secure these documents, conduct this discovery or designate damages experts, a failure made all the more inexcusable by the fact that Miller was Springfield's own consultant, a co-defendant joined at the hip with Springfield throughout this lawsuit. Indeed, on every motion filed by Springfield, Miller's counsel simply joined in Springfield's arguments. That these co-defendants were in lockstep with each other throughout the case is apparent. Springfield has not even attempted to explain on this motion (nor can it) why through appropriate diligence it could not have secured the documents and designated the expert witnesses it needed to defend the damages claims years ago.

Even giving Springfield every benefit of the doubt, it received the financial documents at issue from its contractor and co-defendant no later than June 25, 2007. Again, Springfield did nothing to obtain further discovery with regard to those records. It did not move to reopen discovery. Instead, it waited to see if its own summary judgment motion would be granted. Now, at the conclusion of dispositive motions and as the case is otherwise ready for trial, Springfield seeks a "do over" on discovery, an approach denounced by the Seventh Circuit in *Winters*. Springfield has not shown that it was in

4

any way diligent in the pursuit of the proposed discovery. Therefore, Springfield cannot show good cause[1] under *Rule* 16(b), and its motion must be denied.

## II.    SPRINGFIELD HAS FAILED TO SHOW EXCUSABLE NEGLECT UNDER *FRCP* 6(b)(2)

In addition to showing good cause under *Rule* 16(b), if a request to re-open discovery is made after the discovery deadline has passed, the moving party must show excusable neglect under *Rule* 6(b)(2) for failing to comply with the discovery deadline. *See Toombs v. Martin*, 2006 *WL* 1876823 at *1 (N.D. Ind. 2006)(attached) (*citing Roach v. Pedigo Holdings, Inc.*, 2005 *WL* 2253590, at *1 (S.D. Ind. 2005) (attached); (*Brosted v. Unum Life Ins. Co. of America*, 421 *F .3d* 459 (7th Cir.2005)).

In determining what constitutes "excusable neglect," a district court exercises its discretion by considering all relevant circumstances surrounding the party's omission, such as the danger of prejudice, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith. *Toombs*, 2006 *WL* 1876823 at *1 (*citing Jones v. Dyer Nursing and Rehabilitation Center*, 2006 *WL* 1722361, at *2 (N.D. Ind. 1996); *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. Partnership*, 507 *U.S.* 380, 395 (1993)).

That standard was discussed in *Brosted*. There, the district court set a discovery deadline of May 31, 2004. *See Brosted*, 421 *F.3d* at 463. During late February and early

---

[1] While Springfield does not reference this required standard in its moving papers, it does allude to a recent request by Century under the Illinois Freedom of Information Act, seeking information about the legal fees paid to date in this matter by Springfield. On its face, that request clearly shows that it was not made under caption of this case or as part of discovery in this matter and merely seeks information that is a matter of public record.

March, the plaintiff sought the production of documents and noticed three depositions. On April 7, 2004, the defendants filed a motion for a protective order, which effectively put the discovery on hold. The district court denied defendants' motion on July 1, 2005. That same day, and apparently before the district court had ruled, the plaintiff filed a motion to enlarge the discovery deadline. The district court denied that motion as moot, discovery having closed May 31st. On appeal, the plaintiff claimed that the district court erred in denying his motion for an extension of time because he still needed to depose three witnesses. The Seventh Circuit held that even though discovery had effectively been stayed and plaintiff could not have taken the depositions, the plaintiff should have filed his motion before the discovery deadline. *Id.* at 464.

The first filing in this case occurred on May 7, 2003. The final discovery deadline was February 28, 2006. The deadline for nondispositive motions was December 1, 2006. Dispositive motions were filed and decided on February 7, 2008. Springfield filed this motion on March 3, 2008. Should Springfield's motion be granted, discovery will continue through late fall of 2008.

The clear prejudice to Century is manifested in the considerable delay of these proceedings that is proposed by Springfield. In addition, Springfield was certainly aware of the need to obtain the proposed discovery to support its own defenses since the inception of the case, was free at all times to acquire that discovery and has given no tenable reason why the discovery was never pursued until now. Therefore, Springfield has not shown, and cannot show, excusable neglect under *Rule* 6(b)(2), and its motion must be denied.

---

As such, and in any event, that request has no discernible bearing on Springfield's failure to meet its burden under the applicable standards.

6

## II.    CENTURY IS ENTITLED TO ITS COSTS AND REASONABLE ATTORNEY'S FEES FOR OPPOSING THIS MOTION UNDER *FRCP* 16(f)

Springfield has failed to demonstrate the required "good cause" under *Rule* 16(b).

Moreover, Springfield has failed to reasonably explain the dubious timing of its motion at

this point in a matter Springfield has so vigorously defended – as evidenced by

Springfield's prolific motion practice to date.  Thus, the pending motion mirrors *U.S. v.*

*1948 South Martin Luther King Dr*, in which defendant sought leave to file motions

outside of the time allotted in the court's scheduling order:

> On appeal, Melvin does not present any facts supporting a finding of cause. Rather, he argues that he did not file the motion for the purpose of delaying trial. This argument misses the mark. The judge is not required to allow a party to file any untimely motion as long as it does not delay trial. Rather, a party must provide the court with good cause to excuse the tardiness, regardless of whether or not there will be a delay. Courts have a legitimate interest in ensuring that parties abide by scheduling orders to ensure prompt and orderly litigation. *See Fed.R.Civ.P.* 16(f) (allowing the imposition of sanctions where a party's attorney fails to obey a scheduling order).

*U.S. v. 1948 South Martin Luther King Dr*, 270 *F.3d* at 1110; *see, also, Matter of*

*Maurice*, 21 *F.3d* 767, 772 (7th Cir. 1994).

Fed.R.Civ.P. 16(f) provides, in pertinent part:

> (f) *Sanctions.*
> (1) *In General.* On motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney:
> .    .    .
> (C)    fails    to    obey    a    scheduling    or    other    pretrial    order.
>
> (2) *Imposing Fees and Costs.* Instead of or in addition to any other sanction, the court must order the party, its attorney, or both to pay the reasonable expenses--including attorney's fees--incurred because of any

noncompliance with this rule, unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust.

Here, Springfield utterly fails to demonstrate good cause, excusable neglect or any reasonable justification whatsoever to support its motion, which has been made in direct derogation of this Court's scheduling order and at the time and expense of Century. Accordingly, Century should be awarded the costs and reasonable attorney's fees expended in opposing Springfield's motion under *Rule* 16(f).

## CONCLUSION

Based upon the foregoing arguments and controlling legal precedent, Springfield's motion for leave to file a motion to re-open discovery must be denied, and Century awarded costs and reasonable attorney's fees expended in opposing the motion.

STARK & STARK
A Professional Corporation

By: s/ Craig S. Hilliard
    CRAIG S. HILLIARD

Lead Counsel
Craig S. Hilliard
STARK & STARK
A Professional Corporation
P.O. Box 5315
Princeton, NJ 08543-5315
(609) 896-9060

Local Counsel
David A. Herman
GIFFIN, WINNING, COHEN & BODEWES, P.C.
One West Old State Capitol Plaza
Myers Building - Suite 600
P.O. Box 2117
Springfield, IL 62705
(217) 525-1571

8

## **CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that on March 20, 2008, I filed this Response Brief with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the attorney of record for Defendants:

Almon A. Manson, Jr., Esq.
Brown, Hay & Stephens
205 S. Fifth Street, Suite 700
P. O. Box 3459
Springfield, IL 62705-2459

Lance T. Jones, Esq.
Law Office of Lance T. Jones
1100 So. Fifth Street
Springfield, IL  62703

s/ Craig S. Hilliard
CRAIG S. HILLIARD

Slip Copy, 2006 WL 2796481 (N.D.Ill.)

<u>Motions, Pleadings and Filings</u>

Only the Westlaw citation is currently available.

United States District Court,
N.D. Illinois, Eastern Division.
Stanislaw JAGLA, Plaintiff,
v.
LASALLE BANK, Defendant.
No. Civ.A. 05 C 6460.
Sept. 26, 2006.

Stanislaw Jagla, Roselle, IL, pro se.

<u>Tom H. Luetkemeyer</u>, <u>James Constantine Vlahakis</u>, <u>Thomas Yale Mandler</u>, Hinshaw & Culbertson LLP, Chicago, IL, for Defendant.

*MEMORANDUM OPINION AND ORDER*

<u>CONLON</u>, J.

**\*1** Stanislaw Jagla filed a *pro se* complaint against LaSalle Bank and five of its officers, alleging defendants failed to hire and to promote him and other putative class members on the basis of race and national origin. His claims against the individual defendants, as well as his racial discrimination and failure to promote claims, were dismissed. *Jagla v. LaSalle Bank,* No. 06 C 6460, 2006 WL 695251, at ----2-3 (N.D.Ill. Mar.15, 2006) (Conlon, J.). His motions for appointment of counsel and for class certification were denied. Minute Order, Dkt. No. 24 (Feb. 21, 2006); *Jagla v. LaSalle Bank,* No. 05 C 6460, 2006 WL 1005728, at ----2-6 (N.D.Ill. Apr.12, 2006) (Conlon, J.). He filed an amended complaint alleging discrimination on the basis of his national origin and of his age, in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 623 *et seq.,* and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* Am. Compl., Dkt. No. 61 (June 6, 2006). Promptly after discovery closed on July 11, 2006, LaSalle Bank moved for summary judgment. Jagla was allowed 40 days to respond-20 days longer than a normal briefing schedule. Minute Order, Dkt. No. 80 (July 13, 2006). He responded after unsuccessfully moving to compel document production. *See* Minute Order, Dkt. No. 81 (Aug. 1, 2006). The summary judgment motion is now fully briefed. In addition, before the court are LaSalle Bank's motion to amend its Local Rule 56.1(a)(3) statement and to strike portions of Jagla's response, as well as Jagla's motions to compel document production and to extend discovery. For the reasons set forth below, LaSalle Bank's summary judgment motion is granted, its motion to strike and to amend is granted in part and denied in part, and Jagla's motions are denied.

BACKGROUND

I. LaSalle Bank's Recruiting

The following facts are undisputed unless otherwise noted. LaSalle Bank, headquartered in Chicago, maintains regional offices in other parts of Illinois, as well as in Colorado, Florida, Indiana, Iowa, Minnesota, Missouri, Ohio, and Wisconsin. Def. Facts at ¶¶ 2, 17. LaSalle Bank recruits college graduates to fill its entry level positions, such as finance associates and regional credit analysts. Zemach Decl. at ¶¶ 5-6. Brian Zemach, LaSalle Bank's College Relations Director, is in charge of recruiting, primarily through soliciting and interviewing candidates on college campuses. *Id.* at ¶¶ 4, 6. Zemach and his staff usually visit over 20 colleges across the country. Def. Facts at ¶ 62.

In addition to on-campus recruiting, LaSalle Bank invites job seekers to apply online. *Id.* at ¶ 6. On a regular basis, Zemach and his staff review the online applications in two steps. *Id.* at ¶ 9. First, they compare the applications against a set of minimum requirements to identify qualified applicants. For example, in addition to "a

bachelor's degree in a business major," a qualified applicant must have "a minium of a 3.0/4.0 grade point average, at least two college-level accounting courses" for the credit analyst position, and "a minimum of a 3.5/4.0 grade point average, a degree in economics, accounting, mathematics or finance" for the finance associate position. *Id.* at ¶¶ 18, 20. On a case-by-case basis, these requirements can be waived for applicants who demonstrate other achievements, such as extensive leadership activities. Def. Reply Ex. B at ¶ 9 (Zemach's answers to written deposition). At the second step, Zemach and his staff analyze each qualified application for subjective suitability based on the open positions, and relative to other qualified applications. Def. Facts at ¶ 9; *see also* Zemach Decl. at ¶¶ 15-17. If an application passes the second step, Zemach and his staff interview the applicant by telephone; based on the applicant's performance on the telephone interview, they would decide whether to conduct two additional rounds of in-person interviews, which may lead to hiring the applicant. *Id.* at ¶ 22. LaSalle Bank receives a large number of online applications: over 1,500 during the 2004-05 recruiting season. *Id.* at ¶ 9. As a result, LaSalle Bank interviews only a select portion of online applicants. Def. Facts at ¶ 7.

II. Jagla's Online Applications
   ***2** This case arises from Jagla's two online applications that failed to earn him an interview with LaSalle Bank. He submitted his resume for a regional credit analyst position on January 21, 2005, and for a finance associate position on February 18, 2005. *Id.* at ¶¶ 8, 22, 24. His resume satisfied the minimum requirements for both positions: he earned a bachelor's degree in economics and finance from Northeastern Illinois University, graduating with a perfect 4.0 grade point average. *Compare* Zemach Decl. at ¶¶ 18-19 *with* Def. Facts Ex. 5A (Jagla's resume). He also completed 70% of the course work for a master's degree in financial markets. *Id.* In addition to academic achievements, he held several customer service positions in the Chicago area since 1996, including one with LaSalle Bank. *Id.*

   Aside from his post-secondary education and employment, Jagla's resume shed little light on his background. He was born in Poland, and was 42 years old in 2005. Def. Facts at ¶ 1. But his resume provided no signposts of either his age or his Polish origin. *See* Def. Facts Ex. 5A (Jagla's resume). His first name on the resume was "Stan," not "Stanislaw"; he did not state that he spoke Polish or had any connection to Poland. *Id.* Nor did he include his college graduation year. *See id.* Thus, the sole indicator of his age was that he was continuously employed since 1996, and that he attended graduate school. *See id.*

   In May 2005, Jagla received a postcard from LaSalle Bank rejecting his applications for the credit analyst and the finance associate positions. Am. Compl. at ¶ 22. He believed he was well qualified for both positions, and that he was rejected because of his national origin and his age. He brought a timely complaint with the Equal Employment Opportunity Commission ("the EEOC"). *Id.* at ¶ 23. After receiving an EEOC right-to-sue letter, he filed this case. *Id.*

III. LaSalle Bank's Position
   LaSalle Bank denies Jagla's applications were rejected for discriminatory reasons, maintaining its human resources staff knew nothing about his age or national origin. LaSalle Bank claims Jagla was unsuitable for the credit analyst position. Def. Facts at ¶¶ 32-35. Although Zemach had no recollection of Jagla, he was the only LaSalle Bank employee who could have reviewed Jagla's application for the credit analyst position. Def. Reply Ex. A at ¶ 5 (Zemach Supplemental Decl.). According to Zemach's experience, applicants pursuing a graduate degree in financial markets typically lacked long-term commitment to the credit analyst position, which did not involve financial markets. Zemach Decl. at ¶ 21. In addition, applicants who never lived outside the Chicago area would generally be unsuitable for the credit analyst positions, which are located at LaSalle Bank's regional offices. *Id.* Because Jagla's background fell under both undesirable categories, he was not selected for a telephone interview. *Id.* at ¶ 22.

   ***3** Zemach attests that no LaSalle Bank employee connected to the review process knew about Jagla's age or national origin. *See id.* at ¶¶ 23-25. Nor was Jagla's file from his previous employment used during the review. *Id.* at ¶ 27. According to Zemach, Jagla's resume constituted the sole basis for the decision to reject his credit analyst application. *Id.* at ¶ 28.

   Zemach further attests that Jagla's resume was never reviewed for the finance associate position. *Id.* at ¶ 13. By February 16, 2005, Zemach and his staff had already selected a final group of potential candidates. *Id.* at ¶¶ 12-13. Jagla's application, submitted on February 18, 2005, was therefore never reviewed. *Id.* at ¶ 13. Accordingly, LaSalle Bank's rejection of Jagla's two applications had nothing to do with his national origin or his age.

IV. Jagla's Position

Jagla asserts LaSalle Bank maintained a "[r]igged hiring system" in which underqualified candidates from certain preferred colleges are hired, and qualified candidates like himself are denied interviews. Pl. Additional Facts at ¶¶ 1-2, 6. He further asserts he was well qualified for the credit analyst and the finance associate positions, and that LaSalle Bank declined to hire him because of his national origin and his age. *See id.* at ¶ 5. Finally, he contends LaSalle Bank's explanations for rejecting his applications are a mere pretext for discrimination. *Id.* at ¶¶ 10, 14-17.

According to Jagla, LaSalle Bank only hires graduates from "preferred" colleges through on-campus interviews, and never hires online applicants or graduates from non-preferred colleges. Pl. Resp. Facts at ¶¶ 12, 56. He further attests LaSalle Bank hires graduates from the preferred colleges even if they lack qualifications. *Id.* at ¶¶ 29-30. He claims the preferred colleges have "low or nonexistent population[s]" of students who are over 40, or from a foreign country. *Id.* at ¶ 39. As a result, he claims LaSalle Bank's alleged hiring practices had a disparate impact on his applications.

Jagla dismisses LaSalle Bank's explanations for rejecting his applications as pretext. He claims to be the best qualified candidate for both positions, because he had sales experience and the highest grade point average. *Id.* at ¶¶ 16, 47. He asserts LaSalle Bank hired credit analysts who lacked commitment to working in its regional offices. *Id.* at ¶¶ 32, 35. He contends Zemach's declaration in support of the summary judgment motion lacks veracity because it contradicts the 2005 affidavit Zemach filed with the EEOC. *Id.* at ¶¶ 7, 23.


DISCUSSION


I. Summary Judgment Motion

A. Summary Judgment Standard

Summary judgment is proper when the moving papers and affidavits show there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). A movant has the initial burden of demonstrating that it is entitled to summary judgment. *Cont'l Cas. Co. v. Northwestern Nat'l Ins. Co.,* 427 F.3d 1038, 1041 (7th Cir.2005). Once a movant has met its burden, the nonmoving party must go beyond the pleadings and set forth specific facts showing there is a genuine issue for trial. Fed.R.Civ.P. 56(e); *Cont'l Cas. Co.,* 427 F.3d at 1041. The court considers the record as a whole and draws all reasonable inferences in the light most favorable to the nonmoving party. *Id.* A genuine issue of material fact exists when the evidence is sufficient to support a reasonable jury verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).


B. *McDonnell Douglas* Burden-Shifting Framework

**\*4** Jagla sues under both disparate treatment and disparate impact theories. Absent direct evidence of discrimination, he must proceed under the indirect method of proof set forth in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). Under this method, he must first establish a *prima facie* case of discrimination. *Id.* at 802. If he succeeds in establishing a *prima facie* case, the burden of production shifts to LaSalle Bank to offer a legitimate reason for the alleged discrimination. *Id.* If LaSalle Bank meets this production burden, Jagla may then rebut that evidence by showing the proffered reasons are a pretext for discrimination, or that impermissible motives tainted LaSalle Bank's decisions to reject his applications. *See id.* at 803-05. To survive a summary judgment motion, Jagla must present "evidence that calls into question the veracity of [LaSalle Bank's] explanation." *Olsen v. Marshall & Ilsley Corp.,* 267 F.3d 597, 601 (7th Cir.2001); *see also Hudson v. Chicago Transit Auth.,* 375 F.3d 552, 561 (7th Cir.2004) ("[p]retext is more than a mistake on the part of the employer; it is a phony excuse"). His *pro se* status does not relieve him of the burden to establish a *prima facie* case of discrimination and to present evidence giving rise to an issue of material fact. *Carr v. United Airlines,* No. 03 C 8553, 2005 WL 1705830, at ----3-5 (N.D.Ill. July 15, 2005) (Pallmeyer, J.).

LaSalle Bank argues Jagla fails to establish a *prima facie* case under either a disparate treatment or a disparate impact theory, and that there is no evidence giving rise to an issue of fact as to whether its proffered reasons are a pretext for discrimination. LaSalle Bank's arguments are discussed in turn.

C. *Prima Facie* Case

(1) Disparate Impact

    To establish a *prima facie* case, Jagla must (1) isolate and identify specific employment practices that are allegedly responsible for any observed statistical disparities; and (2) present sufficient statistical evidence to show the practices in question have excluded job applicants because of their membership in a protected group. *Farrell v. Butler Univ.,* 421 F.3d 609, 616 (7th Cir.2005).

    Jagla fails to establish either element of a *prima facie* disparate impact claim. Jagla alleges two discriminatory hiring practices: (1) LaSalle Bank hires only graduates from a group of unidentified "preferred" colleges, and refuses to hire graduates from other colleges, presumably including his *alma mater;* and (2) LaSalle Bank favored on-campus recruits over online applicants. Pl. Resp. Mem. at 5. According to Jagla, these practices result in discrimination against applicants of foreign origin or over the age of 40 years. But nothing in the record supports his conclusory allegations. To the contrary, the record shows LaSalle Bank hired at least one online applicant in 2004,[FN1] and that the credit analysts came from over 20 colleges-private and public, small and large, and with regional and national reputations. *See* Def. Facts at ¶ 62; Def. Reply Ex. A at ¶ 1 (Zemach Supplemental Decl .). The record also shows LaSalle Bank chooses to recruit in colleges located near its regional offices, or are consistent in producing talented employees. *Id.* Ex. B at ¶¶ 35, 58 (Zemach's answers to written deposition). Viewing the record in the light most favorable to Jagla, no inference of discrimination can be drawn from LaSalle Bank's decisions to conduct on-campus interviews.

        FN1. Without any factual basis, Jagla argues LaSalle Bank's "hiring practices [of disfavoring online applicants are] not supported by ... business necessity." Pl. Resp. Mem. at 5. But the efficacy of LaSalle Bank's hiring practices is relevant only if they cause disparate impact. *See Allen v. City of Chicago,* 351 F.3d 306, 312 (7th Cir.2003) (subjecting employment practices to review only after finding they have a disparate impact). Absent any evidence of disparate impact, Jagla's "business necessity" argument is irrelevant.

    **\*5** Even assuming LaSalle Bank gives preferential treatment to a group of "preferred" colleges, Jagla must submit evidence of statistical disparity demonstrating LaSalle Bank's purported practice has a discriminatory impact on applicants who are either of foreign origin or over the age of 40. *Morgan v. Harris Trust & Sav. Bank of Chicago,* 867 F.2d 1023, 1027 (7th Cir.1989). He submits three convoluted and conclusory affidavits asserting LaSalle Bank discriminated against employees and candidates who are "Title VII members" or over 40 years old.[FN2] Pl. Facts Exs. 13, 17, 21. As discussed in Section II(C) below, these affidavits are stricken for lack of foundation. But even if considered, Jagla's multiple affidavits fail to establish a *prima facie* case because they lack support in the record. For example, in Exhibit 17, Jagla vouches that his "statistics" were "[f]ully supported by the hiring records." *Id.* Ex. 17. But a careful review of his voluminous submission reveals no basis for his purported statistical evidence. *See Smith v. Lamz,* 321 F.3d 680, 683 (7th Cir.2003) (the court "is not required to 'wade through improper denials and legal argument in search of a genuinely disputed fact'") (quoting *Bordelon v. Chicago Sch. Reform Bd. of Trs.,* 233 F.3d 524, 529 (7th Cir.2000)). Absent any factual basis for LaSalle Bank's purported discriminatory practices, Jagla's claims cannot survive a summary judgment motion by relying on conclusory affidavits. *Gabrielle M. v. Park Forest-Chicago Heights, Ill. Sch. Dist.* 163, 315 F.3d 817, 822 (7th Cir.2003) ("a non-movant must allege *specific* facts creating a genuine issue for trial and may not rely on vague, conclusory allegations") (emphasis original).

        FN2. In his brief, Jagla also argues, without any factual basis, that LaSalle Bank discriminated against online applicants because it spent $1 million on on-campus recruiting. Pl. Resp. Mem. at 4. Absent a linkage between LaSalle Bank's budget and Jagla's claims, his argument is baseless.

(2) Disparate Treatment

    To establish a *prima facie* case under a disparate treatment theory, Jagla must demonstrate: (1) he belongs to a protected group; (2) he applied for and was qualified for the positions; (3) he was rejected for the positions; and (4) LaSalle Bank hired persons outside the protected class. *Mills v. Health Care Serv. Corp.,* 171 F.3d 450, 454 (7th Cir.1999); *see also Brummett v. Sinclair Broad. Group, Inc.,* 414 F.3d 686, 692 (7th Cir.2005) (listing the *prima facie* elements for disparate treatment case).

Jagla fails to proffer any evidence to meet his burden to establish the second prong–that he was qualified for the credit analyst or the finance associate positions. While his academic record meets LaSalle Bank's minimum requirements, he must also pass the second step: a subjective analysis to become a qualified applicant. The undisputed evidence reflects he was found unsuitable for the credit analyst position because he was pursuing graduate studies in financial markets-unrelated to the credit analyst position, and because his resume showed no history of residency or work in areas where LaSalle Bank's regional offices were located. Zemach Decl. at ¶ 21. Aside from Jagla's speculative statements, there is no evidence supporting his assertion that he was the best qualified candidate for the finance associate position. In fact, the record does not even identify the subjective requirements for finance associates.

**\*6** Arguing the contrary, Jagla relies on *Texas Department of Community Affairs v. Burdine,* 450 U.S. 248, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981). But his reliance on *Burdine* is misplaced: *Burdine* requires establishment of a *prima facie* discrimination claim. *Id.* at 252-53. To carry this burden, he must come forth with evidence, rather than bare bones citation of legal authority. Absent any evidence giving rise to a reasonable inference of discrimination, summary judgment in LaSalle Bank's favor is appropriate.

D. Pretext
    Even assuming Jagla sufficiently establishes a *prima facie* discrimination claim, LaSalle Bank has met its burden under *McDonnell Douglas* to offer non-discriminatory reasons for rejecting his applications. According to LaSalle Bank, Jagla's resume revealed neither his Polish origin nor his age. He was found unsuitable for the credit analyst position because his graduate studies in financial markets lacked relevance to the position, and because his resume showed no connections to areas where LaSalle Bank's regional offices were located. Zemach Decl. at ¶ 21. In addition, his application for the finance associate position, submitted on February 18, 2005, was rejected because LaSalle Bank had chosen all potential candidates two days earlier. *Id.* at ¶¶ 12-13.

    Under *McDonnell Douglas,* Jagla's claims may survive a summary judgment motion only if he raises a genuine issue of material fact as to whether LaSalle Bank's explanations were a mere pretext for discrimination. He may establish pretext by proving one of the following: "(1) the proffered reasons are factually baseless; (2) the proffered reasons were not the actual motivation for [LaSalle Bank's rejection]; or (3) the proffered reasons were insufficient to motivate [the rejection]." *Wolf v. Buss (Am.) Inc.,* 77 F.3d 914, 919 (7th Cir.1996). But as discussed below, he fails to submit any evidence to establish pretext.

(1) Credit Analyst
    Jagla argues Zemach's explanations for rejecting his application lacked veracity. In his 2005 statement to the EEOC, Zemach attested only that Jagla was unsuitable for the credit analyst position because he pursued a graduate degree in financial markets. Pl. Facts Ex. 6 at ¶ 21 (Zemach Aff.). In support of the summary judgment motion, Zemach states an additional reason for his decision to reject Jagla's application: he lacked connections to the areas where LaSalle Bank's regional offices were located. Zemach Decl. at ¶ 21. Jagla argues Zemach has changed his story, giving rise to an inference of dishonesty. Contrary to Jagla's argument, Zemach is free to provide additional explanations for his decision. *Pagsuberon v. Chicago Tribune Co.,* 155 F.Supp.2d 959, 965 (N.D.Ill.2001) (Bucklo, J.) (citing cases). The two reasons offered by Zemach are not conflicting and do not raise an issue of material fact as to whether they are a mere pretext.[FN3] *See Kulumani v. Blue Cross Blue Shield Ass'n,* 224 F.3d 681, 684 (7th Cir.2000) (" 'pretext' means deceit used to cover one's tracks").

    FN3. Jagla also argues Zemach lied in his declaration because the total number of online applications he provided was different from the one in his EEOC affidavit. This argument lacks merit. Zemach's numbers were clearly estimates. *See* Pl. Resp. Fact at ¶ 23, Ex. 6.

**\*7** Jagla alleges LaSalle Bank hired applicants who lacked connections to their assigned regions. But he fails to submit any evidence to support the allegations. He characterizes LaSalle Bank's recruiting as "tainted," and accuses Zemach of exercising "[e]xcessive subjectivity" in selecting candidates for interviews. Pl. Resp. Mem. at 3-4. Not only do these conclusory allegations lack any factual basis, but even if true, they do not give rise to an inference that Zemach's stated reasons were pretextual. *See Baron v. City of Highland Park,* 195 F.3d 333, 341 (7th Cir.1999) ("the overall correctness or desirability of the reasons proffered is not relevant"). Absent evidence demonstrating pretext, Jagla's arguments must fail. *See Clay v. Holy Cross Hosp.,* 253 F.3d 1000, 1007 (7th Cir.2001) (plaintiff

"must present facts that cast doubt on the [employer's] specific *reasons* for her termination") (emphasis original).

## (2) Finance Associate

Jagla submits an affidavit listing eleven individuals purporting to be LaSalle Bank's newly-hired finance associates, their grade point averages, ages, and Title VII status. Pl. Facts Ex. 4; *see also id.* Ex. 3 (Ann Kurowska's application).[FN4] Jagla argues his grade point average-a perfect 4.0-made him a superior candidate, and that LaSalle Bank's choice of younger candidates supports an inference of discrimination on the basis of his age. But Jagla fails to show that grade point average is the decisive qualifying factor for the finance associate position. Even assuming grade point average is decisive and LaSalle Bank rejected Jagla's application in error, Jagla's affidavits do not constitute evidence of pretext. *Essex v. United Parcel Serv., Inc.,* 111 F.3d 1304, 1310 (7th Cir.1997) ("[t]he fact that the employer was mistaken or based its decision on bad policy, or even just plain stupidity, goes nowhere as evidence that the proffered explanation is pretextual").

> FN4. LaSalle Bank hired Anna Kurowska in November 2004. Pl. Facts Ex. 3. Her resume indicates she is fluent in Polish and pursued an internship with the Polish Observer in the European Parliament. *Id .*

Jagla argues Zemach lied that he and his staff completed the selection of potential candidates by February 16, 2005, two days before receiving Jagla's online application. In support, he submits that LaSalle Bank interviewed a candidate, James Day, in May 2005, and offered him a finance associate position thereafter. *See* Pl. Facts Ex. 18 (documents concerning James Day's application). But the undisputed record reflects that Day, a minority candidate and a Stanford University graduate, was recommended to Zemach by a LaSalle Bank employee. Def. Reply Ex. A at ¶ 10 (Zemach Supplemental Decl.). The fact that Zemach considered Day's application in May 2005 does not cast doubt on Zemach's statement that he and his staff stopped reviewing online applications after February 16, 2005. This cut-off date may be arbitrary, but no discriminatory motive can be drawn from Zemach's decision to consider Day's application based on another bank employee's recommendation. *See Senner v. Northcentral Tech. Coll.,* 113 F.3d 750, 756 (7th Cir.1997) (employer's arbitrary decision to interview only three of the nine qualified candidates does not constitute evidence of pretext). Construing the facts in the light most favorable to Jagla, no reasonable juror could find that Zemach lied about the cut-off date because he considered a minority candidate who graduated from a prestigious university and was recommended by a bank employee. *See id.* (no "jury could imply a sinister motive for short-listing only the three candidates with the highest numerical rating"). Accordingly, Jagla fails to raise an issue of material fact with regard to LaSalle Bank's legitimate reason for rejecting his application.

## II. Motion to Strike and to Amend

**\*8** LaSalle Bank moves to strike and deem admitted portions of Jagla's Local Rule 56.1(b)(3)(B) response and to strike certain exhibits. In addition, LaSalle Bank moves to strike the "anecdote" on page three of Jagla's opposition brief, in which he alleges LaSalle Bank hired drug addicts and alcoholics from Northwestern University. Finally, LaSalle Bank moves to amend the list of colleges identified in paragraph 62 of its Local Rule 56.1(a)(3) statement. Jagla has not responded to LaSalle Bank's motion with respect to amending the list of colleges and to striking the scandalous, unsupported anecdote in his brief; as a result, LaSalle Bank's motion is granted in these respects. LaSalle Bank's motion to strike Jagla's Local Rule 56.1(b) response and exhibits is addressed below.

## A. Legal Standard

Affidavits submitted in opposition to summary judgment must (1) be made on personal knowledge; (2) set forth facts in admissible form; and (3) show the affiants are competent to testify to the matters stated therein. Fed.R.Civ.P. 56(e); *Palmer v. Marion County,* 327 F.3d 588, 595 (7th Cir.2003). Rule 56 affidavits must present concrete facts; mere conjecture or speculation is insufficient. *Johal v. Little Lady Foods, Inc.,* 434 F.3d 943, 947 (7th Cir.2006). Consistent with Rule 56, Local Rule 56.1 requires a party opposing summary judgment to file a concise response to the movant's statement of facts, and in case of any disagreement, to refer to affidavits or the record. LR 56.1(b)(3)(B). Legal arguments are "not a recitation of a 'fact' to which an affiant is competent to testify" and therefore do not belong in a Local Rule 56.1(b)(3)(B) response. *Pfeil v. Rogers,* 757 F.2d 850, 862 (7th Cir.1985); *see also Salamanca v. Robert Half Corp.,* No. 02 C 5033, 2003 WL 1825561, at \*2 (N.D.Ill. Apr.4, 2003) (Conlon, J.) (striking legal argument in Local Rule 56.1 statement). Nor may a response contain additional facts beyond the movant's statement, because they must be submitted separately. *See* LR 56.1(b)(3)(C); *see also Cichon v. Exelon*

*Generation Co., L.L.C.,* 401 F.3d 803, 810 (7th Cir.2005) (a district court may refuse to consider additional facts submitted in a Local Rule 56 .1(b)(3)(B) response). A response may be stricken for failure to comply with these rules. *O'Regan v. Arbitration Forums, Inc.,* 246 F.3d 975, 987 (7th Cir.2001) (a district court has discretion to enforce these rules "strictly or somewhat leniently").

Jagla is *pro se* and therefore enjoys the benefit of the doubt on procedural matters. *See, e.g., Greer v. Bd. of Educ.,* 267 F.3d 723, 727 (7th Cir.2001) ( *pro se* pleadings are liberally construed). Leniency toward a *pro se* litigant, however, is circumscribed. *See id.* (courts are not "obliged ... to scour the record looking for factual disputes" to rescue a *pro se* litigant from losing summary judgment). Jagla's *pro se* status does not serve as a license to ignore the Federal Rules of Civil Procedure or the Local Rules. *See Members v. Paige,* 140 F.3d 699, 702 (7th Cir.1998) ("[procedural] rules apply to uncounseled litigants"); *Downs v. Westphal,* 78 F.3d 1252, 1257 (7th Cir.1996) ( *"pro se* litigants are not entitled to a general dispensation from the rules of procedure"). Moreover, in accordance with Local Rule 56.2, he was served with a notice to a *pro se* litigant setting forth in detail Local Rule 56.1's requirements. *See* Def. Mot. Ex. B, Dkt. No. 71 (July 11, 2006). Thus, he is expected to comply with Local Rule 56.1; his response to LaSalle Bank's motion, as well as his supporting exhibits, may be stricken for incompliance. *E.g., Wiggen v. Leggett & Platt, Inc.,* No. 03 C 1986, 2004 WL 2515823, at *3 (N.D.Ill. Nov.5, 2004) (Leinenweber, J.).

B. Jagla's Local Rule 56.1(b)(3)(B) Response
**\*9** LaSalle Bank moves to strike 37 paragraphs of Jagla's Local Rule 56.1(b)(3)(B) response because they (1) contain legal arguments or additional facts; (2) fail to respond to LaSalle Bank's Local Rule 56.1(a)(3) statement; or (3) lack support in the record. LaSalle Bank's arguments are persuasive. As discussed below, the paragraphs in question must be stricken. [FN5]

> FN5. For the sake of brevity, the court does not restate each paragraph of LaSalle Bank's Local Rule 56.1(a)(3) statement (Dkt. No. 72 (July 12, 2006) and Jagla's Local Rule 56.1(b)(3)(B) response (Dkt. No. 88 (Aug. 22, 2006)).

• Paragraph 9: LaSalle Bank describes its two-step process in reviewing online applications generally. Jagla's response is defective because he fails to admit or deny LaSalle Bank's statement. He submits additional purported facts about the review of his applications, and argues Zemach's proffered reasons for rejecting his applications are a mere pretext.

• Paragraph 10: LaSalle Bank states Zemach personally reviewed Jagla's application for the credit analyst position. Jagla's response is defective because it is argumentative, and contains additional allegations about a purported cover-up.

• Paragraphs 12, 13, 14, and 15: LaSalle Bank describes its college recruitment policies and procedures. Jagla's responses are defective. He fails to admit or deny LaSalle Bank's statements. Rather, he submits additional facts about alleged disparate treatment, and argues LaSalle Bank discriminates against online applicants. His responses lack support in the record. In addition, his response to paragraph 14 contains allegations of his dismissed failure to promote claims. *Jagla,* 2006 WL 695251, at ----2-3.

• Paragraphs 16, 19, and 20: LaSalle Bank sets forth the minimum requirements for the credit analyst and the finance associate positions. Jagla's responses are defective because he fails to admit or deny LaSalle Bank's statements. In addition, he submits additional puported facts about other candidates' qualifications, and argues LaSalle Bank hired underqualified candidates.

• Paragraph 17: LaSalle Bank identifies the locations of its regional offices. Jagla's response is defective because it is argumentative, and fails to admit or deny LaSalle Bank's statement.

• Paragraph 21: LaSalle Bank describes its procedure in reviewing online applications. Jagla's response is defective because he fails to admit or deny LaSalle Bank's statement. In addition, he argues LaSalle Bank hired underqualified candidates.

• Paragraph 25: LaSalle Bank states Jagla's application for the finance associate position was among

approximately 384 online applications. His response is defective because he fails to admit or deny LaSalle Bank's statement. In addition, he argues, without any factual support, that the number of application was low, and that LaSalle Bank should be able to review all applications.

• Paragraph 26, 27, 28, 29, 30, and 31: LaSalle Bank sets forth the content of Jagla's resume. His responses are defective because he fails to admit or deny LaSalle Bank's statements. He also submits additional facts about LaSalle Bank's purported hiring practices, and argues that LaSalle Bank knew about his age and his national origin. His responses lack any support in the record.

*10 • Paragraph 32, 34, and 35: LaSalle Bank explains its review of Jagla's application for the credit analyst position. His responses are argumentative and non-responsive. In addition, his responses to paragraphs 32 and 35 contain additional purported facts about the finance associate position. He fails to cite to the record to support his argument that LaSalle Bank hired credit analysts who lacked connections to their assigned regions.

• Paragraph 36, 37, and 56: LaSalle Bank sets forth reasons for rejecting Jagla's application for the finance associate position. His responses are argumentative and unsupported by the record. For instance, he argues, without any factual support, that LaSalle Bank hired a "highly unqualified" candidate, and failed to hire any online applicants. His responses also contain additional purported facts about other candidates and LaSalle Bank's hiring practice.

• Paragraphs 38, 39, 40, 41, and 42: LaSalle Bank sets forth Jagla's national origin discrimination claim. His responses are defective because he fails to admit or deny LaSalle Bank's statements. His responses also contain legal arguments. His response to paragraph 38 contains additional purported facts about another candidate. In response to paragraphs 38 and 39, he argues, without any factual support, that he was better qualified than other candidates, and that LaSalle Bank prefers to recruit in colleges that have a small population of graduates of a foreign origin or over 40 years old.

• Paragraph 43: LaSalle Banks states Jagla is unaware of another individual who is over 40 years old, and whose employment application to LaSalle was rejected. Jagla's response, alleging age discrimination, is argumentative and non-responsive. His response also fails to cite to the record for support.

• Paragraph 44: LaSalle Bank states Jagla testified about his lack of knowledge in its recruiting activities. His response, asserting he possesses documentary evidence, lacks support in the record.

• Paragraph 51: LaSalle Bank describes the content of an exhibit used in Jagla's deposition. His response is defective because he fails to admit or deny LaSalle Bank's statement. In addition, he argues, without any factual support, that LaSalle Bank's recruiting methods are discriminatory.

• Paragraphs 53, 54, and 55: LaSalle Banks states Jagla has no evidence of disparate impact. His responses are defective because he argues, without any support from the record, that LaSalle Bank discriminated against certain colleges.

• Paragraph 61: LaSalle Bank lists the colleges where it recruits credit analysts. Jagla's response is defective because he fails to admit or deny LaSalle Bank's statement, and because he refers to additional purported facts about the finance associate position.

• Paragraph 63: LaSalle Bank states it hired a candidate who had a Polish background. Jagla's response is defective because he fails to admit or deny LaSalle Bank's statement. In addition, he argues, without factual support, that his qualifications were superior.

*11 As specified above, the foregoing paragraphs of Jagla's prolix Local Rule 56.1(b)(3)(B) response are defective and must therefore be stricken. *Wiggen, 2004 WL 2515823, at *3* (striking self-serving legal conclusions from *pro se* plaintiff's response to motion for summary judgment). As a result, the corresponding paragraphs of LaSalle Bank's Local Rule 56.1(a)(3) statement are deemed admitted. LR 56.1(b)(3)(C).

C. Jagla's Exhibits
    LaSalle Bank moves to strike eight exhibits Jagla submits under Local Rule 56.1(b)(1). LaSalle Bank argues

Exhibit 1 should be stricken because it refers to claims that were previously dismissed. Exhibit 1 is an affidavit signed by Jagla accusing LaSalle Bank of denying him employment and training opportunities in the 1990s. His claims arising from his employment with LaSalle Bank between 1996 and 2000 were dismissed with prejudice. *Jagla,* 2006 WL 695251, at ----2-3. As a result, the statements pertaining to events occurring in the 1990s have no bearing on this case. Jagla states that LaSalle Bank discriminated against him in 2005 when he applied for jobs online. But this statement is a legal argument and should be disregarded. *Pfeil,* 757 F.2d at 862. Because Exhibit 1 contains irrelevant statements and legal arguments, LaSalle Bank's motion to strike this exhibit is granted.

LaSalle Bank moves to strike Jagla's Exhibits 5, 13, 17, 21, and 22 because they are incomprehensible and argumentative, and because they lack foundation. Each of these two-page exhibits are signed by Jagla as an affidavit; each contains a table purporting to show the differences between members and non-members of Title VII protected groups, in terms of their qualifications and of LaSalle Bank's treatment. Jagla does not state in any of these exhibits that he had personal knowledge of the information. *See* Pl. Facts Exs. 5, 13, 17, 21, 22. Nor does he identify the source or bases of these documents. For example, in Exhibit 5, he attests that a "critical" duty of a credit analyst is sales, yet he does not state the basis of his knowledge. Pl. Facts Ex. 5; *see also id.* Ex. 13 (speculating about the compensation and training patterns of LaSalle Bank employees); *id.* Ex. 17 ("LaSalle Bank's career statistics"); *id.* Ex. 21 (LaSalle Bank's "hiring statistics for 2005"); *id.* Ex. 22 (candidates "who were not even qualified ... but were mysteriously hired"). As a result, he fails to lay a proper foundation for these exhibits. Accordingly, these exhibits must be stricken. *Torry v. Northrop Grumman Corp.,* No. 98 C 7288, 2003 WL 22595280, at *7 (N.D.Ill. Nov.7, 2003) (Norgle, J.) (striking affidavits because they "provide no foundation"); *see also* Fed.R.Civ.P. 56(e) (requiring personal knowledge); Fed.R.Evid. 602 (same).

Finally, LaSalle Bank moves to strike Jagla's Exhibits 3 and 4, arguing they are inadmissible under Fed.R.Evid. 701 because they are not based on Jagla's perceptions. Both exhibits are signed by Jagla as affidavits. In Exhibit 3, Jagla juxtaposes his grade point average, accounting course work, and employment experience with those of Ann Kurowska (another applicant), and submits Kurowska's resume and college transcripts to support his statements. Pl. Facts Ex. 3. In Exhibit 4, Jagla lists the grade point averages, ages, and membership in Title VII protected groups of himself and eleven other applicants, and states that the information is derived from discovery materials. *Id.* Ex. 4. Because these two exhibits contain only straightforward information Jagla can extract from discovery materials, they are not inadmissible under Fed.R.Evid. 701. Accordingly, LaSalle Bank's motion to strike these two exhibits must be denied.

### III. Motion to Compel Document Production

**\*12** When discovery closed on July 11, 2006, Jagla moved to compel discovery. First Mot. to Compel, Dkt. No. 68 (July 11, 2006). His motion was granted in part and denied in part. Minute Order, Dkt. No. 81 (Aug. 1, 2006). He now files a second motion to compel, alleging LaSalle Bank concealed documents during discovery. Second Mot. to Compel, Dkt. No. 93 (Aug. 29, 2006). His motion is procedurally defective because it fails to include a Local Rule 37.2 statement of effort to reach an accord. For this reason alone, his motion should be denied. *Dugan v. Briley,* No. 03 C 4366, 2004 WL 783200, at *3 (N.D.Ill. Jan.12, 2004) (Deryeghiayan, J.) (enforcing Local Rule 37.2 against a *pro se* litigant).

Even if properly filed, Jagla's motion is substantively defective because he fails to show good cause. Fed.R.Civ.P. 26(b)(1) ("[f]or good cause, the court may order discovery"). He accuses LaSalle Bank of concealing documents that would show its proffered reasons for rejecting his applications are a pretext. But his accusations are speculative and contradicted by the record. He argues LaSalle Bank concealed information regarding several candidates' ages. But the record shows LaSalle Bank did not have these candidates' birth date information because they were never hired, and because the information was missing in their applications. *See* Def. Resp. to Second Mot. to Compel Ex. F at 3. Similarly, the record refutes Jagla's baseless allegation that LaSalle Bank withheld portions of its interview schedules. *See id.* Exs. B-D; *see also* Def. Reply Ex. A at ¶ 8 (Zemach Supplemental Decl.). Jagla questions the veracity of LaSalle Bank employees' written depositions on the basis that the employees were aided by counsel. His argument lacks any legal basis because a deponent is entitled to counsel, regardless of whether the deposition is taken on oral or written questions. *Hamdi & Ibrahim Mango Co. v. Fire Ass'n of Philadelphia,* 20 F.R.D. 181, 184 (S.D.N.Y.1957) (Bryan, J.).

In addition, Jagla speculates that LaSalle Bank possesses documents damaging to its defense. He alleges that (1) Zemach's February 16, 2005 cut-off date was fictitious; (2) Zemach made inconsistent statements regarding who reviewed online applications; (3) Zemach improperly relaxed the minimum requirements for certain candidates; and

(4) LaSalle Bank hired credit analysts who lacked connections to their assigned regions. These allegations are a mere rehash of Jagla's arguments opposing summary judgment. Jagla's attempt to embark upon a fishing expedition must be rejected. *See United States v. Bob Stofer Oldsmobile-Cadillac, Inc., 766 F.2d 1147, 1153 (7th Cir.1985)* (denying additional discovery where party has made only "vague assertions" that further discovery would develop genuine issues of material fact).

IV. Motion to Extend Discovery

Like his motion to compel, Jagla's motion to extend discovery is procedurally defective. Under Fed.R.Civ.P. 56(f), he is required to submit an affidavit stating why he is entitled to additional discovery. Fed.R.Civ.P. 56(f). Because he fails to comply with this rule, his motion must be denied. *First Nat. Bank & Trust Corp. v. Am. Eurocopter Corp., 378 F.3d 682, 694 (7th Cir.2004)*.

**\*13** Jagla complains he lacked time to conduct discovery. But this is a result of his own fault: he spent an inordinate amount of time filing duplicative motions for appointment of counsel, for class certification, for leave to appeal, and for reconsideration. *See, e.g.,* Dkt. Nos. 10, 20-21, 25, 28, 33, 82. Because he fails to show good cause for additional discovery, his motion must be denied. *United States v.1948 South Martin Luther King Drive, 270 F.3d 1102, 1113 (7th Cir.2001)* (denying a discovery motion filed after discovery cut-off for failure to show good cause).

## CONCLUSION

For the reasons set forth above, LaSalle Bank's motion for summary judgment is granted, its motion to strike and to amend is granted in part and denied in part, and Jagla's motions to compel document production and to extend discovery are denied.

N.D.Ill.,2006.
Jagla v. LaSalle Bank
Slip Copy, 2006 WL 2796481 (N.D.Ill.)


Motions, Pleadings and Filings (Back to top)

• 2006 WL 1437984 (Trial Motion, Memorandum and Affidavit) Plaintiffs' Third Motion for Class Action Certification (Apr. 26, 2006) 📄 Original Image of this Document with Appendix (PDF)
• 2006 WL 1039754 (Trial Pleading) Answer and Affirmative Defenses to Complaint (Mar. 28, 2006) 📄 Original Image of this Document (PDF)
• 2006 WL 1039157 (Trial Motion, Memorandum and Affidavit) Plaintiffs' Opposition to Defendants Motion to Dismiss (Mar. 8, 2006) 📄 Original Image of this Document with Appendix (PDF)
• 2006 WL 740941 (Trial Motion, Memorandum and Affidavit) Defendants' 12(B)(6) Motion to Dismiss (Feb. 15, 2006) 📄 Original Image of this Document (PDF)
• 2006 WL 740942 (Trial Motion, Memorandum and Affidavit) Plaintiffs' Motion for Class Action Certification (Feb. 15, 2006) 📄 Original Image of this Document with Appendix (PDF)
• 2005 WL 3613376 (Trial Pleading) Class Action Employment Discrimination Complaint (Nov. 14, 2005) 📄 Original Image of this Document with Appendix (PDF)
• 1:05cv06460 (Docket) (Nov. 14, 2005)
END OF DOCUMENT

Adobe Reader is required to view PDF images.



(C) 2008 Thomson/West. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d, 2006 WL 1876823 (N.D.Ind.)

Motions, Pleadings and Filings

Only the Westlaw citation is currently available.

United States District Court,
N.D. Indiana,
Fort Wayne, Division.
Tony TOOMBS, Plaintiff,
v.
Joseph MARTIN, John Kauffman, Defendant.
No. 1:05-CV-00104.
July 5, 2006.

Tony Toombs, Carlisle, IN, pro se.

Liberty L. Roberts, Kenneth A. Collier-Magar, Collier-Magar & Roberts PC, Indianapolis, IN, for Defendant.

### *OPINION AND ORDER*

ROGER B. COSBEY, Magistrate Judge.

**\*1** Plaintiff Tony Toombs, who is *pro se,* filed a Motion to Compel, requesting that the Court reopen discovery so that he can depose Defendant John Kauffman upon written questions.<u>FN1</u> (Docket # 95.) Because he has not established that his failure to meet the discovery deadline was a result of excusable neglect, his Motion to Compel will be DENIED.

> <u>FN1.</u> While Toombs titles his filing as a "Motion to Compel," the record shows that this is his first request to depose Kauffman, and thus the Court will treat his Motion as a request to re-open discovery for purposes of deposing Kauffman.

Toombs alleges in this 42 U.S.C. § 1983 action that his civil rights were violated by Kauffman, a police officer, in an incident in Marion during his arrest. (Compl. at 2-3.) On January 17, 2006, the Court granted a motion by Kauffman to extend the original discovery deadline of January 25, 2006, sixty days after the Court ruled on Defendant Martin's motion for summary judgment. (Docket35, 70, 78.) Defendant Martin's motion for summary judgment was granted on March 8, 2006 (Docket # 90), which by operation of the Court's January 17 Order, established a discovery deadline of May 8, 2006.

According to the Seventh Circuit Court of Appeals, "[c]ourts have a legitimate interest in ensuring that parties abide by scheduling orders to ensure prompt and orderly litigation." *Campania Mgmt. Co., Inc. v. Rooks, Pitts & Poust,* 290 F.3d 843, 851 (7th Cir.2002) (citing *United States v.1948 S. MLK Dr.,* 270 F.3d 1102, 1110 (7th Cir.2001)). Therefore, when a motion to extend a deadline is made after the deadline has passed, as in this case, the moving party must "show excusable neglect for failing to comply with the discovery deadline." *Roach v. Pedigo Holdings, Inc.,* No. 104cv1746RLYTAB, 2005 WL 2253590, at \*1 (S.D.Ind. Sept. 9, 2005) (citing *Brosted v. Unum Life Ins. Co. of America,* 421 F .3d 459 (7th Cir.2005)); *see* Fed.R.Civ.P. 6(b)(2).

In determining what constitutes "excusable neglect," a trial court exercises its discretion by considering "all relevant circumstances surrounding the party's omission," such as the "danger of the prejudice to the [defendant], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Jones v. Dyer Nursing and Rehabilitation Center,* No. 2:04cv508PRC, 2006 WL 1722361, at \*2 (N.D. Ind. June 26, 1996) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. Partnership,* 507 U.S. 380, 395 (1993)). "Excusable neglect" can include "omissions through carelessness and mistake," and also "situations in which the failure to comply with a filing deadline is attributable to negligence." *Id.* (citing *Robb v. Norfolk & W. Ry. Co.,* 122 F.3d 354, 358 (7th

Cir.1997)).

In his Motion, Toombs, who demonstrated his competence with discovery by timely propounding three sets of interrogatories and two requests for production of documents (Docket44, 45, 47, 48, 50, 55, 65), has provided no explanation why he could not have completed the deposition before the discovery deadline. Nor do we see anything in the record from which to infer that he failed to depose Kauffman before the discovery deadline as a result of carelessness, mistake, negligence, or any other excusable neglect. Furthermore, Toombs has filed his request on the eve of the dispositive motion deadline, July 8, 2006 ( see Docket # 78), and thus Kauffman would likely be prejudiced if the Court granted Toomb's motion.

**\*2** Accordingly, his Motion to Compel (Docket # 95) is DENIED. SO ORDERED.

N.D.Ind.,2006.
Toombs v. Martin
Not Reported in F.Supp.2d, 2006 WL 1876823 (N.D.Ind.)

Motions, Pleadings and Filings (Back to top)

• 1:05cv00104 (Docket) (Mar. 21, 2005)
END OF DOCUMENT

Adobe Reader is required to view PDF images.


(C) 2008 Thomson/West. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d, 2005 WL 2253590 (S.D.Ind.)

Motions, Pleadings and Filings

Only the Westlaw citation is currently available.

United States District Court,
S.D. Indiana, Indianapolis Division.
Daniel ROACH, Plaintiff,
v.
PEDIGO HOLDINGS, INC., Pedigo Chevrolet, Bob Pedigo, Defendants.
No. 104CV1746RLYTAB.
Sept. 9, 2005.

Gregory Edward Bekes, John Robert Panico, Grotke & Bekes, Greenwood, IN, for Plaintiff.

Scott R. Leisz, Bingham McHale, LLP, Indianapolis, IN, for Defendants.

*DISCOVERY ORDER*

BAKER, J.
    *1 This case raises a discovery scenario and resulting issue that warrants more than a passing mention. By way of background, the Court-approved Case Management Plan ("CMP") required liability discovery to be completed by August 22, 2005 and dispositive motions to be filed by September 22, 2005. On September 7, 2005, the Court held a status conference with counsel at which time Plaintiff orally requested an enlargement of time to take two depositions. Defendants objected, having timely deposed the Plaintiff, completed liability discovery, and being poised to file their summary judgment motion by the September 22 deadline.

    Plaintiff offered no compelling reason in support of the requested enlargement of time. Plaintiff's counsel explained that he had delayed taking depositions in part because he thought the Plaintiff would soon file for bankruptcy. But Plaintiff has contemplated bankruptcy for many months, so this was not an unexpected contingency. It certainly provides no basis for Plaintiff not requesting-prior to the expiration of the discovery deadline-additional time to complete the discovery. And in any event, this case has been pending since October 22, 2004, and to date Plaintiff has made no meaningful effort to take any depositions.

    In this district, it is not uncommon for parties to request a bit more time than originally contemplated by the CMP to complete discovery and to file dispositive motions. The Court typically grants such requests, provided that they are not objected to, are made prior to the expiration of the deadlines at issue, are supported by cause, and do not jeopardize a trial date. Even an objection is, more often than not, insufficient to prevent a modest enlargement of time.

    The situation now before the Court is different. As the Seventh Circuit Court of Appeals recently discussed in *Brosted v. Unum Life Insurance Company of America,* --- F.3d ----, 2005 WL 2043820 (7th Cir. Aug.26, 2005), a party requesting an extension of time after the deadline "is required to show excusable neglect for failing to comply with the discovery deadline." (Emphasis added.) *See* Fed.R.Civ.P. 6(b)(2). In *Brosted,* the plaintiff sought an extension of time to take three depositions after the discovery deadline passed, claiming that he needed to wait until after the district court ruled on a pending protective order before proceeding with these depositions. The district court denied the plaintiff's motion. The Seventh Circuit explained that the untimeliness of the motion subjected it to the excusable neglect standard, and found that the district court did not abuse its discretion in denying the motion. The plaintiff failed to argue, much less establish, excusable neglect, "nor did he claim that he could not have deposed those witnesses within the discovery time period because of the pending motion for the protective order." *Id.* at ----, slip op. at 3. *See also* Campania Management Co., Inc. v. Rooks, Pitts & Poust, 290 F.3d 843, 850-51 (7th Cir.2002) (district court did not abuse its discretion in denying a motion to extend discovery filed nine days after the close of discovery).

**\*2** Likewise, the Plaintiff in the case at bar did not argue excusable neglect until prompted by the Court at the status conference that *Brosted* established this as the appropriate standard. Even then, Plaintiff's counsel candidly admitted that Plaintiff's possible bankruptcy did not establish excusable neglect for failing to make any meaningful effort to take these depositions since filing this action on October 22, 2004. Having opted to wait until after discovery closed to inquire about taking these depositions, Plaintiff subjected himself to the excusable neglect standard. Plaintiff cannot meet this standard. Moreover, Defendants' sedulous adherence to the CMP deadlines, and the need to timely address the anticipated summary judgment motion and to preserve the May 22, 2006 trial date, further weigh in favor of denying Plaintiff's request to reopen the time for liability discovery. <u>FN1</u>

> <u>FN1.</u> As explained at the September 7 status conference, the Court would be willing to reconsider its decision if the Defendants fail to file their summary judgment motion by the September 22 deadline. However, during the September 7 conference, Defendants confirmed their intention to comply with this CMP deadline, which further supports holding Plaintiff to the agreed upon and Court-approved deadline for completing liability discovery.

As the foregoing reveals, *Brosted* is a timely reminder that parties who belatedly seek to extend the discovery deadline run the otherwise avoidable risk that they will be unable to establish excusable neglect. The safer approach is to seek the extension within the deadline, which merely requires the moving party to establish cause. The excusable neglect standard is by no means unreachable, but in the present case Plaintiff has failed to meet this burden. Accordingly, Plaintiff's request for additional time to compete discovery is denied.

S.D.Ind.,2005.
Roach v. Pedigo Holdings, Inc.
Not Reported in F.Supp.2d, 2005 WL 2253590 (S.D.Ind.)

Motions, Pleadings and Filings (Back to top)

• 2005 WL 3803162 (Trial Motion, Memorandum and Affidavit) Defendants' Brief in Reply to their Joint Motion for Summary Judgment (Nov. 18, 2005) Original Image of this Document (PDF)
• 2005 WL 3803161 (Trial Motion, Memorandum and Affidavit) Plaintiff's Brief in Opposition to Motion for Summary Judgment (Nov. 4, 2005) Original Image of this Document (PDF)
• 2005 WL 2871674 (Trial Motion, Memorandum and Affidavit) Defendants' Brief in Support of Their Joint Motion for Summary Judgment (Sep. 22, 2005)
• 2004 WL 2772117 (Trial Pleading) Complaint and Jury Trial Demand (Oct. 22, 2004) Original Image of this Document (PDF)
• 1:04cv01746 (Docket) (Oct. 22, 2004)
END OF DOCUMENT

Adobe Reader is required to view PDF images.



(C) 2008 Thomson/West. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d, 2006 WL 1722361 (N.D.Ind.)

Motions, Pleadings and Filings

Only the Westlaw citation is currently available.
United States District Court,
N.D. Indiana,
Hammond Division.
Estella JONES, Plaintiff,
v.
DYER NURSING AND REHABILITATION CENTER, Defendant.
No. 2:04-CV-508-PRC.
June 21, 2006.

Lonnie M. Randolph, Law Offices of Lonnie M. Randolph, East Chicago, IN, for Plaintiff.

Janet A. McSharar, Stephen D. LePage, Harrison & Moberly LLP, Indianapolis, IN, for Defendant.

### OPINION AND ORDER

PAUL R. CHERRY, Magistrate Judge.
    *1 This matter is before the Court on a Rule 60 Motion for Relief from Judgment [DE 15], filed by Plaintiff Estella Jones on February 24, 2006. The Defendant filed a response in opposition to the motion on March 8, 2006. The Plaintiff has not filed a reply. Because the Court finds that the Plaintiff's failure to respond to the Defendant's Motion for Summary Judgment does not constitute "excusable neglect," the Court denies the Plaintiff's motion.

### PROCEDURAL BACKGROUND

    On April 28, 2004, the Plaintiff filed a Complaint in the Lake Superior Court. On June 1, 2004, the Defendant filed a timely Answer and Affirmative Defenses. On November 1, 2004, the Plaintiff filed an Amended Complaint alleging unlawful discharge in violation of her rights under Article I, Section 23 of the Indiana Constitution and 42 U.S.C. §§ 1981 and 1983. The Plaintiff's claim arises from her alleged "unlawful termination as a nursing aid [sic] because of her race and unequal treatment." Pl. Am. Compl. at 1. The Defendant removed the cause of action to the United States District Court for the Northern District of Indiana pursuant to 28 U .S.C. § 1441. On December 16, 2004, the Defendant filed a timely Answer and Affirmative Defenses to the Plaintiff's Amended Complaint.

    The parties participated in a Preliminary Pretrial Conference on February 17, 2005. Thereafter, on June 27, 2005, the Defendant served on the Plaintiff's counsel its First Set of Interrogatories and Request for Admissions pursuant to Federal Rules of Civil Procedure 33 and 36. Under Rule 36(a), the time for the Plaintiff to serve written answers or objections was on or before August 1, 2005.

    After receiving no response to the Request for Admissions from the Plaintiff, Defendant's counsel advised the Plaintiff's counsel by letter dated August 9, 2005 that the Defendant deemed the matters admitted.

    On August 24, 2005, Plaintiff's counsel mailed a letter to Defendant's counsel indicating that he had been out of town on several occasions during the months of July and August and requested an additional thirty (30) days to respond to the Defendant's discovery requests.

    On August 26, 2005, the Defendant filed a Motion for Summary Judgment and supporting brief. The Plaintiff did not file a response to the Defendant's Motion for Summary Judgment. On November 10, 2005, based on the Plaintiff's failure to respond to the Defendant's discovery requests and to the Defendant's Motion for Summary Judgment, the Court deemed the facts set forth in the Defendant's discovery requests admitted pursuant to Federal

Rule of Civil Procedure 36(a) and relevant caselaw and granted the Defendant's Motion for Summary Judgment.

On February 24, 2006, the Plaintiff filed the instant Rule 60 Motion for Relief from Judgment. The Defendant filed a response in opposition to the motion on March 8, 2006. The Plaintiff did not file a reply in support of her motion.

The parties have consented to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case. Thus, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c).

## ANALYSIS

**\*2** The Plaintiff requests that the Court set aside the judgment and allow her a reasonable opportunity to respond to the Defendant's Motion for Summary Judgment and to answer the Defendant's discovery requests. The Plaintiff claims that since the loss of her job, she has suffered severe financial hardship causing her to go through a consistent period of depression, which made her unavailable to respond to the Defendant's discovery requests. Additionally, counsel for the Plaintiff asserts that he was unaware of the electronic filing of the Defendant's Motion for Summary Judgment on August 26, 2005, and that he was only informed about such filing on January 31, 2006, when he telephoned the mediator to inquire about a mediation date for this matter and was told that the case had been dismissed via summary judgment motion. Counsel for the Plaintiff further claims that he was not familiar with the Court's new e-mail procedure and was neglectful in not checking the electronic filing e-mail system. Counsel for Plaintiff contends that the sequence of above events amounts to excusable neglect and therefore warrants relief from judgment pursuant to Rule 60(b).

Rule 60(b) of the Federal Rules of Civil Procedure provides in relevant part: "On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect...." "Excusable neglect" can include "omissions through carelessness and mistake," Robb v. Norfolk & Western Railway Company, 122 F.3d 354, 358 (7th Cir.1997) (citing Matter of Bulic, 997 F.2d 299, 302 (7th Cir.1993); Matter of Singson, 41 F.3d 316, 319 (7th Cir.1994)), as well as "situations in which the failure to comply with a filing deadline is attributable to negligence," id. (citing Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. Partnership, 507 U.S. 380 (1993)); see also Tate v. Riverboat Srvcs., Inc., 305 F.Supp.2d 916, 919-20 (N.D.Ind.2004). "Although attorney carelessness can constitute 'excusable neglect' under Rule 60(b)(1), attorney inattentiveness to litigation is not excusable, no matter what the resulting consequences the attorney's somnolent behavior may have on a litigant." Harrington v. City of Chicago, 433 F.3d 542, 546 (7th Cir.2006) (citing Easley v. Kirmsee, 382 F.3d 693, 698 (7th Cir.2004) (internal citations omitted)). The general rule is that "inexcusable attorney negligence does not constitute proper grounds for relief under Rule 60(b)(1)." Helm v. Resolution Trust Corp., 84 F.3d 874, 878 (7th Cir.1996). "Litigants whose lawyers fall asleep at critical moments may seek relief from the somnolent agents; inexcusable inattention to the case ... does not justify putting the adversary to the continued expense and uncertainty of litigation." United States v. Golden Elevator, Inc., 27 F.3d 301, 303 (7th Cir.1994). It is also widely accepted that neglect due to a busy schedule is not excusable. See Harrington, 433 F.3d at 548. The determination of what constitutes "excusable neglect" is within the discretion of the trial court, which should take into consideration "all relevant circumstances surrounding the party's omission," including the "danger of prejudice to the [defendant], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." Pioneer, 507 U.S. at 395.

**\*3** The Court finds that it should not grant relief from judgment and allow the Plaintiff an opportunity to belatedly respond to the Defendant's Motion for Summary Judgment or to answer the Defendant's discovery requests. The Plaintiff failed to respond to the Defendant's written discovery requests even after receipt of the August 9, 2005 letter from defense counsel advising that the Defendant would proceed as if the matters were deemed admitted.[FN1] Further, the claimed "surprise" by Plaintiff's counsel at the filing of the Defendant's Motion for Summary Judgment was, by his own admission, the result of his own negligence in not checking the electronic filing e-mail system. [FN2] Perhaps most concerning though, is the fact that after Plaintiff's counsel sent the August 24, 2005 letter to defense counsel, he apparently gave no attention to this matter for over five months until he contacted the mediator to inquire as to a date for mediation. During this five month-period, Plaintiff's counsel failed to follow up with defense counsel regarding the Plaintiff's discovery responses, failed to respond to the discovery requests, and failed to monitor the electronic filing email system for any filings by the Defendant or orders issued by the Court. Even after

   becoming aware on January 31, 2006, that the Court had granted the Defendant's Motion for Summary Judgment, counsel for the Plaintiff did not file the instant five page motion for relief from judgment until February 24, 2006. This conduct does not constitute excusable neglect. Accordingly, the Court finds that the granting of the Defendant's Motion for Summary Judgment and entry of judgment against the Plaintiff should stand.

>   FN1. Although not critical to the Court's analysis, the Court notes that the asserted reason for the Plaintiff's failure to respond to the Defendant's discovery responses remains unclear. Plaintiff's counsel's August 24, 2005 letter to defense counsel stated that Plaintiff's counsel had been out of town on several occasions during the months of July and August and thus requested an additional 30 days to respond to the Defendant's discovery requests. However, Plaintiff now asserts in the instant motion that she was unable to respond to the discovery requests because she was suffering from a "consistent period of depression."

>   FN2. On November 15, 2004, the Chief Judge of this Court issued a Notice to the public and members of the practicing bar for the Northern District of Indiana, which provided in relevant part:**Effective January 1, 2005, the judges of this court will enforce the CM/ECF User Manual, which requires that *all* documents (other than those specifically excepted by the User Manual) shall be filed electronically in *all* cases.**(emphasis in original).

### CONCLUSION

   For the foregoing reasons, the Court **DENIES** the Rule 60 Motion for Relief from Judgment [DE 15].

   SO ORDERED this 21st day of June, 2006.

N.D.Ind.,2006.
Jones v. Dyer Nursing and Rehabilitation Center
Not Reported in F.Supp.2d, 2006 WL 1722361 (N.D.Ind.)

Motions, Pleadings and Filings (Back to top)

• 2005 WL 2738772 (Trial Motion, Memorandum and Affidavit) Brief in Support of Dyer Nursing and Rehabilitation Center's Motion for Summary Judgment (Aug. 26, 2005) Original Image of this Document (PDF)
• 2004 WL 3123979 (Trial Pleading) Answer (Dec. 16, 2004) Original Image of this Document (PDF)
• 2:04cv00508 (Docket) (Dec. 9, 2004)
• 2004 WL 3123976 (Trial Pleading) Amended Complaint Unlawful Discharge (Nov. 2, 2004) Original Image of this Document (PDF)
END OF DOCUMENT

Adobe Reader is required to view PDF images.


(C) 2008 Thomson/West. No Claim to Orig. US Gov. Works.

E

X

H

I

B

I

T

A

**Exhibit "A"**

**3:03-cv-03105-RM-BGC** Century Consultants v. The Miller Group, et al
Richard Mills, presiding
Byron G. Cudmore, referral
**Date filed:** 05/07/2003
**Date of last filing:** 03/03/2008

# History

| Doc. No. | Dates | | Description |
|---|---|---|---|
| 1 | *Filed & Entered:* | 05/07/2003 | Complaint |
| 2 | *Filed & Entered:* | 05/07/2003 | Certificate of Interest |
| 2 | *Filed & Entered:* | 05/07/2003 | Miscellaneous Document |
| 3 | *Filed & Entered:* | 05/07/2003 | Filing Fee Received |
| 4 | *Filed & Entered:* | 05/07/2003 | Motion for TRO |
| | *Terminated:* | 05/08/2003 | |
| 5 | *Filed & Entered:* | 05/07/2003 | Memorandum in Support of Motion |
| 11 | *Filed:* | 05/07/2003 | Notice (Other) |
| | *Entered:* | 05/09/2003 | |
| 6 | *Filed & Entered:* | 05/08/2003 | Miscellaneous Document |
| 7 | *Filed & Entered:* | 05/08/2003 | Service - Miscellaneous |
| 8 | *Filed & Entered:* | 05/08/2003 | Service - Miscellaneous |
| 9 | *Filed & Entered:* | 05/08/2003 | Service - Miscellaneous |
| 10 | *Filed & Entered:* | 05/08/2003 | Order |
| 12 | *Filed & Entered:* | 05/09/2003 | Notice (Other) |
| 26 | *Filed:* | 05/09/2003 | Receipt |
| | *Entered:* | 05/19/2003 | |
| 13 | *Filed & Entered:* | 05/12/2003 | Notice (Other) |
| 14 | *Filed & Entered:* | 05/12/2003 | Answer to Complaint |
| 15 | *Filed & Entered:* | 05/12/2003 | Certificate of Interest |
| 16 | *Filed:* | 05/12/2003 | Notice of Appearance of Attorney |
| | *Entered:* | 05/13/2003 | |
| 17 | *Filed:* | 05/12/2003 | Answer to Complaint |
| | *Entered:* | 05/13/2003 | |
| 18 | *Filed & Entered:* | 05/13/2003 | Notice (Other) |
| 19 | *Filed & Entered:* | 05/13/2003 | Miscellaneous Document |
| 20 | *Filed & Entered:* | 05/13/2003 | Motion for Extension of Time to File |
| | *Terminated:* | 05/14/2003 | |
| -- | *Filed & Entered:* | 05/14/2003 | Minutes - Miscellaneous |

| | | | |
|---|---|---|---|
| -- | *Filed:*<br>*Entered:* | 05/14/2003<br>05/20/2003 | Minutes - Miscellaneous |
| 21 | *Filed:*<br>*Entered:* | 05/14/2003<br>05/15/2003 | Notice (Other) |
| 22 | *Filed:*<br>*Entered:* | 05/14/2003<br>05/15/2003 | Notice (Other) |
| 23 | *Filed:*<br>*Entered:* | 05/14/2003<br>05/15/2003 | Notice (Other) |
| 24 | *Filed & Entered:* | 05/15/2003 | Order on Motion for Miscellaneous Relief |
| 25 | *Filed & Entered:* | 05/16/2003 | Order |
| 27 | *Filed & Entered:* | 05/19/2003 | Transcript |
| 28 | *Filed & Entered:* | 05/19/2003 | Statement of Facts |
| 29 | *Filed & Entered:* | 05/19/2003 | Response |
| 30 | *Filed & Entered:* | 05/19/2003 | Scheduling Order |
| -- | *Filed:*<br>*Entered:* | 05/20/2003<br>05/21/2003 | Minutes - Miscellaneous |
| 31 | *Filed & Entered:* | 05/21/2003 | Letter |
| 32 | *Filed & Entered:* | 05/21/2003 | Order |
| 34 | *Filed:*<br>*Entered:* | 05/27/2003<br>05/29/2003 | Notice (Other) |
| 33 | *Filed & Entered:* | 05/28/2003 | Transcript |
| 35 | *Filed:*<br>*Entered:* | 05/30/2003<br>06/02/2003 | Notice (Other) |
| 36 | *Filed:*<br>*Entered:*<br>*Terminated:* | 06/12/2003<br>06/13/2003<br>09/04/2003 | Motion to Compel |
| 37 | *Filed & Entered:*<br>*Terminated:* | 06/19/2003<br>06/20/2003 | Motion for Extension of Time to File |
| -- | *Filed & Entered:* | 06/20/2003 | Order |
| 38 | *Filed & Entered:* | 06/23/2003 | Order |
| -- | *Filed & Entered:* | 06/24/2003 | Minutes - Miscellaneous |
| 39 | *Filed:*<br>*Entered:* | 06/26/2003<br>06/27/2003 | Response to Motion |
| -- | *Filed & Entered:* | 09/04/2003 | Minutes - Miscellaneous |
| -- | *Filed & Entered:* | 09/16/2003 | Minutes - Miscellaneous |
| -- | *Filed:*<br>*Entered:* | 10/06/2003<br>10/07/2003 | Minutes - Miscellaneous |
| -- | *Filed & Entered:* | 10/07/2003 | Minutes - Miscellaneous |
| -- | *Filed & Entered:* | 10/20/2003 | Minutes - Miscellaneous |
| 40 | *Filed:*<br>*Entered:* | 12/03/2003<br>12/04/2003 | Discovery - Miscellaneous |

| | | | |
|---|---|---|---|
| 41 | *Filed:* | 12/05/2003 | ● Motion to Withdraw as Attorney |
| | *Entered:* | 12/08/2003 | |
| | *Terminated:* | 12/10/2003 | |
| -- | *Filed & Entered:* | 12/10/2003 | ● Minutes - Miscellaneous |
| 42 | *Filed:* | 12/31/2003 | ● Notice of Appearance of Attorney |
| | *Entered:* | 01/05/2004 | |
| -- | *Filed & Entered:* | 01/13/2004 | ● Minutes - Miscellaneous |
| 43 | *Filed & Entered:* | 01/22/2004 | ● Motion to Stay |
| | *Terminated:* | 01/27/2004 | |
| 44 | *Filed & Entered:* | 01/23/2004 | ● Discovery - Miscellaneous |
| 45 | *Filed & Entered:* | 01/27/2004 | ● Order |
| 46 | *Filed & Entered:* | 02/05/2004 | ● Memorandum in Opposition to Motion/Petition |
| 47 | *Filed & Entered:* | 02/06/2004 | ● Order |
| 48 | *Filed & Entered:* | 02/11/2004 | ● Miscellaneous Document |
| 49 | *Filed & Entered:* | 02/17/2004 | ● Miscellaneous Document |
| 50 | *Filed & Entered:* | 04/13/2004 | ● Motion for Order |
| | *Terminated:* | 04/20/2004 | |
| 51 | *Filed & Entered:* | 04/20/2004 | ● Order |
| -- | *Filed:* | 04/27/2004 | ● Minutes - Miscellaneous |
| | *Entered:* | 04/28/2004 | |
| -- | *Filed:* | 04/27/2004 | ● Order |
| | *Entered:* | 04/28/2004 | |
| 52 | *Filed & Entered:* | 04/27/2004 | ● Motion for Leave to File |
| | *Terminated:* | 04/27/2004 | |
| 53 | *Filed & Entered:* | 04/30/2004 | ● Amended Complaint |
| 54 | *Filed:* | 05/11/2004 | ● Discovery - Miscellaneous |
| | *Entered:* | 05/12/2004 | |
| 55 | *Filed & Entered:* | 05/13/2004 | ● Scheduling Order |
| -- | *Filed & Entered:* | 05/16/2004 | ● Minutes - Miscellaneous |
| 56 | *Filed & Entered:* | 05/17/2004 | ● Answer - Miscellaneous |
| 57 | *Filed:* | 06/03/2004 | ● Motion to Dismiss |
| | *Entered:* | 06/04/2004 | |
| | *Terminated:* | 01/26/2005 | |
| 58 | *Filed & Entered:* | 06/04/2004 | ● Memorandum in Support of Motion |
| 59 | *Filed & Entered:* | 06/14/2004 | ● Motion for Extension of Time to File |
| | *Terminated:* | 06/15/2004 | |
| -- | *Filed & Entered:* | 06/15/2004 | ● Order |
| 60 | *Filed & Entered:* | 07/02/2004 | ● Memorandum in Opposition to Motion/Petition |
| -- | *Filed & Entered:* | 09/09/2004 | ● Set/Reset Hearings |
| 61 | *Filed & Entered:* | 09/17/2004 | ● Order |
| 62 | *Filed & Entered:* | 09/17/2004 | ● Motion for Miscellaneous Relief |

| | Terminated: | 09/21/2004 | |
|---|---|---|---|
| -- | Filed & Entered: | 09/21/2004 | Order on Motion for Miscellaneous Relief |
| -- | Filed & Entered: | 09/21/2004 | Set/Reset Deadlines |
| 63 | Filed & Entered: | 10/06/2004 | Certificate of Service/Counsel |
| 64 | Filed & Entered:<br>Terminated: | 10/08/2004<br>03/23/2006 | Motion for Summary Judgment |
| 65 | Filed & Entered:<br>Terminated: | 10/26/2004<br>10/27/2004 | Motion for Extension of Time to File Response/Reply |
| -- | Filed & Entered: | 10/27/2004 | Order on Motion for Extension of Time to File Response/Reply |
| 66 | Filed & Entered: | 11/08/2004 | Memorandum in Opposition to Motion/Petition |
| 67 | Filed & Entered: | 11/08/2004 | Certificate of Service |
| 68 | Filed:<br>Entered: | 11/08/2004<br>11/09/2004 | Memorandum in Opposition to Motion/Petition |
| 69 | Filed & Entered: | 11/16/2004 | Certificate of Service/Counsel |
| 70 | Filed:<br>Entered: | 11/16/2004<br>11/18/2004 | Notice (Other) |
| 72 | Filed:<br>Entered: | 11/22/2004<br>11/24/2004 | Notice (Other) |
| 71 | Filed & Entered: | 11/23/2004 | Reply to Response to Motion |
| 73 | Filed & Entered:<br>Terminated: | 11/24/2004<br>11/29/2004 | Motion for Extension of Time to Complete Discovery |
| -- | Filed & Entered: | 11/29/2004 | Order on Motion for Extension of Time to Complete Discovery |
| 74 | Filed & Entered:<br>Terminated: | 12/01/2004<br>02/02/2005 | Motion to Stay |
| -- | Filed & Entered: | 12/15/2004 | Order on Motion for Extension of Time to File Response/Reply |
| 75 | Filed & Entered:<br>Terminated: | 12/15/2004<br>12/15/2004 | Motion for Extension of Time to File Response/Reply |
| 76 | Filed & Entered: | 12/17/2004 | Memorandum in Opposition to Motion/Petition |
| 77 | Filed & Entered: | 12/27/2004 | Notice (Other) |
| 78 | Filed & Entered: | 12/27/2004 | Notice (Other) |
| 79 | Filed & Entered: | 12/29/2004 | Notice (Other) |
| 80 | Filed & Entered: | 12/29/2004 | Notice (Other) |
| 81 | Filed & Entered: | 12/29/2004 | Notice (Other) |
| 82 | Filed & Entered: | 12/29/2004 | Notice (Other) |
| -- | Filed & Entered: | 01/12/2005 | Order on Motion for Extension of Time to Complete Discovery |
| 83 | Filed & Entered:<br>Terminated: | 01/12/2005<br>01/12/2005 | Motion for Extension of Time to Complete Discovery |
| -- | Filed & Entered: | 01/26/2005 | Status Conference |
| -- | Filed:<br>Entered: | 01/26/2005<br>01/27/2005 | Order on Motion to Dismiss |

| 84 | *Filed & Entered:* 02/02/2005<br>*Terminated:* 03/01/2005 | Motion for Sanctions |
|---|---|---|
| 85 | *Filed & Entered:* 02/02/2005<br>*Terminated:* 02/09/2005 | Motion for Sanctions |
| 86 | *Filed & Entered:* 02/02/2005 | Order on Motion to Stay |
| 87 | *Filed:* 02/07/2005<br>*Entered:* 02/08/2005 | Notice (Other) |
| -- | *Filed & Entered:* 03/01/2005 | Order on Motion for Sanctions |
| 88 | *Filed:* 03/14/2005<br>*Entered:* 03/15/2005 | Remark |
| -- | *Filed & Entered:* 04/14/2005 | Terminate Deadlines and Hearings |
| 89 | *Filed & Entered:* 05/24/2005 | Notice (Other) |
| 90 | *Filed & Entered:* 06/16/2005<br>*Terminated:* 06/17/2005 | Motion to Continue |
| -- | *Filed & Entered:* 06/17/2005 | Order on Motion to Continue |
| -- | *Filed & Entered:* 06/17/2005 | Notice of Hearing |
| 91 | *Filed & Entered:* 06/21/2005<br>*Terminated:* 11/18/2005 | Motion for Miscellaneous Relief |
| 92 | *Filed & Entered:* 06/21/2005 | Memorandum |
| 93 | *Filed & Entered:* 06/21/2005<br>*Terminated:* 01/13/2006 | Motion for Sanctions |
| 94 | *Filed & Entered:* 06/21/2005 | Memorandum |
| -- | *Filed & Entered:* 06/29/2005 | Status Conference |
| -- | *Filed & Entered:* 06/29/2005 | Set/Reset Scheduling Order Deadlines |
| 95 | *Filed & Entered:* 06/30/2005<br>*Terminated:* 07/01/2005 | Motion to Consolidate Cases |
| -- | *Filed & Entered:* 07/01/2005 | Order on Motion to Consolidate Cases |
| 96 | *Filed & Entered:* 07/05/2005<br>*Terminated:* 11/18/2005 | Motion for Miscellaneous Relief |
| 97 | *Filed & Entered:* 07/15/2005 | Memorandum |
| 98 | *Filed & Entered:* 07/15/2005 | Exhibit |
| 99 | *Filed & Entered:* 07/15/2005 | Exhibit |
| 100 | *Filed & Entered:* 07/15/2005 | Exhibit |
| 101 | *Filed & Entered:* 07/15/2005 | Exhibit |
| 102 | *Filed & Entered:* 07/15/2005 | Memorandum |
| 103 | *Filed & Entered:* 07/19/2005 | Memorandum |
| 104 | *Filed & Entered:* 07/29/2005 | Reply to Response to Motion |
| 105 | *Filed & Entered:* 08/04/2005<br>*Terminated:* 03/21/2006 | Motion for Order |
| 106 | *Filed & Entered:* 08/04/2005 | Memorandum |

| 107 | *Filed & Entered:* 08/09/2005<br>*Terminated:* 08/16/2005 | Motion for Extension of Time to File Response/Reply |
|---|---|---|
| 108 | *Filed & Entered:* 08/11/2005 | Reply to Response to Motion |
| 109 | *Filed & Entered:* 08/11/2005<br>*Terminated:* 03/21/2006 | Motion for Order |
| -- | *Filed & Entered:* 08/16/2005 | Order on Motion for Extension of Time to File Response/Reply |
| 110 | *Filed & Entered:* 08/16/2005<br>*Terminated:* 08/16/2005 | Motion for Extension of Time to File Response/Reply |
| -- | *Filed & Entered:* 09/02/2005 | Order on Motion for Extension of Time to File Response/Reply |
| 111 | *Filed & Entered:* 09/02/2005<br>*Terminated:* 09/02/2005 | Motion for Extension of Time to File Response/Reply |
| 112 | *Filed & Entered:* 09/16/2005 | Response to Motion |
| -- | *Filed & Entered:* 09/30/2005 | Order on Motion for Extension of Time to Complete Discovery |
| 113 | *Filed & Entered:* 09/30/2005<br>*Terminated:* 09/30/2005 | Motion for Extension of Time to Complete Discovery |
| 114 | *Filed & Entered:* 10/04/2005 | Certificate of Service |
| 115 | *Filed & Entered:* 10/04/2005 | Certificate of Service |
| 116 | *Filed & Entered:* 10/12/2005 | Notice to Take Deposition |
| 117 | *Filed & Entered:* 10/18/2005 | Affidavit of Service |
| 118 | *Filed & Entered:* 10/19/2005 | Notice (Other) |
| 119 | *Filed & Entered:* 10/28/2005<br>*Terminated:* 01/13/2006 | Motion to Strike |
| 120 | *Filed & Entered:* 10/28/2005 | Memorandum |
| 121 | *Filed & Entered:* 10/28/2005 | Notice to Take Deposition |
| 122 | *Filed & Entered:* 10/31/2005<br>*Terminated:* 01/13/2006 | Motion to Strike |
| 123 | *Filed & Entered:* 10/31/2005<br>*Terminated:* 11/01/2005 | Motion for Extension of Time to Complete Discovery |
| -- | *Filed & Entered:* 11/01/2005 | Order on Motion for Extension of Time to Complete Discovery |
| 124 | *Filed & Entered:* 11/01/2005<br>*Terminated:* 03/23/2006 | Motion for Summary Judgment |
| 125 | *Filed & Entered:* 11/11/2005 | Certificate of Service/Counsel |
| 126 | *Filed & Entered:* 11/14/2005 | Memorandum in Opposition to Motion/Petition |
| 127 | *Filed & Entered:* 11/18/2005 | Order on Motion for Miscellaneous Relief |
| -- | *Filed & Entered:* 11/22/2005 | Notice of Hearing on Motion |
| 128 | *Filed & Entered:* 11/22/2005<br>*Terminated:* 11/23/2005 | Motion for Extension of Time to File Response/Reply |
| -- | *Filed & Entered:* 11/23/2005 | Terminate Deadlines and Hearings |
| -- | *Filed & Entered:* 11/23/2005 | Order on Motion for Extension of Time to File Response/Reply |
| -- | *Filed & Entered:* 01/13/2006 | Order on Motion for Sanctions |

| | | | |
|---|---|---|---|
| -- | *Filed & Entered:* | 01/13/2006 | ❍ Order |
| -- | *Filed & Entered:* | 01/13/2006 | ❍ Order on Motion for Sanctions |
| -- | *Filed:* *Entered:* | 01/13/2006 01/23/2006 | ❍ Trial Exhibit |
| -- | *Filed & Entered:* | 01/25/2006 | ❍ Order |
| 129 | *Filed & Entered:* | 01/26/2006 | ❍ Transcript |
| 130 | *Filed & Entered:* | 01/30/2006 | ❍ Notice to Take Deposition |
| 131 | *Filed & Entered:* | 02/01/2006 | ❍ Memorandum in Support of Motion |
| 132 | *Filed & Entered:* *Terminated:* | 02/07/2006 02/09/2006 | ❍ Motion for Extension of Time to File Response/Reply |
| -- | *Filed & Entered:* | 02/09/2006 | ❍ Order on Motion for Extension of Time to File Response/Reply |
| 133 | *Filed & Entered:* | 02/13/2006 | ❍ Memorandum in Opposition to Motion/Petition |
| -- | *Filed & Entered:* | 02/22/2006 | ❍ Terminate Deadlines and Hearings |
| 134 | *Filed & Entered:* | 03/09/2006 | ❍ Notice to Take Deposition |
| 135 | *Filed & Entered:* | 03/21/2006 | ❍ Order on Motion |
| -- | *Filed:* *Entered:* | 03/22/2006 03/23/2006 | ❍ Set/Reset Deadlines/Hearings |
| 136 | *Filed & Entered:* *Terminated:* | 03/22/2006 03/23/2006 | ❍ Motion for Miscellaneous Relief |
| 137 | *Filed & Entered:* *Terminated:* | 03/22/2006 03/23/2006 | ❍ Motion for Miscellaneous Relief |
| -- | *Filed & Entered:* | 03/23/2006 | ❍ Order on Motion for Summary Judgment |
| 138 | *Filed & Entered:* *Terminated:* | 05/03/2006 07/13/2006 | ❍ Motion to Dismiss |
| 139 | *Filed & Entered:* | 05/03/2006 | ❍ Memorandum |
| 140 | *Filed & Entered:* *Terminated:* | 05/04/2006 07/13/2006 | ❍ Motion to Dismiss/Lack of Jurisdiction |
| 141 | *Filed & Entered:* | 05/04/2006 | ❍ Notice of Change of Address |
| -- | *Filed & Entered:* | 05/09/2006 | ❍ Order |
| -- | *Filed & Entered:* | 05/11/2006 | ❍ Set/Reset Motion and R&R Deadlines/Hearings |
| 142 | *Filed & Entered:* | 05/26/2006 | ❍ Memorandum in Opposition to Motion/Petition |
| 143 | *Filed & Entered:* | 05/26/2006 | ❍ Affidavit in Opposition to Motion |
| 144 | *Filed & Entered:* | 05/26/2006 | ❍ Affidavit in Opposition to Motion |
| 145 | *Filed & Entered:* | 05/26/2006 | ❍ Affidavit in Opposition to Motion |
| 146 | *Filed & Entered:* | 05/30/2006 | ❍ Exhibit |
| 147 | *Filed & Entered:* *Terminated:* | 06/09/2006 06/12/2006 | ❍ Motion for Leave to File |
| 148 | *Filed & Entered:* | 06/09/2006 | ❍ Reply to Response to Motion |
| -- | *Filed & Entered:* | 06/12/2006 | ❍ Order on Motion for Leave to File |
| -- | *Filed & Entered:* | 06/12/2006 | ❍ Order on Motion for Leave to File |

| 149 | *Filed & Entered:* 06/12/2006<br>*Terminated:* 06/12/2006 | ❏ Motion for Leave to File |
|---|---|---|
| 150 | *Filed & Entered:* 06/26/2006<br>*Terminated:* 06/28/2006 | ❏ Motion for Leave to File |
| -- | *Filed & Entered:* 06/28/2006 | ❏ Order on Motion for Leave to File |
| 151 | *Filed & Entered:* 06/29/2006 | ❏ Reply to Response to Motion |
| -- | *Filed & Entered:* 07/13/2006 | ❏ Terminate Deadlines and Hearings |
| 152 | *Filed & Entered:* 07/13/2006 | ❏ Order on Motion to Dismiss |
| 153 | *Filed & Entered:* 09/08/2006<br>*Terminated:* 10/02/2006 | ❏ Motion for Miscellaneous Relief |
| 154 | *Filed & Entered:* 09/08/2006 | ❏ Memorandum |
| 155 | *Filed & Entered:* 09/22/2006 | ❏ Memorandum in Opposition to Motion/Petition |
| -- | *Filed & Entered:* 10/02/2006 | ❏ Order on Motion for Miscellaneous Relief |
| 156 | *Filed & Entered:* 10/16/2006 | ❏ Status Report |
| 157 | *Filed & Entered:* 11/20/2006<br>*Terminated:* 01/09/2007 | ❏ Motion for Leave to File |
| 158 | *Filed & Entered:* 11/20/2006 | ❏ Memorandum in Support of Motion |
| 159 | *Filed & Entered:* 11/27/2006 | ❏ Status Report |
| 160 | *Filed & Entered:* 12/01/2006<br>*Terminated:* 01/16/2007 | ❏ Motion to Compel |
| 161 | *Filed & Entered:* 12/01/2006 | ❏ Memorandum in Support of Motion |
| 162 | *Filed & Entered:* 12/01/2006 | ❏ Affidavit in Support of Motion |
| 163 | *Filed & Entered:* 12/04/2006 | ❏ Memorandum in Opposition to Motion/Petition |
| -- | *Filed & Entered:* 12/05/2006 | ❏ Order |
| -- | *Filed & Entered:* 12/05/2006 | ❏ Notice of Docket Text or Event Modification |
| 164 | *Filed & Entered:* 12/18/2006 | ❏ Memorandum |
| -- | *Filed & Entered:* 12/20/2006 | ❏ Order |
| -- | *Filed & Entered:* 12/20/2006 | ❏ Order on Motion for Leave to File |
| 165 | *Filed & Entered:* 12/22/2006<br>*Terminated:* 01/04/2007 | ❏ Motion to Amend/Correct |
| 166 | *Filed & Entered:* 12/29/2006 | ❏ Answer to Amended Complaint |
| -- | *Filed & Entered:* 01/04/2007 | ❏ Order on Motion to Amend/Correct |
| 167 | *Filed & Entered:* 01/09/2007 | ❏ Order on Motion for Leave to File |
| 168 | *Filed & Entered:* 01/09/2007 | ❏ Amended Answer to Complaint |
| 169 | *Filed & Entered:* 01/09/2007<br>*Terminated:* 01/10/2007 | ❏ Motion for Extension of Time to File Response/Reply |
| -- | *Filed & Entered:* 01/10/2007 | ❏ Order on Motion for Extension of Time to File Response/Reply |
| 170 | *Filed & Entered:* 01/12/2007 | ❏ Reply to Response to Motion |
| -- | *Filed & Entered:* 01/16/2007 | ❏ Order on Motion to Compel |
|  | *Filed & Entered:* 01/16/2007 | ❏ Motion for Summary Judgment |

| 171 | *Terminated:* | 02/07/2008 | |
|---|---|---|---|
| 172 | *Filed & Entered:* | 01/16/2007 | ❏ Memorandum |
| 173 | *Filed & Entered:*<br>*Terminated:* | 01/16/2007<br>02/07/2008 | ❏ Motion for Summary Judgment |
| 174 | *Filed & Entered:*<br>*Terminated:* | 01/16/2007<br>02/07/2008 | ❏ Motion for Summary Judgment |
| 175 | *Filed & Entered:*<br>*Terminated:* | 02/05/2007<br>02/14/2007 | ❏ Motion for Extension of Time to File Response/Reply |
| 176 | *Filed & Entered:* | 02/14/2007 | ❏ Order on Motion for Extension of Time to File Response/Reply |
| -- | *Filed & Entered:* | 02/20/2007 | ❏ Order on Motion for Extension of Time to File |
| -- | *Filed:*<br>*Entered:* | 02/20/2007<br>03/01/2007 | ❏ Set/Reset Motion and R&R Deadlines/Hearings |
| -- | *Filed:*<br>*Entered:* | 02/20/2007<br>03/01/2007 | ❏ Set/Reset Motion and R&R Deadlines/Hearings |
| 177 | *Filed & Entered:*<br>*Terminated:* | 02/20/2007<br>02/20/2007 | ❏ Motion for Extension of Time to File |
| -- | *Filed & Entered:* | 03/02/2007 | ❏ Order on Motion for Extension of Time to File Response/Reply |
| 178 | *Filed & Entered:*<br>*Terminated:* | 03/02/2007<br>03/02/2007 | ❏ Motion for Extension of Time to File Response/Reply |
| 179 | *Filed & Entered:* | 03/06/2007 | ❏ Memorandum in Opposition to Motion/Petition |
| 180 | *Filed & Entered:* | 03/06/2007 | ❏ Affidavit in Opposition to Motion |
| 181 | *Filed & Entered:* | 03/06/2007 | ❏ Affidavit in Opposition to Motion |
| 182 | *Filed & Entered:* | 03/06/2007 | ❏ Response to Motion |
| 183 | *Filed & Entered:* | 03/06/2007 | ❏ Response to Motion |
| 184 | *Filed & Entered:*<br>*Terminated:* | 03/31/2007<br>04/23/2007 | ❏ Motion for Extension of Time to File Response/Reply |
| 185 | *Filed & Entered:*<br>*Terminated:* | 04/13/2007<br>04/23/2007 | ❏ Motion to Amend/Correct |
| 186 | *Filed & Entered:* | 04/18/2007 | ❏ Affidavit in Support of Motion |
| 187 | *Filed & Entered:* | 04/18/2007 | ❏ Reply to Response to Motion |
| 188 | *Filed & Entered:* | 04/18/2007 | ❏ Reply to Response to Motion |
| 189 | *Filed & Entered:* | 04/18/2007 | ❏ Reply to Response to Motion |
| -- | *Filed & Entered:* | 04/23/2007 | ❏ Order on Motion for Extension of Time to File Response/Reply |
| 190 | *Filed & Entered:* | 07/25/2007 | ❏ Certificate of Service/Counsel |
| 191 | *Filed & Entered:* | 02/07/2008 | ❏ Order on Motion for Summary Judgment |
| -- | *Filed & Entered:* | 02/12/2008 | ❏ Order |
| 192 | *Filed & Entered:* | 03/03/2008 | ❏ Motion for Leave to File |
| 193 | *Filed & Entered:* | 03/03/2008 | ❏ Status Report |
| 194 | *Filed & Entered:* | 03/03/2008 | ❏ Status Report |

E

X

H

I

B

I

T


B


**Exhibit "B"**

**Full docket text:**
TEXT ORDER by Magistrate Judge Byron Cudmore ALLOWING [123] Joint Motion to Extend Deadline. Fact discovery deadline extended to 11/21/2005. Entered by Judge Cudmore on 11/1/05. (LB, ilcd)

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 03/17/2008 14:52:36 | | | |
| **PACER Login:** | ss0022 | **Client Code:** | 9999-1 Admin |
| **Description:** | History/Documents | **Search Criteria:** | 3:03-cv-03105-RM-BGC |
| **Billable Pages:** | 1 | **Cost:** | 0.08 |

E

X

H

I

B

I

T

C

**Exhibit "C"**

**Full docket text:**
TEXT ORDER by Judge Richard Mills: The Defendants' Motion for Rule 37 Sanctions (d/e 37) is DENIED because argument at the January 12, 2006, hearing showed that Plaintiff made a good faith attempt to comply with its discovery obligations when it designated and produced Joseph LaMantia for deposition. However, because Mr. LaMantia was not able to answer or address matters concerning damages and copyright, the Court will afford the Defendants an opportunity to conduct discovery on those issues. The Defendants are given until February 28, 2006, to complete discovery in these regards. Entered by Judge Richard Mills on 1/13/2006. (Clerk to c.c. all parties)(CT, ilcd)

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 03/17/2008 18:02:00 | | | |
| **PACER Login:** | ss0022 | **Client Code:** | 9999-1 Admin |
| **Description:** | History/Documents | **Search Criteria:** | 3:03-cv-03105-RM-BGC |
| **Billable Pages:** | 1 | **Cost:** | 0.08 |

E

X

H

I

B

I

T

D

**Exhibit "D"**

**E-FILED**
Monday, 27 November, 2006  03:15:09 PM
Clerk, U.S. District Court, ILCD

CRAIG S. HILLIARD
DIRECT DIAL NUMBER
609-895-7346
DIRECT FAX NUMBER
609-895-7395
E-MAIL
chilliard@stark-stark.com

November 27, 2006

*via e-filing*

Hon. Richard Mills, U.S.D.J.
United States District Court for the Central District of Illinois
U.S. Courthouse
600 E. Monroe Street
Springfield, Illinois 62701

**Re:     Century Consultants, Ltd. v. The Miller Group, et al**
        **Civil Action No. 2003-CV-3105**

Dear Judge Mills:

This Firm represents plaintiff, Century Consultants, Ltd. ("Century"). We are writing to confirm the parties' agreement on the deadline for filing of any final motions before this case can be scheduled for trial. The parties have agreed on the following:

1) Any non-dispositive motions will be filed by December 1, 2006, and briefed in accordance with the Local Rules.

2) Any motions for summary judgment will be filed by December 28, 2006, and briefed in accordance with the Local Rules, except that: a) the parties have agreed to double the type-volume limitations in the Local Rules, and therefore set a limitation of 14,000 words or 90,000 characters for the briefs filed in connection with these motions; and b) opposition papers will be due 30 days after filing and service of the motions, and reply papers will be due 30 days after filing and service of the opposition papers.

Of course, this schedule does not include any *in limine* motions, which we understand will be scheduled at the time of the Final Pretrial Conference. If this proposed schedule is acceptable to the Court, we respectfully request that an appropriate Order be entered.

Hon. Richard Mills, U.S.D.J.
November 27, 2006
Page 2

If the Court has any questions concerning this proposed schedule, counsel are available at the Court's convenience.

Respectfully submitted,

STARK & STARK
A Professional Corporation

By:___s/Craig S. Hilliard_____
     CRAIG S. HILLIARD

CSH/blj
c.:    Almon Manson, Esq. (via e-filing)
       David Herman, Esq. (via e-filing)
       Lance Jones, Esq. (via e-filing)

E

X

H

I

B

I

T


E

**Exhibit "E"**

**Full docket text:**
TEXT ORDER by Judge Richard Mills: As agreed by the parties, nondispositivemotions will be filed by December 1, 2006. Any motions forsummary judgment will be filed by December 28, 2006. The Local Rules'type-volume limitations will be enlarged at the Court's discretion.Responses will be due 30 days after filing and service of any motion.Replies will be due 30 days after filing and service of a response. Anymotions in limine will be filed at the time of the Final Pretrial Conference. Entered by Judge Richard Mills on 12/4/2006. (CT, ilcd)

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 03/17/2008 14:50:28 | | | |
| **PACER Login:** | ss0022 | **Client Code:** | 9999-1 Admin |
| **Description:** | History/Documents | **Search Criteria:** | 3:03-cv-03105-RM-BGC |
| **Billable Pages:** | 1 | **Cost:** | 0.08 |