# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS
# SPRINGFIELD DIVISION

| | |
|---|---|
| CENTURY CONSULTANTS, LTD., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 03-CV-3105 |
| ) | |
| THE MILLER GROUP, INC., ) | |
| JOHN G. MILLER, SPRINGFIELD ) | |
| PUBLIC SCHOOL DISTRICT NO. 186, ) | |
| ) | |
| Defendants. ) | |

## ORDER

BYRON G. CUDMORE, U.S. MAGISTRATE JUDGE:

Before the Court is Defendant Springfield Public School District No. 186's Motion for Leave to File Nondispositive Motion (d/e 192), its attached Motion to Reopen Discovery (d/e 192-2), Memorandum in Support (d/e 192–3), and Plaintiff's Response and Objection (d/e 195).[1] From the caption of the above listed case, one can clearly see that the first two named Defendants, being The Miller Group, Inc. and John G. Miller, have failed to respond in any way to the School District's Motion (d/e 192). That the Miller Defendants failed to respond is not illogical because the School

---

[1] **The Court has also reviewed the status report submitted by Springfield Public School District No. 186 (d/e 193) and Plaintiff's status report (d/e 194) as ordered by the Court.**

District's Motion is predicated upon the Miller Defendants late supplementation of discovery. (See d/e 192-3, page 4.)

This case has had a very long litigation history. Many different discovery deadlines have been set, extended, and have ran herein. On January 16, 2007, Defendant Springfield Public School District No. 186 filed its Motion for Summary Judgment (d/e 171). On that same date, Defendants The Miller Group, Inc. and John G. Miller filed their Motion for Summary Judgment (d/e 174). On that same date, Plaintiff filed its Motion for Summary Judgment as to liability (d/e 173). On February 7, 2008, U.S. District Judge Richard Mills entered his Opinion (d/e 191) and denied Defendants' Motions for Summary Judgment (d/es 171, 174) and granted Plaintiff's Motion for Summary Judgment as to liability (d/e 173). (See Opinion (d/e 191).

Based upon the status reports (d/es 193, 194), it is clear that the case must move forward toward trial on the issue of damages on Counts I, II, III, and VII. Further, Plaintiff may, in its discretion, ask that Counts IV, V, and VI of its First Amended Complaint also be scheduled for trial.[2]

---

[2]**Plaintiff sets forth its position concerning Counts IV, V, and VI in its status report (d/e 194, page 3).**

Presuming that the trial on Counts I, II, III, and VII of Plaintiff's First Amended Complaint focus solely upon damages, the issue presented for the undersigned, is whether or not Defendant Springfield Public School District No. 186 should be allowed to re-open discovery, fact and expert, on the issue of damages at this time.  The School District makes a persuasive argument in its Motion (192-3 at page 4): "After expiration of the discovery deadline and the filing of the parties' Motions for Summary Judgment, District 186 received additional documents from the Miller Defendants which contain detailed information in respect to their business income and expenses."  District 186 advises those documents were immediately forwarded to Plaintiff and that it did not move to re-open discovery while the Motions for Summary Judgment were pending to avoid potentially unnecessary expenditure of attorneys fees and judicial resources.  District 186 argues that the Court's entry of summary judgment as to liability in favor of Plaintiff necessitates further discovery as a result of the Miller Defendants' untimely disclosure of documents critical to the valuation of damages under 17 U.S.C. §504(b).  District 186 basically argues it is not at fault herein and the Miller Defendants' untimely disclosure after the

expiration of the discovery deadline is the reason why discovery now needs to be re-opened on the issue of damages.

Plaintiff, in its Response (d/e 195), argues that District 186 has failed to show good cause, that all deadlines have run, that District 186 has failed to show excusable neglect, and requests its costs in opposing the motion filed by District 186.

The Court has reviewed a number of the cases cited by the parties herein.  The Court recognizes it has discretion in these matters.  The Court finds Springfield Public School District No. 186 has shown good cause and has also shown excusable neglect.  The good cause finding is based upon the fact that the Miller Defendants' late disclosure of this relevant information is the cause of the need to re-open discovery.  The Court finds that District 186's decision not to expend additional attorneys fees and Court resources while the Motions for Summary Judgment were pending to be both logical and understandable.  The cost of litigation these days is extremely high and reserving those costs while the Court considered the competing Motions for Summary Judgment was appropriate.  Further, there is excusable neglect as District 186 was not in control of the Miller documents.  The Miller Defendants were.  District 186 promptly disclosed the Miller financial records to the Plaintiff when they were received.

However, the Miller Defendants produced the documents after the close of discovery.

    For all of the above reasons, Defendant Springfield Public School District No. 186's Motion for Leave to File Nondispositive Motion (d/e 192) is ALLOWED.  Its Motion to Re-Open Discovery (d/e 192-2) is also ALLOWED in part.  Discovery is re-opened on the issue of damages, limited to the infringers' profits, the infringers' gross revenue, and the infringers' deductible expenses and elements of profit attributable to factors other than the copyrighted work.  Each party is limited to one expert witness.  Written discovery, as limited above, shall be completed on or before May 16, 2008;  expert witnesses on the issues as limited above shall be disclosed by Defendants by June 6, 2008, and be deposed by June 20, 2008;  Plaintiff's rebuttal experts, if any, shall be disclosed by July 7, 2008, and be deposed by July 21, 2008;   final pretrial conference before U.S. District Judge Mills set August 25, 2008 at 2:00 p.m.;   jury trial before Judge Mills scheduled September 2, 2008 at 10:00 a.m.

ENTER:   April 2, 2008

                                    *s/ Byron G. Cudmore*

                                  _____
                                    BYRON G. CUDMORE
                       UNITED STATE MAGISTRATE JUDGE