**E-FILED**
Wednesday, 16 April, 2008  04:47:27 PM
Clerk, U.S. District Court, ILCD

STARK & STARK
A PROFESSIONAL CORPORATION
PO BOX 5315
PRINCETON, NJ  08543-5315
(609)896-9060
ATTORNEYS FOR PLAINTIFF

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| CENTURY CONSULTANTS LTD.,<br><br>Plaintiff,<br><br>vs.<br><br>THE MILLER GROUP, INC., JOHN G. MILLER, and THE SPRINGFIELD PUBLIC SCHOOL DISTRICT 186,<br><br>Defendants. | Civil Action No. 2003-CV-3105 |

**PLAINTIFF, CENTURY CONSULTANTS LTD.'S MEMORANDUM IN SUPPORT OF ITS OBJECTIONS UNDER *FED.R.CIV.P.* 72(a) TO THE MAGISTRATE JUDGE'S ORDER REOPENING DISCOVERY**

## **STATEMENT OF FACTS**

This lawsuit is nearly 5 years old and discovery ended over two years ago. *See* plaintiff's opposition at electronic docket entry 195 ("D/E 195"). Dispositive motions were filed by the parties and, on February 7, 2008, decided against defendant, Springfield Public School District 186 ("Springfield"), and its co-defendants, The Miller Group, Inc., and John G. Miller (collectively, "Miller"). *Id.* On March 3, 2008 -- one month *after* the Court granted summary judgment against it -- Springfield filed a motion seeking to reopen discovery, based upon accounting records that Springfield received from Miller on June 25, 2007, nearly a year ago and well after the close of discovery. D/E 192.

Indisputably, Miller was Springfield's own consultant and a co-defendant joined at the hip with Springfield throughout this lawsuit. Furthermore, these co-defendants were in lockstep with each other throughout the case and, on every motion filed by Springfield, Miller's counsel simply joined in Springfield's arguments. Springfield *never* served any discovery demands upon Miller for the damages information it claims it only received in June 2007, and never took any action at all to obtain that information from its confederate, Miller, before the February 28, 2006 discovery deadline. Indeed, Springfield never served any written discovery requests at all on Miller during the entire history of this lawsuit.

Based upon the allegedly "late" receipt of financial records from Miller, Springfield contended that it should be permitted to reopen discovery in order to pursue its defenses to Century's damages claims. More specifically, in its motion to reopen discovery, Springfield argued that it should now be allowed to take the discovery it never bothered to pursue before – discovery surrounding Miller's infringement profits, Miller's

gross revenues, Miller's deductible expenses and elements of profit attributable to factors other than the copyrighted work. *See* Order of the Hon. Byron G. Cudmore, U.S.M.J., April 2, 2008. The Magistrate Judge granted Springfield's motion to reopen discovery, permitting written discovery, expert reports and depositions, to be conducted by July 21, 2008. *Id.* at p. 5. In so ruling, the Magistrate Judge specifically found that: 1) Springfield had demonstrated good cause to reopen discovery under *Fed.R.Civ.P.* 16(b); and 2) Springfield had demonstrated excusable neglect under *Fed.R.Civ.P.* 6(b)(2). *Id.* at p. 4.

Plaintiff, Century Consultants, Ltd. ("Century"), hereby objects to the Magistrate Judge's determinations in permitting the reopening of discovery. Century respectfully contends that the Magistrate Judge's Order of April 2, 2008 was clearly erroneous and contrary to law.

## **ARGUMENT**

Upon the filing of a timely objection, this Court reviews non-dispositive Orders of the United States Magistrate Judge to determine whether the Order was either clearly erroneous or contrary to law. 28 *U.S.C.* § 636(b)(1)(A); *Fed.R.Civ.P.* 72(a). A finding is clearly erroneous, if on reviewing the evidence, this Court is "left with the definite and firm conviction that a mistake has been committed." *See Petersen v. Union Pacific R. Co.*, 2008 *WL* 630607 at *2 (C.D.Ill. 2008) (*citing Matter of Thirtyacre*, 36 *F.3d* 697, 700 (7th Cir.1994)).

2

I.  **SPRINGFIELD HAS FAILED TO SHOW GOOD CAUSE UNDER *FED.R.CIV.P.* 16(b)**

*Fed.R.Civ.P.* 16(b) authorizes district courts to set a schedule that limits the time to file motions and to complete discovery. These deadlines "shall not be modified except upon a showing of good cause." *Wollenburg v. Comtech Mfg. Co.*, 201 *F.3d* 973, 978 (7th Cir. 2000); s*ee, also, In re Sulfuric Acid Antitrust Litigation*, 230 *F.R.D.* 527, 533 (N.D. Ill. 2005) (*citing Campania Management Co., Inc. v. Rooks, Pitts & Poust*, 290 *F.3d* 843, 851 (7th Cir.2002); *United States v. 1948 S. MLK Dr.*, 270 *F.3d* 1102, 1110 (7th Cir. 2001)) ("Courts have a legitimate interest in ensuring that parties abide by scheduling orders to ensure prompt and orderly litigation").

"Good cause" under *Rule* 16(b) focuses on the diligence of the party seeking the modification of the scheduling order. *Inge v. Rock Fin. Corp.*, 281 *F.3d* 613, 625 (6th Cir. 2002); 6A Charles A. Wright, Arthur R. Wright & Mary Kay Kane, *Federal Practice & Procedure* § 1522.1, at 231 (2d ed.1990). Thus, a Court should not permit motions outside of that Court's scheduling order, or further discovery past that order's discovery deadline, in the face of a lack of diligence on the part of the movant. *See Jagla v. LaSalle Bank*, 2006 *WL* 2796481 at *13 (N.D. Ill. 2006) (movant "spent an inordinate amount of time filing duplicative motions," resulting in a failure to show good cause for additional discovery). Moreover, a party is not permitted to abandon the Court's schedule in order to establish a new or previously neglected legal theory or defense, based merely, as here, upon a party's failure to prevail on a summary judgment motion. *See Winters v. Fru-Con Inc.*, 498 *F.3d* 734, 743 (7th Cir. 2007) (citations omitted) (refusing to reopen

3

discovery finding that "the litigation process does not include a dress rehearsal or practice run for the parties").

Here, the Magistrate Judge specifically found that Springfield had demonstrated good cause, under *Rule* 16(b), based upon: 1) Miller's supposedly "late" disclosure of voluminous financial records; and 2) Springfield's "logical and understandable" decision not to pursue the reopening of damages discovery during the pendency of the summary judgment motions. *See Order of April 2, 2008* at p. 4. However, Springfield did not serve Miller with a single interrogatory, document request or deposition notice for any of the records which were produced by Miller. ***In fact, Springfield never served any written discovery requests at all on Miller during the history of this litigation***. Accordingly, Springfield cannot now complain about the late disclosure of documents *which it never sought during the time discovery was open*. Discovery was never limited in this case to liability issues. Discovery went forward on damages as well, and Century served not only written requests, but took depositions to develop its damages claims. Springfield did nothing until *after* the Court ruled against it on summary judgment. To allow Springfield to claim now – five years after the case was filed and after summary judgment was granted against it – that documents it *never sought before* suddenly warrant all new discovery would make a mockery of this Court's scheduling orders. At the very least, Springfield's failure to seek this information during the lengthy discovery period compels the conclusion that it cannot establish "good cause" for relief from the deadlines imposed by the Court.

Moreover, Springfield gives *no* explanation why its consultant, Miller, forwarded voluminous financial records to Springfield after the close of discovery. The Magistrate

4

Judge referred to the late disclosure of documents by Miller to Springfield as a "supplementation" of Miller's discovery responses, yet that cannot be accurate because Springfield never served any discovery requests on Miller. There was nothing to "supplement". The documents themselves were sent to Springfield, not Century. Springfield, based on its own inaction, cannot be heard to argue that the late receipt of the financial records is now prejudicial or, for that matter, in any way significant to Springfield or its recently contrived defenses.

In addition, even assuming that Springfield was correct in not pursuing the discovery while the parties awaited a determination on the summary judgment motions, there is no analysis or explanation from Springfield as to why Springfield did not pursue this discovery years before the summary judgment motions were filed. At no time during the extensive history of these proceedings did Springfield ever indicate to any of the parties or this Court that it would be seeking this information. Indeed, Springfield must have known all along that the Miller financial records would be necessary for Springfield to mount its proposed defenses to Century's damages claims. Yet, Springfield made no effort at all to pursue that discovery during the allotted discovery period that expired long before the parties' summary judgment motions were filed. In the face of these indisputable facts, the Magistrate Judge's finding of "good cause" under *Rule* 16(b) was clearly erroneous and contrary to law.

II. **SPRINGFIELD HAS FAILED TO SHOW EXCUSABLE NEGLECT UNDER *FED.R.CIV.P.* 6(b)(2)**

In addition to showing "good cause" under *Rule* 16(b), if a request to reopen discovery is made after the discovery deadline has passed, the moving party must show

5

excusable neglect under *Rule* 6(b)(2) for failing to comply with the discovery deadline. *See Toombs v. Martin*, 2006 *WL* 1876823 at *1 (N.D. Ind. 2006) (*citing Roach v. Pedigo Holdings, Inc.*, 2005 *WL* 2253590, at *1 (S.D. Ind. 2005); (*Brosted v. Unum Life Ins. Co. of America*, 421 *F .3d* 459 (7th Cir.2005)).

In determining what constitutes "excusable neglect," the Court must exercise its discretion by considering all relevant circumstances surrounding the party's omission, such as the danger of prejudice, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith. *Toombs*, 2006 *WL* 1876823 at *1 (*citing Jones v. Dyer Nursing and Rehabilitation Center*, 2006 *WL* 1722361, at *2 (N.D. Ind. 1996); *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. Partnership*, 507 *U.S.* 380, 395 (1993)).

Here, the Magistrate Judge specifically found that Springfield had demonstrated excusable neglect, based merely upon the fact that Springfield "was not in control of the Miller documents." *See* Order of April 2, 2008, at p. 4. Even assuming that Springfield was not in "control" of its own consultant's financial records before the end of discovery, the fact that it never pursued the production of those records during the time when discovery was open is fatal to its claim now of "excusable neglect". To conclude otherwise would allow *any* party in *any* civil litigation to reopen discovery any time it failed to pursue relevant documents while the discovery period was open.

The first filing in this case occurred on May 7, 2003. Now, the Magistrate Judge's Order will have the effect of reopening discovery, which had closed on February 28, 2006, and extending that discovery to July 21, 2008. The clear prejudice to Century

6

is manifested in the considerable delay of these proceedings. Even the Magistrate Judge acknowledged that this case has had a "very long litigation history", and that "many different discovery deadlines" have been extended. *See* Order of April 2, 2008, at 2. Springfield was certainly aware, since the inception of this case, of the need to obtain the discovery it seeks only now, was free at all times to pursue that discovery and has given no reason at all why the discovery was never pursued until now. Therefore, the Magistrate Judge's finding of excusable neglect under *Rule* 6(b)(2 was clearly erroneous and contrary to law.

## CONCLUSION

Based upon the foregoing arguments and controlling precedent, the Magistrate Judge's Order reopening discovery should be vacated and the case listed for trial on the remaining claims and issues.

STARK & STARK
A Professional Corporation

By: s/ Craig S. Hilliard
    CRAIG S. HILLIARD

Lead Counsel
Craig S. Hilliard
STARK & STARK
A Professional Corporation
P.O. Box 5315
Princeton, NJ 08543-5315
(609) 896-9060
Local Counsel
David A. Herman
GIFFIN, WINNING, COHEN & BODEWES, P.C.
One West Old State Capitol Plaza
Myers Building - Suite 600
P.O. Box 2117
Springfield, IL 62705
(217) 525-1571

## CERTIFICATE OF SERVICE

    I, the undersigned, hereby certify that on April 16, 2008, I filed this Memorandum in Support of Plaintiff's Objection with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the attorney of record for Defendants:

Almon A. Manson, Jr., Esq.
Brown, Hay & Stephens
205 S. Fifth Street, Suite 700
P. O. Box 3459
Springfield, IL 62705-2459

Lance T. Jones, Esq.
Law Office of Lance T. Jones
1100 So. Fifth Street
Springfield, IL 62703

                                                  s/ Craig S. Hilliard
                                                  CRAIG S. HILLIARD