IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| CENTURY CONSULTANTS, LTD., | ) | |
| | ) | |
| Plaintiff, | ) | No. 2003-CV-3105 |
| | ) | |
| v. | ) | |
| | ) | |
| THE MILLER GROUP, INC., JOHN G. MILLER, | ) | |
| and the SPRINGFIELD PUBLIC SCHOOL | ) | |
| DISTRICT NO. 186, | ) | |
| | ) | |
| Defendants. | ) | |

**SPRINGFIELD PUBLIC SCHOOL DISTRICT NO. 186'S
RESPONSE IN OPPOSITION TO CENTURY CONSULTANTS, LTD.'S
OBJECTIONS UNDER FEDERAL RULE OF CIVIL PROCEDURE 72(a)
TO MAGISTRATE JUDGE CUDMORE'S ORDER OF APRIL 2, 2008**

**NOW COMES** Defendant, SPRINGFIELD PUBLIC SCHOOL DISTRICT NO. 186 ("District 186"), by and through its attorneys, Brown, Hay & Stephens, LLP, and for its Response in Opposition to Century Consultants, Ltd.'s ("Century") Objections Under Federal Rule of Civil Procedure 72(a) to the Honorable Byron G. Cudmore's Order of April 2, 2008, states as follows:

I.  **INTRODUCTION**

On March 3, 2008, District 186 filed its Motion for Leave to File Nondispositive Motion (Doc. No. 192), Motion to Re-open Discovery (Doc. No. 192-2) and Memorandum in Support thereof (Doc. No. 192-3). The law and argument contained within District 186's Motion to Re-open Discovery and Memorandum in Support thereof are incorporated herein by reference. Century filed its Response in Opposition to the foregoing on March 20, 2008. (Doc. No. 195). The Honorable Magistrate Judge Byron G. Cudmore entered an order granting District 186's

Motion for Leave to File Nondispositive Motion and allowed, in part, its Motion to Re-open Discovery. See April 2, 2008 Order, pg. 5 (Doc. No. 196) ("Order").

Century filed its Objections to the Order and Memorandum in Support thereof on April 16, 2008. (Doc. Nos. 199-200). Judge Cudmore's Order re-opened discovery "on the issue of damages [under the Copyright Act], limited to the infringers' profits, the infringers gross revenue, and the infringers' deductible expenses and elements of profit attributable to factors other than the copyrighted work." Id. The findings contained in Judge Cudmore's Order are neither clearly erroneous nor contrary to law, but well within the broad discretion afforded to magistrate judges in discovery matters. This Honorable Court should, therefore, deny Century's Objections and affirm the Order.

## II. STANDARD FOR REVIEW

Federal Rule of Civil Procedure 72(a) provides, in relevant part, as follows:

> **(a) Nondispositive Matters.** A magistrate judge to whom a pretrial matter not dispositive of a claim or defense of a party is referred to hear and determine shall promptly conduct such proceedings as are required and when appropriate enter into the record a written order setting forth the disposition of the matter. Within 10 days after being served with a copy of the magistrate judge's order, a party may serve and file objections to the order; a party may not thereafter assign as error a defect in the magistrate judge's order to which objection was not timely made. The district judge to whom the case is assigned shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be erroneous or contrary to law.
>
> * * *

FED. R. CIV. P. 72(a).

> In general, discovery orders are nondispositive within the meaning of Rule 72(a). ... The clearly erroneous standard of review means that 'the district court can overturn the magistrate judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been made.' ... Ordinarily, under clearly erroneous review, if there are two permissible views, the reviewing court should not overturn the decision solely because it would have chosen the other

> view. ... Naturally, in ruling on discovery matters [magistrate judges] operat[e] in a zone of very broad discretion.

*Westefer v. Snyder*, 472 F.Supp.2d 1034, 1036-37 (S.D.Ill. 2006) (internal citations omitted); See also <u>Petersen v. Union Pacific R.R. Co.</u>, 2008 WL 630607 *3 (C.D. Ill., Scott, J.) (finding a discovery order entered by Judge Cudmore was not clearly erroneous and did not constitute an abuse of discretion); <u>Bagley v. Blagojevich</u>, 2008 WL 718392 (C.D. Ill., Mills, J.); <u>Tingley Systems, Inc. v. Healthlink, Inc.</u>, 2007 WL 1365341 *1 (M.D.Fla.) ("The magistrate's orders should not be disturbed absent a clear abuse of discretion that leaves the reviewing court with 'the definite and firm conviction that a mistake has been committed'.") (internal citation omitted).

Under the clearly erroneous standard, a court reviewing a magistrate judge's order should not consider whether the magistrate's conclusion was "the best or the only conclusion that [could] be drawn from the evidence" or substitute its own conclusion for that reached by the magistrate judge, but determine whether there exists <u>any</u> evidence to support the magistrate judge's finding. See <u>Brownlow v. General Motors Corporation</u>, 2007 WL 2712925 *3 (W.D.Ky.) (citing <u>Carmona v. Wright</u>, 233 F.R.D. 270, 276 (N.D.N.Y.2006) ("Because the nondispositive review standard is highly deferential, magistrate judges have broad discretion to regulate nondispositive matters, and reversal is warranted only if that discretion is abused. ... That reasonable minds may differ on the wisdom of a legal conclusion does not mean it is clearly erroneous or contrary to law."); <u>American Rock Salt Co., LLC v. Norfolk Southern Corp.</u>, 371 F.Supp.2d 358, 360 (W.D.N.Y.2005) ("The party seeking to reverse a magistrate judge's ruling concerning discovery bears a heavy burden, in part because the magistrate judge is afforded broad discretion in these [sic] matter[s]."); <u>Estates of Ungar and Ungar, ex rel. Strichman v. Palestinian Authority</u>, 325 F.Supp.2d 15, 25 (D.R.I.2004) ("In conducting ... [its] review, the

3

district court must refrain from second guessing the magistrate judge's pre-trial discovery rulings."); *EEOC v. First Wireless Group, Inc.*, 225 F.R.D. 404, 405 (E.D.N.Y.2004) ("A magistrate judge's resolution of discovery disputes deserves substantial deference and is overruled only if there is an abuse of discretion.").

III. **ARGUMENT**

    A. **The Miller Defendants' untimely disclosure of documents not within the possession or control of District 186 which documents are essential to proper determination of Century's damages under the Copyright Act warrants additional discovery as to the Miller Defendants' business income and expenses.**

Century's damages under the Copyright Act are to be determined in accordance with the following standard:

> § 504. Remedies for infringement: Damages and profits
>
> **(a) In General.** Except as otherwise provided by this title, an infringer of copyright is liable for either:
>
>     (1) the copyright owner's actual damages and any additional profits of the infringer, as provided by subsection (b); or
>
>     (2) statutory damages, as provided by subsection (c).
>
> **(b) Actual Damages and Profits.** The copyright owner is entitled to recover the actual damages suffered by him or her as a result of the infringement, and any profits of the infringer that are attributable to the infringement and are not taken into account in computing the actual damages. **In establishing the infringer's profits, the copyright owner is required to present proof only of the infringer's gross revenue, and the infringer is required to prove his or her deductible expenses and the elements of profit attributable to factors other than the copyrighted work.**
>
> (c) ...

17 U.S.C. § 504. (emphasis added). Pursuant to Section 504(b) of the Copyright Act, Century may recover an amount which includes the Miller Defendants' profits attributable to the alleged

infringement. Id. Alternatively, Century may elect, at any time before final judgment, to recover statutory damages under Section 504(c) in lieu of the above. Id.

The Miller Defendants failed to supplement their responses to Century's Second Request for Production of Documents prior to expiration of the discovery deadline herein and District 186 did not have knowledge of or possess the documents before such time. After expiration of the discovery deadline and the filing of the parties' Motions for Summary Judgment, District 186 received additional documents from the Miller Defendants which contain detailed information in respect to their business income and expenses. On June 25, 2007, immediately following disclosure and receipt of such documents from the Miller Defendants, District 186 forwarded a Joint Supplemental Response to Plaintiff's Second Request to Produce Documents pursuant to the continuing obligation to seasonably supplement prior production under Federal Rule of Civil Procedure 26(e)(2). The Joint Supplemental Response was attached to District 186's Motion to Re-Open Discovery as Exhibit "2".

District 186 sought to avoid the potentially unnecessary expenditure of attorneys' fees and judicial resources and, therefore, did not move to re-open discovery during the Court's consideration of its Motion for Summary Judgment. The need for further discovery would not exist if such Motion had been granted and Century's claims dismissed. However, the Court's entry of summary judgment as to liability in favor of Century necessitates further discovery as a result of the Miller Defendants' untimely disclosure of documents which are critical to the evaluation of "deductible expenses and elements of profit attributable to factors other than the copyrighted work." 17 U.S.C. § 504(b). This information is essential to appropriately determine the amount by which Century's recovery of the Miller Defendants' "profits" must be reduced in accordance with Section 504(b) of the Copyright Act. Id.

> B.  Magistrate Judge Cudmore's Order Re-opening Discovery as to Plaintiff's Damages under the Copyright Act did not constitute an abuse of discretion and was neither clearly erroneous nor contrary to law under Rule 72(a).

In his April 2, 2008 Order allowing, in part, District 186's Motion to Re-Open Discovery, Magistrate Judge Cudmore found that the Miller Defendants' untimely disclosure of documents concerning their business income and expenses after the close of discovery met the requisite showing of "good cause" under Federal Rule of Civil Procedure 16(b) to re-open discovery as to damages under the Copyright Act.  See Order, pg. 4.  Judge Cudmore further concluded that District 186 established "excusable neglect" as the Miller Defendants, <u>not District 186</u>, had possession and control of the subject documents prior to expiration of the discovery deadline, but failed to supplement their June 16, 2003 Response to Century's Second Request for Production of Documents.  See District 186's Memorandum in Support of Motion to Re-open Discovery, pg. 3 (Doc. No. 192-3).  Moreover, "District 186 promptly disclosed the Miller financial documents to the Plaintiff when they were received." Order, pg. 4.  District 186 did not possess knowledge or possession of the documents before such time.

Century strenuously attempts to characterize District 186 and the Miller Defendants as the same party for purposes of compliance with the discovery deadline herein and implies that District 186 somehow possessed control over the timing of the Miller Defendants' delinquent production.  Specifically, Century states "[District 186] gives *no* explanation why its consultant, Miller, forwarded voluminous financial records to [District 186] after the close of discovery.  See Doc. No.200, pg. 4 (emphasis in original).  Century offers no analysis or authority for the proposition that District 186 is charged with responsibility for a co-defendant's compliance with the discovery deadline.  Clearly, District 186 has no control over and is not responsible for the Miller Defendants' failure to supplement their responses to Century's Second Request for

Production prior to the discovery deadline and, therefore, has no obligation to provide an "explanation" for the Miller Defendants' conduct and failures.

Century further argues that Judge Cudmore erred in re-opening discovery as to damages because District 186 did not propound written requests for the Miller Defendants' financial records or attempt to obtain the Miller Defendants' compliance with Century's Second Request for Production prior to the close of discovery. Id. Century's argument is without merit. As explained in District 186's Memorandum in Support of its Motion to Re-Open Discovery, the documents provided by Miller following expiration of the discovery deadline were responsive to Century's Second Request for Production of Documents propounded in 2003. See Doc. No. 192-3, p.p. 3-4.

Century's contention that District 186 should have propounded discovery requests upon Miller duplicative of those served by Century or taken measures to compel Miller to respond to Century's Second Request for Production of Documents, despite Century's own failure to do so before the discovery deadline, is erroneous. To be sure, the Miller Defendants' failure to provide a complete response to Century's Second Request for Production of Documents prior to the discovery deadline suggests that they would have likewise failed to respond to a duplicative request from District 186.

The subject documents are essential to accurately determine the Miller Defendants' "profits", if any, under Section 504(b) of the Copyright Act and, therefore, Century's recoverable damages. Accordingly, a refusal to re-open discovery would deprive District 186 and Century of the ability to properly evaluate critical financial information withheld by the Miller Defendants until after the close of discovery. Put simply, District 186 should not be prejudiced by the Miller Defendants' failure to provide a complete response to Century's Second Request for Production

of Documents prior to the discovery deadline. In the absence of any knowledge of or control over the subject documents, District 186 cannot be responsible for the Miller Defendants' delinquent production.

The authority cited by Century in support of its contention that Judge Cudmore's Order should be reversed is inapposite to the current matter. See Doc. No. 200, p.p. 3-7. District 186 did not possess knowledge of or control over the documents prior to receipt of the same from Miller. District 186 promptly forwarded the same to Century. The record does not establish a lack of diligence or a material omission attributable to District 186. Responsibility for the untimely production of the subject documents after the discovery deadline rests solely with the Miller Defendants.

Clearly, Judge Cudmore properly evaluated the parties' conduct in respect to the Miller Defendants' untimely production and reached a reasonable conclusion based upon the record. Therefore, the Order cannot be construed as clearly erroneous or contrary to law. See Brownlow v. General Motors Corporation, 2007 WL 2712925 *3 (W.D.Ky.) (Review of magistrate judge's order should not involve substitution of the district court's own conclusion for that reached by the magistrate judge, but whether there exists any evidence to support the magistrate judge's finding.) (citing Carmona v. Wright, 233 F.R.D. 270, 276 (N.D.N.Y.2006) ("Because the nondispositive review standard is highly deferential, magistrate judges have broad discretion to regulate nondispositive matters, and reversal is warranted only if that discretion is abused. …")).

IV. **CONCLUSION**

As a consequence of the foregoing argument and authority, Judge Cudmore's April 2, 2008 Order was not clearly erroneous or contrary to law. Accordingly, Century's Objections thereto should be denied.

**WHEREFORE**, Defendant, Springfield Public School District 186, respectfully requests that this Honorable Court deny Century Consultants, Ltd.'s Objections Under Federal Rule of Civil Procedure 72(a) to the Magistrate Judge Cudmore's April 2, 2008 Order.

Respectfully submitted,

**SPRINGFIELD PUBLIC SCHOOL DISTRICT NO. 186, Defendant**

By: /s/Almon A. Manson, Jr.
One of Its Attorneys

**BROWN, HAY & STEPHENS, LLP**
Almon A. Manson, Jr.
Registration No. 1756761
205 S. Fifth Street, Suite 700
P.O. Box 2459
Springfield, IL 62705-2459
(217) 544-8491

**PROOF OF SERVICE**

    I, the undersigned, hereby certify that on April 29, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the attorney of record:

Lance T. Jones
Law Offices of Lance T. Jones
1100 South Fifth Street
Springfield, IL 62703
ltj@warpnet.net

Craig Hilliard
Stark & Stark, P.C.
993 Lenox Drive
Lawrenceville, NJ 08648
chilliard@stark-stark.com

David A. Herman
Giffin, Winning, Cohen & Bodewes, P.C.
One West Old State Capitol Plaza
Myers Building – Suite 600
P.O. Box 2117
Springfield, IL 62705
dherman1@gifwinlaw.com

                                                s/Almon A. Manson, Jr.