IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| CENTURY CONSULTANTS, LTD., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> THE MILLER GROUP, INC., JOHN ) <br> G. MILLER, and the SPRINGFIELD ) <br> PUBLIC SCHOOL DISTRICT NO. ) <br> 186, ) <br> ) <br> Defendants. ) <br> ) <br> ) | NO. 03-3105 |

## OPINION

RICHARD MILLS, U.S. District Judge:

This matter is before the Court on an Objection [d/e 199] filed by Plaintiff Century Consultants, Ltd. ("Century") pursuant to Federal Rule of Civil Procedure 72(a).

On January 16, 2007, District 186 and its co-defendants, The Miller Group, Inc. and John G. Miller (collectively, "Miller"), filed motions for summary judgment. Century filed a motion for summary judgment as to liability.

During the pendency of these motions and well after the termination of the discovery phase, Miller disclosed its financial records to District 186. Although it passed these records on to Century, District 186 took no other action at that time, reasoning that the expense of a motion was unjustified in light of the pending motions.

On February 7, 2008, this Court granted summary judgment as to liability in Century's favor and denied the summary judgment motions of District 186 and Miller [d/e 191]. On March 3, 2008, District 186 moved to reopen damages discovery based on Miller's financial records [d/e 192]. Finding that Defendant Public School District 186 ("District 186") had shown both "good cause" under Federal Rule of Civil Procedure 16(b) and "excusable neglect" under Federal Rule of Civil Procedure 6(b)(2), Magistrate Judge Byron G. Cudmore granted a motion to re-open discovery on the issue of damages.

Under Rule 72(a), a magistrate judge's ruling on a discovery-related matter is upheld unless "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); *Weeks v. Samsung Heavy Indus. Co.*,

126 F.3d 926, 943 (7th Cir. 1997). "The clear error standard means that the district court can overturn the magistrate judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been made." *Weeks*, 126 F.3d at 943.

Century primarily objects to the "good cause" and "excusable neglect" findings because District 186 never filed any discovery requests seeking these documents from Miller. The financial disclosures that were belatedly produced by Miller, however, had already been requested by Century. As such, District 186's failure to request the very same information should not preclude a "good cause" finding.

Nor should District 186 be held liable for Miller's dilatory conduct. Although Miller has often adopted District 186's filings as its own, nothing suggests that the parties were so "joined at the hip" as to share production obligations.

For these reasons, the Court lacks "a definite and firm conviction that a mistake has been made."

<u>Ergo</u>, Century's objection [d/e 199] is DENIED.

IT IS SO ORDERED.

ENTER:	June 9, 2008

FOR THE COURT:	/s Richard Mills
United States District Judge